DANIEL L. WARSHAW (Bar No. 185365)
dwarshaw@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Telephone: (818) 788-8300
Facsimile:  (818) 788-8104

MELISSA S. WEINER (*Pro Hac Vice* Forthcoming)
mweiner@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**
800 LaSalle Avenue, Suite 2150
Minneapolis, Minnesota 55402
Telephone: (612) 389-0600
Facsimile: (612) 389-0610

MICHAEL R. REESE (Bar No. 206773)
mreese@reesellp.com
**REESE LLP**
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| AHMED ASHOUR, individually and on behalf of all others similarly situated, | CASE NO. 2:19-cv-4170 |
| Plaintiff, | **CLASS ACTION** |
| vs. | **COMPLAINT** |
| ARIZONA BEVERAGES USA LLC, HORNELL BREWING CO., INC., BEVERAGE MARKETING USA, INC., ARIZONA BEVERAGES HOLDINGS LLC, and ARIZONA BEVERAGES HOLDINGS 2 LLC, | **JURY TRIAL DEMANDED** |
| Defendants. | |

908535.2

Plaintiff Ahmed Ashour ("Plaintiff"), individually and on behalf of all others similarly situated, brings this class action complaint against AriZona Beverages USA LLC, Hornell Brewing Co., Inc., Beverage Marketing USA, Inc., AriZona Beverages Holdings LLC, and AriZona Beverages Holdings 2 LLC, (collectively, "AriZona" or "Defendants"), and alleges upon personal knowledge as to Plaintiff's acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## INTRODUCTION

1. Defendants manufacture, market, label, and distribute beverage products ("Product" or "Products") affirmatively labeled as containing "No Preservatives."

2. These Products include:

   a. AriZona Iced Tea with Lemon Flavor;
   b. AriZona Green Tea with Ginseng and Honey;
   c. AriZona Arnold Palmer Lite – Half Iced Tea, Half Lemonade;
   d. AriZona Zero Calorie Iced Tea with Peach Flavor;
   e. AriZona Grapeade;
   f. AriZona Iced Tea with Raspberry Flavor;
   g. AriZona Southern Style Real Brewed Sweet Tea;
   h. AriZona Arnold Palmer Zero – Half Iced Tea, Half Lemonade;
   i. Golden Bear Lemonade Lite (Strawberry);
   j. AriZona Decaf – Zero Green Tea with Ginseng;
   k. AriZona Kiwi Strawberry Fruit Juice;
   l. AriZona Watermelon Fruit Juice;
   m. AriZona Fruit Punch Fruit Juice;
   n. AriZona Mucho Mango Fruit Juice;
   o. AriZona Rx Energy Herbal Tonic;

        p.     AriZona Zero Green Tea with Ginseng; and

        q.     Any other AriZona product representing it contains no preservatives despite containing citric acid.[1]

3.     All of the Products are substantially similar in that AriZona represents that the Products contain "no preservatives," yet they contain citric acid.

4.     Citric acid is a common preservative added to foods and beverages to prevent the growth of bacteria.

5.     There is a significant consumer demand for products that do not contain preservatives, and consumers are willing to choose products and/or pay premium prices for products without preservatives because, rightly or wrongly, reasonable consumers believe that products without preservatives are superior to products with preservatives.

6.     In fact, reasonable consumers purchase the Products believing that they do not contain preservatives as promised on the packaging of each and every Product.

7.     Defendants seek to take advantage of the premium placed on products without preservatives by specifically labeling and packaging their Products as containing no preservatives.

8.     To the detriment of consumers, the Products do, in fact, contain preservatives as they contain citric acid, a known preservative.

9.     Accordingly, as a result of Defendants' false and deceptive labeling, Plaintiff and the Classes (defined below) have been misled, have purchased products they otherwise would not have purchased, and have paid more for products than they otherwise would have paid.

---

[1] Photographs of the listed products are attached hereto in Exhibit A.

10. Plaintiff brings this action on behalf of himself and all others similarly situated to halt the dissemination of Defendants' false, misleading and deceptive advertising, correct the inaccurate perception they have created in the mind of consumers, and obtain redress for those who have purchased Defendants' Products.

## JURISDICTION AND VENUE

11. The Court has original jurisdiction under 28 U.S.C. § 1332(d)(2) because the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which there are in excess of 100 class members, and some of the members of the class are citizens of states different from Defendants.

12. This Court has personal jurisdiction over Defendants because Defendants conduct business in California, and Plaintiff purchased the Products in this district in California. Defendants have marketed, promoted, distributed, and sold the Products in California, rendering exercise of jurisdiction by California courts permissible.

13. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a) and (b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this district. Venue also is proper under 18 U.S.C. § 1965(a) because Defendants transact substantial business in this district.

## PARTIES

14. Plaintiff Ahmed Ashour is a citizen of the State of California, and, at all times relevant to this action, resided in Los Angeles County.

15. Defendant AriZona Beverages USA LLC, is limited liability corporation headquartered in Woodbury, New York.

16. Defendant Hornell Brewing Co., Inc. is a corporation headquartered in Woodbury, New York.

17. Defendant Beverage Marketing USA, Inc. is a corporation

headquartered in Woodbury, New York.

18. Defendant AriZona Beverages Holdings LLC is a limited liability corporation headquartered in Woodbury, New York.

19. Defendant AriZona Beverages Holdings 2 LLC is a limited liability corporation headquartered in Woodbury, New York.

## FACTUAL ALLEGATIONS

### I. To the detriment of consumers, the Products contain preservatives

20. Citric acid is a commonly used and recognized preservative in food and beverage products.

21. Although citric acid is a natural acid found in citrus fruits, approximately 99% of today's citric acid is manufactured by using the fungus *Aspergillus niger*.[2] Generally, the process involves growing the fungus in a mixture of sugar and salt which causes the fungus to excrete a large amount of citric acid.[3]

22. This process is far more cost effective than extracting citric acid from fruits and allows for production of citric acid on an industrial scale. It is estimated that 70% of citric acid manufactured today is used in food and beverages.[4]

23. According to the FDA, a chemical preservative is "any chemical that,

---

[2] Iliana E. Sweis and Bryan C. Cressey, *Potential role of the common food additive manufactured citric acid in eliciting significant inflammatory reactions contributing to serious disease states: A series of four case* reports, Toxicol Rep. (2018), https://www.ncbi.nlm.nih.gov/pmc/articles/PMC6097542/.

[3] Belén Max, José Manuel Salgado, et al., *Biotechnological production of citric acid*, Braz J Microbiol (Dec. 1, 2010), https://www.ncbi.nlm.nih.gov/pmc/articles/PMC3769771/.

[4] Iliana E. Sweis and Bryan C. Cressey, *Potential role of the common food additive manufactured citric acid in eliciting significant inflammatory reactions contributing to serious disease states: A series of four case reports*, Toxicol Rep. 2018; 5: 808–812, https://www.ncbi.nlm.nih.gov/pmc/articles/PMC6097542/.

when added to food, tends to prevent or retard deterioration thereof."[5]

24. More specifically, a preservative "prevent[s] food spoilage from bacteria, molds, fungi, or yeast (antimicrobials); slow[s] or prevent[s] changes in color, flavor, or texture and delay[s] rancidity (antioxidants); [and] maintain[s] freshness."[6]

25. Citric acid acts as a preservative by increasing "the acidity of a microbe's environment, making it harder for bacteria and mold to survive and reproduce."[7]

26. The FDA mentions citric acid as a preservative in its *Overview of Food Ingredients, Additive, and Colors* on its website.[8]

II. **Defendants' product labeling and packaging are designed to lead reasonable consumers to believe the Products do not contain preservatives**

27. Defendants prominently label each of the Products as containing "No Preservatives" on the back and often in other locations on the product labeling as

---

[5] 21 C.F.R. § 101.22(a)(5).

[6] International Food Information Council (IFIC) and U.S. Food and Drug Administration (FDA), *Overview of Food Ingredients, Additives & Colors*, fda.gov (Apr. 2010), https://www.fda.gov/Food/IngredientsPackagingLabeling/FoodAdditivesIngredients/ucm094211.htm.

[7] William Harris, *Top 10 Most Common Ingredients in Fast Food*, howstuffworks.com (May 4, 2009), https://recipes.howstuffworks.com/10-ingredients-fast-food1.htm.

[8] International Food Information Council (IFIC) and U.S. Food and Drug Administration (FDA), *Overview of Food Ingredients, Additives & Colors*, fda.gov (Apr. 2010), https://www.fda.gov/Food/IngredientsPackagingLabeling/FoodAdditivesIngredients/ucm094211.htm.

1 well. Defendants often display "No Preservatives" in bold-face type.

2   28.   Overall, the Product labels are designed to lead consumers to believe
3 the Products are superior products or somehow healthier by stating, "No
4 Preservatives."

5   29.   Despite Defendants' affirmative representations that the Products
6 contain "No Preservatives," the Products contain citric acid, a known and common
7 preservative.

8   30.   Reasonable consumers are not required to examine ingredient lists at
9 the point of purchase, nor are they required to know which ingredients are widely
10 accepted preservatives.

11   31.   However, a reasonable consumer would not believe a product contains
12 "No Preservatives" if it, in fact, contains ingredients considered to be preservatives.

13 **III.   The impact of Defendants' advertising and labeling practices**

14   32.   Plaintiff and the Classes have been, and will continue to be, deceived
15 and mislead by Defendants' false and deceptive labeling and representations on the
16 Products' packaging.

17   33.   Defendants' Product labeling and packaging lead reasonable consumers
18 to believe Defendants' Products did not contain preservatives: (i) the Products are
19 labeled as containing "No Preservatives," and (ii) Defendants' website affirms that
20 the Products do not have "Preservatives."

21   34.   Defendants' labeling and marketing of the Products as containing "No
22 Preservatives" is a material factor influencing consumer purchase decisions.

23   35.   Had Plaintiff and the Classes known the truth about the Products, they
24 would not have purchased the Products and/or would not have paid the prices they
25 paid for the Products.

26   36.   Plaintiff and the Classes were harmed by purchasing Defendants'
27 Products because they did not receive what they paid for, and as a result lost money

28

and property.

## IV. Plaintiff Ashour's Experience

37. Plaintiff Ashour purchased the Products, specifically AriZona Rx Energy Herbal Tonic and AriZona Green Tea with Ginseng and Honey, on several occasions, roughly two to three time per week at various drug stores and convenience stores including CVS Pharmacy and 7-Eleven in Los Angeles.

38. Plaintiff Ashour relied upon the "No Preservative" markings on the Products when purchasing the Products, believing that the Products did not contain any preservatives as represented.

39. Had the Products not displayed the "No Preservative" marking, Plaintiff Ashour either would not have purchased the Products or would not have been willing to pay a premium for the Products. If Plaintiff Ashour could rely upon the truthfulness of Defendants' labeling, he would continue to purchase the Products in the future.

## RULE 9(b) ALLEGATIONS

40. Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Fed. R. Civ. P. 9(b). To the extent necessary, as detailed in the paragraphs above and below, Plaintiff has satisfied the requirements of Rule 9(b) by establishing the following elements with sufficient particularity:

41. WHO: Defendants falsely and deceptively labeled and represented that their Products contained "No Preservatives."

42. WHAT: Defendants falsely and deceptively labeled and represented that their Products contained "No Preservatives" when their Products contain citric acid, a commonly used and recognized preservative. Defendants' false and deceptive representations were material because a reasonable consumer would not have purchased the Products if they knew that the Products did contain

preservatives.

43.   WHEN: Defendants falsely and deceptively labeled and represented that their Products contained "No Preservatives" continuously throughout the Class Period.

44.   WHERE: Defendants' false and deceptive representations were made on their Products and on Defendants' website.

45.   HOW: Defendants made written false and deceptive representations that their Products contained "No Preservatives."

46.   WHY: Defendants falsely and deceptively labeled and represented that their Products contained "No Preservatives" for the express purpose of inducing Plaintiff and other reasonable consumers to purchase the Products. Defendants profited by selling the Products to hundreds of thousands of customers.

## CLASS DEFINITION AND ALLEGATIONS

47.   Plaintiff, pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3), brings this action on behalf of:

(a)   Nationwide Class: All persons who purchased Defendants' Products within the United States and within the applicable statute of limitation period.

(b)   California Class: All persons who purchased Defendants' Products within the state of California and within the applicable statute of limitation period (collectively, the "Classes").

48.   Excluded from the Classes are Defendants, their parents, subsidiaries, affiliates, officers, and directors, those who purchase the Product for resale, all persons who make a timely election to be excluded from the Classes, the judge to whom this case is assigned and any immediate family members thereof, and those who assert claims for personal injury.

49.   **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The

members of the Classes are so numerous that individual joinder of all Class members is impracticable. Defendants have sold many thousands of units of the Products to Class members.

50. **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

(a) whether the representations discussed herein that Defendants made about the Products were or are true, misleading, or likely to deceive a reasonable consumer;

(b) whether the representations discussed herein were material to a reasonable consumer;

(c) whether Defendants' conduct violates public policy;

(d) whether Defendants engaged in false or misleading advertising;

(e) whether Defendants' conduct constitutes violations of the laws asserted herein;

(f) whether Plaintiff and the other Class members have been injured and the proper measure of their losses as a result of those injuries;

(g) whether Defendants have been unjustly enriched as a result of their deceptive labeling and marketing of the Products; and

(h) whether Plaintiff and the other Class members are entitled to injunctive, declaratory, or other equitable relief.

51. **Typicality – Federal Rules of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of those of the other Class members because, among other things, Plaintiff and all Class members were comparably injured through the uniform conduct described herein.

52. **Adequacy of Representation – Federal Rule of Civil Procedure**

23(a)(4). Plaintiff is an adequate representative of the Classes because Plaintiff's interests do not conflict with the interests of the other Class members Plaintiff seeks to represent, Plaintiff has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by Plaintiff and his counsel.

53. **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Defendants have acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Classes as a whole.

54. **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants, making it impracticable for Class member to individually seek redress from Defendants' wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## CLAIMS ALLEGED

## COUNT I

**Violation of the California Unfair Competition Law ("UCL")**

**Cal. Bus. & Prof. Code §§ 17200,** *et seq.*
**(ON BEHALF OF THE CALIFORNIA CLASS)**

55. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

56. Plaintiff brings this claim individually and on behalf of the California Class.

57. Plaintiff and Defendants are "persons" within the meaning of the UCL. Cal. Bus. Prof. Code § 17201.

58. The UCL defines unfair competition to include any "unlawful, unfair or fraudulent business act or practice," as well as any "unfair, deceptive, untrue or misleading advertising." Cal. Bus. Prof. Code § 17200.

59. In the course of conducting business, Defendants engaged in unlawful business practices by violating Cal. Civ. Code § 1770 and Cal. Bus. & Prof. Code § 17500, as explained more fully below. Plaintiff reserves the right to allege other violations of law, which constitute other unlawful business acts or practices.

60. In the course of conducting business, Defendants also committed "unfair" and "fraudulent" business practices by, among other things, representing that their Products contain "No Preservatives," when, in fact, they do.

61. These representations, Defendants' corresponding omissions, and Defendants' other related action and conduct, were false, misleading, and likely to deceive the consuming public.

62. Additionally, there were reasonably available alternatives to Defendants' conduct, and Defendants' false and deceptive advertising provided no societal benefit. Plaintiff and the California Class paid large sums of money to Defendants to receive products truthfully labeled as not containing preservatives, but did not receive such products.

63. Receiving money as a result of false or misleading advertising is

1  contrary to public policy and is immoral, unethical, oppressive, unscrupulous, and
2  causes substantial injury to consumers.  And, as demonstrated by the many
3  California laws prohibiting false and deceptive advertising, there is no justification
4  or motive that outweighs the harm caused by Defendants' false and deceptive
5  advertising.

6  64.  Defendants knew, or should have known, their material
7  misrepresentations and omissions would be likely to deceive and harm the
8  consuming public and result in consumers making payments to Defendants to obtain
9  products without preservatives, that did in fact contain preservatives.

10  65.  Plaintiff and the California Class lost money and suffered injury in fact
11  by purchasing Defendants' Products, and Defendants were unjustly enriched by
12  receiving payments from Plaintiff and the California Class in return for providing
13  Plaintiff and the California Class products that were not as advertised.

14  66.  Unless restrained and enjoined, Defendants will continue to engage in
15  the unlawful, unfair, and fraudulent conduct described herein.

16  67.  Accordingly, Plaintiff, individually and on behalf of all others similarly
17  situated, and on behalf of the general public, seeks restitution from Defendants of all
18  money from Plaintiff and the California Class obtained as a result of Defendants'
19  unfair competition, an injunction prohibiting Defendants from continuing and
20  further engaging in their unlawful, unfair and fraudulent conduct, corrective
21  advertising, and all other relief the Court deems appropriate.

## COUNT II

**Violation of the California Consumer Legal Remedies Act ("CLRA")**

**Cal. Civ. Code §§ 1750, *et seq.***

**(Injunctive Relief Only)**

**(ON BEHALF OF THE CALIFORNIA CLASS)**

27  68.  Plaintiff incorporates the preceding paragraphs as if fully set forth
28

herein.

69. The Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, et seq., was designed and enacted to protect consumers from unfair and deceptive business practices. To this end, the CLRA sets forth a list of unfair and deceptive acts and practices in Civil Code § 1770.

70. Plaintiff brings this claim individually and on behalf of the California Class.

71. Plaintiff is a "consumer," Defendants are "persons," and the Products are "goods" within the meaning of the CLRA. Cal. Civ. Code § 1761(a), (c) and (d).

72. Defendants' sale and advertisement of the Products constitute "transactions" within the meaning of the CLRA. Cal. Civ. Code. § 1761(e).

73. Plaintiff has standing to pursue these claims because he has suffered injury in fact and a loss of money and/or property as a result of the wrongful conduct alleged herein.

74. The CLRA declares as unlawful the following unfair method of competition and unfair or deceptive acts or practices when undertaken by any person in a transaction intended to result, or which results in the sale of goods to any consumer.

(5) Representing that goods … have … approval, characteristics, … uses [and] benefits … which [they do] no have … .

(7) Representing that goods … are of a particular standard, quality or grade … if they are of another.

(9) Advertising goods … with intent not to sell them as advertised.

(16) Representing that [goods] have been supplied in accordance with a previous representation when [they have] not.

Cal. Civ. Code § 1770(a)(5), (7), (9) and (16).

75. Defendants violated the CLRA by representing that their Products contain "No Preservatives," when the Products do, in fact, contain preservatives as they contain citric acid.

76. Defendants knew or should have known their content and ingredient representations were false or misleading.

77. Defendants' violations of the CLRA proximately caused injury in fact to the Plaintiff and the California Class.

78. Plaintiff and the California Class purchased Defendants' Products on belief that the Products contained no preservatives.

79. Pursuant to Cal. Civ. Code § 1782(d), Plaintiff, individually and on behalf of other members of the California Class, seeks a Court order enjoining the above-described wrongful acts and practices of Defendants.

80. In accordance with Cal. Civ. Code § 1780(a), Plaintiff and the California Class seek injunctive and equitable relief for violations of the CLRA, including restitution and disgorgement.

81. Plaintiff's affidavit stating facts showing that venue in this Court is proper pursuant to Cal. Civ. Code § 1780(d) is attached hereto as Exhibit B.

82. Pursuant to Cal. Civ. Code § 1782(a), Plaintiff's counsel will notify Defendants in writing by certified mail of the particular violations of § 1770 of the CLRA and demand that it rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendants' intent to act. If Defendants fail to respond to Plaintiff's letter or agree to rectify the problems associated with the actions described above and give notice to all affected consumers within 30 days of the date of written notice, as proscribed by § 1782, Plaintiff will move to amend his complaint to pursue claims for actual, punitive, and statutory damages, as appropriate against Defendants. As to this cause of action at this time, Plaintiff only seeks injunctive relief.

# COUNT III

## Violation of the California False Advertising Law ("FAL")

### Cal. Bus. & Prof. Code §§ 17500, *et seq.*

### (ON BEHALF OF THE CALIFORNIA CLASS)

83. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

84. Plaintiff brings this claim individually and on behalf of the California Class.

85. The FAL, in relevant part, states that "[i]t is unlawful for any … corporation … with intent … to dispose of … personal property … to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made of disseminated … from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement … which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading[.]" Cal. Bus. & Prof. Code § 17500.

86. Defendants' material misrepresentations and omission alleged herein violate Cal. Bus. & Prof. Code § 17500.

87. Defendants knew or should have known that their misrepresentations and omission were false, deceptive, and misleading.

88. Pursuant to Business & Professions Code §§ 17203 and 17500, Plaintiff and the California Class seek an order of this Court enjoining Defendants from continuing to engage, use, or employ their practice of falsely and misleadingly labeling their Products.

89. The required intent is the intent to dispose of property, not the intent to mislead the public in the disposition of such property.

90. Defendants violated the FAL by representing that their Products contain no preservatives, when the Products do in fact contain preservatives as they contain citric acid.

91. As a direct and proximate result of Defendants' untrue and misleading advertising, Plaintiff and the California Class have suffered injury in fact and have lost money.

92. Accordingly, Plaintiff requests that the Court order Defendants to restore the money Defendants have received from Plaintiff and the California Class, and that the Court enjoin Defendants from continuing their unlawful practices.

## COUNT IV

### Unjust Enrichment

### (ON BEHALF OF THE CLASSES)

93. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

94. At all times relevant hereto, Defendants deceptively marketed, advertised, and sold merchandise to Plaintiff and the Classes.

95. Plaintiff and the Classes conferred upon Defendants non-gratuitous payments for the Products that they would not have if not for Defendants' deceptive advertising and marketing. Defendants accepted or retained the non-gratuitous benefits conferred by Plaintiff and the Classes, with full knowledge and awareness that, as a result of Defendants' deception, Plaintiff and the Classes were not receiving a product of the quality, nature, fitness, or value that had been represented by Defendants and reasonable consumers would have expected.

96. Defendants have been unjustly enriched in retaining the revenues derived from purchases of merchandise by Plaintiff and the Classes, which retention under these circumstances is unjust and inequitable because Defendants misrepresented, among other things, that the Products contained no preservatives,

which caused injuries to Plaintiff and the Classes because they paid a price premium due to the misleading advertising and markings on the Products.

97. Retaining the non-gratuitous benefits conferred upon Defendants by Plaintiff and the Classes under these circumstances made Defendants' retention of the non-gratuitous benefits unjust and inequitable. Thus, Defendants must pay restitution to Plaintiff and the Classes for unjust enrichment, as so ordered by the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the other members of the proposed classes, respectfully requests that the Court enter judgment in Plaintiff's favor against Defendants as follows:

A. Certifying the Classes as requested herein, designating Plaintiff as class representative, and appointing the undersigned counsel as class counsel;

B. Declaring that Defendants are financially responsible for notifying the Class members of the pendency of this suit;

C. Ordering restitution and disgorgement of all profits and unjust enrichment Defendants obtained from Plaintiff and the Class members as a result of Defendants' unlawful, unfair, and fraudulent business practices.

D. Ordering injunctive relief as permitted by the law or equity, including enjoining Defendants from continuing the unlawful practices as set forth herein, and ordering Defendants to engage in a corrective advertising campaign;

E. Ordering Defendants to pay actual, statutory, punitive, and all other damages;

F. Ordering Defendants to pay attorneys' fees and litigation costs to Plaintiff and the other members of the Classes;

G. Ordering Defendants to pay both pre and post judgment interest on any amount awarded; and

**1**  H. Ordering such other and further relief as may be just and proper.

**2** **JURY DEMAND**

**3**  Plaintiff demands a trial by jury of all claims in this Complaint so triable.

**5**  DATED: May 14, 2019           **PEARSON, SIMON & WARSHAW, LLP**

**7**                                  By: */s/ Daniel L. Warshaw*
                                         DANIEL L. WARSHAW

**9**                                  DANIEL L. WARSHAW (Bar No. 185365)
                                         dwarshaw@pswlaw.com
                                       **PEARSON, SIMON & WARSHAW, LLP**
                                       15165 Ventura Boulevard, Suite 400
                                       Sherman Oaks, California 91403
                                       Telephone: (818) 788-8300
                                       Facsimile: (818) 788-8104

                                       MELISSA S. WEINER (*Pro Hac Vice*
                                       Forthcoming)
                                         mweiner@pswlaw.com
                                       **PEARSON, SIMON & WARSHAW, LLP**
                                       800 LaSalle Avenue, Suite 2150
                                       Minneapolis, Minnesota 55402
                                       Telephone: (612) 389 0600
                                       Facsimile: (612) 389 0610

                                       MICHAEL R. REESE (Bar No. 206773)
                                         mreese@reesellp.com
                                       **REESE LLP**
                                       100 West 93rd Street, 16th Floor
                                       New York, New York 10025
                                       Telephone: (212) 643-0500
                                       Facsimile: (212) 253-4272

                                       *Attorneys for Plaintiff and the Proposed Class*