**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AHMED ASHOUR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ARIZONA BEVERAGES USA LLC, HORNELL BREWING CO., INC., BEVERAGE MARKETING USA, INC., ARIZONA BEVERAGES HOLDINGS LLC, and ARIZONA BEVERAGES HOLDINGS 2 LLC,<br><br>Defendants. | Civil Action No. 1:19-CV-07081 (AT)(OTW)<br><br>**STIPULATION AND ~~PROPOSED~~ PROTECTIVE ORDER** |

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information that the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL" (at times referred to herein as "Confidential Information").

2. A party may also designate any confidential document or information "HIGHLY CONFIDENTIAL-FOR ATTORNEYS" or EXPERTS" EYES ONLY" (at times referred to herein as "Highly Confidential Information"). This designation is meant to protect extremely sensitive business or personal information, the disclosure of which to another party or non-party is highly likely to cause

significant harm to an individual or to the business or competitive position of the designating party.

3. The Confidential Information and/or Highly Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

4. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information and/or Highly Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information and/or Highly Confidential Information.

5. All documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a. The requesting party and counsel, including in-house counsel;
   b. Employees of such counsel assigned to and necessary to assist in the litigation;
   c. Consultants and/or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;
   d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court);
   e. Any mediator selected jointly by counsel for the parties, even if not appointed by the Court
   f. Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;
   g. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic and clerical employees whose duties and responsibilities require access to such materials; and
   h. The parties - In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit.

6. All documents designated "HIGHLY CONFIDENTIAL – FOR ATTORNEYS' OR EXPERTS' EYES ONLY" may be disclosed only to outside counsel for the

receiving party and to such other persons as counsel for the producing party agrees in advance or as ordered by the Court.

7. Before disclosing or displaying the Confidential Information to any person and, subject to paragraph 6, before disclosing or displaying Highly Confidential Information to any person, counsel must:

   a. Inform the person of the confidential nature of the information or documents;
   b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and
   c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

8. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Information or of Highly Confidential Information that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential Information or Highly Confidential Information within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential Information or Highly Confidential Information under this Order.

9. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential.

10. Pursuant to Federal Rule of Civil Procedure 502, inadvertent disclosure of privileged communications shall not constitute a waiver of the privilege in this matter provided the parties follow the steps set forth in Rule 502.

11. Notwithstanding the designation of information as "confidential" or "highly confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.

12. At the conclusion of litigation, Confidential Information, Highly Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected. **The right to retain working files does not in any way alter**

3

<u>the obligation to return or destroy all Confidential Information designated under the within Order.</u>

**SO STIPULATED AND AGREED.**

_____
Robert P. Donovan, Esq.
Attorney for Defendants
Dated:

**SO ORDERED**

Dated: ____May 12_____, 2020
   New York, New York

_____
Carlos F. Ramirez, Esq.
Attorney for Plaintiff
Dated:

_____
**Ona T. Wang**
United States Magistrate Judge

4

#4230256

## Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____

Signed in the presence of:

_____
(Attorney)

#4230256

## Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as "Highly Confidential". I have been informed that any such documents or information labeled "HIGHLY CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____

Signed in the presence of:

_____

(Attorney)

6

#4230256