# REESE LLP

June 17, 2020

**_Via CM/ECF_**
Honorable Ona T. Wang
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York  10007

           Re:        _Ashour v. AriZona Beverages USA LLC et al._ 1:19-cv-07081-AT-OTW

Dear Judge Wang:

      Defendants' discovery requests to Plaintiff are directly contrary to the efficient litigation of this action and the concept of proportional discovery. In a straightforward product labeling class action, Defendants have propounded on Plaintiff **305 discovery requests**: 136 Requests for the Production of Documents ("RFPs")(attached as Exhibit 1), 148 Requests for Admission ("RFAs")(attached as Exhibit 2) and 21 Interrogatories.

      On its face, this is an unreasonably high number of discovery requests.[1] This is a consumer class action concerning whether Defendants' labeling of the AriZona-brand beverages they sell is false, deceptive or misleading to a reasonable consumer because they contain a preservative (citric acid) while they are labeled as containing "No Preservatives." _See_ First Am. Complaint ¶¶ 1-4, ECF No. 42. This case will turn primarily on _Defendants' conduct_ and objective issues. _See, e.g., Belfiore v. Procter & Gamble Co._, 311 F.R.D. 29, 69 (E.D.N.Y. 2015) (certifying class where focus would be on truth of defendant's representation that "flushable wipes" were "flushable," and noting materiality and causation present "an objective inquiry that focuses on the packaging").

      This problem is exacerbated by the fact that many of the requests seek wholly irrelevant documents like Plaintiff's passport, documents in the exclusive possession of Defendants and even documents concerning the personal finances of every attorney representing Plaintiff. Nothing about these requests—either their volume or their improper substance—is "proportional to the needs of the case," particularly in light of "the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." _See_ Fed. R. Civ. P. 26(b)(1).

---

[1] _See Fed. Trade Comm'n v. Forensic Case Mgmt. Servs., Inc._, No. CV1107484RGKSSX, 2012 WL 13134719, at *3 (C.D. Cal. Sept. 4, 2012) ("The sheer number of requests for admission is clearly abusive, regardless of the issues in dispute."); _Mitchell v. Yeutter_, No. 89-1465-FGT, 1993 WL 139218, at *1 (D. Kan. Jan. 12, 1993) (finding 90 RFAs excessive and unduly burdensome, and limiting propounding party to 40 requests).

Rather than propound permissible discovery requests, Defendants are using their significant financial resources to harass Plaintiff and his counsel, cause unnecessary delay, and needlessly increase the cost of litigation. This is improper. *See* 28 U.S.C. § 1927 (making it sanctionable to "multipl[y] the proceedings . . . unreasonably and vexatiously"); Fed. R. Civ. P. 11(b)(1) (prohibiting counsel from signing papers "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation").

Counsel for the parties met and conferred on June 10, 2020, by telephone to raise Plaintiff's concerns.[2] Unfortunately, the parties were unable to work out a reasonable solution. For that reason, Plaintiff respectfully requests a conference pursuant to Local Rule 37.2 to address Defendants' failure to propound RFPs and RFAs that comport with Federal Rule of Civil Procedure 26(b)(1).

Plaintiff and his counsel raise this issue now because they have an obligation to act in the best interest of the class, including by avoiding needless litigation that will not benefit the class. It would be a waste of resources to spend substantial amounts of time preparing written responses to the 284 combined RFPs and RFAs. As one court in this Circuit explained when confronted with 148 RFAs, "the Court senses a trap is laid for the unwary in many of them." *Henry v. Champlain Enters., Inc.*, 212 F.R.D. 73, 81 n. 5 (N.D.N.Y. 2003). The court noted that the litigation conduct "borders more on brinksmanship and sharp practice than anything else," which was contrary to "***judicial and litigation economy and efficiency, the intended and vital purpose of Requests to Admit***," and indicated it would issue sanctions *sua sponte* if the conduct persisted. *Id.* (emphasis added).

Here, Defendants propounded 88 RFPs that systematically track the allegations in the Complaint almost paragraph by paragraph and ask Plaintiff to produce *all* documents concerning allegations such as: (i) that "Defendants manufacture, market, label and distribute beverage products" (RFP 10); (ii) "how citric acid is manufactured" (RFPs 21-22, 60); (iii) the "manner in which Defendants label their products" (RFP 35); (iv) "markings on the Products" (RFP 57); and (v) "that Defendants restore the money Defendants have received from Plaintiff" (RFP 120). These RFPs seek documents that Defendants have greater (if not exclusive) access to.

Defendants also propounded numerous RFPs that are wholly irrelevant. Defendants have requested (i) all "residential leases" entered into by Plaintiff over the last seven years (RFP 17); (ii) all of Plaintiff's communications with FBC Industries, Inc. (manufacturer of food additives) (RFP 29); (iii) all documents concerning agreements between Plaintiff and others regarding this action (RFPs 68-69, 79); (iv) all documents concerning bankruptcy proceedings involving Plaintiff (RFP 70); and (v) Plaintiff's Passport (RFP 76). Plaintiff's residential leases and his passport can only be meant to harass since they are wholly irrelevant to any issue in this case. But even those requests that border relevancy, like Plaintiff's financial condition and/or retainer agreements, have been explicitly rejected by courts in this Circuit as attempts at fishing

---

[2] Specifically, upon receiving 136 RFPs, Plaintiff complained to Defendants about the volume of RFPs propounded, and requested a meet and confer to discuss reducing the RFP's volume to an amount commensurate with Plaintiff's allegations. Despite agreeing to a meet and confer to discuss Plaintiff's volume objection, on the call Defendants insisted they would not consider withdrawing any Requests until such time as they received written answers and objections to all 136 RFPs. For this reason, the Parties' June 10th meet and confer went nowhere and has now concluded.

expeditions.[3] Defendants even requested discovery from Plaintiff concerning documents that are not in his power to produce, such as documents relating to the personal assets and finances of all attorneys representing him in this matter. RFPs 71, 80.

Defendants' RFAs are even worse. RFAs are meant to be used by the parties to agree on issues not in dispute (as well as the genuineness of documents) in order to streamline a potential trial down the road. Thus, it is considered "ill intent" for a defendant to ask a plaintiff to admit or deny the assertions in his complaint. *Perez v. Miami-Dade Cty.*, 297 F.3d 1255, 1268 (11th Cir. 2002). It is also improper to propound RFAs on matters that are subject to a "good-faith dispute." *Ross v. Shah*, No. 1:12–CV–1006 (GTS/CFG), 2015 WL 4648002, at *11 (N.D.N.Y. Aug. 5, 2015) (finding requests unenforceable because they "improperly sought the admission of the case's fundamental legal issues"). Finally, the volume of RFAs must reasonably relate to the complexity of the litigation. Defendants' RFAs fail on all counts.

Defendants' RFAs improperly ask Plaintiff to admit or deny dozens of Plaintiff's allegations concerning Defendants' unlawful conduct. RFAs 3-4, 29-30, 57-62, 74-83, 109-10, 126-27, 133-34. Defendants also propounded dozens of RFAs that are subject to a good-faith dispute between the parties. RFAs 33-56, 63-73, 111-34. Moreover, the manner in which Defendants drafted many of the RFAs is confusing and borders on "gotcha" gamesmanship. At least half of the RFAs are asked twice, with the second RFA stating the exact opposite of the first RFA. For example, RFA 1 states: "Admit or deny **Plaintiff purchased** an Arizona (sic) Iced Tea with Lemon Flavor between May 14, 2013 and May 14, 2019." RFA 2 states: "Admit or deny **Plaintiff did not purchase** an Arizona (sic) Iced Tea with Lemon Flavor between May 14, 2013 and May 14, 2019." This duplication doubles the amount of work for Plaintiff, and the double negatives seem designed to trick Plaintiff into erroneous admissions.

Defendants also propounded wholly irrelevant RFAs that ask Plaintiff to admit whether (i) he has eaten certain foods (limes, pineapples, tomatoes) (RFP 65-72); (ii) he has imbibed certain drinks (wine, Twinning's Iced Tea, Gold Peak Iced Tea) (RFP 73, 135-48); and (iii) he has bought a host of other specifically named AriZona beverage products (RFP 1-2, 5-28, 31-32). Finally, the number of RFAs propounded by Defendants is not reasonably related to the complexity of the case. *See Henry*, 212 F.R.D. at 81 n. 5.

Defendants have largely thumbed their noses at the federal rules of discovery and the tools afforded to parties seeking discovery in good faith. When asked by Plaintiff to pare down the Requests to within reason, Defendants refused to do so unless Plaintiff was first willing to provide written answers to 284 mostly improper Requests. In light of the unreasonably high number of requests for discovery from a single plaintiff in a straightforward labeling case, requests for documents on irrelevant matters, requests for documents exclusively possessed by Defendants and the disregard of the procedural requirements for properly propounding RFAs, Plaintiff respectfully requests a conference to discuss the issuance of a protective order regarding Defendants' harassing, oppressive and unduly burdensome discovery requests.

---

[3] *See Vincent v. Money Store*, 304 F.R.D. 438, 445 (S.D.N.Y. 2015) (recognizing that bankruptcies do not impede ability of proposed class representative to prosecute claims on behalf of the class); *Fort Worth Employees' Ret. Fund v. J.P. Morgan Chase & Co.*, No. 09 CIV. 3701-JPO-JCF, 2013 WL 1896934, at *2 (S.D.N.Y. May 7, 2013) (denying motion to compel discovery concerning "the arrangement between the lead plaintiffs and their lawyers"); *Genden v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 114 F.R.D. 48, 53 (S.D.N.Y. 1987) (finding plaintiff's financial condition irrelevant to adequacy when counsel agrees to advance costs).

3

Respectfully submitted,

**REESE LLP**


By: _____
Carlos F. Ramirez
*cramirez@reesellp.com*
Michael R. Reese
*mreese@reesellp.com*
**REESE LLP**
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

Melissa S. Weiner (Admitted *Pro Hac Vice*)
*mweiner@pswlaw.com*
Joseph C. Bourne (*Pro Hac Vice* motion submitted)
*jbourne@pswlaw.com*
**PEARSON, SIMON & WARSHAW, LLP**
800 LaSalle Avenue, Suite 2150
Minneapolis, Minnesota 55402
Telephone: (612) 389-0600
Facsimile: (612) 389-0610

*Attorneys for Plaintiff and the Proposed Class*

4