McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
ROBERT P. DONOVAN, ESQ.
*rdonovan@mdmc-law.com*
570 Broad Street, Suite 1500
Newark, New Jersey 07102
Telephone: (973) 622-7711
Facsimile: (973) 622-5314

*Attorneys for Defendants, Arizona Beverages USA LLC, Hornell Brewing Co., Inc., Beverage Marketing USA, Inc., Beverage Marketing USA, Inc., Arizona Beverages Holdings LLC and Arizona Beverages Holdings 2 LLC*

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AHMED ASHOUR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ARIZONA BEVERAGES USA LLC, HORNELL BREWING CO., INC., BEVERAGE MARKETING USA, INC., ARIZONA BEVERAGES HOLDINGS LLC, and ARIZONA BEVERAGES HOLDINGS 2 LLC,<br><br>Defendants. | Case No. 1:19-cv-07081(AT)(OTW)<br><br>DEFENDANTS' INITIAL REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF |

TO: Michael R. Reese, Esq.
Reese LLP
100 West 93rd Street, 16th Floor
New York, New York 10025
Attorneys for Plaintiff, Ahmed Ashour

Defendants, Arizona Beverages USA LLC ("ABU") Hornell Brewing Co., Inc. ("Hornell"), Beverage Marketing USA, INC. ("BMU"), Arizona Beverages Holdings LLC

("ABH") and Arizona Beverages Holdings 2 LLC ("ABH 2") (collectively, "Defendants"), through their undersigned counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby request that plaintiff, Ahmed Ashour ("Plaintiff"), produce the following documents within forty five (45) days of service and in the manner prescribed by Court rules.

## DEFINITIONS

1. "Complaint" means the First Amended Class Action Complaint filed by Plaintiff, Ahmed Ashour, on September 24, 2019 (Document No. 42), and any amendments thereto.

2. "Counsel" means all attorneys who represent You in connection with the Lawsuit.

3. "Defendants" means Arizona Beverages USA LLC, Hornell Brewing Co., Inc., Beverage Marketing USA, Inc., Arizona Beverages Holdings LLC, and Arizona Beverages Holdings 2 LLC.

4. "Lawsuit" means the litigation captioned *Ahmed Ashour v. Arizona Beverages USA LLC, et al.*, Case No. 1:19-cv-07081, in the United States District Court for the Southern District of New York.

5. "Putative Class Members" mean the putative members of the class of persons alleged in paragraph 51 of the Complaint.

6. "AriZona Product" or "AriZona Products" means a beverage product or products bearing the "AriZona" brand name and includes, but is not limited to, all beverage products identified in paragraph 2 in Your Complaint.

7. "You," "Your" or "Plaintiff" refers to Plaintiff, Ahmed Ashour, and all of his representatives, employees, agents, designees, attorneys, accountants, consultants, assignees, and any person currently or formerly acting or purporting to act on Plaintiff's behalf who could

reasonably be expected to have personal knowledge that would affect the completeness and accuracy of responses made to these documents requests. It also includes any person or entity believed by You to be a member of either class alleged in the Complaint.

As per Local Civil Rule 26.3, the following definitions apply to all discovery requests:

8. Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

9. Document. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

10. Identify (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

11. Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

12. Parties. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its

officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

13. Person. The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

14. Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

The following rules of construction apply to all discovery requests:

15. All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

16. And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

17. Number. The use of the singular form of any word includes the plural and vice versa.

## REQUESTS FOR PRODUCTION

**Request No. 1.** For each and every AriZona Product that You purchased since May 14, 2013:

(a) the label that was affixed to the product;

(b) the bottle or other packaging that was sold with the product; and

(c) the sales receipt that You received with the purchase of the product.

**Request No. 2.** All documents, including purchase receipts, credit card statements, bank statements, cancelled checks and check registers, evidencing Your purchase, since May 14,

2013, of any AriZona Product identified in the Complaint including, but not limited to, the products referred to in paragraphs 2 and 41 of the Complaint.

<u>**Request No. 3.**</u> With respect to each AriZona Product that You purchased since May 14, 2013, documents sufficient to demonstrate which product was purchased, when that product was purchased, the price that You paid for the purchased product, and where that product was purchased.

<u>**Request No. 4.**</u> All receipts, credit card statements, bank statements, check registers, cancelled checks, electronic records—including computerized spreadsheets and money management software—and other documents sufficient to show Your expenditures, since May 14, 2013, on fruit juice, juice drink and tea beverages, including, but not limited to, AriZona Products.

<u>**Request No. 5.**</u> All receipts, credit card statements, bank statements, check registers, cancelled checks, electronic records—including computerized spreadsheets and money management software—and other documents sufficient to show Your expenditures since May 14, 2013, on products labeled "No Preservatives."

<u>**Request No. 6.**</u> All receipts, credit card statements, bank statements, check registers, cancelled checks, electronic records—including computerized spreadsheets and money management software—and other documents sufficient to show Your expenditures, since May 14, 2013, on products that contain citric acid.

<u>**Request No. 7.**</u> All receipts, credit card statements, bank statements, check registers, cancelled checks, electronic records—including computerized spreadsheets and money management software—and other documents sufficient to show Your expenditures, since May 14, 2013, on products that contain preservatives.

**Request No. 8.** All communications You have exchanged with any of the Defendants regarding any of the AriZona Products.

**Request No. 9.** All documents referred to in Your Complaint.

**Request No. 10.** All documents relating to the allegation that "Defendants manufacture, market, label and distribute beverage products" as alleged in paragraph 1 of the Complaint.

**Request No. 11.** All documents relating to Your allegation in paragraph 4 of the Complaint that citric acid is a common preservative.

**Request No. 12.** All documents relating to Your allegation in paragraph 5 of the Complaint about "a significant consumer demand for products that do not contain preservatives."

**Request No. 13.** All documents relating to Your allegation in paragraph 5 of the Complaint that "consumers are willing to choose products and/or pay premium prices for products without preservatives."

**Request No. 14.** All documents relating to Your allegation in paragraph 6 of the Complaint that "reasonable consumers purchase the Products believing that they do not contain preservatives."

**Request No. 15.** All documents relating to the allegation that "Defendants seek to take advantage of the premium placed on products without preservatives" as alleged in paragraph 7 of the Complaint.

**Request No. 16.** All documents relating to the detriment alleged in paragraph 8 of the Complaint.

**Request No. 17.** All documents relating to Plaintiff's residency as alleged in in paragraph 14 of the Complaint including all residential leases entered into since May 14, 2013 and all driver's licenses issued to Plaintiff since May 14, 2013.

**Request No. 18.** All documents relating to the way in which citric acid is commonly used and recognized as alleged in paragraph 20 of the Complaint.

**Request No. 19.** All writings by You, including web logs, blogs, editorials, and postings on social media such as Facebook and Twitter, whether published or unpublished, regarding preservatives and/or citric acid.

**Request No. 20.** All writings by You, including web logs, blogs, editorials, and postings on social media such as Facebook and Twitter, whether published or unpublished, regarding "Natural," "All Natural" or "Organic" foods or beverages, product labeling, class action lawsuits, health, diet and/or nutrition.

**Request No. 21.** All documents relating to the allegation of how citric acid is manufactured as alleged in alleged in paragraph 21 of the Complaint.

**Request No. 22.** All documents relating to the allegation about the process as alleged in paragraph 22 of the Complaint.

**Request No. 23.** All documents relating to the allegation that "70% of citric acid manufactured today is used in food and beverages" as alleged in paragraph 22 of the Complaint.

**Request No. 24.** All documents relating to the allegation about the FDA contained in paragraph 23 of the Complaint.

**Request No. 25.** All documents relating to the allegations about "a preservative" contained in paragraph 24 of the Complaint.

**Request No. 26.** All documents relating to the allegation about citric acid acting as a preservative as contained in paragraph 25 of the Complaint.

**Request No. 27.** All documents relating to the allegation about the FDA contained in paragraph 26 of the Complaint.

**Request No. 28.** All documents relating to the FDA warning letter referenced in paragraph 27 of the Complaint.

**Request No. 29.** All communications between You and FBC Industries, Inc. concerning preservatives and/or citric acid.

**Request No. 30.** All documents relating to the "several different food and beverage additives available that can function as preservatives" as alleged in paragraph 29 of the Complaint.

**Request No. 31.** All documents relating to the allegation that "citric acid is less expensive, more readily available in large commercial quantities" as alleged in paragraph 29 of the Complaint.

**Request No. 32.** All documents relating to the allegation that citric acid's tartness and "sour flavor is preferred for some foods and beverages" as alleged in paragraph 29 of the Complaint.

**Request No. 33.** All documents relating to the allegation that citric acid functions "as a preservative even when used in relatively low quantities" as alleged in paragraph 30 of the Complaint.

**Request No. 34.** All documents relating to the allegation that Defendants' beverages contain citric acid in quantities "sufficient for the citric acid to function as a preservative" as alleged in paragraph 30 of the Complaint.

**Request No. 35.** All documents relating to the allegations of the manner in which Defendants label their products as referenced in paragraph 31 of the Complaint.

**Request No. 36.** All documents relating to the allegations of the manner in which Defendants design their labels as referenced in paragraph 32 of the Complaint.

**Request No. 37.** All documents relating to the allegations that Defendants' products "contain citric acid, a known and common preservative" as alleged in paragraph 33 of the Complaint.

**Request No. 38.** All documents relating to the allegations about "reasonable consumers" as alleged in paragraph 34 of the Complaint.

**Request No. 39.** All documents relating to the allegations about "widely accepted preservatives" as alleged in paragraph 34 of the Complaint.

**Request No. 40.** All documents relating to the allegations about "a reasonable consumer" as alleged in paragraph 35 of the Complaint.

**Request No. 41.** All documents relating to the allegation that "Plaintiff and the Classes have been, and will continue to be" misled as alleged in paragraph 36 of the Complaint.

**Request No. 42.** All documents relating to "Defendants' Product labeling and packaging" as alleged in paragraph 37 of the Complaint.

**Request No. 43.** All documents relating to "this marketing" as alleged in paragraph 37 of the Complaint.

**Request No. 44.** All documents relating to "the marketing on Defendants' website" as alleged in paragraph 37 of the Complaint.

**Request No. 45.** All documents relating to "Defendants' labeling and marketing" as alleged in paragraph 38 of the Complaint.

**Request No. 46.** All documents relating to "a material factor influencing consumer purchase decisions" as alleged in paragraph 38 of the Complaint.

**Request No. 47.** All documents relating to the allegation that "had Plaintiff and the Classes known the truth about the Products," they would not have purchased the Products as alleged in paragraph 39 of the Complaint.

**Request No. 48.** All documents relating to the allegation that "had Plaintiff and the Classes known the truth about the Products," they would not have paid the prices they paid for the Products as alleged in paragraph 39 of the Complaint.

**Request No. 49.** All documents relating to the allegation that "Plaintiff and the Classes" lost money and property as alleged in paragraph 40 of the Complaint.

**Request No. 50.** All documents relating to the allegation that "Plaintiff and the Classes were harmed" as alleged in paragraph 40 of the Complaint.

**Request No. 51.** All documents relating to the purchase of Arizona RX Energy Herbal Tonic as alleged in paragraph 41 of the Complaint.

**Request No. 52.** All communications between You and any person, from January 1, 2013, to May 14, 2019, concerning the purchase of AriZona RX Energy Herbal Tonic.

**Request No. 53.** All documents relating to the purchase of AriZona Green Tea with Ginseng and Honey as alleged in paragraph 41 of the Complaint.

**Request No. 54.** All communications between You and any person, from January 1, 2013, to May 14, 2019, concerning the purchase of AriZona Green Tea with Ginseng and Honey.

**Request No. 55.** All receipts or other documents evidencing Plaintiff's purchase of any other beverages, other than AriZona Products, at the CVS Pharmacy and/or 7-Eleven referenced paragraph 41 of the Complaint, since May 14, 2013.

**Request No. 56.** All documents relating to Plaintiff's reliance as alleged in paragraph 42 of the Complaint.

**Request No. 57.** All documents relating to the "markings on the Products" as alleged in paragraph 42 of the Complaint.

**Request No. 58.** All documents relating to Plaintiff "willing to pay a premium for the Products" as alleged in paragraph 43 of the Complaint.

**Request No. 59.** All documents relating to the fraud allegations referenced in paragraphs 44 through 50 of the Complaint.

**Request No. 60.** All documents relating to the manner in which citric acid is manufactured.

**Request No. 61.** All documents that You rely upon as the basis for Your understanding of the term "No Preservatives."

**Request No. 62.** All documents relating to the meaning of the term "No Preservatives" as used by food and beverage manufacturers to describe food and beverage products marketed and sold in the State of California.

**Request No. 63.** All documents relating to the meaning ascribed to the term "No Preservatives" by California consumers.

**Request No. 64.** All documents relating to Your allegations that:

(a) "members of the class are so numerous that individual joinder of all Class members is impracticable";

(b) the questions of law and fact, referenced in sub-parts (a) through (h) of paragraph 54 of the Complaint, are "common questions of law and fact";

(c) Your claims "are typical of those of the other Class members";

(d) Plaintiff and all Class members were comparably injured;

(e) You have "retained counsel competent and experienced" in class action litigation;

(f) Plaintiff is an adequate representative of the Classes;

(g) Defendants have acted or refused to act on grounds generally applicable to Plaintiff and the other Class members; and

(h) "a class action is superior to any other available means for the fair and efficient adjudication of this controversy."

**Request No. 65.** All documents relating to:

(a) the identity of the Putative Class Members;

(b) the manner in which You would identify the Putative Class Members; and

(c) the identity of the states in which the Putative Class members live and/or work.

**Request No. 66.** All documents regarding attorneys' fees incurred by You or the Putative Class Members.

**Request No. 67.** All documents regarding the claim for injunctive relief.

**Request No. 68.** All documents comprising, including and regarding a retainer, contract, or fee agreement between You and Your Counsel regarding the Lawsuit or Your claims for recovery in this matter.

**Request No. 69.** All documents regarding any agreements between You and Your Counsel regarding sharing attorney's fees or other damages awarded to any member of the class, including, but not limited to, You.

**Request No. 70.** All documents regarding bankruptcy proceedings involving You.

**Request No. 71.** All documents regarding bankruptcy proceedings involving each of Your Counsel but excluding instances where Counsel represented a party other than himself in a bankruptcy proceeding.

**Request No. 72.** All documents regarding other proposed, decertified, uncertified, or certified class actions where Your Counsel has served or attempted to serve as class counsel or otherwise appeared on the pleadings.

**Request No. 73.** All documents regarding other proposed, decertified, uncertified, or certified class actions where You have served or attempted to serve as a class representative or otherwise appeared on the pleadings.

**Request No. 74.** All documents regarding Your Counsel's qualifications to represent the Proposed Class.

**Request No. 75.** All documents regarding Your qualifications as class representative.

**Request No. 76.** Your passport.

**Request No. 77.** Your current and prior resumes and/or curricula vitae.

**Request No. 78.** All documents regarding Your choice of Counsel, including without limitation, Your Counsel's background, experience, resume, and qualifications to serve as class counsel in this litigation, with such information to include:

(a) The identity of any class action or proposed class action in which Your Counsel have represented a party, the claims made by the plaintiff(s) in any such case, and the party or parties that Your Counsel represented;

(b) The identity of any case in which Your Counsel sought appointment as class counsel but was not appointed class counsel; and

(c) The identity of any case in which Your Counsel served or sought appointment as class counsel but in which class certification was granted, denied, withdrawn, or otherwise adjudicated.

**Request No. 79.** All documents regarding all agreements You have made with any plaintiff, other party, attorney, expert, accountant, law firm, other professional, or other person or entity, regarding the prosecution of this Lawsuit or the disposition of the proceeds of any settlement or judgment, including, but not limited to, each and every communication, agreement, arrangement, or understanding concerning the payment of attorney's fees, costs, or expenses of any kind with respect to this litigation and identify each and every document referring to or relating to any such communication, agreement, arrangement, or understanding.

**Request No. 80.** All documents regarding all assets and personnel that You or Your Counsel have made available for the prosecution of this Lawsuit.

**Request No. 81.** All communications between You, or Your representatives or Counsel, and any third party regarding the allegations of this Lawsuit. This includes, but is not limited to:

(a) communications between You, or Your representatives or Counsel, and any party or lawyer participating in litigation involving allegations that citric acid is a preservative;

(c) communications between You, or Your representatives or Counsel, and any employee or representative of the Center for Science in the Public Interest.

**Request No. 82.** All communications between a Putative Class Member and You or Your Counsel, including, but not limited to those communications in which a Putative Class Member advised You or Your counsel that he or she either wished or did not wish to be a

member of the class that You seek to represent and/or that he or she wished or did not wish to assert claims against Defendants;.

<u>**Request No. 83.**</u> All exhibits upon which You or any expert witness may rely at trial.

<u>**Request No. 84.**</u> All documents that You or Your Counsel have received from a third-party relating to matters at issue in this Lawsuit, including documents received in response to a subpoena.

<u>**Request No. 85.**</u> All deposition transcripts and affidavits made in connection with this Lawsuit.

<u>**Request No. 86.**</u> All transcripts of deposition testimony given by you and transcripts of trial testimony given by You.

<u>**Request No. 87.**</u> All documents that You relied upon or referenced when answering Defendants' Interrogatories or Requests for Admissions.

<u>**Request No. 88.**</u> All documents pertaining to Your contentions about how citric acid is made and/or manufactured and/or processed as alleged in the Complaint.

<u>**Request No. 89.**</u> All documents pertaining to the alleged "unlawful business practices" alleged in paragraph 63 of the Complaint.

<u>**Request No. 90.**</u> All documents relating to the "unfair and "fraudulent" business practices alleged in paragraph 64 of the Complaint.

<u>**Request No. 91.**</u> All documents relating to the representations alleged in paragraph 65 of the Complaint.

<u>**Request No. 92.**</u> All documents relating to the "reasonably available alternatives to Defendants' conduct," alleged in paragraph 66 of the Complaint.

<u>**Request No. 93.**</u> All documents relating to "Defendants' false and deceptive advertising," alleged in paragraph 66 of the Complaint.

<u>**Request No. 94.**</u> All documents relating to "no societal benefit," alleged in paragraph 66 of the Complaint.

<u>**Request No. 95.**</u> All documents relating to "Plaintiff and the California Class paid money to Defendants," alleged in paragraph 66 of the Complaint.

<u>**Request No. 96.**</u> All documents relating to "receiving money as a result of false or misleading advertising" alleged in paragraph 67 of the Complaint.

<u>**Request No. 97.**</u> All documents relating to the "many California laws" referenced in paragraph 67 of the Complaint.

<u>**Request No. 98.**</u> All documents relating to the alleged harm caused by Defendants as referenced in paragraph 67 of the Complaint.

<u>**Request No. 99.**</u> All documents relating to Defendants knowing, "or should have known, their material misrepresentations would be likely to deceive and harm the consuming public," as alleged in paragraph 68 of the Complaint.

<u>**Request No. 100.**</u> All documents relating to the allegation that consumers made payments to Defendants as alleged in paragraph 68 of the Complaint.

<u>**Request No. 101.**</u> All documents relating to the allegation that Plaintiff and the California Class lost money and suffered injury in fact by purchasing Defendants' products as alleged in paragraph 69 of the Complaint.

<u>**Request No. 102.**</u> All documents relating to the allegation that Defendants were unjustly enriched by receiving payments from Plaintiff and the California Class as alleged in paragraph 69 of the Complaint.

**Request No. 103.** All documents relating to the allegation that unless restrained and enjoined, Defendants will continue to engage in unlawful conduct as alleged in paragraph 70 of the Complaint.

**Request No. 104.** All documents relating to Plaintiff's claim for restitution as alleged in paragraph 71 of the Complaint.

**Request No. 105.** All documents relating to "corrective advertising" alleged in paragraph 71 of the Complaint.

**Request No. 106.** All documents relating to Defendants' alleged "sale and advertisement of the Products" as alleged in paragraph 76 of the Complaint.

**Request No. 107.** All documents relating to Plaintiff's claim that he has standing as alleged in paragraph 77 of the Complaint.

**Request No. 108.** All documents relating to the allegation that Defendants violated the Consumer Legal Remedies Act as alleged in paragraph 79 of the Complaint.

**Request No. 109.** All documents relating to the allegation that Defendants knew or should have known that their ingredient representations were false or misleading as alleged in paragraph 80 of the Complaint.

**Request No. 110.** All documents relating to the allegation that Defendants' violations of the Consumer Legal Remedies Act proximately caused injury as alleged in paragraph 81 of the Complaint.

**Request No. 111.** All documents relating to the allegation that Plaintiff and California Class Members purchased Defendants' products on the belief that the products contained no preservatives as alleged in paragraph 82 of the Complaint.

**Request No. 112.** All documents relating to the claim for injunctive relief set forth in paragraph 83 of the Complaint.

**Request No. 113.** All documents relating to the claims of actual damages, injunctive relief, restitution, and punitive damages as alleged in paragraph 84 of the Complaint.

**Request No. 114.** All documents relating to the letters referenced in paragraph 85 of the Complaint.

**Request No. 115.** All documents relating to Defendants' alleged material misrepresentations alleged in paragraph 89 of the Complaint.

**Request No. 116.** All documents relating to Defendants' alleged knowledge of misrepresentations as alleged in paragraph 90 of the Complaint.

**Request No. 117.** All documents relating to the claim for an injunction alleged in paragraph 91 of the Complaint.

**Request No. 118.** All documents relating to the allegation of violation of the California False Advertising Law as alleged in paragraph 92 of the Complaint.

**Request No. 119.** All documents relating to the allegations that Plaintiff and the California Class have suffered injury and, in fact, have lost money as alleged in paragraph 93 of the Complaint.

**Request No. 120.** All documents relating to the allegation that Defendants restore the money Defendants have received from Plaintiff and the California Class as alleged in paragraph 94 of the Complaint.

**Request No. 121.** All documents relating to the alleged contract asserted in paragraph 96 of the Complaint.

**Request No. 122.** All documents relating to the alleged representations claimed to constitute express warranties as alleged in paragraph 97 of the Complaint.

**Request No. 123.** All documents relating to the alleged inducement to Plaintiff and the California Class Members to purchase products alleged in paragraph 98 of the Complaint.

**Request No. 124.** All documents relating to the "conditions precedent" alleged in paragraph 99 of the Complaint.

**Request No. 125.** All documents relating to what Plaintiff performed as alleged in paragraph 99 of the Complaint.

**Request No. 126.** All documents relating to Defendants' alleged breach of express warranty as claimed in paragraph 100 of the Complaint.

**Request No. 127.** All documents relating to Plaintiff and the other members of the California Class who were allegedly damaged as claimed in paragraph 101 of the Complaint.

**Request No. 128.** All documents relating to the alleged "non-gratuitous payments" alleged in paragraph 105 of the Complaint.

**Request No. 129.** All documents relating to Defendants allegedly accepting or retaining the "non-gratuitous benefits" alleged in paragraph 105 of the Complaint.

**Request No. 130.** All documents relating to Defendants' alleged knowledge claimed in paragraph 105 of the Complaint.

**Request No. 131.** All documents relating to Defendants being allegedly unjustly enriched as claimed in paragraph 106 of the Complaint.

**Request No. 132.** All documents relating to Defendants being unjustly enriched by "retaining the revenues derived from purchases of merchandise by Plaintiff and the Classes" as alleged in paragraph 106 of the Complaint.

**Request No. 133.** All documents relating to the claim for restitution alleged in paragraph 107 of the Complaint.

**Request No. 134.** All documents identified in Plaintiff's initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

**Request No. 135.** Any and all other documents relevant to the claims asserted in this matter.

**Request No. 136.** All documents relied upon any proposed expert(s) designated by Plaintiff or otherwise relied upon by Plaintiff in this action.

Dated: May 27, 2020

Robert P. Donovan

McELROY, DEUTSCH, MULVANEY &
CARPENTER, LLP
570 Broad Street, Suite 1500
Newark, New Jersey 07102
Telephone: (973) 622-7711
Facsimile: (973) 622-5314
*rdonovan@mdmc-law.com*

Attorneys for Defendants, Arizona Beverages USA LLC, Hornell Brewing Co., Inc., Beverage Marketing USA, Inc., Arizona Beverages Holdings LLC and Arizona Beverages Holdings 2 LLC