# MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
ATTORNEYS AT LAW

570 BROAD STREET, 15th FLOOR
NEWARK, NEW JERSEY 07102
(973) 622-7711
FACSIMILE (973) 622-5314

ROBERT P. DONOVAN
Direct dial: (973) 565-2195
rdonovan@mdmc-law.com

June 19, 2020

**Via ECF**
Honorable Ona T. Wang, U.S.M.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20D
New York, New York 10007

Re:   **Ashour v. Arizona Beverages USA LLC, et al.**
      **Civil Action No. 1:19-cv-07081-AT-OTW**

Dear Judge Wang:

This firm represents Defendants in the above matter. Kindly consider this letter as Defendants' opposition to Plaintiff's motion for a discovery conference "to discuss issuance of a protective order" ("Plaintiff's Motion"). (ECF 83).

Plaintiff has not engaged in a meaningful meet and confer. Requests for production were served on May 27, 2020. Plaintiff objected to the number of requests stating, "our client was not in a business relationship with your clients and is merely the retail consumer of just two of your clients' products." See Exhibit "A". Defendants asked Plaintiff to state the specific requests at issue and made a proposal to limit discovery. See Exhibit "B". Plaintiff did not provide written specification and did not respond to Defendants' limitation proposal. Plaintiff now objects, for the first time, in writing, to 16 document requests. As set forth below, the request for documents are proper and proportional. During the meet and confer process, however, Plaintiff ought to have raised the 16 objections first to Defendants, in writing, prior to seeking Court intervention. Rather than address the 16 objections now, a more efficient use of judicial resources would be for the parties to confer again about those 16 requests. *See Guadalupe v. City of New York*, 15 Civ. 0220 (CM)(JCF), 2016 WL 3570545, *3 (S.D.N.Y. June 24, 2016).

Defendants have shown a willingness to resolve specific disputes. At the parties' June 10, 2020 meet and confer, when Plaintiff raised an objection to the passport request, Defendants explained why that information was relevant. Nevertheless, after the conference, Defendants made a proposal not to seek that information at this time. See Exhibit "C".

Regarding the request for admissions, they were served on June 9, 2020. At the June 10 conference, Plaintiff mentioned blanket objections to those requests. Defendants were not prepared to address that issue at that time but, on June 12, asked Plaintiff to identify in writing specific requests so that a subsequent meet and confer could take place. Plaintiff now objects specifically, in writing, to requests. Because no meaningful meet and confer was held on these specific objections, Plaintiff's Motion on such requests is also procedurally defective. Nevertheless, as set forth below, the requests for admissions are proper and proportional.

## DEFENDANTS' REQUESTS ARE PROPER AND PROPORTIONAL

In the complaint ("Complaint"), Plaintiff sues five defendants, in a putative state and nation-wide class action, asserting over 130 allegations, including subparts, with numerous footnotes, containing 5 counts, referring to 16 named beverages and pages of exhibits with 23 photographs. (ECF 42). The Complaint contains complex allegations, some scientific in content, claiming that the citric acid in Defendants' products is a preservative. (ECF 42, ¶¶ 20-40; fn. 2-10). The claim for unjust enrichment, asserted on a nation-wide basis, has a six year statute of limitations in certain states. N.Y. Consol. Laws § 213; N.J. Stat. Ann. § 2A:14-1. The immense scope of the claims, the complex allegations that Plaintiff asserts against five defendants, and the fact that Plaintiff purports to represent every consumer of the 16 products in the United States, bears upon on the volume of requests served. When considering these factors, the requests are proportional to the needs of this highly complex case pursuant to Rule 26(b)(1). The fact that responses to relevant discovery requests will be time consuming and expensive is not a valid objection. *See Burns v. Imagine Films Ent., Inc.*, 164 F.R.D. 589, 593 (W.D.N.Y. 1996).

Defendants deny any intent to harass, cause delay or needlessly increase costs. In making that baseless contention, Plaintiff mischaracterizes one of the requests. Defendants do not seek discovery concerning "the personal finances of every attorney representing Plaintiff" as Plaintiff wrongly asserts. Plaintiff also misstates the holding in *Mitchell v. Yeutter*, No. 89-1465-FGT, 1993 WL 139218 (D. Kan. Jan. 12, 1993) claiming that the court there ruled 90 requests for admissions excessive. In actuality, the court ruled 184 requests were excessive and after reduced to 90, found some requests to be improperly formed, not excessive. *Id.* at *1. Also, *Mitchell* was not a complex class action case. *FTC V. Forensic Case Management Services, Inc*, No. CV 11-07484 RGK (SSX), 2012 WL 13134719 (C.D. Cal. Sept. 4, 2012), is also not applicable because that case addressed 1,002 requests for admissions, an egregious circumstance not present here.

**Document Requests-** In requests 10, 21, 22, 60, 35, 57, and 120, Defendants seek documents relating to allegations in the Complaint. Plaintiff's assertion that Defendants have access to documents, even if accepted as true, *arguendo* only, is not grounds to bar discovery. Plaintiff has a duty to produce documents in his possession, custody or control under Rule 34 (a)(1). On request 17 for residential information, to sue under the California Legal Remedies Act ("CLRA") and California Unfair Competition count ("UCL"), the wrongful conduct must occur in California and plaintiff's location is a factor courts consider. *See Precht v. Kia Motors Am., Inc.*, No. SA CV-14-1148-DOC (ManX), 2014 WL 10988343, *4 (C.D. Cal. Dec. 29, 2014). Plaintiff claims purchases in California without alleging months and/or years. (ECF 42, ¶41). The statute of limitations for CLRA claims is 3 years. Cal. Code Civ. Proc. § 338(a); Cal. Civ. Code § 1783. The limitations period for UCL claims is 4 years. Cal. Bus. & Prof. Code § 17208. Plaintiff's residential history bears upon those defenses and on whether, where and when California purchases took place. As to request 29, communications with FBC Industries, Inc. are relevant because Plaintiff refers to that entity in the Complaint. (ECF 42, ¶28, fn. 10). The agreement between Plaintiff and his counsel (request 68) is discoverable under California Law. *See Gusman v. Comcast Corp.*, 298 F.R.D. 592, 599 (S.D. Cal. 2014) (quotations and citations omitted). Plaintiff's agreements to share fees with others (request 69) and contracts with professionals regarding the prosecution of the lawsuit (79) are relevant to adequacy under Rule 23. As to requests 70 (information about Plaintiff's bankruptcy), 71 (documents regarding bankruptcy

involving Plaintiff's counsel) and 80 (documents regarding assets and personnel that Plaintiff and counsel have made available for this lawsuit), all are germane to the ability to protect the interests of the proposed class. See *Kamens v. Horizon Corp.*, 81 F.R.D. 444, 446-47 (S.D.N.Y 1979) (Rule 23 requires only that there be no factors present which cast doubt on plaintiffs' ability to reimburse counsel, such as pending bankruptcy or financial distress). The ability of a class representative to defray the cost of litigation is a relevant factor in the court's determination of the representative's suitability. *See Gordon v. Hunt*, 98 F.R.D. 573, 579 (S.D.N.Y. 1983); *Greene v. Emersons Ltd.*, 86 F.R.D. 47 (S.D.N.Y. 1980); *Kamens*, 81 F.R.D. 444. In *Pension Benefit Guaranty Corp. v. LTV Corp.*, 122 F.R.D. 436, 440 (S.D.N.Y. 1988), the court interpreted the ruling in *Genden v. Merrill Lynch Pierce Fenner & Smith*, 114 F.R.D. 48, 53 (S.D.N.Y. 1987) to mean that the named plaintiff's lack of resources was irrelevant when counsel advanced costs but that plaintiff's inability to reimburse based on bankruptcy or financial distress would be relevant. As to request 76, in the event Plaintiff does not produce driver's license and residential information requested, the passport would be the best evidence to show if, when and where Plaintiff was in California. In any event, Defendants proposed to resolve that dispute.

**Request For Admissions**[1]- Requests 1-32, 57-62; 74-83, 109-110 and 133-34 seek admissions about Plaintiff's purchases of beverages identified in the Complaint. The requests are not duplicative. Plaintiff is requested to respond in a sequence whether an event occurred or fact existed, and second, whether that same referred to event did not occur and/or fact did not exist. Requests 126 and 127 seek admissions about Plaintiff purchasing other products containing citric acid. Requests 33-56 seek admissions about reasons for Plaintiff's purchases of Defendants' beverages. Requests 63-73 ask for admissions about Plaintiff consuming other foods or beverages that contain citric acid and are germane to whether Plaintiff consumed that ingredient. Requests 111-112 seek admissions about the putative classes; requests 113-23 seek admissions about Plaintiff's purchases of Defendant's products; request 124 seeks an admission about Plaintiff's awareness of other people who purchased Defendants' beverages; request 125 asks for an admission on obligations to pay litigation expenses; requests 126-127 ask about his purchases of citric acid products after buying Defendants' beverages identified in the Complaint; requests 128-29 seek admissions about purchases of products labeled "No Preservatives"; requests 130-134 seek admissions about Plaintiff's reasons for purchasing beverages identified in the Complaint; and requests 135-48, about other iced teas, goes to Plaintiff's purchasing history of similar beverages. Plaintiff incorrectly cites to *Ross v. Shah*, No.1:12-CV-11006 (GTS/CFH), 2015 WL 4648002, *11 (N.D.N.Y. Aug. 5, 2015), as supposed authority that requests are improper if subject to a "good faith dispute". *Ross* does not stand for the "good faith dispute" proposition quoted by Plaintiff. Regardless, the requests here relate to facts within Plaintiff's exclusive knowledge, not legal conclusions, and are properly formed under Rule 36.

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion. Thank you for Your Honor's attention to this matter.

---

[1] Sixteen beverages are referenced in the Complaint and Plaintiff alleges purchasing two products by name "on several occasions, roughly two to three times per week." (ECF 42, ¶¶ 2 and 41). Plaintiff does not allege the quantity or container sizes. The sixteen named beverages are packaged in a number of different container sizes and some have different labels. Many of the requests are directed to determine the products, the sizes, the labels, and quantities Plaintiff purchased.

3

                      Respectfully submitted,
            MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

                            Robert P. Donovan

RPD/sck
#4266206
cc:    Carlos F. Ramirez, Esq. (via ECF and email)