**MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
ATTORNEYS AT LAW

570 BROAD STREET, 15th FLOOR
NEWARK, NEW JERSEY 07102
(973) 622-7711
FACSIMILE (973) 622-5314

ROBERT P. DONOVAN
Direct dial: (973) 565-2195
rdonovan@mdmc-law.com

August 21, 2020

**Via ECF**
Honorable Ona T. Wang, U.S.M.J.
United States District Court - Southern District of New York
500 Pearl Street, Courtroom 20D
New York, New York 10007

**Re: Ahmed Ashour, et al. v. Arizona Beverages USA LLC, et al.
(Index No. 19-cv-07081 (AT)(OTW))
Defendants' Request for a Pre-Motion Discovery Conference**

Dear Judge Wang:

This firm represents defendants ("Defendants") in the above matter. Pursuant to Local Civil Rule 37.2, Defendants respectfully request a pre-motion discovery conference to address plaintiff's ("Plaintiff's") deficient answers to interrogatories and refusal to provide other discovery. Plaintiff's discovery responses at issue are annexed as Exhibits A through C.

**Plaintiff's Deficient Interrogatory Answers**

In interrogatory number 2, Plaintiff was asked to state the monetary damages he claims and to include the method of computation. Plaintiff's response is as follows:

> [Objections omitted] Plaintiff states that he has sustained economic damages in that he would not have purchased the Products, or would have paid less for them, but for Defendants' false, deceptive, and misleading labeling and marketing of the Products. Plaintiff will calculate class-wide damages at the appropriate time, with the assistance of expert testimony, after taking necessary discovery of Defendant and third parties. [Ex. A].

This response is plainly deficient because Plaintiff fails to state his damages and does not explain how they were computed. Plaintiff claims individual damages alleging lost money (ECF, 42, ¶¶ 71, 81, 93, 101 and 107) rendering the reference to a future expert's "class-wide damage" calculation unresponsive.

Plaintiff alleges that the Defendants' label is "a material factor" influencing consumer purchases, that he relied upon the "no preservative" label on the products at issue, believing "that the products did not contain any preservatives" and that, without that label, he would not have purchased the products or would not have paid "a premium." (ECF 42, ¶¶ 38, 42 and 43). Plaintiff's claim, under the California Legal Remedies Act ("CLRA"), requires proof of reliance. *See Cholakyan v. Mercedes-Benz USA, LLC*, 796 F.Supp.2d 1220, 1228-29 (C.D. Cal. 2011) (quotations and citations omitted). Accordingly, in question 9, Plaintiff was asked to identify other products that he purchased and consumed that contained citric acid since May 14, 2013 and, in question 10, during the same period, was asked to identify other products purchased and consumed that had a label "no preservatives." (Ex. A). Plaintiff objected on, *inter alia*, relevance grounds and did not respond.

(*Id.*). However, Plaintiff's purchasing history of other products, having the same ingredient and/or label statement, bear upon allegations that the presence of preservatives and/or a "no preservative" label were important factors in his buying decisions, are probative of reliance and premium pricing. His purchasing history of similar products is also relevant to adequacy, typicality and other issues under *Rule* 23.

**Plaintiff's Refusal to Respond to Request for Documents and Request for Admissions**

Plaintiff refuses to respond to any of the document requests or request for admissions principally because of "sheer volume", asserting no obligation to do so because of a pre-motion letter filed on June 17, 2020 (ECF 83). (See Exhibits B and C, respectively, general objections, ¶8). Defendants opposed that application on June 19, 2020 (ECF 84) and no order was entered granting a protective order. As to volume, Plaintiff sues five defendants, in a putative state and nationwide class action, asserting over 130 allegations, including subparts, with numerous footnotes, containing 5 counts, referring to 16 named beverages and exhibits with 23 photographs. (ECF 42). The Complaint contains complex scientific allegations claiming that citric acid is a preservative. (*Id.*, ¶¶ 20-40; fn. 2-10). The claim for unjust enrichment has a six year statute of limitations in certain states. N.Y. Consol. Laws § 213; N.J. Stat. Ann. § 2A:14-1. The requests, being a function of the immense scope and complex nature of the allegations, are proportional to the needs of this complex case pursuant to Rule 26(b)(1).

Contrary to the objections, all of the document requests seek relevant information. (Ex. B). Requests 1-3 seek documents relating to each Arizona product Plaintiff purchased since May 14, 2013; requests 4-7 seek documents sufficient to show Plaintiff's expenditures, during that same period, on: fruit juice, juice drink, tea beverages (No. 4), products with "no preservative" labels (No. 5), products with citric acid (No. 6) and products that contain preservatives (No. 7). Request number 8 seeks communications between Plaintiff and Defendants. A vast number of the remaining of requests seek documents relating to allegations in the complaint (see requests 9-18; 21-60; 64; 66; 67, 88-133 and 135). Other requests seek relevant documents regarding: (a) Plaintiff's writings, on social media, regarding, *inter alia*, preservatives, labeling, nutrition and class actions (Nos. 19 and 20); (b) other class actions where his counsel served, cases where Plaintiff served as representative, counsel's and Plaintiff's qualifications to serve as a class representative, Plaintiff's current resume and his choice of counsel (Nos. 72-75; 77 and 78); (c) communications between Plaintiff and representatives of any party participating in a litigation involving citric acid (including communications with the Center for the Science and the Public Interest and with putative class members (requests 81-82); (d) exhibits to be relied upon by Plaintiff or any expert witness at trial as well as expert reports (Nos. 83 and 136); (e) information received in response to a subpoena and the information identified in Rule 26 disclosures (Nos. 84 and 134); (f) his understanding of "no preservatives", the meaning of that term as used by beverage/food manufacturers in California, the meaning ascribed to that term by California consumers and relating to the identity of putative class members. (Nos. 61, 62, 63 and 65); and (g) all deposition transcripts and affidavits made in connection with this lawsuit, all deposition testimony, and information relied upon when answering requests for admissions (Nos. 84-87).

The request for Plaintiff's residential information (driver's license and residential lease information, No. 17), seeks relevant information because, to sue under the CLRA and California Unfair Competition count ("UCL"), the wrongful conduct must occur in California and plaintiff's location is a factor courts consider. *See Precht v. Kia Motors Am., Inc.*, No. SA CV-14-1148-DOC, 2014 WL 10988343, *4 (C.D. Cal. Dec. 29, 2014). In answers to interrogatories, Plaintiff claims purchases of Green Tea in California "beginning around late 2014 through late 2018." (Ex. A, answer No. 7). The statute of limitations for CLRA claims is 3 years. Cal. Code Civ. Proc. § 338(a);

Cal. Civ. Code § 1783. The limitations period for UCL claims is 4 years. Cal. Bus. & Prof. Code § 17208. Plaintiff's residential information, during the limitations period, bears upon those defenses and on whether, where and when California purchases took place.

Plaintiff's agreement with his counsel (No. 68) is discoverable under California Law. *See Gusman v. Comcast Corp.*, 298 F.R.D. 592, 599-600 (S.D. Cal. 2014) (quotations and citations omitted). His agreements to share fees with others (No. 69) and contracts with professionals regarding the prosecution of the lawsuit (No. 79) are relevant to adequacy under Rule 23. As to requests 70 (information about Plaintiff's bankruptcy), 71 (documents regarding bankruptcy involving Plaintiff's counsel) and 80 (documents regarding assets and personnel that Plaintiff and counsel have made available for this lawsuit), all are germane to the ability to protect the interests of the proposed class. *See Kamens v. Horizon Corp.*, 81 F.R.D. 444, 446-47 (S.D.N.Y 1979) (*Rule* 23 requires only that there be no factors present which cast doubt on Plaintiffs' ability to reimburse counsel, such as pending bankruptcy or financial distress). The ability of a class representative to defray the cost of litigation is a relevant factor in the court's determination of the representative's suitability. *See Gordon v. Hunt,* 98 F.R.D. 573, 579 (S.D.N.Y. 1983); *Greene v. Emersons Ltd.*, 86 F.R.D. 47, 63 (S.D.N.Y. 1980); *Kamens,* 81 F.R.D. 444. As to request 76, if Plaintiff does not produce a driver's license and residential information requested in request number 17, his passport would be the best evidence to show if, when and where Plaintiff was in California. Defendants nevertheless withdraw, without prejudice, requests Nos. 71 (pending receipt of documents responsive to request 68) and 76 (pending receipt of documents responsive to request 17).

Likewise, all the requests for admissions seek relevant information and are properly formed under Rule 36. (Ex. C). Request numbers 1-32, 57-62; 74-83, 109-110 and 133-34 seek admissions about Plaintiff's purchases of beverages identified in the Complaint. Nos. 126 and 127 seek admissions about Plaintiff purchasing other products containing citric acid. Requests 33-56 seek admissions about reasons for Plaintiff's purchases. Numbers 63-73 seek admissions about Plaintiff consuming other foods or beverages that contain citric acid. Nos. 111-112 seek admissions about the putative classes; requests 113-23 seek admissions about Plaintiff's purchases of Defendant's products; No. 124 seeks an admission about Plaintiff's awareness of other people who purchased Defendants' beverages; No. 125 asks for an admission on obligations to pay litigation expenses; Nos. 126-127 ask about his purchases of citric acid products after buying Defendants' beverages identified in the Complaint; requests 128-29 seek admissions about purchases of products labeled "No Preservatives"; Nos. 130-134 seek admissions about Plaintiff's reasons for purchasing beverages identified in the Complaint; and requests 135-48, about other iced teas, goes to Plaintiff's purchasing history of similar beverages.

The parties conducted a meet and confer by telephone on August 17, 2020 with limited success. Plaintiff agreed to remove the reference to general objections in answers to interrogatories and to amend certain answers to interrogatories but not others. Plaintiff refused to respond to any of the requests for admissions or request for production of documents. See email attached as Exhibit D. Based upon these circumstances, a pre-motion conference is respectfully requested. Thank you for Your Honor's attention to this matter.

Respectfully submitted,
MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Robert P. Donovan

cc: Carlos F. Ramirez, Esq. (Via ECF)