# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AHMED ASHOUR, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

ARIZONA BEVERAGES USA LLC, HORNELL BREWING CO., INC., BEVERAGE MARKETING USA, INC., ARIZONA BEVERAGES HOLDINGS LLC, and ARIZONA BEVERAGES HOLDINGS 2 LLC,

Defendants.

CASE NO. 1:19-cv-07081-(AT) (OTW)

**PLAINTIFF'S RESPONSES TO DEFENDANTS' INITIAL REQUEST FOR ADMISSIONS TO PLAINTIFF**

**PROPOUNDING PARTY**: DEFENDANTS ARIZONA BEVERAGES USA LLC, HORNELL BREWING CO., INC., BEVERAGE MARKETING USA, INC., ARIZONA BEVERAGES HOLDINGS LLC, and ARIZONA BEVERAGES HOLDINGS 2 LLC

**RESPONDING PARTY**: PLAINTIFF AHMED ASHOUR

**SET NUMBER**: ONE

Pursuant to Federal Rule of Civil Procedure 36, Plaintiff hereby serves on Defendants his objections and responses to Defendants' Initial Request for Admissions.

**GENERAL OBJECTIONS**

The following objections are incorporated by reference into each of Plaintiff's specific responses below.

1. Plaintiff objects to Defendants' Requests for Admission, and to the definitions that precede them, to the extent that they seek to impose upon him obligations that exceed or are different from those imposed by the Federal Rules of Civil Procedure, the procedural schedule in the case, any court order, local rule, or applicable law.

2. Plaintiff objects to Defendants' Requests for Admission to the extent that they seek information or documents protected by an applicable privilege or protection, including, but not limited to, the attorney-client privilege and attorney work product doctrine. Plaintiff will not disclose such information or documents.

3. Plaintiff objects to Defendants' Requests for Admission to the extent that they seek information not in his possession, custody, and control.

4. Plaintiff objects to Defendants' Requests for Admission to the extent that they are harassing, overly broad, vague, ambiguous, or unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, or seek the disclosure of information that is not relevant to the matter or, if relevant, are so removed as to make the disclosure of little or no practical benefit to Defendants, while imposing an unwarranted and extreme burden and expense on Plaintiff in ascertaining and disclosing such information.

5. Plaintiff objects to Defendants' Requests for Admission to the extent that they seek the disclosure of information already known to or documents already in the possession, custody, or control of Defendants; information that is at least as equally accessible to Defendants; or information that can be obtained by Defendants from third parties.

6. If information is disclosed or documents are produced that are privileged, prepared in anticipation of litigation or for trial, or otherwise protected from disclosure or irrelevant or immune from discovery, such disclosure or production is inadvertent and shall not constitute a

waiver of such privilege or protection or of any other ground for objection to discovery with respect to such information or document(s), or of Plaintiff's right to object to the use of any such information during any subsequent proceeding in the action or elsewhere. Plaintiff expressly reserves the right to recall from discovery any inadvertently produced information or documents.

7. These Responses are based on Plaintiff's present knowledge, information, and belief as discovery is continuing and are made without waiver and with preservation of: (1) all other objections on any ground in this or any other proceeding, including as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose concerning the subject matter of the documents produced; (2) the right to object on any ground and at any time to a demand for further responses to these or future document requests or discovery procedures related to the subject matter of the case; and (3) the right at any time to review, correct, supplement, or clarify any of Plaintiff's responses.

8. Plaintiff objects to Defendants' Requests for Admission because Defendants served 148 requests on Plaintiff. The sheer volume of these Requests is improper and not proportional to the needs of the case. Plaintiff has filed a pre-motion letter with the Court seeking a discovery conference to seek issuance of a protective order for this reason. *See* ECF No. 83. Plaintiff notes that his responses are due before the Court has taken any action regarding Plaintiff's pre-motion letter, and Defendant has refused to agree to hold Plaintiff's responses in abeyance until the Court takes action regarding the pre-motion letter.

9. Plaintiff objects to Defendants' Requests for Admission to the extent they are duplicative, with opposite requests following on each other such that "a trap is laid for the unwary in many of them." *Henry v. Champlain Enters., Inc.*, 212 F.R.D. 73, 81 n.5 (N.D.N.Y. 2003).

10. Plaintiff objects to Defendants' Requests for Admission to the extent they are not designed to further efficiency by seeking the truth of matters not reasonably in dispute, but instead pose questions better and more efficiently resolved in a deposition and appear designed to do little more than harass Plaintiff and needlessly multiply the proceedings.

Neither Plaintiff's agreement to provide information or documents, if any, nor his agreement to search for information or documents responsive to a request shall imply that responsive information exists within his possession, custody, or control, or constitute an admission or acknowledgment as to the relevance or admissibility of any information or as to the truth of any allegation or assumption contained in the requests.

**SPECIFIC OBJECTIONS AND RESPONSES**

REQUEST FOR ADMISSION NO. 1:

Admit or deny Plaintiff purchased an Arizona Iced Tea with Lemon Flavor between May 14, 2013 and May 14, 2019.

RESPONSE TO REQUEST FOR ADMISSION NO. 1:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent

it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 2:

Admit or deny Plaintiff did not purchase an Arizona Iced Tea with Lemon Flavor between May 14, 2013 and May 14, 2019.

RESPONSE TO REQUEST FOR ADMISSION NO. 2:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with

Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 3:

Admit or deny Plaintiff purchased an Arizona Green Tea with Ginseng and Honey between May 14, 2013 and May 14, 2019.

RESPONSE TO REQUEST FOR ADMISSION NO. 3:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 4:

Admit or deny Plaintiff did not purchase an Arizona Green Tea with Ginseng and Honey between May 14, 2013 and May 14, 2019.

RESPONSE TO REQUEST FOR ADMISSION NO. 4:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 5:

Admit or deny Plaintiff purchased an Arizona Arnold Palmer Lite Half Iced Tea Half, Lemonade between May 14, 2013 and May 14, 2019.

RESPONSE TO REQUEST FOR ADMISSION NO. 5:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 6:

Admit or deny Plaintiff did not purchase an Arizona Arnold Palmer Lite Half Iced Tea, Half Lemonade between May 14, 2013 and May 14, 2019.

RESPONSE TO REQUEST FOR ADMISSION NO. 6:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is

seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 7:

Admit or deny Plaintiff purchased an Arizona Zero Calorie Iced Tea with Peach Flavor between May 14, 2013 and May 14, 2019.

RESPONSE TO REQUEST FOR ADMISSION NO. 7:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to

this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 8:

Admit or deny Plaintiff did not purchase an Arizona Zero Calorie Iced Tea with Peach Flavor between May 14, 2013 and May 14, 2019.

RESPONSE TO REQUEST FOR ADMISSION NO. 8:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and

testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 9:

Admit or deny Plaintiff purchased an Arizona Grapeade between May 14, 2013 and May 14, 2019.

RESPONSE TO REQUEST FOR ADMISSION NO. 9:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 10:

Admit or deny Plaintiff did not purchase an Arizona Grapeade between May 14, 2013 and May 14, 2019.

RESPONSE TO REQUEST FOR ADMISSION NO. 10:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 11:

Admit or deny Plaintiff purchased an Arizona Iced Tea with Raspberry Flavor between May 14, 2013 and May 14, 2019.

RESPONSE TO REQUEST FOR ADMISSION NO. 11:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 12:

Admit or deny Plaintiff did not purchase an Arizona Iced Tea with Raspberry Flavor between May 14, 2013 and May 14, 2019.

RESPONSE TO REQUEST FOR ADMISSION NO. 12:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is

seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 13:

Admit or deny Plaintiff purchased an Arizona Southern Style Real Brewed Sweet Tea between May 14, 2013 and May 14, 2019.

RESPONSE TO REQUEST FOR ADMISSION NO. 13:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to

this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 14:

Admit or deny Plaintiff did not purchase an Arizona Southern Style Real Brewed Sweet Tea between May 14, 2013 and May 14, 2019.

RESPONSE TO REQUEST FOR ADMISSION NO. 14:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and

testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 15:

Admit or deny Plaintiff purchased an Arizona Arnold Palmer Zero-Half Iced Tea, Half Lemonade between May 14, 2013 and May 14, 2019.

RESPONSE TO REQUEST FOR ADMISSION NO. 15:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

<u>REQUEST FOR ADMISSION NO. 16</u>:

Admit or deny Plaintiff did not purchase an Arizona Arnold Palmer Zero-Half Iced Tea, Half Lemonade between May 14, 2013 and May 14, 2019.

<u>RESPONSE TO REQUEST FOR ADMISSION NO. 16</u>:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

<u>REQUEST FOR ADMISSION NO. 17</u>:

Admit or deny Plaintiff purchased an Arizona Golden Bear Lemonade Iced Tea Lite (Strawberry) between May 14, 2013 and May 14, 2019.

RESPONSE TO REQUEST FOR ADMISSION NO. 17:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 18:

Admit or deny Plaintiff did not purchase an Arizona Golden Bear Lemonade Lite (Strawberry) Iced Tea between May 14, 2013 and May 14, 2019.

RESPONSE TO REQUEST FOR ADMISSION NO. 18:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is

seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 19:

Admit or deny Plaintiff purchased an Arizona Decaf-Zero Green Tea With Ginseng between May 14, 2013 and May 14, 2019.

RESPONSE TO REQUEST FOR ADMISSION NO. 19:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to

this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 20:

Admit or deny Plaintiff did not purchase an Arizona Decaf Zero-Green Tea With Ginseng between May 14, 2013 and May 14, 2019.

RESPONSE TO REQUEST FOR ADMISSION NO. 20:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and

testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 21:

Admit or deny Plaintiff purchased an Arizona Kiwi Strawberry Fruit Juice between May 14, 2013 and May 14, 2019.

RESPONSE TO REQUEST FOR ADMISSION NO. 21:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 22:

Admit or deny Plaintiff did not purchase an Arizona Kiwi Strawberry Fruit Juice between May 14, 2013 and May 14, 2019.

RESPONSE TO REQUEST FOR ADMISSION NO. 22:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 23:

Admit or deny Plaintiff purchased an Arizona Watermelon Fruit Juice between May 14, 2013 and May 14, 2019.

RESPONSE TO REQUEST FOR ADMISSION NO. 23:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 24:

Admit or deny Plaintiff did not purchase an Arizona Watermelon Fruit Juice between May 14, 2013 and May 14, 2019.

RESPONSE TO REQUEST FOR ADMISSION NO. 24:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is

seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 25:

Admit or deny Plaintiff purchased an Arizona Fruit Punch Fruit Juice between May 14, 2013 and May 14, 2019.

RESPONSE TO REQUEST FOR ADMISSION NO. 25:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to

this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 26:

Admit or deny Plaintiff did not purchase an Arizona Fruit Punch Fruit Juice between May 14, 2013 and May 14, 2019.

RESPONSE TO REQUEST FOR ADMISSION NO. 26:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and

testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 27:

Admit or deny Plaintiff purchased an Arizona Mucho Mango Juice between May 14, 2013 and May 14, 2019.

RESPONSE TO REQUEST FOR ADMISSION NO. 27:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 28:

Admit or deny Plaintiff did not purchase an Arizona Mucho Mango Juice between May 14, 2013 and May 14, 2019.

RESPONSE TO REQUEST FOR ADMISSION NO. 28:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 29:

Admit or deny Plaintiff purchased an Arizona Rx Energy Herbal Tonic between May 14, 2013 and May 14, 2019.

RESPONSE TO REQUEST FOR ADMISSION NO. 29:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 30:

Admit or deny Plaintiff did not purchase an Arizona Rx Energy Herbal Tonic between May 14, 2013 and May 14, 2019.

RESPONSE TO REQUEST FOR ADMISSION NO. 30:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is

seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 31:

Admit or deny Plaintiff purchased an Arizona Green Tea With Ginseng between May 14, 2013 and May 14, 2019.

RESPONSE TO REQUEST FOR ADMISSION NO. 31:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to

this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 32:

Admit or deny Plaintiff did not purchase an Arizona Green Tea With Ginseng between May 14, 2013 and May 14, 2019.

RESPONSE TO REQUEST FOR ADMISSION NO. 32:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and

testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 33:

Admit or deny Plaintiff purchased an Arizona Beverage in part because of the flavor of that product.

RESPONSE TO REQUEST FOR ADMISSION NO. 33:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 34:

Admit or deny Plaintiff did not purchase an Arizona Beverage in part because of the flavor of that product.

RESPONSE TO REQUEST FOR ADMISSION NO. 34:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 35:

Admit or deny Plaintiff purchased an Arizona Beverage in part because of the taste of that product.

RESPONSE TO REQUEST FOR ADMISSION NO. 35:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 36:

Admit or deny Plaintiff did not purchase an Arizona Beverage in part because of the taste of that product.

RESPONSE TO REQUEST FOR ADMISSION NO. 36:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is

seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 37:

Admit or deny Plaintiff purchased an Arizona Beverage in part because of the price of that product.

RESPONSE TO REQUEST FOR ADMISSION NO. 37:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to

this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 38:

Admit or deny Plaintiff did not purchase an Arizona Beverage in part because of the price of that product.

RESPONSE TO REQUEST FOR ADMISSION NO. 38:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and

testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 39:

Admit or deny Plaintiff purchased an Arizona Beverage in part because of familiarity with that product.

RESPONSE TO REQUEST FOR ADMISSION NO. 39:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 40:

Admit or deny Plaintiff did not purchase an Arizona Beverage in part because of familiarity with that product.

RESPONSE TO REQUEST FOR ADMISSION NO. 40:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 41:

Admit or deny Plaintiff purchased an Arizona Beverage in part to quench his thirst.

RESPONSE TO REQUEST FOR ADMISSION NO. 41:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 42:

Admit or deny Plaintiff did not purchase an Arizona Beverage in part to quench his thirst.

RESPONSE TO REQUEST FOR ADMISSION NO. 42:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is

seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 43:

Admit or deny Plaintiff purchased an Arizona Beverage in part because of the quantity contained in the bottle and/or can.

RESPONSE TO REQUEST FOR ADMISSION NO. 43:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to

this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 44:

Admit or deny Plaintiff did not purchase an Arizona Beverage in part because of the quantity contained in the bottle and/or can.

RESPONSE TO REQUEST FOR ADMISSION NO. 44:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and

testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 45:

Admit or deny Plaintiff purchased an Arizona Beverage in part because the product was not a carbonated beverage.

RESPONSE TO REQUEST FOR ADMISSION NO. 45:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 46:

Admit or deny Plaintiff did not purchase an Arizona Beverage in part because the product lacked carbonation.

RESPONSE TO REQUEST FOR ADMISSION NO. 46:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 47:

Admit or deny Plaintiff purchased an Arizona Beverage in part because of the calories contained in the product.

RESPONSE TO REQUEST FOR ADMISSION NO. 47:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 48:

Admit or deny Plaintiff did not purchase an Arizona Beverage in part because of the calories contained in the product.

RESPONSE TO REQUEST FOR ADMISSION NO. 48:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is

seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 49:

Admit or deny Plaintiff purchased an Arizona Beverage in part because of the ingredients contained in the product.

RESPONSE TO REQUEST FOR ADMISSION NO. 49:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to

this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 50:

Admit or deny Plaintiff did not purchase an Arizona Beverage in part because of the ingredients contained in the product.

RESPONSE TO REQUEST FOR ADMISSION NO. 50:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and

testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 51:

Admit or deny Plaintiff purchased an Arizona Beverage in part because of the lack of sugar content.

RESPONSE TO REQUEST FOR ADMISSION NO. 51:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 52:

Admit or deny Plaintiff did not purchase an Arizona Beverage in part because the lack of sugar content.

RESPONSE TO REQUEST FOR ADMISSION NO. 52:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 53:

Admit or deny that each time Plaintiff purchased an Arizona Beverage he read the statement of ingredients on the label on that product prior to every purchase.

RESPONSE TO REQUEST FOR ADMISSION NO. 53:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 54:

Admit or deny Plaintiff did not read the statement of ingredients on the label on that product prior to every purchase.

RESPONSE TO REQUEST FOR ADMISSION NO. 54:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of

requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 55:

Admit or deny Plaintiff purchased an Arizona Beverage in part because of the brand name.

RESPONSE TO REQUEST FOR ADMISSION NO. 55:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated

to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 56:

Admit or deny Plaintiff did not purchase an Arizona Beverage in part because of the brand name.

RESPONSE TO REQUEST FOR ADMISSION NO. 56:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with

Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 57:

Admit or deny that, at the time of his purchases of Arizona Beverages referenced in paragraph 41 of the Complaint, Plaintiff believed citric acid may be a preservative.

RESPONSE TO REQUEST FOR ADMISSION NO. 57:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 58:

Admit or deny that, at the time of his purchases of Arizona Beverages referenced in paragraph 41 of the Complaint, Plaintiff believed that citric acid may not be a preservative.

RESPONSE TO REQUEST FOR ADMISSION NO. 58:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 59:

Admit or deny that, at the time of his purchases of Arizona Beverages referenced in paragraph 41 of the Complaint, Plaintiff believed that the citric acid in an Arizona Beverage was a preservative.

RESPONSE TO REQUEST FOR ADMISSION NO. 59:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 60:

Admit or deny that, at the time of his purchases of Arizona Beverages referenced in paragraph 41 of the Complaint, Plaintiff did not believe that the citric acid in an Arizona Beverage was a preservative.

RESPONSE TO REQUEST FOR ADMISSION NO. 60:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let

alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 61:

Admit or deny that, at the time of his purchases of Arizona Beverages referenced in paragraph 41 of the Complaint, Plaintiff believed that consuming a preservative was harmful to his health.

RESPONSE TO REQUEST FOR ADMISSION NO. 61:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected

by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 62:

Admit or deny that, at the time of his purchases of Arizona Beverages referenced in paragraph 41 of the Complaint, Plaintiff did not believe that consuming a preservative was harmful to his health.

RESPONSE TO REQUEST FOR ADMISSION NO. 62:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that

is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 63:

Admit or deny that Plaintiff purchased and consumed products containing citric acid since May 14, 2019.

RESPONSE TO REQUEST FOR ADMISSION NO. 63:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal

conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 64:

Admit or deny that Plaintiff has not purchased and consumed products containing citric acid since May 14, 2019.

RESPONSE TO REQUEST FOR ADMISSION NO. 64:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 65:

Admit or deny that Plaintiff purchased and consumed an orange since May 14, 2019.

RESPONSE TO REQUEST FOR ADMISSION NO. 65:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 66:

Admit or deny that Plaintiff purchased and consumed a lemon since May 14, 2019.

RESPONSE TO REQUEST FOR ADMISSION NO. 66:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let

alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 67:

Admit or deny that Plaintiff purchased and consumed a lime since May 14, 2019.

RESPONSE TO REQUEST FOR ADMISSION NO. 67:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to

this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 68:

Admit or deny that Plaintiff purchased and consumed a pineapple since May 14, 2019.

RESPONSE TO REQUEST FOR ADMISSION NO. 68:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal

conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 69:

Admit or deny that Plaintiff purchased and consumed a grapefruit since May 14, 2019.

RESPONSE TO REQUEST FOR ADMISSION NO. 69:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 70:

Admit or deny that Plaintiff purchased and consumed orange juice since May 14, 2019.

RESPONSE TO REQUEST FOR ADMISSION NO. 70:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 71:

Admit or deny that Plaintiff purchased and consumed grapefruit juice since May 14, 2019.

RESPONSE TO REQUEST FOR ADMISSION NO. 71:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of

requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 72:

Admit or deny that Plaintiff purchased and consumed a tomato since May 14, 2019.

RESPONSE TO REQUEST FOR ADMISSION NO. 72:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated

to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 73:

Admit or deny that Plaintiff purchased and consumed wine since May 14, 2019.

RESPONSE TO REQUEST FOR ADMISSION NO. 73:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with

Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 74:

Admit or deny that Plaintiff purchased the Arizona Green Tea with Ginseng and Honey, referenced in paragraph 41 of the Complaint, in part because the product contained ginseng.

RESPONSE TO REQUEST FOR ADMISSION NO. 74:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 75:

Admit or deny that Plaintiff did not purchase the Arizona Green Tea With Ginseng and Honey, referenced in paragraph 41 of the Complaint, in part because the product contained ginseng.

RESPONSE TO REQUEST FOR ADMISSION NO. 75:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 76:

Admit or deny that prior to each of the purchases alleged at paragraph 41 of the Complaint, Plaintiff knew that citric acid was an ingredient in the products purchased.

RESPONSE TO REQUEST FOR ADMISSION NO. 76:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 77:

Admit or deny that prior to each of the purchases alleged at paragraph 41 of the Complaint, Plaintiff did not know that citric acid was an ingredient in the products purchased.

RESPONSE TO REQUEST FOR ADMISSION NO. 77:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is

seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 78:

Admit or deny that prior to each of the purchases alleged at paragraph 41 of the Complaint, Plaintiff knew that the products purchased contained high fructose corn syrup.

RESPONSE TO REQUEST FOR ADMISSION NO. 78:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to

this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 79:

Admit or deny that prior to each of the purchases alleged at paragraph 41 of the Complaint, Plaintiff did not know that the products purchased contained high fructose corn syrup.

RESPONSE TO REQUEST FOR ADMISSION NO. 79:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and

testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 80:

Admit or deny that prior to each of the purchases alleged at paragraph 41 of the Complaint, Plaintiff knew that the products purchased contained calories.

RESPONSE TO REQUEST FOR ADMISSION NO. 80:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 81:

Admit or deny that prior to each of the purchases alleged at paragraph 41 of the Complaint, Plaintiff did not know that the products purchased contained calories.

RESPONSE TO REQUEST FOR ADMISSION NO. 81:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 82:

Admit or deny that prior to each of the purchases alleged at paragraph 41 of the Complaint, Plaintiff did not have any concern about the ingredients in the products purchased.

RESPONSE TO REQUEST FOR ADMISSION NO. 82:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 83:

Admit or deny that prior to each of the purchases alleged at paragraph 41 of the Complaint, Plaintiff did have a concern about the ingredients in the products purchased.

RESPONSE TO REQUEST FOR ADMISSION NO. 83:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is

seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 84:

Admit or deny that since May 14, 2013, Plaintiff purchased a product bearing a label annexed hereto as Exhibit "A".

RESPONSE TO REQUEST FOR ADMISSION NO. 84:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to

this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 85:

Admit or deny that that since May 14, 2013, Plaintiff never purchased a product bearing a label annexed hereto as Exhibit "A".

RESPONSE TO REQUEST FOR ADMISSION NO. 85:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and

testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 86:

Admit or deny that that since May 14, 2013, Plaintiff purchased a product bearing a label annexed hereto as Exhibit "B".

RESPONSE TO REQUEST FOR ADMISSION NO. 86:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 87:

Admit or deny that that since May 14, 2013, Plaintiff never purchased a product bearing a label annexed hereto as Exhibit "B".

RESPONSE TO REQUEST FOR ADMISSION NO. 87:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 88:

Admit or deny that that since May 14, 2013, Plaintiff purchased a product bearing a label annexed hereto as Exhibit "C".

RESPONSE TO REQUEST FOR ADMISSION NO. 88:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 89:

Admit or deny that that since May 14, 2013, Plaintiff never purchased a product bearing a label annexed hereto as Exhibit "C".

RESPONSE TO REQUEST FOR ADMISSION NO. 89:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is

seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 90:

Admit or deny that that since May 14, 2013, Plaintiff purchased a product bearing a label annexed hereto as Exhibit "D".

RESPONSE TO REQUEST FOR ADMISSION NO. 90:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to

this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 91:

Admit or deny that that since May 14, 2013, Plaintiff never purchased a product bearing a label annexed hereto as Exhibit "D".

RESPONSE TO REQUEST FOR ADMISSION NO. 91:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and

testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 92:

Admit or deny that that since May 14, 2013, Plaintiff purchased a product bearing a label annexed hereto as Exhibit "E".

RESPONSE TO REQUEST FOR ADMISSION NO. 92:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 93:

Admit or deny that that since May 14, 2013, Plaintiff never purchased a product bearing a label annexed hereto as Exhibit "E".

RESPONSE TO REQUEST FOR ADMISSION NO. 93:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 94:

Admit or deny that that since May 14, 2013, Plaintiff purchased a product bearing a label annexed hereto as Exhibit "F".

RESPONSE TO REQUEST FOR ADMISSION NO. 94:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 95:

Admit or deny that that since May 14, 2013, Plaintiff never purchased a product bearing a label annexed hereto as Exhibit "F".

RESPONSE TO REQUEST FOR ADMISSION NO. 95:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is

seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 96:

Admit or deny that that since May 14, 2013, Plaintiff purchased a product bearing a label annexed hereto as Exhibit "G".

RESPONSE TO REQUEST FOR ADMISSION NO. 96:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to

this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 97:

Admit or deny that that since May 14, 2013, Plaintiff never purchased a product bearing a label annexed hereto as Exhibit "G".

RESPONSE TO REQUEST FOR ADMISSION NO. 97:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and

testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 98:

Admit or deny that that since May 14, 2013, Plaintiff purchased a product bearing a label annexed hereto as Exhibit "H".

RESPONSE TO REQUEST FOR ADMISSION NO. 98:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 99:

Admit or deny that that since May 14, 2013, Plaintiff never purchased a product bearing a label annexed hereto as Exhibit "H".

RESPONSE TO REQUEST FOR ADMISSION NO. 99:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 100:

Admit or deny that that since May 14, 2013, Plaintiff purchased a product bearing a label annexed hereto as Exhibit "I".

RESPONSE TO REQUEST FOR ADMISSION NO. 100:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 101:

Admit or deny that that since May 14, 2013, Plaintiff never purchased a product bearing a label annexed hereto as Exhibit "I".

RESPONSE TO REQUEST FOR ADMISSION NO. 101:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is

seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 102:

Admit or deny that that since May 14, 2013, Plaintiff purchased a product bearing a label annexed hereto as Exhibit "J".

RESPONSE TO REQUEST FOR ADMISSION NO. 102:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to

this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 103:

Admit or deny that that since May 14, 2013, Plaintiff never purchased a product bearing a label annexed hereto as Exhibit "J".

RESPONSE TO REQUEST FOR ADMISSION NO. 103:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and

testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 104:

Admit or deny that that since May 14, 2013, Plaintiff purchased a product bearing a label annexed hereto as Exhibit "K".

RESPONSE TO REQUEST FOR ADMISSION NO. 104:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 105:

Admit or deny that that since May 14, 2013, Plaintiff never purchased a product bearing a label annexed hereto as Exhibit "K".

RESPONSE TO REQUEST FOR ADMISSION NO. 105:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 106:

Admit or deny that that since May 14, 2013, Plaintiff purchased a product bearing a label annexed hereto as Exhibit "L".

RESPONSE TO REQUEST FOR ADMISSION NO. 106:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 107:

Admit or deny that that since May 14, 2013, Plaintiff never purchased a product bearing a label annexed hereto as Exhibit "L".

RESPONSE TO REQUEST FOR ADMISSION NO. 107:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is

seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 108:

Admit or deny that since May 14, 2013, Plaintiff never purchased a product bearing a label annexed hereto as Exhibit "M".

RESPONSE TO REQUEST FOR ADMISSION NO. 108:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to

this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 109:

Admit or deny that Plaintiff formed a belief that citric acid was a preservative before the purchases alleged in paragraph 41 of the Complaint.

RESPONSE TO REQUEST FOR ADMISSION NO. 109:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and

testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 110:

Admit or deny that Plaintiff had not formed a belief that citric acid was a preservative before the purchases alleged in paragraph 41 of the Complaint.

RESPONSE TO REQUEST FOR ADMISSION NO. 110:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 111:

Admit or deny that the Putative Class includes every single resident in the United States who purchased, within the six-year period immediately preceding May 14, 2019, any Arizona Beverage in the United States for the same reason(s) Plaintiff made each purchase.

RESPONSE TO REQUEST FOR ADMISSION NO. 111:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 112:

Admit or deny that the Putative Class includes every single resident in the State of California who purchased, within the six-year period immediately preceding May 14, 2019, any

Arizona Beverage in the State of California for the same reason(s) Plaintiff made each purchase.

RESPONSE TO REQUEST FOR ADMISSION NO. 112:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 113:

Admit or deny that Plaintiff purchased more than 10 items of Arizona Beverages during the six-year period immediately preceding May 14, 2019.

RESPONSE TO REQUEST FOR ADMISSION NO. 113:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let

alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 114:

Admit or deny that Plaintiff purchased more than 20 items of Arizona Beverages during the six-year period immediately preceding May 14, 2019.

RESPONSE TO REQUEST FOR ADMISSION NO. 114:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff

objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 115:

Admit or deny that Plaintiff purchased more than 50 items of Arizona Beverages during the six-year period immediately preceding May 14, 2019.

RESPONSE TO REQUEST FOR ADMISSION NO. 115:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent

it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 116:

Admit or deny that prior to May 14, 2019, Plaintiff purchased Arizona Beverages.

RESPONSE TO REQUEST FOR ADMISSION NO. 116:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 117:

Admit or deny that after May 14, 2019, Plaintiff purchased an Arizona Beverage.

RESPONSE TO REQUEST FOR ADMISSION NO. 117:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 118:

Admit or deny that after May 14, 2019, Plaintiff did not purchase an Arizona Beverage.

RESPONSE TO REQUEST FOR ADMISSION NO. 118:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let

alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 119:

Admit or deny that Plaintiff will purchase an Arizona Beverage again.

RESPONSE TO REQUEST FOR ADMISSION NO. 119:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to

this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 120:

Admit or deny that Plaintiff will not purchase an Arizona Beverage again.

RESPONSE TO REQUEST FOR ADMISSION NO. 120:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal

conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 121:

Admit or deny that Plaintiff purchased an Arizona Beverage for one reason.

RESPONSE TO REQUEST FOR ADMISSION NO. 121:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 122:

Admit or deny that Plaintiff purchased an Arizona Beverage for more than one reason.

RESPONSE TO REQUEST FOR ADMISSION NO. 122:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 123:

Admit or deny that Plaintiff is unaware of all the reasons why other people purchase Arizona Beverages.

RESPONSE TO REQUEST FOR ADMISSION NO. 123:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is

seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 124:

Admit or deny that Plaintiff is aware of all the reasons why other people purchase Arizona Beverages.

RESPONSE TO REQUEST FOR ADMISSION NO. 124:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to

this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 125:

Admit or deny that Plaintiff is obligated to pay all reasonable and necessary expenses he incurs in this litigation.

RESPONSE TO REQUEST FOR ADMISSION NO. 125:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and

testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 126:

Admit or deny that, other than the Arizona Beverages referenced in paragraph 41 of the Complaint, Plaintiff has purchased other items of food and/or beverage which contain citric acid.

RESPONSE TO REQUEST FOR ADMISSION NO. 126:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 127:

Admit or deny that, other than the Arizona Beverages referenced in paragraph 41 of the Complaint, Plaintiff has never purchased other items of food and/or beverage which contain citric acid.

RESPONSE TO REQUEST FOR ADMISSION NO. 127:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 128:

Admit or deny that, after May 14, 2019, Plaintiff has purchased food and/or beverages labeled as having "no preservatives."

RESPONSE TO REQUEST FOR ADMISSION NO. 128:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 129:

Admit or deny that, after May 14, 2019, Plaintiff has not purchased food and/or beverages labeled as having "no preservatives."

RESPONSE TO REQUEST FOR ADMISSION NO. 129:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is

seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 130:

Admit or deny that each time he purchased an Arizona Beverage, Plaintiff personally consumed same.

RESPONSE TO REQUEST FOR ADMISSION NO. 130:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to

this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 131:

Admit or deny that Plaintiff purchased an Arizona Beverage in part because that product was labeled "No Preservatives."

RESPONSE TO REQUEST FOR ADMISSION NO. 131:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and

testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 132:

Admit or deny that Plaintiff purchased an Arizona Beverage solely because that product was labeled "No Preservatives."

RESPONSE TO REQUEST FOR ADMISSION NO. 132:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 133:

Admit or deny that Plaintiff purchased the Arizona Rx Energy Herbal Tonic, referenced in paragraph 41 of the Complaint, in part because that product contained caffeine.

RESPONSE TO REQUEST FOR ADMISSION NO. 133:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 134:

Admit or deny that Plaintiff did not purchase an Arizona Rx Energy Herbal Tonic, referenced in paragraph 41 of the Complaint, in part because that product contained caffeine.

RESPONSE TO REQUEST FOR ADMISSION NO. 134:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 135:

Admit or deny that Plaintiff purchased a Lipton Iced Tea beverage since May 14, 2013.

RESPONSE TO REQUEST FOR ADMISSION NO. 135:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of

requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 136:

Admit or deny that Plaintiff did not purchase a Lipton Iced Tea beverage since May 14, 2013.

RESPONSE TO REQUEST FOR ADMISSION NO. 136:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that

is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 137:

Admit or deny that Plaintiff purchased a Twinings Iced Tea beverage since May 14, 2013.

RESPONSE TO REQUEST FOR ADMISSION NO. 137:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with

Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 138:

Admit or deny that Plaintiff did not purchase a Twinings Iced Tea beverage since May 14, 2013.

RESPONSE TO REQUEST FOR ADMISSION NO. 138:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 139:

Admit or deny that Plaintiff purchased a Nestea Iced Tea beverage since May 14, 2013.

RESPONSE TO REQUEST FOR ADMISSION NO. 139:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 140:

Admit or deny that Plaintiff did not purchase a Nestea Iced Tea beverage since May 14, 2013.

RESPONSE TO REQUEST FOR ADMISSION NO. 140:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is

seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 141:

Admit or deny that Plaintiff purchased a Snapple Iced Tea beverage since May 14, 2013.

RESPONSE TO REQUEST FOR ADMISSION NO. 141:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that

is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 142:

Admit or deny that Plaintiff did not purchase a Snapple Iced Tea beverage since May 14, 2013.

RESPONSE TO REQUEST FOR ADMISSION NO. 142:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal

conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 143:

Admit or deny that Plaintiff purchased a Gold Peak Iced Tea beverage since May 14, 2013.

RESPONSE TO REQUEST FOR ADMISSION NO. 143:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 144:

Admit or deny that Plaintiff did not purchase a Gold Peak Iced Tea beverage since May 14, 2013.

RESPONSE TO REQUEST FOR ADMISSION NO. 144:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 145:

Admit or deny that Plaintiff purchased a Pure Leaf Lemon Iced Tea beverage since May 14, 2013.

RESPONSE TO REQUEST FOR ADMISSION NO. 145:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 146:

Admit or deny that Plaintiff did not purchase a Pure Leaf Lemon Iced Tea beverage since May 14, 2013.

RESPONSE TO REQUEST FOR ADMISSION NO. 146:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is

seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 147:

Admit or deny that Plaintiff purchased a Pure Leaf Unsweetened Black Tea beverage since May 14, 2013.

RESPONSE TO REQUEST FOR ADMISSION NO. 147:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to

this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

REQUEST FOR ADMISSION NO. 148:

Admit or deny that Plaintiff did not purchase a Pure Leaf Unsweetened Black Tea beverage since May 14, 2013.

RESPONSE TO REQUEST FOR ADMISSION NO. 148:

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. This is one of 148 requests, an extraordinarily high number in any case (let alone a straightforward consumer fraud case concerning food product labeling), and Plaintiff is seeking a protective order from the Court to avoid answering this unreasonably large number of requests. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose his expert's qualifications, report, and

testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions. Plaintiff will not answer this request, but he is willing to meet and confer with Defendants about answering a reasonable number of requests that are proportional to the needs of the case and otherwise not objectionable.

DATED: July 31, 2020

**REESE LLP**

By: ______________________
CARLOS F. RAMIREZ

MICHAEL R. REESE
mreese@reesellp.com
CARLOS F. RAMIREZ
cramirez@reesellp.com
**REESE LLP**
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

MELISSA S. WEINER (Admitted *Pro Hac Vice*)
mweiner@pswlaw.com
JOSEPH C. BOURNE (Admitted *Pro Hac Vice*)
jbourne@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**
800 LaSalle Avenue, Suite 2150
Minneapolis, Minnesota 55402
Telephone: (612) 389 0600
Facsimile: (612) 389 0610

*Attorneys for Plaintiff and the Proposed Class*