# REESE LLP

August 25, 2020

<u>Via CM/ECF</u>
Honorable Ona T. Wang
United States Magistrate Judge
U.S. District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: <u>Ashour v. AriZona Beverages USA LLC et al. 1:19-cv-07081-AT-OTW</u>

Dear Judge Wang:

      I write, on behalf of Plaintiff Ahmed Ashour ("Plaintiff"), in response to the letter-motion that Defendants AriZona Beverages USA LLC, et al. (collectively, "Defendants"), filed on August 21, 2020. *See* ECF No. 87. Plaintiff agrees that the Court should hold a discovery conference, but he disagrees with Defendants' statement of the issues. *See* ECF No. 88.

I. **Procedural Background**

      Plaintiff seeks damages, restitution, and injunctive relief, on behalf of himself and a proposed class of similarly situated consumers, based on Defendants' manufacture, marketing, labeling, and distribution of AriZona-brand beverage products (the "Products") affirmatively labeled as containing "No Preservatives" when, in fact, they contain citric acid, which functions as a preservative in the Products. *See* ECF No. 42 (First Am. Compl. ¶¶ 1-4, 20-25).

      Plaintiff's claims are based on an "objective test"—the "reasonable consumer standard"—which asks if the defendants' labeling, marketing, and sales practices are likely to deceive or mislead members of the public. *In re Scotts EZ Seed Litig.*, 304 F.R.D. 397, 410 (S.D.N.Y. 2015). These claims do not require individualized proof of reliance and injury; nor do they "require the court to investigate class members' individual interaction with the product." *Id.* Instead, at all relevant stages of this litigation, the focus will be *Defendants' conduct* and its impact on the *reasonable consumer*.

      This matters, because Defendants' discovery requests are egregiously out of proportion to the needs of this straightforward consumer fraud case concerning a single, uniform misrepresentation on the packaging of the Products. Defendants served **305 discovery requests** on Plaintiff: 136 requests for the production of documents ("RFPs"), 148 requests for admission ("RFAs"), and 21 interrogatories. The parties met and conferred in June 2020, but Defendants refused to reconsider the volume of their discovery requests to Plaintiff. As a result, Plaintiff filed a letter-motion for a conference to discuss the issuance of a protective order regarding the excessive number of RFPs and RFAs. *See* ECF No. 83. Defendants filed a response, and the Court has not yet ruled on Plaintiff's request. *See* ECF No. 84.

Plaintiff subsequently served written responses, which included answering Defendants' interrogatories (to the extent they seek discoverable information within Plaintiff's possession, custody, or control). On July 31, 2020, Plaintiff served specific objections to the RFPs and RFAs, which include the objection that the sheer number of such requests (136 RFPs and 148 RFAs) is so disproportional that it cannot be intended for any purpose other than harassment.

The parties met and conferred on August 17, 2020, and Plaintiff agreed to supplement his answers to certain of Defendants' interrogatories, which answers were served on August 24th.

## II.    Defendants' Requests for Production and Requests for Admission

As Plaintiff explained in his letter-motion, Defendants' RFPs and RFAs appear to have been propounded for the improper purpose of harassing Plaintiff and his counsel, causing unnecessary delay, and needlessly increasing the cost of litigation. *See* ECF No. 83 (citing 28 U.S.C. § 1927; Fed. R. Civ. P. 11(b)(1)).

Plaintiff will not repeat himself at length. Suffice it to say, Defendants' 136 RFPs and 148 RFAs are not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); *see also Fed. Trade Comm'n v. Forensic Case Mgmt. Servs., Inc.*, No. CV1107484RGKSSX, 2012 WL 13134719, at *3 (C.D. Cal. Sept. 4, 2012) ("The sheer number of requests for admission is clearly abusive, regardless of the issues in dispute."); *Mitchell v. Yeutter*, No. 89-1465-FGT, 1993 WL 139218, at *1 (D. Kan. Jan. 12, 1993) (finding 90 RFAs excessive and unduly burdensome, and limiting propounding party to 40 requests). That is particularly true because the RFPs and RFAs repeatedly seek information that has little to no relevance, as well as information that could be obtained far more efficiently in a deposition.[1] *See* ECF No. 83 (discussing RFPs and RFAs).

For example, Plaintiff's U.S. passport proves nothing about his California residency or travel outside of California since not every country that requires a passport for entry will stamp it to show proof of the visit. Moreover, travel outside of the U.S. is not relevant to a plaintiff's ability to adequately represent a class. Plaintiff's California driver's license, or residential leases for that matter, prove nothing either since a person can be a citizen of a State (and/or purchase products in that State) without having a driver's license for that State and/or without having entered into a residential lease in that State. Clearly, these are meant to harass Plaintiff. Even Plaintiff's counsel is not spared from Defendants' harassing discovery requests. *See* Defendant's Document Request No. 71 (requesting "All documents involving bankruptcy proceedings involving each of Your Counsel but excluding instances where Counsel represented a party other than himself in a bankruptcy proceeding."). Defendants' Requests to Admit are also meant to harass because they improperly ask Plaintiff to admit to matters that are clearly in dispute.

## III.    Plaintiff's Interrogatory Responses

Plaintiff adequately answered Defendants' interrogatories. Interrogatory 2 seeks a computation of Plaintiff's damages. Plaintiff explained that he sustained economic damages in

---

[1] If the Court agrees with Defendant that the hundreds of RFPs and RFAs it served are not facially disproportionate and unduly burdensome (and it should not, because they are), then Plaintiff respectfully suggests that the Court should *not* issue a blanket ruling that every specific request is relevant and proportional; the better approach would be to require Plaintiff to serve amended responses that do not rest on Plaintiff's objection that the volume of requests is too high.

2

purchasing Products sold not as advertised, but that calculation of his and the class members' damages will require expert testimony after Plaintiff has conducted discovery of Defendant and third parties. As courts have recognized, calculation of damages in class action litigation often requires "extensive expert discovery regarding damages calculations." *Local 1180, Commc'ns Workers of Am., AFL-CIO v. City of New York*, 392 F. Supp. 3d 361, 375 (S.D.N.Y. 2019). There are various ways damages may be calculated in false labeling cases; for instance, "conjoint analysis and hedonic regression" are often used to calculate the price premium associated with a particular representation. *Hasemann v. Gerber Prods. Co.*, 331 F.R.D. 239, 277 (E.D.N.Y. 2019). Hedonic regression is an econometric tool based on sales data, and conjoint analysis uses choice-based statistics and sampling. Regardless of the particular method ultimately used, with discovery in its early stages, it is simply too early for Plaintiff to have performed such an analysis; he provided as much information as can reasonably be expected at this stage.

Interrogatories 9 and 10 seek irrelevant, disproportionate discovery. Interrogatory 9 seeks identification of all products Plaintiff has purchased and consumed since May 2013 that contained citric acid, including the brand name and ounce size. Interrogatory 10 seeks identification of all products that Plaintiff has purchased and consumed since May 2013 that were labeled as containing "no preservatives," including the brand name and ounce size. These interrogatories are overly broad, unduly burdensome, and seek information that is minimally relevant at best. How does the number of whole oranges that Plaintiff has eaten in the last seven years, for example, say anything about whether the labeling of Defendants' Products as containing "No Preservatives" was false, deceptive, or misleading to a reasonable consumer? Similarly, how can a consumer be expected to recall the products they purchased over a seven-year period and the specifics of their labeling? These interrogatories appear to be designed to catch Plaintiff in a game of "gotcha," while failing to really mean anything for class certification or Defendants' ultimate liability. These types of questions are best answered in a deposition.

Despite not being relevant, Plaintiff nevertheless offered to compromise by identifying all the products currently in his home that contain a "no preservatives" representation on the label, as well as all the products that contain "citric acid." Defendants rejected that compromise even though it is well-settled that proof of reliance is not required to establish Plaintiff's California Legal Remedies Act claim. *Bradach v. Pharmavite, LLC*, No. 735 Fed.Appx. 251, 254 (9th Cir. 2018). Indeed, it remains unclear what additional information Defendants hope to obtain from these interrogatories, let alone how it is relevant. Their letter states that this information "bear[s] upon" Plaintiff's allegations, but they fail to explain *how*, let alone *why* it really matters or is proportional to the needs of the case. *See* ECF No. 87; *see also Vaigasi v. Solow Mgmt. Corp.*, No. 11CIV5088RMBHBP, 2016 WL 616386, at *14 (S.D.N.Y. Feb. 16, 2016) ("Proportionality focuses on the marginal utility of the discovery sought. Proportionality and relevance are 'conjoined' concepts; the greater the relevance of the information in issue, the less likely its discovery will be found to be disproportionate." (citations omitted)).

IV. <u>Conclusion</u>

Plaintiff respectfully reiterates his request for issuance of a protective order concerning the hundreds of improper and irrelevant discovery requests propounded by Defendants in this straightforward, food product labeling case. See ECF No. 83. Alternatively, Plaintiff requests that the Court deny Defendants' request to compel further discovery responses. *See* ECF No. 87. Plaintiff remains willing to meet and confer with Defendants about a reasonable number of RFPs and RFAs, and to respond to such requests.

Respectfully submitted,

**REESE LLP**

By: /s/ Carlos F. Ramirez
Carlos F. Ramirez
*cramirez@reesellp.com*
Michael R. Reese
*mreese@reesellp.com*
**REESE LLP**
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

Melissa S. Weiner (Admitted *Pro Hac Vice*)
*mweiner@pswlaw.com*
Joseph C. Bourne (*Pro Hac Vice* motion submitted)
*jbourne@pswlaw.com*
**PEARSON, SIMON & WARSHAW, LLP**
800 LaSalle Avenue, Suite 2150
Minneapolis, Minnesota 55402
Telephone: (612) 389-0600
Facsimile: (612) 389-0610

*Attorneys for Plaintiff and the Proposed Class*

4