```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
AHMED ASHOUR, individually and on behalf of all others similarly situated,

                              Plaintiff,

-against-

ARIZONA BEVERAGES USA LLC, HORNELL BREWING CO., INC., BEVERAGE MARKETING USA, INC., ARIZONA BEVERAGES HOLDINGS LLC, and ARIZONA BEVERAGES HOLDINGS 2 LLC,

                              Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/18/2020
```

19 Civ. 7081 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, Ahmed Ashour, brings this putative class action against Defendants, Arizona Beverages USA LLC, Hornell Brewing Co., Inc., Beverage Marketing USA, Inc., Arizona Beverages Holdings LLC, and Arizona Beverages Holdings 2 LLC, alleging that Defendants use unfair and deceptive practices in advertising and marketing their beverages by failing to disclose that they contain preservatives. Compl. ¶¶ 1–10, 14–19, ECF No. 42. Plaintiff asserts claims under California consumer protection laws for unfair competition, deceptive business practices, false advertising, breach of express warranty, and unjust enrichment, in connection with Defendants' sale of their beverages. *Id.* ¶¶ 59–107. Plaintiff seeks both damages and injunctive relief. *Id.* at 20. Defendants move to dismiss the complaint for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6) and 9(b). Def. Mem. at 1, ECF No. 54-1. For the reasons stated below, Defendants' motion is GRANTED in part and DENIED in part.

## BACKGROUND

The following facts are taken from the complaint and "are presumed to be true for purposes of considering a motion to dismiss for failure to state a claim." *Fin. Guar. Ins. Co. v.*

*Putnam Advisory Co., LLC*, 783 F.3d 395, 398 (2d Cir. 2015).  Defendants are sellers of AriZona beverage products, such as AriZona Iced Tea, AriZona Green Tea, and AriZona Grapeade.  Compl. ¶ 2.  Plaintiff alleges that these products are marketed as preservative-free despite containing citric acid, a "preservative added to foods and beverages to prevent the growth of bacteria."  *Id.* ¶¶ 3–4.  On its website, the United States Food and Drug Administration ("FDA") expressly classifies citric acid as a preservative.  *Id.* ¶ 26.

Plaintiff brings this action on behalf of himself and a putative class of purchasers of Defendants' beverages.  *Id.* ¶ 10.  Plaintiff purchased AriZona Rx Energy Herbal Tonic and AriZona Green Tea with Ginseng and Honey multiple times per week at various convenience stores in Los Angeles, California.  *Id.* ¶ 41.  He believed that he was purchasing a preservative-free beverage, and would not have purchased the beverage, at least not at the price he paid, had he known that the beverage contained preservatives.  *Id.* ¶¶ 42–43.

On May 14, 2019, Plaintiff commenced this action in the United States District Court for the Central District of California.  ECF No. 1.  One day later, Plaintiff notified Defendants, pursuant to California Civil Code § 1782(a), that they were in violation of California's Consumer Legal Remedies Act (the "CLRA").  *Id.* ¶ 85.

On July 24, 2019, the parties stipulated to transfer this action to this district, ECF No. 23, and on July 30, 2019, the action was transferred to this Court.  ECF No. 25.  On September 24, 2019, Plaintiff filed his first amended complaint, stating five causes of action:  violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, Compl. ¶¶ 59–71; violation of the CLRA, Cal. Civ. Code § 1750, *et seq.*, Compl. ¶¶ 72–85; violation of

California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.*, Comp. ¶¶ 86–94; breach of express warranty, *id.* ¶¶ 95–102; and unjust enrichment, *id.* ¶¶ 103–107.

## DISCUSSION

### I. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient factual allegations in the complaint that, accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff is not required to provide "detailed factual allegations" in the complaint, but must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Ultimately, the facts pleaded in the complaint "must be enough to raise a right to relief above the speculative level." *Id*. The Court must accept the allegations in the pleadings as true and draw all reasonable inferences in favor of the non-movant. *ATSI Commc'n, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

### II. Analysis

#### A. Preemption

Under the Supremacy Clause of the United States Constitution, conflicts that arise between state and federal law must be resolved in favor of federal law. *See* U.S. Const. Art. VI, cl. 2 ("[T]he Laws of the United States . . . shall be the supreme Law of the Land . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."). "[S]tate laws are preempted when they conflict with federal law." *Arizona v. United States*, 567 U.S. 387, 399 (2012). When a "state law directly conflicts with the structure and purpose of a federal statute," it is invalidated under the doctrine of "conflict preemption." *In re Methyl Tertiary Butyl Ether*

*(MTBE) Prod. Liab. Litig.*, 725 F.3d 65, 97 (2d Cir. 2013).  One way in which a state law is subject to conflict preemption is known as obstacle preemption, which applies when state law "stands as an obstacle to the accomplishment and execution of the full purposes and objective of Congress."  *Arizona*, 567 U.S. at 399 (internal quotation mark and citation omitted).

"What constitutes a sufficient obstacle is a matter of judgment, to be informed by examining the federal statute as a whole and identifying its purpose and intended effects."  *Marentette v. Abbott Labs., Inc.*, 886 F.3d 112, 117 (2d Cir. 2018) (internal quotation marks and citation omitted).  "The mere fact of 'tension' between federal and state law is generally not enough to establish an obstacle supporting preemption, particularly when the state law involves the exercise of traditional police power."  *Madeira v. Affordable Hous. Found., Inc.*, 469 F.3d 219, 241 (2d Cir. 2006) (citing *Silkwood v. Kerr–McGee Corp.*, 464 U.S. 238, 256 (1984)).  The conflict must be "so direct and positive that the two acts cannot be reconciled or consistently stand together."  *Id.* (internal quotation marks, alteration, and citation omitted).

That standard is met when the threat of civil liability, or imposition of requirements that are different from, or additional to, federal requirements, would erect an obstacle to the accomplishment of the comprehensive and carefully calibrated federal regulatory program.  *See Geier v. Am. Honda Motor Co.*, 529 U.S. 861, 881–82 (2000) (state tort claims that would have had the effect of requiring auto manufacturers to install air bags in all new cars was in conflict and preempted by federal law that required a percentage of new cars to employ passive-restraint systems); *La Vigne v. Costco Wholesale Corp.*, 284 F. Supp. 3d 496, 506 (S.D.N.Y. 2018), *aff'd*, 772 F. App'x 4 (2d Cir. 2019) (finding preemption where state law claims alleging labeling deficiencies regarding percentage of liquid in wholesaler's private-label canned chicken, imposed requirements different from, or additional to, federal requirements).  "When addressing

4

federal preemption questions, we have long presumed that Congress does not cavalierly preempt state-law causes of action, and therefore start with the assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress." *Marentette*, 886 F.3d at 117 (internal quotation marks, citation, and alteration omitted).

The Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301, *et seq*. (the "FDCA"), as amended by the Nutrition Labeling and Education Act, Pub. L. No. 101-535, 104 Stat. 2353 (1990) (the "NLEA"), "forecloses a 'State or political subdivision of a State' from establishing requirements that are of the type but 'not identical to' the requirements in some of the misbranding provisions of the FDCA." *POM Wonderful LLC v. Coca-Cola Co.*, 573 U.S. 102, 109 (2014) (quoting 21 U.S.C. § 343-1(a)).  Enforcement of the FDCA is largely committed to the FDA. *Id.* at 115.  The FDCA governs the labeling of chemical preservatives, and expressly preempts state law in this respect.  *See* 21 U.S.C. § 343-1(a)(3) ("[N]o State . . . may directly or indirectly establish . . . any requirement for the labeling of food of the type required by [the FDCA] that is not identical to" the FDCA's requirements).  When a product contains a preservative, FDA regulations dictate that the product must "bear a label declaration stating both the common or usual name of the ingredient(s) and a separate description of its function." 21 C.F.R. § 101.22(j).

Plaintiff alleges that Defendants have violated various California statutes in labeling their products as containing "[n]o [p]reservatives," and should be enjoined from using this descriptor. Compl. ¶¶ 71, 84, 94.  Defendants argue that by seeking to prohibit them from labeling their products as preservative-free, Plaintiff "seek[s] to impose labeling requirements, with regard to alleged preservatives, that are expressly preempted by" the FDCA.  Def. Mem. at 11.  The

5

question for this Court, then, is whether allowing Plaintiff to bring state law causes of action imposes requirements that are different from or additional to federal requirements, and erects an obstacle to the accomplishment of the federal regulatory program the FDA has created for food additives. *See Geier*, 529 U.S. at 881–82. The Court concludes that it does not.

"[P]reemption does not preclude a state-law claim if the state requirement is outside the scope of the relevant federal requirements." *Bimont v. Unilever U.S., Inc.*, No. 14 Civ. 7749, 2015 WL 5256988, at *2 (S.D.N.Y. Sept. 9, 2015) (collecting cases). Plaintiff claims that Defendants sold beverages with deceptive or misleading labeling because they market their beverages as preservative-free, despite including citric acid—a preservative. Compl. ¶ 3. The primary flaw in Defendants' argument, therefore, is that Plaintiff's state law claim that Defendants deceptively labeled their beverages as containing "[n]o [p]reservatives" does not conflict with the federal requirement, which only mandates identifying the preservative. *See Ault v. J.M. Smucker Co.,* No. 13 Civ. 3409, 2014 WL 1998235, at *3 (S.D.N.Y. May 15, 2014) ("Eliminating 'All Natural' has no effect on [d]efendant's ingredient labeling and therefore cannot conflict with FDA labeling requirements."). The FDCA does not regulate what must be excluded from a label regarding preservatives, only what must be stated on the label. *Holk v. Snapple Beverage Corp.*, 575 F.3d 329, 336 n.3 (3d Cir. 2009) ("Additionally, [the FDCA imposes] a disclosure requirement—*i.e.,* it regulates only what companies must place on a label. [The plaintiff's] claims go to what a company cannot put on a label for the purposes of commercial marketing, an important distinction."). Based on the pleadings, there is no obstacle between state and federal law.

Defendants also allege that Plaintiff's claims are "barred under the doctrine of implied preemption." Def. Mem. at 12. Congress clarified that NLEA "shall not be construed to

preempt any provision of State law, unless such provision is expressly preempted under section [343] of the [FDCA]." NLEA § 6(c)(1).  Therefore, this argument also fails.

Accordingly, Defendants' motion to dismiss Plaintiff's claims regarding labeling on the basis of federal preemption is DENIED.

### B. Injunctive Relief and Standing Under Article III

"Standing is the threshold question in every federal case, determining the power of the court to entertain the suit." *Kiryas Joel All. v. Vill. of Kiryas Joel*, 495 F. App'x 183, 188 (2d Cir. 2012) (internal quotation marks and citation omitted).  Litigants who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983).  Plaintiffs must demonstrate a personal stake in the outcome; abstract injury is not enough. *Id.* In order to obtain injunctive relief, the Constitution requires that a plaintiff allege a risk of future injury. *See id.* at 111–12.  "Plaintiffs lack standing to pursue injunctive relief where they are unable to establish a 'real or immediate threat' of injury." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016) (quoting *Lyons*, 461 U.S. at 111–12). "Although past injuries may provide a basis for standing to seek money damages, they do not confer standing to seek injunctive relief unless the plaintiff can demonstrate that she is likely to be harmed again in the future in a similar way." *Id.*

Plaintiff seeks an order (1) enjoining Defendants from labeling their beverages as preservative-free, and (2) requiring Defendants to engage in a corrective advertising campaign. Compl. ¶¶ 71, 91. Defendants argue that Plaintiff lacks standing to assert claims for injunctive relief.  The Court agrees.

Because Plaintiff does not state that he will purchase Defendants' beverages in the future, he has failed to allege the type of real or immediate threat of injury necessary to establish Article III standing when seeking injunctive relief. Plaintiff at most alleges that he would purchase Defendants' products if he "could rely upon the truthfulness of Defendants' labeling." Compl. ¶ 43. District courts in this circuit routinely dismiss claims seeking such hypothetical relief. *See, e.g.*, *Hesse v. Godiva Chocolatier, Inc.*, No. 19 Civ. 972, 2020 WL 2793014, at *3–5 (S.D.N.Y. May 29, 2020) (dismissing claim for injunctive relief where plaintiffs alleged that they were "likely to" purchase products in the future because "[t]he conditionality of this alleged injury removes it from the harms that Article III authorizes federal courts to remedy."); *Tomasino v. Estee Lauder Companies Inc.*, 44 F. Supp. 3d 251, 256 (E.D.N.Y. 2014) (dismissing claim for injunctive relief despite allegations that the plaintiff remains a "potential customer" of Estee Lauder "because she has demonstrated that she is, in fact, unlikely" to repurchase the products).

Accordingly, because Plaintiff has failed to allege any immediate threat of injury with respect to the purchase or consumption of Defendants' beverages, Defendants' motion to dismiss Plaintiff's claims for injunctive relief is GRANTED.

### C. Fraudulent Advertising Claims

In order to survive a motion to dismiss, a party alleging fraud "'must state with particularity the circumstances constituting fraud or mistake.'" *Deutsche Zentral-Genossenchaftsbank AG v. HSBC N. Am. Holdings, Inc.*, No. 12 Civ. 4025, 2013 WL 6667601, *5 (S.D.NY Dec. 17, 2013) (quoting Fed R Civ. P. 9(b)). "[T]o comply with Rule 9(b), the complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the

8

statements were fraudulent." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006) (internal quotation marks and citation omitted).

Although claims of fraud are subject to a heightened pleading standard, courts typically find that this standard is met where a party adequately alleges the "who, what, when, where, and why of the fraud at issue." *In re Ford Fusion & C–Max Fuel Econ. Litig.*, No. 13 MD 2450, 2015 WL 7018369, at *33 (S.D.N.Y. Nov. 12, 2015) (holding that the plaintiffs met the requirements of Rule 9(b) because the plaintiffs identified the "specific ads that made specific promises"); *see also Bourbia v. S.C. Johnson & Son, Inc.*, 375 F. Supp. 3d 454, 466 (S.D.N.Y. 2019) (finding pleadings specifically describing misleading statements on bug repellant's label sufficient under Rule 9(b)).

Plaintiff alleges elements of fraud, identifying the alleged fraudulent statements, stating when and where they were made, and explaining why the statements were fraudulent. Compl. ¶¶ 44–50. Defendants argue that such claims should be dismissed because Plaintiff has failed to plead these claims with the specificity required under Federal Rule of Civil Procedure 9(b). Def. Mem. at 15–17. The Court disagrees.

The complaint specifies that the statement "[n]o [p]reservatives" is fraudulent and includes images of the actual product labels displaying these statements. Compl. ¶ 45; *id.* at 23–34. The complaint alleges that Defendants made the statements, *see id.* ¶¶ 31–33, 45, where the statements were made, where and when Plaintiff saw these statements, *see id.* ¶¶ 41, 47–48, and where the beverages were purchased, *see id.* ¶ 41. Lastly, Plaintiff explains why these statements were fraudulent. *See, e.g.*, Compl. ¶¶ 31–33, 46 ("Despite Defendants' affirmative representations that the [p]roducts contain 'No Preservatives,' the [p]roducts contain citric acid, a

9

known and common preservative."). These allegations, therefore, satisfy the specificity requirements of Rule 9(b). *Lerner*, 459 F.3d at 290.

Accordingly, Defendants' motion to dismiss Plaintiff's fraudulent advertising claims is DENIED.

### D. Damages Claim Under the CLRA

To assert a damages claim under the CLRA, a plaintiff must comply with the prerequisites set forth in California Civil Code § 1782(a). Section 1782(a) provides:

> (a) Thirty days or more prior to the commencement of an action for damages pursuant to this title, the consumer shall do the following:
>
> (1) Notify the person alleged to have employed or committed methods, acts, or practices declared unlawful by Section 1770 of the particular alleged violations of Section 1770.
>
> (2) Demand that the person correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation of Section 1770.
>
> The notice shall be in writing and shall be sent by certified or registered mail, return receipt requested, to the place where the transaction occurred or to the person's principal place of business within California.

Cal. Civ. Code § 1782(a).

The code explicitly allows a plaintiff to bring "[a]n action for injunctive relief" without notifying defendants. Cal. Civ. Code § 1782(d). "Not less than 30 days after the commencement of an action for injunctive relief, and after compliance with subdivision (a), the consumer may amend his or her complaint without leave of court to include a request for damages." *Id.* Defendants argue that Plaintiff's claims for damages under the CLRA are barred due to his failure to provide the notice required by § 1782. Def. Mem. at 17–18. They contend that Plaintiff delivered a notice letter to Defendants one day after initiating this action. *Id.* at 17. Plaintiff responds that his initial complaint only contained a request for injunctive relief under

10

the CLRA, which he later amended to include a request for damages after providing the required notice.  Pl. Opp. at 13, ECF No. 59.  The Court agrees.

"The purpose of the notice requirement of section 1782 is to give the manufacturer or vendor sufficient notice of alleged defects to permit appropriate corrections or replacements." *Outboard Marine Corp. v. Superior Court*, 124 Cal. Rptr. 852, 858–59 (Cal. Ct. App. 1975).  The clear intent of the act is to provide and facilitate pre-complaint settlement of consumer actions wherever possible and to establish a limited period during which such settlement may be accomplished.  *Id.* at 859.

On May 15, 2019, one day after initiating this action, Plaintiff sent a notice letter to Defendants, advising them that they were in violation of the CLRA.  Compl. ¶ 85.  Plaintiff's initial complaint only sought injunctive relief with respect to alleged CLRA violations.  ECF No. 1 ¶ 67; *see id.* ¶¶ 80, 82 ("As to this cause of action at this time, Plaintiff only seeks injunctive relief.").  On September 24, 2019, more than 30 days after sending Defendants notice, Plaintiff amended his complaint to include a request for damages under the CLRA.  *See* Compl. Defendants were given sufficient notice of Plaintiff's claims, consistent with the purpose of the notice requirement of § 1782 outlined by the *Outboard Marine* court.

Defendants argue that Plaintiff's demand for restitution in his initial complaint constitutes a claim for damages under the CLRA.  Def. Mem. at 18.  However, as Plaintiff notes, courts in this circuit have held that a claim for restitution does not constitute a damages claim under the CLRA.  *See Chang v. Fage USA Dairy Indus., Inc.*, No. 14 Civ. 3826, 2016 WL 5415678, at *11 (E.D.N.Y. Sept. 28, 2016) ("Because the CLRA requires presuit notice only for actions seeking damages, the Court finds that a restitution claim under the CLRA does not require presuit notice

11

based on the California Supreme Court's explanation of the distinction between restitution and damages."). The Court agrees with that conclusion.

Accordingly, Defendants motion to dismiss Plaintiff's claim for damages under the CLRA for failing to provide the mandated notice is DENIED.

### E.  Unjust Enrichment

Defendants seek to strike Plaintiff's nationwide class claims for unjust enrichment because of material differences between the unjust enrichment laws of all fifty states. Def. Mem. at 20–21. Plaintiff argues that striking his class claims at this juncture would be premature. Pl. Opp. at 20. The Court agrees.

Courts in this circuit hesitate to "strike class allegations before a class certification motion is filed." *Reynolds v. Lifewatch, Inc.*, 136 F. Supp. 3d 503, 515 (S.D.N.Y. 2015). Although unjust enrichment laws vary between states, "rejection of nationwide unjust-enrichment classes is not a universal rule." *Hanks v. Lincoln Life & Annuity Co. of New York*, 330 F.R.D. 374, 385 (S.D.N.Y. 2019) (internal quotation marks and alterations omitted).

Accordingly, Defendants motion to dismiss or strike Plaintiff's class claims for unjust enrichment is DENIED.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is GRANTED only to the extent that Plaintiff seeks injunctive relief on Counts I, II, and III, Plaintiff's claims under

California's Unfair Competition Law, the CLRA, and California's False Advertising Law. *See* Compl. ¶¶ 71, 84, 94.

Defendants' motion to dismiss the complaint is otherwise DENIED. The Clerk of Court is directed to terminate the motion at ECF No. 54.

SO ORDERED.

Dated: September 18, 2020
       New York, New York

_____
ANALISA TORRES
United States District Judge

13