## McElroy, Deutsch, Mulvaney & Carpenter, LLP
### ATTORNEYS AT LAW

570 BROAD STREET, 15th FLOOR
NEWARK, NEW JERSEY 07102
(973) 622-7711
FACSIMILE (973) 622-5314

ROBERT P. DONOVAN
Direct dial: (973) 565-2195
rdonovan@mdmc-law.com

October 16, 2020

**Via ECF**
Honorable Ona T. Wang, U.S.M.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20D
New York, New York 10007

> Re: **Ahmed Ashour v. Arizona Beverages USA LLC, et al.**
> Civil Action No. 1:19-cv-07081-AT-OTW
> **JOINT STATUS LETTER**

Dear Judge Wang:

This firm represents defendants ("Defendants") in the within matter. Pursuant to your Honor's directive, kindly accept this joint letter to address the status of matters that were not resolved during the August 26, 2020 discovery conference and to identify the work that the parties anticipate undertaking in the next few months.

**Plaintiff's Submission**

Discovery of Plaintiff

All areas of disagreement relating to Plaintiff's responses to Defendants' first sets of request for production of documents and interrogatories have been resolved through further meet-and-confer efforts of the parties. Defendants served amended requests for admission, and Plaintiff's responses are due on October 19, 2020.

Plaintiff believes depositions should be conducted remotely until the COVID-19 pandemic abates. Plaintiff will meet and confer with Defendants about a mutually agreeable protocol for remote depositions.

Discovery of Third Parties

Plaintiff served a subpoena seeking the production of documents on Defendants' citric acid supplier. The parties, and relevant non-party, have agreed to hold the subpoena in abeyance for the time being while Plaintiff attempts to obtain relevant documents from Defendants. The

## MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Honorable Ona T. Wang, U.S.M.J.
October 16, 2020
Page 2

parties are hopeful that Defendants' production may lessen or eliminate the documents Plaintiff seeks from the non-party.

<u>Discovery of Defendants</u>

On September 22, 2020, the parties conducted a lengthy (more than an hour and a half) and largely successful telephonic meet and confer about deficiencies Plaintiff identified in Defendants' responses to Plaintiff's first sets of interrogatories and requests for production. While the parties continue to meet and confer about some requests, three areas of disagreement are ripe for court intervention (Defendants' refusal to produce sales data, Defendants' refusal to produce documents relating to all of the Products defined in the Complaint, and Defendants' refusal to produce documents relating to their practices nationwide rather than limited to California). Because the parties could not agree whether these issues are appropriately raised in this status report, Plaintiff anticipates filing a letter-motion for a discovery conference shortly.

Plaintiff also intends to serve a notice of deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) within the next few days.

<u>ESI Protocol</u>

The parties are meeting and conferring about a protocol for the production of electronically stored information ("ESI") in a mutually agreeable electronic format. They hope to have a stipulation and proposed order to submit to the Court for approval soon.

**<u>Defendants' Submission</u>**

On September 10, 2020, the parties conducted a lengthy and successful meet and confer during which they addressed Defendants' notice to produce documents and other discovery matters. Any disputes about the notice to produce, not addressed during the August 26 hearing, have now been resolved due to the meet and confer. A large number of those requests have been withdrawn and Plaintiff is to respond to the remaining document requests previously propounded. By letter dated September 18, 2020, Defendants also served Plaintiff with revised request for admissions that totaled 39 in number.

Over the next sixty (60) days, Defendants anticipate exchanging paper discovery with Plaintiff and taking Plaintiff's deposition. With respect to depositions, Defendants have noticed Plaintiff's in-person deposition, but have proposed that a remote proceeding would be acceptable in the event a stipulated protocol can be agreed upon in that regard.

942524.3

## McElroy, Deutsch, Mulvaney & Carpenter, LLP

Honorable Ona T. Wang, U.S.M.J.
October 16, 2020
Page 3

      By way of update regarding electronically stored information ("ESI") at defendant, Arizona Beverages USA LLC ("ABU"), the repair process has been completed and resulted in the recovery of 99.99% of ESI at ABU.

      As to Plaintiff's reference to discovery disputes with Defendants, none of these issues were the subject of the August 26 conference. Defendants are not refusing to provide "sales data" and, during the September 22 meet and confer, the potential to produce sales invoices for inspection was discussed. Plaintiff's request for profit and loss information is a main focus of objection on grounds of, *inter alia*, relevancy and proportionality. The wide ranging requests for information about beverages, other than the 16 products identified by name in the complaint, are likewise objectionable on relevancy and proportionality grounds. On the same grounds, Defendants object to providing nation-wide discovery in response certain requests. However, Defendants have produced documents regarding ingredients and labels that pertain to "practices nationwide", not just in California. In any event, these issues would be best addressed after the parties conduct a meet and confer again and, thereafter, if necessary, apprise the Court more fully of the specific requests at issue and the grounds for objection.

      Thank you for Your Honor's attention to this matter.

Respectfully submitted,

McElroy, Deutsch, Mulvaney & Carpenter, LLP

/s/ Robert P. Donovan
Robert P. Donovan, Esq.
Attorneys for Defendants

REESE LLP

/s/ Carlos F. Ramirez
Carlos F. Ramirez, Esq.
Attorneys for Plaintiff

cc:  All Counsel of Record Via ECF

942524.3