# REESE LLP

March 5, 2021

<u>Via CM/ECF</u>
Honorable Ona T. Wang
United States Magistrate Judge
U.S. District Court, Southern District of New York
500 Pearl Street
New York, New York  10007

    Re: <u>Ashour v. AriZona Beverages USA LLC et al. 1:19-cv-07081-AT-OTW</u>

Dear Judge Wang:

  Plaintiff submits this pre-motion conference letter pursuant to your Honor's Individual Practices, § II.b. The parties met and conferred by telephone for an hour and a half on February 4, 2021 (as well as prior instances including September 22, October 27, and November 18, 2020), but are at an impasse on the following issues related to Defendants' production of documents and production of a witness to testify pursuant to Federal Rule of Civil Procedure 30(b)(6).[1]

  The relevancy and proportionality of Plaintiff's discovery requests to Defendants must be viewed in light of the scope of the case and the allegations upheld by the Court. This is a putative nationwide and California consumer class action relating to Defendants' misrepresentation that Arizona-brand beverage Products are labeled as containing "no preservatives" when they contain citric acid (a preservative), resulting in an unjustified price premium.

**I.** **<u>Rule 34 Requests for Production of Documents</u>**

  **A.** **<u>Requests 23 and 24</u>**

  Defendants have agreed only to make a partial production in response to RFPs 23 and 24. While Defendants agreed to produce some sales data and information about how Defendants determine the Products' price, they have refused to produce: (1) *nationwide* sales data, rather than sales data limited to California; and (2) information about profits, losses, net sales, and production costs.

  First, the Court already denied Defendants' motion to dismiss Plaintiff's nationwide class claims for unjust enrichment. *See* Order 12 (ECF No. 92). Nationwide sales data is plainly relevant to Plaintiff's *nationwide* class claims. Indeed, because the Rule 23 standard for class

---

[1] Attached are Plaintiff's first set of requests for production to Defendants (**Exhibit A**), Defendants' responses to the requests for production (**Exhibit B**), Plaintiff's Rule 30(b)(6) notice of deposition (**Exhibit C**), Defendants' response to the Rule 30(b)(6) notice (**Exhibit D**) and Defendants' Letter to Plaintiff dated February 2, 2021 (**Exhibit E**).

certification requires an evidentiary record, Plaintiff will be prejudiced in his ability to seek certification of a nationwide class if he is denied nationwide discovery. *See Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 571 (2d Cir. 1982) ("[I]t is proper for a district court, prior to certification of a class, to allow discovery and to conduct hearings to determine whether the prerequisites of Rule 23 are satisfied."); *Guadagna v. Zucker*, 332 F.R.D. 86, 91 (E.D.N.Y. 2019) (noting plaintiff's burden to show requirements of Rule 23 are met on "the results of discovery").

Second, information about supply-side factors, such as marginal cost, is important for a damages analysis. Consumers often seek to prove class-wide damages through a conjoint analysis, and in considering whether that analysis supports class certification or is ultimately admissible, courts often focus on whether the expert has adequately examined or accounted for supply-side factors such as marginal cost. *See In re Gen. Motors LLC Ignition Switch Litig.*, 407 F. Supp. 3d 212, 236-39 (S.D.N.Y. 2019) (discussing role of supply-side factors, including marginal costs and willingness to sell, in conjoint analysis). Put simply, Defendants' margins and the marginal cost of producing the Products is important. If that information does not exist or cannot be obtained, there are statistical methods for inferring it, but Defendants have never claimed they do not *have* such information—they simply do not *want* to produce it because they claim it is not relevant (although they have refused to stipulate that they will not make such an attack on Plaintiff's expert's damages methodology). Indeed, the fact that Defendants are acting unreasonably vis-à-vis their duties under the discovery rules is further evidenced by their claim that the universally-accepted economics terms "gross margins" and "cost of goods sold" are "vague." *See* Exhibit E at p. 5.

### B. Requests 20, 38, and 39

Defendants' objection to producing nationwide discovery also extends to information about the retail sales of the Products. Request 20 seeks identification of the retailers who sell the Products. Requests 38 and 39 seek market research data about the Products from market-research firms IRI and Nielsen (which likely includes, at minimum, retail-level data regarding the amount and average price of sales to consumers). Again, this information is relevant to Plaintiff's nationwide class claims—in particular, the nationwide damages model—and documents limited to California will prejudice Plaintiff's ability to seek to certify a nationwide class even though the Court has already upheld Plaintiff's nationwide class claims at the pleading stage. Plaintiff is entitled to the discovery needed to move to certify that nationwide class.

## II. Rule 30(b)(6) Deposition Topics

### A. Topics 4-5, 9, 11, 17, 19

Defendants object to these Topics because they seek information about Defendants' knowledge of "research," "studies," "surveys," "testing," and "market analysis." Defendants' objection is based on the platitudes that (1) a deposition is not a memory contest and (2) Defendants do not have knowledge of all research concerning any topic. These objections are contrary to the law—and notably, not based on any challenge to the relevancy of the information sought.

"There is no question that Rule 30(b)(6) requires a party to designate witnesses who can provide 'all the relevant information known or reasonably available to the entity.'" *In re Air*

*Cargo Shipping Servs. Antitrust Litig.*, No. 06-MD-1775, 2012 WL 1129852, at *1 (E.D.N.Y. Mar. 27, 2012). It follows that, while a deposition may not be a memory contest, a corporation may not simply refuse to designate a witness on topics that require memory. Deponents frequently testify that they do not recall the answer to a particular question, and if appropriate, a witness could so testify here. Similarly, if appropriate, a witness could testify about what information is—and is not—known to the company. But Defendants cannot simply refuse to prepare a witness to testify about relevant and proportional topics simply because counsel believes the testimony may be hard to remember.

### B.     Topics 10 and 28

Defendants object to providing a witness because "[c]osts and/or profits have no bearing upon plaintiff's damage claims." But profits may be relevant to restitution, which is available for recovery on Plaintiff's consumer protection and unjust enrichment claims. And as noted above, information about costs and supply-side factors is relevant to Plaintiff's damages analysis. *See In re Gen. Motors LLC Ignition Switch Litig.*, 407 F. Supp. 3d at 236-39.

### C.     Topic 18

Topic 18 seeks information about who Defendants consider to be their competitors for the sale of the Products, and the market participants' respective market shares. This information is relevant to Plaintiff's expert's damages analysis. Again, Defendants' objection that this information may not be known to Defendants carries no weight. If that is true, a witness can testify to that fact. But it is unlikely that Defendants do not have an idea who their competitors are. And Defendants' argument that this Topic improperly seeks expert testimony fares no better. Plaintiff is not seeking Defendants' experts' analysis, but rather the information that Defendants maintain and base their decisions on in the ordinary course of business.

### D.     Topic 20

Topic 20 seeks information about Defendants' support for its "no preservatives" claim. This issue is the heart of Plaintiff's claims. Defendants' objection here is without merit.

### E.     Topics 21 and 22

Topics 21 and 22 seek information concerning the chain of distribution of the Products in California and the United States, including retailers. Defendants' objections fail for the same reason noted above—the witness need not possess a superhuman memory, but must instead be prepared to testify, to the best of their ability, about the information known to Defendants.

### F.     Topic 24

Topic 24 seeks financial information (including pricing, revenue, and volume) about the sale of the Products in California and the United States. This information is relevant to Plaintiff's damages analysis, and the Court should again reject Defendants' "memory contest" objection.

### G.     Topic 25

Topic 25 seeks information about total third-party retailer sales in California and the United States. This information is critical for Plaintiff's class-wide damages calculations.

Respectfully submitted,

**REESE LLP**

By: /s/ Carlos F. Ramirez
Carlos F. Ramirez
*cramirez@reesellp.com*
Michael R. Reese
*mreese@reesellp.com*
**REESE LLP**
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

Melissa S. Weiner (Admitted *Pro Hac Vice*)
*mweiner@pswlaw.com*
Joseph C. Bourne (*Pro Hac Vice* motion submitted)
*jbourne@pswlaw.com*
**PEARSON, SIMON & WARSHAW, LLP**
800 LaSalle Avenue, Suite 2150
Minneapolis, Minnesota 55402
Telephone: (612) 389-0600
Facsimile: (612) 389-0610

*Attorneys for Plaintiff and the Proposed Class*