# Exhibit E

# MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
### ATTORNEYS AT LAW

570 BROAD STREET, 15th FLOOR
NEWARK, NEW JERSEY 07102
(973) 622-7711
FACSIMILE (973) 622-5314

ROBERT P. DONOVAN
Direct dial:  (973) 565-2195
rdonovan@mdmc-law.com

February 2, 2021

**Via Email and Regular Mail**
Joseph C. Bourne, Esq.
Pearson, Simon & Warshaw, LLP
800 LaSalle Avenue, Suite 2150
Minneapolis, Minnesota 55402

> Re:  **Ahmed Ashour v. Arizona Beverages USA LLC, et al.**
> **Index No. 19-cv-07081 (AT)(OTW)**

Dear Mr. Bourne:

In response to your letter of January 20, 2021, the parties met and conferred on November 18, 2020.  During that conference, and after, plaintiff advised defendants that plaintiff would provide a response to our November 5, 2020 letter objection.  The parties, as a result, agreed to attempt to work out the dispute to avoid any unnecessary motion practice including, but not limited to, a protective order.

At the outset, plaintiff misconstrues the main thrust of defendants' objections to the proposed topics.  Under Rule 30(b)(6), the deposition topics must be relevant to a party's claim or defense and must relate to matters within the entity's knowledge.  *Rouviere v. DePuy Orthopaedics, Inc.,* No. 1:18-cv-04814, 2020 WL 2999229, at *2 (S.D.N.Y. June 3, 2020).  The topics also cannot be overbroad, repetitive and/or seek legal strategy or opinion.  *Id.*  Many of the topics proposed violate these standards.

Once a witness is produced for a topic, the corporation must produce someone familiar with the topic.  Defendants cannot agree and object to producing a witness on a topic that:  seeks irrelevant information, concerns subject matters not within the defendants' knowledge, is overbroad, is repetitive, and/or seeks legal strategy or opinion.  By way of example only, Arizona Beverage Holdings LLC and Arizona Beverage Holdings 2 LLC have no information about any of these topics proposed.  These issues need to be resolved between the parties or, if necessary, by way of a protective order.

As to the proposed resolution of Topic 2, I am unclear as to the qualifier on the top of page 2 of your letter that the agreement is "without prejudice to plaintiff's right to seek additional discovery about any such topics identified under Topic 2."

NEW JERSEY    NEW YORK    PENNSYLVANIA    CONNECTICUT    MASSACHUSETTS    COLORADO    DELAWARE    FLORIDA    RHODE ISLAND

# McElroy, Deutsch, Mulvaney & Carpenter, LLP

Joseph C. Bourne, Esq.
February 2, 2021
Page 2

Topic 3 – Kindly confirm that we have an agreement on the proposal set forth in the November 5 letter.

As to Topics 4 and 5, defendants stand by their objection. The reference to "research," "studies," "surveys," "testing," "market analysis" and "polls" is objectionable as being overbroad, burdensome, vague, seeking information not within defendants' knowledge and to the extent it seeks legal strategy or opinion. Please explain why the proposal in the November 5 letter is not acceptable.

Topics 6 and 7 – Resolved as per the November 5 letter.

Topic 8 – Defendants stand by their objection. There are no preservatives in the Arizona beverages. The topic is argumentative and vague and presumes that preservatives are in the ingredients. As to the 16 beverages named in the complaint, defendants would agree to produce a witness with factual knowledge of the ingredients used for each of these products. Kindly explain why the proposed resolution for Topic 8 is not agreeable.

Topic 9 - Defendants stand by their objection. There are no preservatives in Arizona beverages. The allegation is that citric acid is a preservative. If Plaintiff is claiming a different ingredient functions as a preservative exists, he ought to identify same in the notice so that an evaluation can be made as to that topic. The reference to "studies," "research," or analysis" and "polls" is objectionable as being overbroad, burdensome, vague, seeking information not within defendants' knowledge and to the extent it seeks legal strategy or opinion. Please explain why the proposal in the November 5 letter is not acceptable.

Topic 10 - Defendants stand by their objections set forth in the November 5 letter. Plaintiff's California Consumer Remedies Act ("CLRA") claim seeks "restitution." (ECF 36, ¶133). His claim under the California Unfair Competition Law ("UCL") is equitable in nature and prevailing plaintiffs are limited to injunctive relief and restitution. *In re Tobacco II Cases,* 46 Cal. 4th 298, 312 (2009) (citations and quotations omitted). To recover restitution, that remedy is limited only to a return of "measurable amounts which are wrongfully taken by means of an unfair business practice," and these amounts must be "supported by substantial evidence." *Colgan v. Leatherman Tool Grp., Inc.,* 38 Cal. Rptr. 3d 36, 61-62 (Ct. App. 2006); *see also Johnson v. GMRI, Inc.,* No. 07-cv-0283, 2007 WL 2009808, at *4 (E.D. Cal. Jul. 6, 2007) (granting motion to strike request for restitution where amounts sought "not quantifiable," and rejecting argument that defendants "should bear the burden to quantify plaintiffs' alleged cash shortages"). Plaintiff's claim for a refund or restitution bears no connection with the profit information for which discovery is sought. The topic is also argumentative and vague by referring to "costs" "associated with the elimination of citric acid or other preservatives." If plaintiff is seeking information on the cost of the citric acid supplied to defendant, Arizona Beverages USA LLC ("ABU"), I can ask the client about that proposal.

# McElroy, Deutsch, Mulvaney & Carpenter, LLP

Joseph C. Bourne, Esq.
February 2, 2021
Page 3

Topic 11 – Defendants stand by their objections set forth in the November 5 letter. The topic is overbroad and vague and seeks information not within defendants' knowledge especially with respect to the phrase referring to what "consumers expect." The reference to "studies," "research" and "analysis" is objectionable as being overbroad, burdensome, vague, seeking information not within defendants' knowledge and to the extent it seeks legal strategy or opinion. The phrase "variant" is also objectionable as vague.

Based on the clarification of Topic 12 so as to define "supply chain" and that the obligation would be to produce a witness with knowledge of who supplies ABU with the citric acid in the 16 products, that topic is agreeable.

Topic 13 – Resolved based on November 5 letter.

Topic 14 – Based on the definition of reporting structure, this topic is agreeable.

Topic 16 – Defendants stand by their objections to those topics for the reasons set forth in the November 5 letter. The term "price premium" is vague and argumentative. Defendants are not simply saying that the matter is the subject of expert opinion but include other objections set forth in the letter. Rule 30(b)(6) requires testimony only as to matters known or reasonably known to the organization. If the topic relates to areas that the entity does not possess such knowledge, than its obligations under Rule 30(b)(6) cease. *Bigsby v. Barclays Capital Real Estate, Inc.*, 329 F.R.D. 78, 81 (S.D.N.Y. 2019). If plaintiff concedes that the topic is not one reasonably known to the organization, then the topic is improper and there is no obligation to produce a witness on that subject matter.

Topic 17 - The reference to "studies, "research," "testing," "market analysis" and "polls" is objectionable as being overbroad, burdensome, vague, seeking information not within defendants' knowledge, and to the extent it seeks legal strategy or opinion. If plaintiff concedes that the topic is not one reasonably known to the organization, then the topic is improper and there is no obligation to produce a witness on that subject matter.

Topic 18 -The reference to "market share" or "volume of sales" of all competitors selling similar products is abjectly being overbroad, burdensome, vague, seeking information not within defendants' knowledge and to the extent it seeks legal strategy or opinion. If plaintiff concedes that the topic is not one reasonably known to the organization, then the topic is improper and there is no obligation to produce a witness on that subject matter.

Topic 19 - The reference to "research, studies, surveys, testing, market analysis, or polls concerning competitors' marketing and labeling" is abjectly overbroad, burdensome, vague,

# MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Joseph C. Bourne, Esq.
February 2, 2021
Page 4

seeking information not within defendants' knowledge and to the extent it seeks legal strategy or opinion. If plaintiff concedes that the topic is not one reasonably known to the organization, then the topic is improper and there is no obligation to produce a witness on that subject matter.

Topic 20 - Defendants stand by the objection. Please advise why the proposed resolution is not acceptable.

Topic 21 seeks the identity "of all businesses and persons in the products' chain of distribution in the United States and California, including their roles, between May 14, 2013" through August 2020. That topic is overbroad, burdensome and seeks information not reasonably known to defendants. Please advise whether plaintiff would amend the topic to mean identifying co-packers and/or distributors of the 16 beverages in California, and I will ask the defendants if that proposal is agreeable.

Topic 22 seeks the identities of all retailers of the Products between May 14, 2013, and the present. That topic is equally overbroad and burdensome. Please advise whether plaintiff would amend the topic to mean identifying retail stores to whom ABU distributes the 16 beverages in California, and I will ask the defendants if that proposal is agreeable.

Topic 23 refers to "sales projections for any of the Products, including sales projections You generated and sales projections other persons generated for You." That topic is overbroad, burdensome and unduly vague.

Topic 24 states "[F]inancial information (including product pricing, total sales, revenue, volume, and quantity) concerning sales of the Products in California and the United States between May 14, 2013, and the present." That topic is equally overbroad, burdensome and unduly vague.

Topic 25 states "[t]otal third-party retailer sales figures for Product sales in California and the United States between May 14, 2013, and the present." This topic is overbroad, burdensome and vague especially with regard to the term "total third-party retailer sales figures." The topic also seeks information not reasonably known to defendants.

Topic 26 refers to "[t]otal third-party retailer sales figures for Product sales in the United States between May 14, 2013, and the present." This topic is repetitive of Topic 25.

Topic 27 states "[i]dentifying information for all consumers who purchased the Products between May 14, 2013, and the present." That topic is equally overbroad, burdensome, unduly vague and seeks information not reasonably known to defendants.

## MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Joseph C. Bourne, Esq.
February 2, 2021
Page 5

Topic 28 – As noted above, the issue of profits is not relevant to plaintiff's claims. Kindly explain why the proposed resolution, about producing a witness on pricing, set forth in the November 5 letter, is not agreeable.

Topic 29 – Resolved as per the November 5 letter.

As to the items requested to be produced, we are willing to meet and confer.  However, profitability analysis and "gross margin" documents are not relevant to the dispute, not proportional under Rule 30(b)(6) and/or are otherwise vague and overbroad.  "Costs of goods sold" documentation is an equally vague, overbroad and burdensome request.

If and when a resolution is reached, an amended notice needs to be served setting forth the revised topics.

Thank you for your attention.

Very truly yours,

MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Robert P. Donovan

RPD:sck
#4389788

cc:    Carlos F. Ramirez, Esq. (via email)