# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AHMED ASHOUR, individually and on behalf of all others similarly situated, | Case No. 1:19-cv-07081(AT)(OTW) |
| Plaintiff, | |
| v. | |
| ARIZONA BEVERAGES USA LLC, HORNELL BREWING CO., INC., BEVERAGE MARKETING USA, INC., ARIZONA BEVERAGES HOLDINGS LLC, and ARIZONA BEVERAGES HOLDINGS 2 LLC, | |
| Defendants. | |

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' INITIAL
REQUEST FOR PRODUCTION OF DOCUMENTS TO
PLAINTIFF CRYSTAL TOWNES**

Subject to and without waiving any of the foregoing objections, Plaintiff agrees to conduct a reasonable search for and produce any nonprivileged, responsive documents in her possession, custody and control at the appropriate, which in all likelihood would be at such time as Plaintiff seeks an award of attorneys' fees in connection with a settlement of this matter or a verdict in favor of Plaintiff after trial.

**Request No. 17.**     All documents comprising, including and regarding a retainer, contract, or fee agreement between You and Your Counsel regarding the Lawsuit or Your claims for recovery in this matter.

**Response to Request for Production No. 17.**

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it requires legal conclusions.

Subject to and without waiving any of the foregoing objections, Plaintiff agrees to produce Plaintiff's retainer agreement with the undersigned counsel, which is the same type of documentation required to be produced by the Court in connection Plaintiff Ahmed Ashour's relationship with his counsel.

**Request No. 18.**     All documents regarding any agreements between You and Your Counsel regarding sharing attorney's fees or other damages awarded to any member of the class, including, but not limited to, You.

15

**Response to Request for Production No. 18.**

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it requires legal conclusions.

Plaintiff further objects on the grounds that the information sought is duplicative of Request No. 17.

Subject to and without waiving the foregoing objections, Plaintiff will agree to meet and confer with Defendants' counsel in an attempt to resolve her objections to this request.

**Request No. 19.**     All documents regarding other proposed, decertified, uncertified, or certified class actions where You have served or attempted to serve as a class representative or otherwise appeared on the pleadings.

**Response to Request for Production No. 19.**

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is

information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it requires legal conclusions.

Subject to and without waiving any of the foregoing objections, Plaintiff agrees to conduct a reasonable search for and produce any nonprivileged, responsive documents in her possession, custody and control, which production will likely occur in connection with a motion by Plaintiff seeking class certification and appointment by the Court of Plaintiff's attorneys as class counsel.

**Request No. 22.**     All documents regarding all agreements You made with any plaintiff, other party, attorney, expert, accountant, law firm, other professional, or other person or entity, regarding the prosecution of this Lawsuit or the disposition of the proceeds of any settlement or judgment, including, but not limited to, each and every communication, agreement, arrangement, or understanding concerning the payment of attorney's fees, costs, or expenses of any kind with respect to this litigation and identify each and every document referring to or relating to any such communication, agreement, arrangement, or understanding.

**Response to Request for Production No. 22.**

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this

request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it requires legal conclusions.

Plaintiff further objects on the grounds that the information sought is duplicative of Request No. 17.

Subject to and without waiving the foregoing objections, Plaintiff will agree to meet and confer with Defendants' counsel in an attempt to resolve her objections to this request.

**Request No. 23.**    All communications between You, or Your representatives or Counsel, and any third party regarding the allegations of this Lawsuit.  This includes, but is not limited to:

(a) communications between You, or Your representatives or Counsel, and any party or lawyer participating in litigation involving allegations that citric acid is a preservative;

(b) communications between You, or Your representatives or Counsel, and  any employee or representative of the Center for Science in the Public Interest.

**Response to Request for Production No. 23.**

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose her expert's

19

qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions.

Subject to and without waiving the foregoing objections, Plaintiff will agree to meet and confer with Defendants' counsel in an attempt to resolve her objections to this request.

**Request No. 24.**    All communications between a Putative Class Member and You or Your Counsel, including, but not limited to, those communications in which a Putative Class Member advised You or Your counsel that he or she either wished or did not wish to be a member of the class that You seek to represent and/or that he or she wished or did not wish to assert claims against Defendants.

**Response to Request for Production No. 24.**

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it requires legal conclusions.

Subject to and without waiving the foregoing objections, Plaintiff will agree to meet and confer with Defendants' counsel in an attempt to resolve her objections to this request.

**Request No. 25.**    All exhibits upon which You or any expert witness may rely at trial.

**Response to Request for Production No. 25.**

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to

20

Subject to and without waiving any of the foregoing objections, Plaintiff agrees to conduct a reasonable search for and produce any nonprivileged, responsive documents in her possession, custody and control.

**Request No. 36.**     All documents relating to the unjust enrichment alleged in paragraph number 128 of the Complaint.

**Response to Request for Production No. 36.**

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request to the extent it seeks premature "contention" discovery. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it seeks premature expert discovery; Plaintiff will disclose her expert's qualifications, report, and testimony at the appropriate time. Plaintiff objects to this request to the extent it requires legal conclusions.

Subject to and without waiving any of the foregoing objections, Plaintiff agrees to conduct a reasonable search for and produce any nonprivileged, responsive documents in her possession, custody and control.

**Request No. 37.**     All joint prosecution agreements by and between Reese LLP and Pearson, Simon & Warshaw, LLP (the "Pearson Firm") concerning this Lawsuit.

**Response to Request for Production No. 37.**

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to

the needs of the case. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it requires legal conclusions.

Plaintiff further objects on the grounds that the information sought is duplicative of Request No. 17.

Subject to and without waiving the foregoing objections, Plaintiff will agree to meet and confer with Defendants' counsel in an attempt to resolve her objections to this request.

**Request No. 38.**     All documents relating to Reese LLP and/or the Pearson Firm having any fee sharing obligation, to any attorney and/or law firm, concerning the attorneys' fees which are sought in this Lawsuit.

### Response to Request for Production No. 38.

Plaintiff objects to this request as unduly burdensome, oppressive, and not proportional to the needs of the case. Plaintiff objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to this request as seeking information that is not relevant to Plaintiff's claims or Defendants' defenses, or which is not reasonably calculated to lead to lead to the discovery of relevant evidence. Plaintiff objects to this request to the extent it requires legal conclusions.

Plaintiff further objects on the grounds that the information sought is duplicative of Request No. 17.