# Stevens & Lee

669 River Drive, Suite 201
Elmwood Park, NJ 07407
(201) 857-6760 Fax (201) 857-6761
www.stevenslee.com

Direct Dial: (201) 857-6778
Email: robert.donovan@stevenslee.com
Direct Fax: (610) 371-7938

December 10, 2021

**VIA E-FILING**
Honorable Ona T. Wang, U.S.M.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20D
New York, New York 10007

> Re:    **Ahmed Ashour et al. v. Arizona Beverages USA LLC, et al.**
>        **Index No. 19-cv-07081 (AT)(OTW) – Joint Status Report and Agenda Items**

Dear Judge Wang:

Pursuant to the Court's order (ECF 169), kindly accept this joint status letter and a statement of agenda items in advance of the upcoming in person status conference scheduled for December 15, 2021 at 3:00 p.m.

Since the parties last appeared before the Court on November 3, 2021, Defendants produced emails and attachments thereto, stored electronically, based on agreed upon search terms. The documents produced included information regarding costs associated with making and producing Defendants' products.

The parties have been discussing dates to conduct plaintiff Crystal Townes' deposition. The parties had agreed to conduct the deposition on December 22, 2021, subject to confirming the location in New York, but Defendants have since informed Plaintiffs that this date no longer works due to scheduling conflicts encountered by Defendants. It no longer appears likely that the deposition will take place before the end of the year. Discovery has been extended through December 31, 2021 but the parties agree that further time to complete discovery is necessary.

**Defendants' Agenda Items:**

Plaintiffs Townes and Brown are to produce records of purchases responsive to document requests. Plaintiff Ashour is to furnish information concerning the identity of his former employer.

The parties have a number of unresolved disputes concerning the production of documents requested by Defendants. The details of these requests and the basis for requiring production are set forth in Defendants' letter seeking a pre-motion conference (ECF 170) and a separate motion

Allentown • Bergen County • Bala Cynwyd • Cleveland • Fort Lauderdale • Harrisburg • Lancaster • New York
Philadelphia • Princeton • Reading • Rochester • Scranton • Valley Forge • Wilkes-Barre • Wilmington
A PA Professional Corporation, Salvatore A. Giampiccolo, NJ Managing Attorney

# Stevens & Lee

Honorable Ona T. Wang, U.S.M.J.
December 10, 2021
Page 2

to seal. (ECF 172). The Court denied the request for a conference as moot and the parties were directed to the previous order scheduling the upcoming conference. (ECF 171). Defendants will address the substance of the discovery dispute (ECF 170) at the conference. Defendants' letter motion (without accompanying exhibits) is hereby re-submitted and attached as Exhibit "A" as part of the within agenda submission.

**Plaintiffs' Agenda Items:**

Defendants' ESI Production: Plaintiffs have completed their initial review of Defendants' ESI production from November 19, 2021. That production appears to be remarkably deficient, as the lion's share of the production can be characterized as non-responsive and/or wholly irrelevant to any of the parties' claims or defenses." Plaintiffs have requested a meet and confer with Defendants about this on December 13 or 14.

Schedule for the Remainder of the Case: Given that Plaintiffs just received an initial ESI production and thus have not been able to commence depositions, Plaintiffs need additional time to complete discovery. Plaintiffs continue to believe that the sequencing of events set forth in their previously-proposed schedule (see ECF No. 159 at 7-8) makes the most sense for the remainder of this case. The timing of the schedule will depend upon when Defendants can complete their document production (including ESI). Plaintiffs believe they need three months to complete discovery once Defendants have substantially completed their document production. So, for example, if Defendants can substantially complete their document production by April 1, 2022, Plaintiffs believe that fact discovery can close on July 1, 2022 and the rest of the previously-proposed schedule can flow from there.

Thank you for Your Honor's attention to this matter.

Respectfully submitted,

PEARSON, SIMON & WARSHAW, LLP      STEVENS & LEE

/s/ Benjamin E. Shiftan                                /s/ Robert P. Donovan
BENJAMIN E. SHIFTAN                             ROBERT P. DONOVAN
*Attorneys for Plaintiffs*                            *Attorneys for Defendants*

# Stevens & Lee

Honorable Ona T. Wang, U.S.M.J.
December 10, 2021
Page 3

REESE LLP


*/s/ Carlos F. Ramirez*
_____
CARLOS F. RAMIREZ
*Attorneys for Plaintiffs*



cc:      (All Counsel of Record Via ECF)

# EXHIBIT A

# Stevens & Lee

669 River Drive, Suite 201
Elmwood Park, NJ  07407
(201) 857-6760

Direct Dial:  (201) 857-6778
Email:  robert.donovan@stevenslee.com
Direct Fax:  (610) 371-7938

December 8, 2021

**VIA E-FILING**
Honorable Ona T. Wang, U.S.M.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20D
New York, New York 10007

> Re:  **Ahmed Ashour, et al. v. Arizona Beverages USA LLC, et al.**
> **Index No. 1:19-cv-07081 (AT)(OTW) - Defendants' Request for**
> **a Pre-Motion Discovery Conference**

Dear Judge Wang:

This firm represents defendants ("Defendants").  Kindly accept Defendants' motion for a discovery conference pursuant to Your Honor's Individual Practices, Section II.b.  The parties have met and conferred on multiple occasions without success.  The issues in dispute are as follows:

A.     Plaintiffs Townes and Brown - In document requests served on plaintiff, Crystal Townes ("Plaintiff Townes"), at Nos. 18, 22, 37 and 38 (Ex. A), Defendants seek: (1) agreements and related documents concerning the sharing of attorneys' fees or other damages recovered in this action (No. 18); (2) Plaintiffs' agreements with any other plaintiff, attorney or professionals regarding the prosecution of this lawsuit or the disposition of proceeds therefrom (No. 22); (3) all joint prosecution agreements by and between the Reese firm and the Pearson firm concerning the instant action (No. 37); and (4) documents relating to any fee sharing obligation that the Reese firm and/or Pearson firm has with any attorneys concerning the fees sought in the instant action (No. 38).  These same requests were propounded upon plaintiff, Joy Brown ("Plaintiff Brown"). (Ex. B).  Plaintiffs object to producing responsive documents primarily on relevance and privilege grounds.  (See Exs. A and B).  As to request No. 18, Plaintiff Brown also stated that non-privileged responsive documents would likely be produced in connection with the class certification motion. (Ex. B).

The documents sought are relevant because obligations by and among proposed class counsel, or with others, in prosecuting the suit and/or sharing fees, bear upon whether any conflicts exist between putative class counsel and the proposed class sought to be represented.  *See In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 216, 224-226 (2d Cir. 1987) (where Second Circuit

---

Allentown   •   Bergen County   •   Bala Cynwyd   •   Cleveland   •   Fort Lauderdale   •   Harrisburg   •   Lancaster   •   New York
Philadelphia   •   Princeton   •   Reading   •   Rochester   •   Scranton   •   Valley Forge   •   Wilkes-Barre   •   Wilmington
A PA Professional Corporation, Salvatore A. Giampiccolo, NJ Managing Attorney

# Stevens & Lee

Honorable Ona T. Wang, U.S.M.J.
December 8, 2021
Page 2

observed that provisions in fee sharing agreement providing for direct cost profits created conflicts between class counsel and the class and, further stated, that it agreed "with the district court's ruling that in all future class actions counsel must inform the court of the existence of a fee sharing agreement at the time it is formulated."). The adequacy of representation requirement is concerned with the "competency **and conflicts** of class counsel." *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626 n. 20 (1997) (emphasis added).



Here, Plaintiffs Townes' and Brown's retainer agreements refer to ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (See Exhibits 1 and 2 attached to the Declaration of Robert P. Donovan, filed under seal.) The agreement with Plaintiff Townes provides further that ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (See Ex. 1, filed under seal.) Plaintiff Brown's agreement does not refer to ▮▮▮▮▮▮ but contains similar allocation provisions. (See Ex. 2 filed under seal.)

The documents sought bear upon fee sharing rights and obligations among counsel and do not seek privileged communications with clients. As observed in *Laforest v. Honeywell Int'l Inc.*, No. 03-CV-6248T, 2004 WL 1498916 (W.D.N.Y. July 1, 2004), the attorney-client privilege does not apply to all communications involving an attorney, but rather, it attaches:

> (1) where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except the protection be waived.

Similarly, under Ninth Circuit law, communications between attorney and client that concern "the identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work performed are usually not protected from disclosure by the attorney-client privilege." *See Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir.1992).

In request No. 24, Defendants request communications between Plaintiffs or their counsel and other putative class members including communications in which a putative class member advised that "he or she either wished or did not wish to be a member of the class that [Plaintiffs] seek to represent and/or that he or she wished or did not wish to assert claims against Defendants." (Ex. A). Plaintiffs Townes and Brown object to producing responsive documents primarily on relevance and privilege grounds. (*Id.*) However, "letters to prospective clients to encourage their involvement in a class action and a proposed retainer agreement, regardless of whether the sending of them was in furtherance of the interests of an existing client, are not communications between attorney and client and are not confidential." *Auscape Intern. v. National Geographic Society*, No.

# Stevens & Lee

Honorable Ona T. Wang, U.S.M.J.
December 8, 2021
Page 3

92 CIV. 6441 (LAK), 2002 WL 31250727, at \*1 (S.D.N.Y. Oct. 2, 2002). Such documents are akin to advertising. (*Id.*)

In answers to interrogatories, Plaintiffs Townes and Brown state that they first formed the belief that the citric acid in Defendants' beverages is a preservative in December 2020 "after learning of the facts alleged in this lawsuit from the 'Top Class Actions' website." (See answer to interrogatory 11, at Exs. C and D). The communications sought about joining this action are probative of such awareness. Communications exchanged with others to join the suit, and with those who declined, may also show whether a class of aggrieved consumers exists.

B.      Plaintiff Ashour - In supplemental document request numbers 1 and 2, Defendants seek documents sufficient to show when plaintiff, Ahmed Ashour ("Plaintiff Ashour"), first received and returned the January 9, 2019 retainer agreement. (Ex. E). In deposition, Mr. Ashour did not know when that document was received or returned. (Ex. F, T. 37:23-38:2; T.41:15-24).

The January 9, 2019 retainer agreement (previously filed under seal, ECF 145) indicates that a draft complaint had been sent to Plaintiff Ashour before the retainer agreement was received. Plaintiff Ashour does not recall whether he received the draft complaint prior to receiving the retainer agreement. (Ex. F, T. 63:22-64:3). He stated that his first communication with Mr. Reese occurred in "late 2018." (*Id.*, T. 42:6-17). When asked for the approximate date of that communication, he stated "sometime between late November and late December as an approximation." (*Id.*, T. 43:16-22). Because Plaintiff Ashour deleted his emails and does not know when the deletion occurred (*Id.*, T. 38:3-15), request No. 4 seeks documents sufficient to evidence the date emails and/or texts that included the retainer agreement were sent, received, saved, downloaded and/or deleted. (Ex. E). Request No. 5 seeks documents sufficient to evidence the date Plaintiff Ashour received, sent, saved and/or deleted any draft complaint to be filed against Defendants. (*Id.*)

Plaintiff Ashour objects to producing documents responsive to request numbers 1, 2, 4 and 5 mainly on relevance and privilege grounds. (Ex. E). The date(s) of receipt and return of the January 9, 2019 agreement and of any draft complaint are relevant to show a timeline as to when Plaintiff Ashour first came to believe that he was deceived. The requests seek documents evidencing date(s) of emails/texts, and proof of downloading and/or deletion, not any privileged communications. For the foregoing reasons, Defendants respectfully request that Plaintiffs be ordered to produce the requested documents by a date certain. Thank you for Your Honor's attention to this matter.

Respectfully submitted,

STEVENS & LEE

*/s/ Robert P. Donovan*

Robert P. Donovan

cc:      (All counsel of record via ECF)

12/08/2021 SL1 1762754v1 115260.00002