```
M2HBASHC
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

AHMED ASHOUR, et al,

           Plaintiffs,

      v.                                    19 Civ. 7081   (OTW)

ARIZONA BEVERAGES, USA, LLC,
et al,

           Defendants.
                                           Conference
------------------------------x

                                           New York, N.Y.
                                           February 17, 2022
                                           3:30 p.m.

Before:

                      HON. ONA T. WANG,

                                         U.S. Magistrate Judge

                       APPEARANCES

REESE, LLP
    Attorneys for Plaintiffs
BY:  CARLOS F. RAMIREZ

STEVENS & LEE, PC
    Attorneys for Defendants
BY:  ROBERT P. DONOVAN
    JOHN VISCONI, II

```
        M2HBASHC
1                (Case called)
2                THE DEPUTY CLERK:  Counsel, please note your
3       appearance for the record.
4                MR. RAMIREZ:  Carlos Ramirez for the plaintiffs.
5                Good afternoon, Judge.
6                MR. DONOVAN:  Good afternoon, your Honor.
7                Robert Donovan on behalf of the defendants.
8                MR. VISCONI:  Good afternoon, your Honor.
9                John Visconi, Stevens & Lee for the defendants.
10               THE COURT:  All right.  I have your joint-status
11      letter.  I am cautiously optimistic and hopeful that you seem
12      to be meet and conferring, getting along well.
13               Let's hear a report on where you are on discovery.
14      Mr. Ramirez, why don't you start.
15               MR. RAMIREZ:  Thank you, your Honor.  We are
16      continuing to meet and confer.  There has been a report that
17      two additional drives have been located which are being
18      reviewed now.  And hopefully once we get that discovery, we can
19      hopefully figure out a discovery date.  I think once there's a
20      substantial completion of discovery, hopefully your Honor will
21      set a discovery date.  We need three months we believe to sort
22      of digest and take our position, and the schedule could just
23      flow from there.
24               THE COURT:  Okay.  Let's hear also, plaintiffs, your
25      affirmative discovery is done with the exception of one
```

M2HBASHC

deposition or --

   MR. RAMIREZ:  Two, your Honor.  Unfortunately the night before -- literally the night before we're on the phone with our client and we learned about a medical situation that had the deposition proceeded, it would have been perhaps maybe not a super spreader event, but a mini-spreader event literally.  So unfortunately, we had to cancel.

   THE COURT:  We've all had to make some adjustments with that.  I understand.  Okay.  So you still have two depositions, two witnesses to produce on your side?

   MR. RAMIREZ:  Yes.

   THE COURT:  And then you're waiting on the two additional drives from the defendant, but you've completed your production of documents as well?

   MR. RAMIREZ:  Yes, that's correct, your Honor.  With these types of cases, it's usually a very limited production from the plaintiffs, so we've been done with that for some time now.

   THE COURT:  All right.  So let's hear from defendant's side.  You are in the process of reviewing the two additional drives?

   MR. DONOVAN:  Your Honor --

   THE COURT:  I'm sorry.  It may have been a while since we've been in person, but you can stay seated.

   MR. DONOVAN:  Thank you.

M2HBASHC

1  THE COURT:  Just speak into the microphone.  It's much
2  easier when we all have our masks on.
3  MR. DONOVAN:  Thank you, your Honor.  This week we
4  received the U-drive from the client, Judge, and we anticipate
5  after doing a privilege review and such that we'll be able to
6  produce documents to plaintiffs within two-weeks time.
7  The M-drive, Judge, I do not have a report to your
8  Honor about that.  That's a large drive, and I simply don't
9  have a report to you as to time wise when documents will all be
10 received and reviewed and produced.
11 THE COURT:  This is the drive that might have a
12 terabyte of data on it?
13 MR. DONOVAN:  Correct, your Honor.
14 THE COURT:  Okay.  We'll maybe put you on a joint
15 status letter schedule on understanding the status of the
16 review and the production.
17 Now I understand that there might also be an issue
18 of -- potentially whether a broader set of search terms is
19 necessary.  Is that going on in parallel with the two drives or
20 are you going to revisit that after you've reviewed the two
21 drives or something else
22 MR. DONOVAN:  Your Honor, Mr. Visconi will interrupt
23 me if I'm wrong, but I think, which is could very well be, the
24 U-drive results were the result -- the connectors that we
25 agreed upon resulted in the U-drive search to no results, so we

M2HBASHC

ended up using individual search terms that were agreed upon. And again, I don't really have a handle on the M-drive and we could provide the Court with a status update as to that.

THE COURT: I'm sorry. Let me back it up again. You got no hits when you did what with the U-drive?

MR. DONOVAN: There were connectors. We agreed on connectors term X within item out term Y, so we ended up using individual search terms and that yielded results from the U-drive. That approach may or may not have to be used in the M-drive. That could be a buy product in the file list. So that's with regard to that.

And we're are meeting and conferring with opposing counsel about the issue of the emails that were produced and whether additional search terms or broader search terms or connectors I would anticipate can be agreed upon. And I expect that they will be, Judge, but it will be in the contours of what particular custodians -- I certainly don't want to foreclose an ability to do that. I don't want to say one way or the other, but I think that there's probably grounds for compromise there in some shape, way or form.

THE COURT: All right. Any depositions of your witnesses would wait until the document discovery has been produced to plaintiffs, right?

MR. RAMIREZ: Yes.

MR. DONOVAN: I think that's what we're operating

M2HBASHC

1   under, your Honor.
2               THE COURT:  Is there anything else we need to address
3   as far as status or should I just put you on a schedule for the
4   next status letter, and I do know we need to extend fact
5   discovery.
6               MR. RAMIREZ:  There are no other issues for the
7   plaintiffs.  I guess we would like to proceed as swiftly as
8   possible, so perhaps a shorter control date or control report
9   would be preferable for us subject to the Court's decision
10  whether that's doable.
11              THE COURT:  Why don't we have you file a joint-status
12  letter on the status of discovery.  Let's do four weeks from
13  tomorrow which will put us at March 18.
14              So next joint status letter March 18th, and from there
15  I guess I'd like to hear sort of the status of the review of
16  the two drives, how much longer you think it might take, your
17  meeting and conferring on the emails.  And to the extent that
18  you want to give me a sense of the volume of documents we're
19  talking about with the two drives as whether it's helpful in
20  terms of numbers of hits or numbers of documents or numbers of
21  pages or numbers of megabit or terabytes, just so I know sort
22  of how much you've done, how much you might still have left to
23  do.  And then hopefully from there we'll be able to get a
24  better schedule in place.
25              Is there any sense, Mr. Donovan or Mr. Visconi, on the

M2HBASHC

1  number of your witnesses that would be being deposed or is that
2  still too up in the air right now?
3              MR. DONOVAN:  I think that would be a function of what
4  the plaintiff would want.  I get the sense, your Honor, we had
5  obviously a dispute about the 30(b)(6) a while ago, but using
6  that as a framework, I would anticipate there would be maybe
7  two witnesses arising out of that, and obviously subject to
8  whatever the plaintiffs -- any additional folks that they want
9  to depose.
10             THE COURT:  Okay.  Obviously this is all just to get a
11 sense of what we're looking at going forward.
12             Anything else we need to address at this time?
13             MR. DONOVAN:  Judge, I do have one question.  It's a
14 housekeeping one.  There are still folks on the ECF at my prior
15 firm who are getting noticed.  If I were to submit to your
16 Honor an application to remove those lawyers since they're no
17 longer attorneys of records, is that what the Court would
18 require?
19             THE COURT:  Oh, I see.  So you moved firms, and
20 McElroy & Deutsch is your old firm?
21             MR. DONOVAN:  Correct.
22             THE COURT:  The individuals who are still on the
23 docket should just file something.  I don't know if that's
24 something that you would take care of with your former partners
25 to just draft something for them or what.  But once you file a

M2HBASHC

notice of appearance, you're attorney of record until you're not.

MR. DONOVAN:  Understood.

THE COURT:  That usually happens when somebody leaves a firm, but because you moved to a different firm.  Yeah, just get --

MR. DONOVAN:  What I've seen, your Honor, is notice of withdrawal from ECF notification that would have to be signed by the attorney seeking withdrawal.

THE COURT:  Right.  My understanding is that this is instituted by the attorney who's getting the notifications and that they have to withdraw from the case.  Whether you essentially do that for them up to the point of them filing it or some other way is not any of my business.

MR. DONOVAN:  Thank you, your Honor.

THE COURT:  But, yes, it would be nice if the docket were cleaned up a little bit as far as attorneys.  So I'll look forward to seeing your letters on March 18.  I will extend discovery deadline, let's extend discovery to April 1st. I was trying to avoid that date, but we know that date isn't going to keep because of what still has to happen, but at least this just keeps the docket kind of -- okay.

And then I don't anticipate that we would need an in-person conference if things are proceeding smoothly.  Okay. Of course if disputes arise that you're not able to resolve

M2HBASHC

1  among yourselves, write the joint letter and we'll try to get
2  it taken care of.  Okay.
3          MR. DONOVAN:  Thank you, your Honor.
4          MR. RAMIREZ:  Thank you, your Honor.
5          THE COURT:  Thank you.  The last thing, and I might
6  have mentioned this way back when I had the initial case
7  management conference back in 2019, but I know that counsel has
8  changed around a lot, is at any time that you want, you can
9  consider if you want to consent to my jurisdiction for all
10 purposes.
11         It matters not one bit to me, certainly at this point
12 since I think you're just mainly dealing with me right now.
13 But think about whether you want to do that.  It doesn't make
14 any difference right now to how the case is going to proceed.
15 I think only as you get to the close of discovery and you're
16 thinking about dispositive motions or moving to trial or
17 whether you want might to talk about a resolution, that's when
18 it might come into play --
19         MR. RAMIREZ:  One question, Judge, on that point.
20         THE COURT:  -- consent to my jurisdiction for all
21 purposes.  What was your question?
22         MR. RAMIREZ:  Would that mean that the motion to
23 dismiss, would that be transferred to you?
24         THE COURT:  Yes.
25         MR. RAMIREZ:  Got it.  Okay.  Thank you.

M2HBASHC

1           THE COURT:  Okay.  All right.
2           Anything else?
3           Any other questions?
4           MR. RAMIREZ:  None for the plaintiffs.
5           MR. DONOVAN:  No, your Honor.  Thank you.
6           THE COURT:  All right.  Thank you very much.  We are
7  adjourned, and I'm going to request that you order a copy of
8  the transcript, share the cost.
9           (Adjourned)