UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AHMED ASHOUR, JOY BROWN and
CRYSTAL TOWNES, individually and on behalf
of all others similarly situated,

                   Plaintiffs,

-against-

ARIZONA BEVERAGES USA LLC, HORNELL
BREWING CO., INC., BEVERAGE
MARKETING USA, INC., ARIZONA
BEVERAGES HOLDINGS LLC, and ARIZONA
BEVERAGES HOLDINGS 2 LLC,

                   Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/24/2022

19 Civ. 7081 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      Plaintiffs Ahmed Ashour, Joy Brown, and Crystal Townes bring this putative class action against Defendants AriZona Beverages USA LLC, Hornell Brewing Co., Inc., Beverage Marketing USA, Inc., AriZona Beverages Holdings LLC, and AriZona Beverages Holdings 2 LLC, alleging that Defendants use unfair and deceptive practices in advertising and marketing their beverages by failing to disclose that they contain a preservative. Second Amend. Compl. ¶¶ 1–10, ECF No. 118. Plaintiffs assert claims under California law for unfair competition, deceptive business practices, false advertising, breach of express warranty, and unjust enrichment, and claims under New York law for deceptive acts and practices, false advertising, breach of express warranty, and unjust enrichment. *Id.* ¶¶ 65–129. Defendants move to dismiss the second amended complaint for failure to state a claim under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 8(a) and/or 9(b). Defs. Mot., ECF No. 132; Defs. Mem. at 1–4, ECF No. 132-9. For the reasons stated below, Defendants' motion is GRANTED in part and DENIED in part.

## BACKGROUND[1]

Defendants are sellers of AriZona beverage products, such as AriZona Iced Tea, AriZona Green Tea, and AriZona Grapeade. Second Amend. Compl. ¶ 2. Plaintiffs allege that these products are marketed as preservative-free, with each product being marked with "No Preservatives," despite containing citric acid, a "preservative added to foods and beverages to prevent the growth of bacteria." *Id.* ¶¶ 1–4.

Plaintiffs bring this action on behalf of themselves and a putative class of purchasers of Defendants' beverages. *Id.* ¶ 10. Ashour purchased AriZona Rx Energy Herbal Tonic and AriZona Green Tea with Ginseng and Honey multiple times per week at various convenience stores in Los Angeles, California. *Id.* ¶ 43. Brown purchased AriZona Green Tea with Gingseng and Honey, AriZona Arnold Palmer Zero Half Iced Tea & Half Lemonade, AriZona Iced Tea with Lemon Flavor, and AriZona Southern Style Real Brewed Sweet Tea at various stores in Los Angeles, California. *Id.* ¶ 45. Townes purchased AriZona Arnold Palmer Zero Half Iced Tea & Half Lemonade, AriZona Fruit Punch Fruit Juice Cocktail, AriZona Golden Bear Lite Strawberry Lemonade, AriZona Iced Tea with Lemon Flavor, AriZona Iced Tea with Raspberry Flavor, AriZona Southern Style Real Brewed Sweet Tea, and AriZona Watermelon Fruit Juice Cocktail at various stores in New York, New York. *Id.* ¶ 47. Plaintiffs relied on the "No Preservative" markings on the products and believed that they were purchasing a preservative-free beverage. *Id.* ¶¶ 44, 46, 48. They allege that they would not have purchased the beverages, at least not at the price they paid, had they known that the beverages contained a preservative. *Id.* ¶ 49.

---

[1] The following facts are taken from the second amended complaint and "are presumed to be true for purposes of considering a motion to dismiss for failure to state a claim." *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 783 F.3d 395, 398 (2d Cir. 2015).

On May 14, 2019, Ashour commenced this action in the United States District Court for the Central District of California. ECF No. 1. One day later, he notified Defendants, pursuant to California Civil Code § 1782(a), that they were in violation of California's Consumer Legal Remedies Act (the "CLRA"). *Id.* ¶ 85. On July 24, 2019, the parties stipulated to transfer this action to this district, ECF No. 23, and on July 30, 2019, the action was transferred to this Court, ECF No. 26. On September 24, 2019, Ashour filed his first amended complaint, stating five causes of action. ECF No. 42. On October 14, 2019, Defendants moved to dismiss the first amended complaint. ECF No. 54. On September 18, 2020, the Court issued an order (the "Order") granting the motion as to Plaintiff's claims for injunctive relief, and otherwise denying the motion. Order, ECF No. 92. On March 17, 2021, the Honorable Ona T. Wang granted leave for Plaintiffs to file the second amended complaint. ECF No. 115.

The second amended complaint, filed on March 19, 2021, states eight causes of action: violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, Second Amend. Compl. ¶¶ 65–76; violation of the CLRA, Cal. Civ. Code § 1750, *et seq.*, Second Amend. Compl. ¶¶ 77–89; violation of California's False Advertising Law (the "FAL"), Cal. Bus. & Prof. Code § 17500, *et seq.*, Second Amend. Compl. ¶¶ 90–97; breach of express warranty under Cal. Com. Code § 2313, Second Amend. Compl. ¶¶ 98–105; violation of the New York General Business Law § 349, Second Amend. Compl. ¶¶ 106–11; violation of the New York General Business Law § 350, Second Amend. Compl. ¶¶ 112–17; breach of express warranty under New York common law, Second Amend. Compl. ¶¶ 118–24; and unjust enrichment, Second Amend. Compl. ¶¶ 125–29. Each of the state law causes of action were made on behalf of possible state-specific subclasses. *Id.* ¶¶ 65–129. Only the unjust enrichment cause of action was made on behalf of the nationwide class. *Id.* ¶¶ 125–29. Further, the California law causes of action and the nationwide unjust enrichment

cause of action were pleaded in the first amended complaint and subject to Defendants' prior motion to dismiss, *see generally* ECF Nos. 42, 54-1, and permitted to proceed by this Court, *see* Order.

Defendants move to dismiss the second amended complaint for failure to state a claim under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 9(b). Defs. Mot.; Defs. Mem. at 1–4. On March 31, 2022, the Court issued an order granting Defendants' motion as to the breach of express warranty under New York law, and injunctive relief pursuant to Federal Rule of Civil Procedure 23(b)(2) claims, and otherwise denied the motion. ECF No. 187. The Court stated that it would issue a memorandum opinion in due course. *Id.* This is that memorandum opinion.

## DISCUSSION

### I. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient factual allegations in the complaint that, accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff is not required to provide "detailed factual allegations" in the complaint, but must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Ultimately, the facts pleaded in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* The Court must accept the allegations in the pleadings as true and draw all reasonable inferences in favor of the non-movant. *ATSI Commc'n, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

### II. Analysis

Defendants argue that the second amended complaint fails because: (1) it does not state a claim that a reasonable consumer would be deceived by the labels; (2) notice was not provided for the breach of warranty claims; (3) Brown's pleadings were not sufficiently particularized; (4) Ashour

and Brown did not identify advertisements for their FAL claim; (5) Townes' unjust enrichment claim is duplicative; (6) Ashour and Brown's unjust enrichment claim does not state a cause of action; and (7) Plaintiffs' definition of products is not ascertainable.[2] *See* Defs Mem. The Court shall address each in turn.

### A. Deceptive Labeling Claims

Defendants argue that Plaintiffs' deceptive labeling claims fail under the California and New York reasonable consumer tests. Defs. Mem. at 9–17. To state a claim for false advertising or deceptive business practices, the law of both states asks if a reasonable consumer, acting reasonably, would be misled by the "No Preservatives" statement on the labels. *See Mantikas v. Kellogg Co.*, 910 F.3d 633, 636 (2d Cir. 2018); *Ebner v. Fresh, Inc.*, 838 F3d 958, 965 (9th Cir. 2016). Plaintiffs have sufficiently alleged that a reasonable customer would believe that a label stating "No Preservatives" would mean that the product does not contain an ingredient that is a preservative, if used in sufficient quantities, such as citric acid, even if there is not a sufficient quantity for the citric acid to act as a preservative in the product. *See* Second Amend. Compl. ¶¶ 2–6, 8, 22, 25, 27–28, 30–32, 44, 46, 48–49, 52; *see also* Order at 9–10. Further, Plaintiffs have sufficiently alleged that there is enough citric acid in the products to have preservative qualities. Second Amend. Compl. ¶ 32; *see also id.* ¶¶ 22–31. The issue of whether the citric acid in the products functions as a preservative is an issue for expert discovery, not one to be resolved at the pleading stage. *See Contant v. Bank of Am. Corp.*, No. 17 Civ. 3139, 2018 WL 5292126, at *6 (S.D.N.Y. Oct. 25, 2018).

---

[2] Defendants also argued that Plaintiffs lack subject matter jurisdiction to make unjust enrichment claims for all fifty states. Defs. Mem. at 17–19. They later filed a letter withdrawing this argument. ECF No. 134. The Court resolved this claim in the Order, finding that striking the nationwide unjust enrichment claim was premature. Order at 12. Therefore, Defendants' motion to dismiss the nationwide unjust enrichment claim is DENIED. Next, Defendants move to dismiss Plaintiffs' injunctive relief claim under Federal Rule of Civil Procedure 23(b)(2). Defs. Mem. at 19–20. Plaintiffs proffer that the Rule 23(b)(2) injunctive relief claim was inadvertently included in the second amended complaint and consent to its dismissal. *See* ECF No. 136 at 11 n.10. Accordingly, Defendants' motion to dismiss Plaintiffs' claim for injunctive relief is GRANTED.

5

Accordingly, Defendants' motion to dismiss Plaintiffs' deceptive labeling claims is DENIED.

### B. Notice for Breach of Warranty Claims

Next, Defendants contend that Plaintiffs failed to provide notice as required under New York and California law for their breach of warranty claims. Defs. Mem. at 20–22. To state a claim of breach of an express warranty under New York law, a plaintiff must allege that "there was an affirmation of fact or promise by the seller, the natural tendency of which was to induce the buyer to purchase and that the warranty was relied upon to the plaintiff's detriment." *DiBartolo v. Abbott Labs.*, 914 F. Supp. 2d 601, 625 (S.D.N.Y. 2012) (citation omitted). Further, there must be privity, unless the plaintiff claims personal injury as a result of the breach. *Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 290 (S.D.N.Y. 2014). Plaintiffs only claim economic injury, *see* Second Amend. Compl. ¶ 59 (excluding individuals with personal injury claims), therefore, privity is required to state a breach of express warranty claim. However, Plaintiffs have not alleged privity, as they plead that Townes purchased the products from retail stores in New York, not from Defendants. Second Amend. Compl. ¶ 47. Therefore, Plaintiffs have not pleaded the necessary elements of a breach of express warranty claim under New York law, and the Court need not reach the issue of notice.

California law does not require privity. *Allen v. Similasan Corp.*, 304 F.R.D. 635, 648 (S.D. Cal. 2015). Therefore, the Court shall address Defendants' notice argument. Under California law, a consumer must provide notice "within a reasonable time after discovery of the breach" of the warranty. *Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 929 (N.D. Cal. 2012); *see also* Cal. Com. Code § 2607(3)(A). The notice must be made prior to pleading a claim for breach of warranty, to permit the defendant time to "repair the defective item, reduce damages, avoid defective products in

the future, and negotiate settlements." *Cardinal Health 301, Inc. v. Tyco Electronics Corp.*, 87 Cal. Rptr. 3d 5, 20–21 (Cal. Ct. App. 2008). Further, the notice "need only be such as informs the seller that the transaction is claimed to involve a breach." *United Food Grp., LLC v. Cargill, Inc.*, No. 11 Civ. 7752, 2014 WL 12925561, at *4 (quoting West's Ann. Cal. Com. Code § 2607 cmt. 4) (quotation marks omitted).

Ashour provided notice to Defendants via a letter dated May 15, 2019, pursuant to the CLRA notice requirement. *See* Second Amend. Compl. ¶ 89; Letter, ECF No. 111-21.[3] The letter was sent before the breach of warranty claim was pleaded. Letter; *compare* ECF No. 1, *with* ECF No. 42 (adding breach of warranty claim). The letter states that the products "contain citric acid, a known preservative," even though Defendants warranted that the products had "No Preservatives" by so labeling them. Letter at 1. This was sufficient to place Defendants on notice that the class believed that there was a breach of the express warranty of no preservatives. *See United Food Grp., LLC*, 2014 WL 12925561, at *4–5. The Court also finds that there was sufficient time between when Ashour sent the letter, May 15, 2019, Letter at 1, and when Plaintiffs added a claim for breach of warranty under California law, September 24, 2019, ECF No. 42. *See Cardinal Health 301, Inc.*, 87 Cal. Rptr. 3d at 20–21. Defendants rely on two New York cases to argue that the notice provided by Ashour pursuant to the CLRA was insufficient. Defs. Mem. at 21. However, there is no requirement that a plaintiff provide two letters of notice, one for CLRA purposes and one for breach of warranty purposes. The CLRA letter contained sufficient factual allegations to put Defendants on notice that the class believed that the statement that there was "No Preservative" in the products was untrue and breached the no preservative warranty.

Accordingly, Defendants' motion to dismiss Plaintiffs' breach of express warranty claims is

---

[3] The letter was incorporated by reference into the second amended complaint, and therefore, may be considered in this motion to dismiss. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)

GRANTED for the New York claim, and DENIED for the California claim.

### C. Brown's Fraudulent Advertising Claim

Defendants argue that Brown has not pleaded his fraudulent advertising claim with the particularity required under Federal Rule of Evidence 9(b). Defs. Mem. at 22–23. Specifically, Defendants contend that Brown did not state the dates she made her purchases, did not state that she relied on the labels in making her purchases, and did not attach the labels to the complaint. *Id.* Brown pleaded her claims to the same level of specificity this Court has already found sufficient for Ashour under Rule 9(b). Order at 8–10. Brown pleaded that she purchased the products "on numerous occasions" over the class period, Second Amend. Compl. ¶¶ 45, 53, relied upon the "No Preservatives" label in making her purchases, *id.* ¶ 46, and attached the labels to the second amended complaint, *id.* Ex. A.

Accordingly, for the same reasons stated in the Order as to Ashour, Defendants' motion to dismiss Brown's fraud claims is DENIED.

### D. Identification of Advertisements for FAL Claim

Defendants contend that Ashour and Brown have failed to "identify any advertisement that they saw, what was stated therein, where and when." Defs. Mem. at 23. Both Plaintiffs did so allege. They both allege that they saw the "No Preservative" representation on various products on numerous occasions. Second Amend. Compl. ¶¶ 43–46. Further, this Court has already found the pleading sufficient to state a claim for false advertisement under the FAL. Order at 8–10. Accordingly, Defendants' motion to dismiss the FAL claim is DENIED.

### E. New York Unjust Enrichment Claim

Defendants further allege that Townes' claim for unjust enrichment should be dismissed because it improperly duplicates his tort and contract claims. Defs. Mem. at 24. Under New York

law, "a plaintiff may plead unjust enrichment in the alternative" when a plaintiff alleges fraud such that the defendants' enrichment was unjust. *Axon v. Florida's Natural Growers, Inc.*, 813 F. App'x 701, 706 (2d Cir. 2020). Townes has alleged fraud in the same manner this Court has already determined was sufficient pursuant to Rule 9(b) for the California plaintiffs. Order at 8–10; Second Amend. Compl. ¶¶ 33–42, 47–48. Further, Townes has pleaded that Defendants were unjustly enriched by their actions. Second Amend. Compl. ¶¶ 56, 117, 128. Therefore, Townes has permissibly pleaded his unjust enrichment claim in the alternative. Accordingly, Defendants' motion to dismiss the New York unjust enrichment claim is DENIED.

F. California Unjust Enrichment Claim

Defendants also move to dismiss the California unjust enrichment claim because they contend that California does not have a standalone unjust enrichment cause of action except in limited circumstances not present in this case. Defs. Mem. at 25–26. Assuming without deciding that California law governs the California Plaintiffs' unjust enrichment claim, the Court finds that it has been sufficiently pleaded. The California Supreme Court held that there is a standalone claim for restitution, which sounds in the same vein as other states' unjust enrichment causes of action. *See City of Long Beach v. Total Gas & Power N. Am., Inc.*, 465 F. Supp. 3d 416, 450 n.192 (S.D.N.Y. 2020). Given this development, courts have been hesitant to dismiss a claim for unjust enrichment based on the premise that no such claim exists under California law. *See In re Generic Pharm. Pricing Antitrust Litig.*, MDL 2724, 2022 WL 1470272, *10 (E.D. Pa. May 10, 2022). Further, courts have found that unjust enrichment can be pleaded in the alternative under California law. *See In Re Samsung Galaxy Smartphone Mktg. & Sales Pracs. Litig.,* No. 16 Civ. 6391, 2020 WL 7664461, *12 (N.D. Cal. Dec. 24, 2020). Ashour and Brown have sufficiently pleaded that Defendants made a misrepresentation from which they improperly profited. Second Amend. Compl.

9

¶¶ 33–46, 56, 128. The Court shall not dismiss the California unjust enrichment claim at this stage, given the uncertainty surrounding such a claim under California law, and that the California Plaintiffs have adequately pleaded an unjust enrichment claim, if one exists under California law. Accordingly, Defendants' motion to dismiss the California unjust enrichment claims is DENIED.

### G. Plaintiffs' Definition of Unnamed Products

Finally, Defendants contend that Plaintiffs' inclusion of "[a]ny other AriZona product representing it contains no preservatives despite containing citric acid" in the definition of "products," Second Amend. Compl. ¶ 2, is "unclear" and the complaint should be dismissed as to any product not specifically alleged. Defs. Mem. at 26–27. The Court disagrees. Plaintiffs have defined the products at issue with sufficient specificity to place Defendants on fair notice, especially given that Defendants produce the products, and, therefore, should know which ones are labeled as "No Preservatives" and contain citric acid. *Twombly*, 550 U.S. at 555.

## CONCLUSION

For the reasons stated above, Defendants' motion is GRANTED for the New York law breach of express warranty and the Federal Rule of Civil Procedure 23(b)(2) injunctive relief claims, and otherwise DENIED. Accordingly, the breach of express warranty claim under New York law, and the Federal Rule of Civil Procedure 23(b)(2) injunctive relief claim are DISMISSED. Further, Defendants' request for oral argument is DENIED.

SO ORDERED.

Dated: October 24, 2022
New York, New York

_____
ANALISA TORRES
United States District Judge