```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
AHMED ASHOUR, JOY BROWN and
CRYSTAL TOWNES, individually and on behalf
of all others similarly situated,

                              Plaintiffs,

               -against-                                    19 Civ. 7081 (AT) (OTW)

ARIZONA BEVERAGES USA LLC, HORNELL                                  ORDER
BREWING CO., INC., BEVERAGE
MARKETING USA, INC., ARIZONA
BEVERAGES HOLDINGS LLC, and ARIZONA
BEVERAGES HOLDINGS 2 LLC,

                              Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _4/12/2023_

ANALISA TORRES, District Judge:

On February 17, 2023, Defendants AriZona Beverages USA LLC, Hornell Brewing Co., Inc., Beverage Marketing USA, Inc., AriZona Beverages Holdings LLC, and AriZona Beverages Holdings 2 LLC filed objections, Defs. Obj., ECF No. 237, to the February 3, 2023 order issued by the Honorable Ona T. Wang (the "Discovery Order"), ECF No. 230, concerning Defendants' request for a protective order with respect to Plaintiffs Ahmed Ashour, Joy Brown, and Crystal Townes's Federal Rule of Civil Procedure 30(b)(6) deposition notice, ECF Nos. 217, 226. *See also* Defs. Reply, ECF No. 254. For the reasons below, Defendants' objections are OVERRULED.[1]

Federal Rule of Civil Procedure 72(a) provides that the district judge to whom a case is assigned shall consider a party's objection to a magistrate judge's order on a non-dispositive matter and shall "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). An order is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted). An order is contrary to law when it fails to apply or misapplies relevant statutes, caselaw, or rules of procedure. *Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009). Pretrial discovery rulings are non-dispositive and reviewed under the highly deferential clear error standard. *HotelsAB Green, LLC v. Reignwood Eur. Holdings SARL*, No. 17 Civ. 8776, 2019 WL 2236580, at *1 (S.D.N.Y. May 15, 2019).

Defendants argue that the Discovery Order is erroneous because it "does not address . . . material deficiencies" raised in Defendants' request for a protective order and "is fraught with ambiguity and conflicts with Rule 30(b)(6) by unduly burdening Defendants with [certain] impossible tasks" listed in Defendants' briefing. Defs. Obj. at 1–2. Defendants fail to provide controlling caselaw that supports their position. Defendants' objections consist of conclusory statements and repeated assertions that Judge Wang erred because she issued a concise decision.

---

[1] Defendants' request for oral argument, Defs. Reply, is DENIED.

*See, e.g., id.* at 5–7.  That is not clear error.  *See Williams v. Rosenblatt Secs., Inc.*, 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017) ("Under th[e clear error] standard, magistrate judges are afforded broad discretion in resolving non[-]dispositive disputes and reversal is appropriate only if their discretion is abused." (citation omitted)).  In addition, to the extent Defendants believe the Discovery Order is ambiguous, Defs. Reply at 3, Defendants could have filed a motion for clarification, *McCaffrey v. Gatekeeper USA, Inc.*, No. 14 Civ. 493, 2022 WL 1321494, at *1 (S.D.N.Y. May 3, 2022); *see also, e.g.*, *Johnson v. Hughes*, No. 19 Civ. 508, 2023 WL 2206639, at *2 (D. Conn. Feb. 24, 2023).  The Court finds no clear error in the Discovery Order.  Accordingly, Defendants' objections are OVERRULED.[2]

SO ORDERED.

Dated: April 12, 2023
New York, New York

_____
ANALISA TORRES
United States District Judge

---

[2] Defendants state that, in their memorandum in support of their motion for a protective order, ECF No. 226, they "sought an order barring Plaintiffs from questioning Defendants' witnesses, deposed pursuant to the [i]ndividual [n]otices, on the same matters that were the subject of the 30(b)(6) examination of that same witness." Defs. Obj. at 14. Defendants argue that the Discovery Order "is clearly erroneous because it does not even address that part of the motion." *Id.* at 15. Defendants do not support their assertion with caselaw.  In any event, to the extent the Discovery Order does not address this request, the Court does not have a decision to review under Rule 72(a).  Accordingly, that request and/or objection is not properly before the Court.