October 6, 2023

**VIA ECF**
Honorable Ona T. Wang, U.S.M.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20D
New York, New York 10007

   Re: *Ashour, et al. v. Arizona Beverages USA LLC, et al.*
      Case No. 1:19-cv-07081-AT-OTW

Dear Judge Wang:

Pursuant to the Court's order (ECF No. 186), we write to provide a status report.

**Plaintiffs' Submission**

Plaintiff Crystal Townes' Interrogatories to Defendants

Plaintiffs have provided Defendants with a written explanation as to the deficiencies of Defendants' Amended Objections and Responses to Plaintiff Crystal Townes' Second Set of Interrogatories. Plaintiffs are hopeful that the Parties will be able to avoid Court intervention. Defendants have until October 9, 2023 to supplement their Responses.

Defendants appear to argue that there is a cap on the amount of information that a party must produce pursuant to an Interrogatory by broadly arguing proportionality. Rather, Rule 26(b) requires that a producing party provide the requesting party with "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," responsive to the discovery request. The Rule does not state anything that would allow a responding party to limit their responses to interrogatories.

Moreover, to permit Defendants to withhold information because they have already produced "enough" information, would allow them to effectively censor the information in their possession and thereby potentially withhold relevant information. In fact, that already happened here. For example, Plaintiffs discovery that a string of highly relevant emails produced by Defendants did not contain the entire string, which Plaintiffs were only able to uncover through third-party discovery when a third party produced the missing emails. The amount of sleuth work Plaintiffs have had to undertake to obtain relevant information is where the proportionality concerns lie. Thus, but for Plaintiffs having subpoenaed the third party, they would have never discovered the improperly withheld emails. Interestingly, the missing string arguably contained some of the most relevant pieces of evidence supporting Plaintiffs' claims of all of the discovery produced thus far. As proportionality is concerned, sparing the Court an exhaustive analysis as to why Plaintiffs' requests meet the standard, if required to do so in connection with a motion to compel or an

opposition to a protective order, Plaintiffs are confident that the information sought by the discovery requests are proportional to the needs of the case.

Defendants also argue that the number of Interrogatories "far exceed the allowable number." Defendants are also incorrect on that point. It is well-established that each plaintiff in a federal civil action is allowed 25 interrogatories. Plaintiffs have not served more than 75 interrogatories in total. For this reason, Defendant's argument in this regard lacks any merit.

ESI Discovery Produced By Defendant

Like with the interrogatories, Defendants attempt to argue that there is some cap on the amount of discovery a party is required to produce. Defendants chose to measure this cap by gigabytes of ESI produced. First, it is not uncommon in complex class action litigation for a corporate defendant to have to produce tens of thousands of documents or more. Second, Plaintiffs are unaware of any discovery rule or case law that support Defendants' "size cap" argument. Moreover, the 36 gigabytes of documents produced by Defendants contained wholly-irrelevant information that was not responsive to Plaintiffs' requests and that do not concern any of the Products that are the subject of this litigation (*e.g.*, securities analyst reports of companies totally unconnected to beverage products such as companies that sell nicotine products, a newspaper clipping about a school shooting, a receipt for an expensive lamp bought by one of the Vultaggios, information about Jack Niclaus donating his Rolex watch to raise money at a charity event, commercial emails advertising products wholly unconnected to the litigation, etc.) Thus, unless Defendants can provide some support for this purported cap, it must be rejected out of hand.

Without any legal or factual support whatsoever, Defendants state that Plaintiffs' requested information is not proportional to the needs of the case. Defendants also complain about the amount of time spent and the expense incurred. As far as meeting Rule 26's proportionality test, Plaintiffs can do so handily. As far as complaints regarding "time spent" and "expense incurred" are concerned, according to Forbes magazine, Defendants sold more than 3 billion containers of Arizona beverages—an estimated $1.2 billion worth—in 2016 alone. Standing accused of selling Arizona beverages to consumers at a premium price under false pretenses, a company with a billion-dollar plus in annual revenue cannot credibly argue that the expense it may incur for complying with discovery requests is not proportional to the needs of the case.

Plaintiff Ahmed Ashour's Second Set of Requests for Production of Documents to Defendants

Plaintiffs have served a Second Set of Requests for Production of Documents to Defendants on September 29, 2023, seeking the production of documents sufficient to identify all retailer specific product codes as well as production of all documents contained in Arizona's Label Archive related to all Products that contained a "No Preservative" or "No Preservatives Added" representation during the class period. Defendants have until October 31, 2023 to produce all non-privileged responsive documents. Plaintiffs' requests are timely given that Defendants only substantially completed document production last month, and they were served within the discovery period.

Defendants' Supplemental Document Production

Defendants substantially completed their document production on September 14, 2023. As the Court is aware, Defendants have taken most of the discovery period to produce documents, leaving Plaintiffs with very little time to review all of the documents, determine whether any information is missing (as it has already been determined through third-party discovery), meet and confer with Defendants as to any deficiencies and bring any disputed matters to the Court prior to the discovery deadline. Plaintiffs promptly sent a meet and confer letter last week outlining the first perceived defects in the document production. Plaintiffs are continuing their review of Defendants' production and will promptly initiate a meet and confer if necessary.

Stipulation as to Plaintiff Crystal Townes' Purchased Products

Following a request from Defendants' counsel concerning two empty containers of Arizona Beverages produced by Plaintiff Townes, Plaintiffs have agreed to execute a stipulation on behalf of Plaintiff Crystal Townes' purchase of Arizona Products providing Defendant the dates when the Products were purchased, the price paid for the Products, the location where the Products were purchased and whether they were purchased for personal consumption.

Depositions

The depositions of Defendants' representatives Mike Kutner, Dean Angel, Julie Brenner, and Spencer Vultaggio were taken on September 25, 26, 27, and October 3 respectively. Based on the testimony provided by those individuals, Plaintiffs have served supplemental requests for production of documents.

The deposition of Wesley Vultaggio is scheduled for October 12.

The parties have continued to meet and confer regarding the Rule 30(b)(6) topics and have reached agreement on all topics, but are waiting for a response from Defendants on two topics. Such agreement is documented in correspondence between the parties and contains details as to the expectation for testimony and preparation of witnesses, which were the chief concerns raised at the last status conference. Plaintiffs confirmed the agreement to the topics by email on October 2, 2023. Defendants have requested that Plaintiffs re-issue the deposition notice, which Plaintiffs will do once Defendants confirm agreement to the remaining two topics. Plaintiffs also intend to make the email correspondence detailing the discussion of, and agreement to, the scope of the topics as an exhibit to the deposition notice.. Defendants proposed dates for the three Rule 30(b)(6) deponents, and such dates work for Plaintiffs' counsel. However, the dates Defendants have proposed are days before the discovery deadline. Therefore, Plaintiffs have advised Defendants they believe agreement to extend the discovery deadline until December 22, 2023 is necessary to allow Plaintiffs a fair and adequate amount of time following the Rule 30(b)(6) deposition to move the Court for any relief should it become clear that evidence or testimony not been produced in accordance with the Rule. Plaintiffs believe given the perceived deficiencies already identified in the document production—and now being left with insufficient time to meet and confer prior to the discovery deadline—a brief extension of the discovery deadline is appropriate. The parties will involve the Court by October 13, 2023, by stipulation or contested motion.

Third-Party Subpoenas

The Parties have received a document production from Niagara Bottling and expect Doehler North America's document production before October 6, 2023. In addition, Plaintiffs are anticipating a supplemental document production from Knouse Foods. All documents received by Plaintiffs from the third parties have been served upon Defendants.

Plaintiffs are continuing to coordinate with the third parties regarding additional document productions. Following receipt and analysis of the third parties' substantial document productions, Plaintiffs will determine whether additional depositions of the third parties will be necessary.

**Defendants' Submission**

Depositions of Defendants

As to the 30(b)(6) depositions, with the possible exception of two topics, the parties have agreed, in principle, as to new and revised topics that were previously disputed and were the subject of a motion for a protective order. The issue concerning those disputed topics was addressed during the Court's May 2, 2023 hearing. Defendants asked that Plaintiffs reissue the notice with all topics, as revised (which total 22 in number), to assure the parties' understanding as to what topics will be the subject of those depositions so that witness designations and scheduling can take place. Plaintiffs refused to do so and asked, instead, that dates for the witnesses be furnished first. Defendants have furnished deposition dates of November 2, 9 and 10. This would result in the conclusion of party depositions a week before the current fact discovery deadline. Yesterday, Plaintiffs agreed to proceed on those dates with the "caveat" that Defendants first agree to a request to extend discovery deadline to December 22. Plaintiffs suggest the extension is necessary because there is a chance the upcoming depositions uncover some further discovery not yet produced. Perhaps we ought to wait and see if such extension is necessary before making this request.

Plaintiff Crystal Townes' Interrogatories to Defendants

Defendants are not arguing that a "cap" exists. These interrogatories required responding to, *inter alia*, multiple sub part questions, covering more than 8 years of time, about water sources for dozens of co-packers, and the initial pH level and the "batch PH" for products made by these co-packers (in two questions alone). To appreciate the immense scope of these questions, there are currently about 50 co-packer locations utilized to make Arizona products throughout the country. Other interrogatories sought multiple responses about water activity calculations, pH levels, Brix readings and Titratable Acidity calculations for well more than a dozen flavored products, believed to be made in hundreds of instances, by these co-packers, throughout the United States, since May 14, 2015. Another question sought information about these products' "finished equilibrium pH level of each finished batch product before the final addition of citric acid". All these interrogatories are unduly overbroad, not proportional to the needs of the case and responses to same are more practically obtained through documents produced **and/or depositions consistent with Local Rules.** Subject to the objections interposed, Defendants furnished responses on July 7, 2023. The responses included written responses along with specification of documents from which responses to the interrogatories may be derived consistent with Rule 33.

During a meet and confer on August 3, 2023, Plaintiff addressed concerns about answers to numbers 1 and 2 only. Defendants advised that they stood by their objections but were willing to consider Plaintiffs' concerns raised as to those responses (i.e., numbers 1 and 2) and asked that those issues be expressed in writing. Instead, on September 29, Plaintiffs sent a discovery deficiency letter that included concerns regarding Defendants answers to Interrogatories 1, 2, 3, 4, 6, and 7. Plaintiffs' statement that they "provided Defendants with a written explanation as to the deficiencies" refers to that letter, which was transmitted on the same date that this status update was originally due. In that letter, Plaintiffs unilaterally stated that "Defendants have until October 9, 2023, to supplement their Responses" to answers to those interrogatories. Defendants have asked to meet and confer.

In short, Plaintiffs provided Defendants with a deficiency letter on the literal day that this status update was originally due. The parties intend to meet and confer on these issues in the hopes of resolving them without the need for court intervention. Based on Plaintiffs' arbitrary unilateral deadline of October 9, and as noted below, however, a pre-motion discovery conference may be necessary.

<u>Grounds Exist To Depose Plaintiff Crystal Townes Because of the Failure To Produce the Promised Stipulation on Purchased Products</u>

During Plaintiff Crystal Townes' ("Plaintiff Townes") deposition, that plaintiff acknowledged the failure to produce containers of Arizona product that were requested to be produced in Defendants' deposition notice. Defendants reserved the right to depose Plaintiff Townes on those issues. After months waiting for promised production from Plaintiff Townes, Plaintiff Townes stated in an affidavit that those containers were discarded.

Plaintiff Townes then produced, through counsel, without any cover letter, two 20 ounce containers of Arizona product (a Half Iced Tea & Half Lemonade, and an Iced Tea with Lemon Flavor). In request for admissions, Defendants sought to authenticate those containers to avoid the need for a further deposition on this subject. Plaintiff Townes' responses included objections that amounted to a refusal to authenticate those containers.

Defendants intend to depose Plaintiff Townes on these produced containers unless there is a stipulation identifying those containers as being purchased by her, for personal consumption, stating when those purchases were made, where and for what price. By email dated September 28, 2023, Plaintiffs' counsel stated that they would sign such a stipulation. No such stipulation has been received and, unless that promised stipulation is received by October 9, Defendants will proceed with Plaintiff Townes' deposition.

<u>Discovery Furnished By Defendants</u>

Defendants have substantially completed document production. To date, Defendants have reviewed over 64 GB of data and furnished in excess of 36 GB of ESI, some documents dated over ten years ago. Defendants are, again, not arguing that a "cap" exists. Instead, Defendants are merely summarizing the massive amount of discovery furnished. This process has been enormously expensive, time consuming and, in many instances, not proportional to the needs of the case. The documents produced include, but are not limited to, hundreds of labels, dozens of

formulas, specification sheets, product cost information, co-packer information, supplier information, customer information, sales data, invoices, IRI data covering nationwide and state wide sales for multiple years, marketing presentations, and thousands of pages of emails. Defendants have also responded to 86 request for admissions (which amount to 430 responses given that the requests were directed at the 5 defendants). Further, Defendants have furnished answers to multiple sets of interrogatories, that far exceed the 25 allowable by Court Rules, and produced 4 witnesses for deposition thus far (with another 4 other witnesses likely to be deposed).

As to Plaintiffs' allegations that Defendants have produced so-called "irrelevant" information, at the May 2, 2023 Status Conference before Your Honor, Mr. Ramirez specifically argued that other than privileged documents, Defendant should be producing all ESI responsive to the search terms. (ECF 262, T. 18:4-19:2). Any so-called "irrelevant" information produced to date was identified as being responsive to the search terms. While Defendants have attempted to weed out documents that are obviously not responsive to discovery demands or relevant to the litigation, to the extent any "irrelevant" information was produced, it was out of an abundance of caution, and, consistent with Mr. Ramirez's preference. Parenthetically, Plaintiffs object to a document produced about Jack Nicklaus. Defendants respectfully request the Court take judicial notice that Jack Nicklaus was known as the "Golden Bear" and Arizona Golden Bear products are a part of this case. This is just one example that illustrates why the document was arguably within the scope of the requests.

Defendants were unaware that Plaintiffs were claiming that emails were withheld until receipt of this revised draft letter on October 4. Defendants have asked Plaintiff to identify the asserted missing string and received those emails yesterday. Counsel will discuss the issue with Plaintiffs to provide an explanation.

Plaintiffs are also now stating that they intend to serve additional document requests on Defendants as the discovery deadline approaches. They are also seeking to meet and confer about document demands, served in 2020, that include requests that were the subject of motions filed in 2021 and a court order entered well over two years ago. (ECF No. 169). Consistent with Rule 26, and the issue of proportionality, a pre-motion discovery conference is likely to be requested by Defendants to seek enforcement of a prior court order and/or seek further relief. A meet and confer is scheduled for October 9.

After receiving these communications from Plaintiffs, raising a myriad of issues, not previously addressed in the recent status letters, Defendants have suggested that the parties jointly submit a request for a discovery and a scheduling conference, instead of inundating the Court with the within submission. Perhaps that issue can be addressed at the parties' meet and confer as well.

Thank you for Your Honor's attention to this matter.

Respectfully Submitted,

| | |
|---|---|
| **PEARSON WARSHAW, LLP** | **STEVENS & LEE** |
| */s/ Melissa S. Weiner* | */s/ Robert P. Donovan* |
| MELISSA S. WIENER | ROBERT P. DONOVAN |
| | *Attorneys for Defendants* |
| **REESE, LLP** | |
| CARLOS F. RAMIREZ | |
| *Attorneys for Plaintiffs* | |