November 28, 2023

**VIA ECF**
Honorable Ona T. Wang, U.S.M.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20D
New York, New York 10007

      Re:    *Ashour, et al. v. Arizona Beverages USA LLC, et al.*
              Case No. 1:19-cv-07081-AT-OTW

Dear Judge Wang:

Pursuant to the Court's order (ECF No. 186), we write to provide a status report.

**Plaintiffs' Submission**

Plaintiffs' Discovery Requests to Defendants

Plaintiffs have provided Defendants with a written explanation as to the deficiencies of Defendants' Amended Objections and Responses to Plaintiff Crystal Townes' Second Set of Interrogatories. The Parties are continuing their efforts to meet and confer and Plaintiffs are hopeful that the Parties will be able to avoid Court intervention.

As to Plaintiff Joy Brown's Interrogatories, Defendants served their objections and responses on November 3, 2023. Most of the responses do not provide complete answers to the interrogatories, while other answers refer Plaintiffs to dozens upon dozens of documents that are still being reviewed in order to determine whether, in fact, they provide the answers that Plaintiffs are entitled to obtain under applicable discovery rules. If Plaintiffs find that Defendants' responses are deficient, they will meet and confer with Defendants.

Plaintiffs are continuing their review of Defendants' substantial document production and, to the extent that they find any issues, they will promptly initiate a meet and confer with Defendants if necessary.

Finally, the Parties have multiple unresolved issues with respect to Defendants' document production. Because the Parties are continuing to meet and confer regarding these outstanding issues, they are not ripe for motion practice. However, depending on the outcome of the Parties' negotiations, Plaintiffs may need to seek Court intervention during the month of December.

Depositions

Plaintiffs have now taken the individual depositions of Arizona employees Mike Kutner, Dean Angel, Julie Brenner, Spencer Vultaggio and Wesley Vultaggio.

Plaintiffs have also taken Rule 30(b)(6) depositions of Defendants' corporate representatives on all Topics except for Topic 2, for which Defendants agreed to produce a list of the Products called for by the Topic instead of a live witness. The list produced by Defendants to date does not provide the answers sought by Topic 2. The Parties engaged in a meet and confer on November 27, 2023, on this issue during which Defendants advised Plaintiffs that they should be able to provide such a list within two weeks.

Following the 30(b)(6) testimony of Don Vultaggio and Todd Christiansen, Plaintiffs notified Defendants of a multitude of requests for supplementation of Defendants' document production. The Parties are continuing their efforts to resolve these requests and Plaintiffs are hopeful that the Parties will be able to avoid Court intervention.

On November 21, 2023, Plaintiffs informed Defendants in writing that Don Vultaggio, who Defendants offered to testify as a 30(b)(6) witness as to Topics 1, 4, 5, 6, 10, 12, 14, 17, 18, 19, 21, 22 and 24, was not adequately prepared to testify as to many of those Topics. By letter dated November 27, 2023, Defendants responded that Mr. Vultaggio was adequately prepared to testify. As this issue has only recently been addressed by the Parties, Plaintiffs and Defendants will need to meet and confer in order to determine whether Mr. Vultaggio (or another corporate representative) will need to be produced to provide additional testimony, or whether Court intervention will be necessary.

Finally, the Plaintiffs took a 30(b)(6) deposition regarding Topic 29 on November 2, 2023, which sought information concerning Defendants' ESI. Specifically, after meeting and conferring on numerous occasions, Plaintiffs agreed to limit their questioning of Defendants' 30(b)(6) witness(es) to "the location, storage, maintenance, and/or handling of electronically stored information ('ESI') and any 'backup tape and voicemail systems.'" After Plaintiffs put Defendants on notice of a gaping hole in Defendants' email production, which was evidenced by email threads produced by a third party that were not produced by Defendants, Plaintiffs attempted to ask the Topic's witness, Gabe Utset, about what was done to search for emails responsive to Plaintiffs' requests. At such time, Defendants' counsel instructed the witness to not answer any questions on this issue because they purportedly went beyond the parameters of the Topic as agreed upon by the Parties and, in any event, because the line of questioning sought "discovery on discovery" that could not be obtained without court order.

Defendants argue that Plaintiffs are not entitled to reopen the Topic 29 deposition to ask Mr. Utset about the highly relevant emails that were not produced, which Plaintiffs had to find out about through a third-party production. In support of that argument, Defendants proffer a letter they sent Plaintiffs explaining why they purportedly did not find these emails initially. However, Defendants' one-sided explanation as to how they failed to provide clearly responsive and relevant ESI is not enough to preclude further investigation. In addition to defense counsel's improper instruction to Mr. Utset to not answer questions that were clearly within the realm of the agreed upon Topic, the law is clear that a party may probe into how a search occurred if there is reason to believe that a party has failed to produce responsive/relevant information, which Plaintiffs have handily established here. In other words, a party cannot self-correct an alleged discovery violation without giving the requesting party a chance to probe the matter further.

11/28/2023 SL1 1963240v1 115260.00002

If the Parties continue to remain at an impasse on this issue, Plaintiffs will have no choice but to seek Court intervention.

Third-Party Subpoenas

As of today, Plaintiffs do not expect to receive any additional document productions from third parties, nor do they foresee issuing additional subpoenas to third parties. Following analysis of the third parties' document productions, Plaintiffs will determine whether additional depositions of the third parties will be necessary.

Parties' Stipulation as to Scheduling Order

On October 13, 2023, the Parties submitted a Joint Stipulation to Extend the Fact Discovery Deadline in this matter (ECF. No. 274). The Parties stipulated to a fact discovery deadline of January 17, 2024. The Parties proposed January 17, 2024 in an acknowledgment of avoiding any complications that may arise due to the Holidays.

On October 17, 2023, the Court entered an Order extending the fact discovery deadline to December 22, 2023, with a deadline of January 5, 2024 for submission of pre-motion letters for any motions for summary judgment. (ECF. No. 276). As This deadline presents the very complications that the Parties were seeking to avoid by stipulating to a fact discovery deadline of January 17, 2024. In addition, the Parties anticipate the use of expert witnesses in support of the Parties' claims and defenses in this matter. The opinions of those experts may be probative to a potential dispositive motion. Thus, it may be desirable to conserve judicial resources to permit the filing of summary judgment motions after the close of expert discovery.

The Parties continue to coordinate the draft of a stipulation setting forth a schedule for engaging in expert discovery, as well as the filing of a motion seeking class certification. The Parties are also contemplating entering into a stipulation concerning the scheduling of dispositive motions after the completion of expert discovery.

Plaintiff Joy Brown Deposition Exhibits

At Defendants' request, Ms. Brown brought to her deposition certain containers of Arizona beverages that she had purchased. During the deposition, the court reporter took multiple photos of those containers, with each container (or set thereof) bearing the Exhibit sticker affixed to them by the reporter. Those photographs, which Plaintiffs forwarded to Defendants, by letter dated November 21, 2023, are attached to her deposition transcript. Following her deposition, Ms. Brown was not required to leave the containers and she took them home. This was done with the permission of Defendants' counsel. Although there would appear to be no prejudice to Defendants because they have copies of the photographs of the containers marked as deposition exhibits, at Defendants' request, Plaintiffs will nevertheless provide an affidavit from Ms. Brown explaining why she no longer possesses them.

**Defendants' Submission**

Depositions

On November 21, Plaintiffs sent a letter to Defendants making the baseless assertion that Don Vultaggio was not prepared for his 30(b)(6) deposition. In preparing, Mr. Vultaggio testified that he reviewed documents, consulted with counsel and communicated with employees at Defendants. Mr. Vultaggio has been operating the business since inception, more than 30 years ago, and had vast personal knowledge to testify about many of the topics. His testimony encompassed more than 6 hours and in excess of 235 pages.

On November 21, after that letter was sent, the parties held a meet and confer where Plaintiffs did not mention this issue. On November 27, Defendants responded in writing to the November 21 letter citing to the deposition testimony demonstrating Mr. Vultaggio's knowledge, preparation and ability to answer the topics cited in the letter including, but not limited to, his testimony about: (1) labels; (2) decision making about formulas; (3) ingredients; (4) marketing; (5) the statement "no preservatives"; (6) the purpose of using citric acid; (7) the supply chain for citric acid; (8) pricing; and (9) costs. On the same date, the parties held another meet and confer and Plaintiffs indicated they were reviewing Defendants' response but were not prepared to discuss the matter. Defendants will oppose any motion seeking to compel another 30(b)(6) deposition and may seek a protective order if necessary.

As to the November 2 30(b)(6) deposition of Mr. Utset, regarding Defendants' ESI, Plaintiffs asked the witness what he did with regard to the agreed upon search terms in connection with the document production in the case. Defendants objected and directed the witness not to answer that question and other similar questions about how that witness retrieved documents in response to discovery requests because those questions sought information protected under the attorney work product and/or attorney-client privilege and/or constituted "discovery on discovery." After a meet and confer, near the end of the deposition, Plaintiffs elected not to pursue this line of questioning and agreed that, if Plaintiffs sought to pursue such "discovery on discovery," they would seek a Court order.

Defendants are unaware of a "gaping hole" in production to which Plaintiffs refer. In response to Plaintiffs previously alerting Defendants about two strings of emails not included in the production, Defendants undertook an investigation and a further search. By email dated November 21, Defendants produced those emails, as well as a small number of other emails located in the search, and provided an explanation as to why those communications were not initially located and produced.

As to topic 2, for which a list has been discussed, because the product information to be reviewed encompasses 8 years, and given intermittent changes to product lines and ingredients, a significant amount of time is required to identify the products that are the subject of that topic. Defendants will make every effort to have the list completed within 2 weeks.

Plaintiffs' Discovery Requests to Defendants

Subject to objections, Defendants have responded to the two sets interrogatories in question and, in accordance with the rules, have provided substantive responses and identified documents from which responses to many of those questions may be derived.

On November 17, Plaintiffs requested that Defendants produce emails from a witness (Mr. Christiansen) who was deposed that day. Defendants are performing a search in order to do so.

Parties' Stipulation as to Scheduling Order

As to the date for summary judgment motions, the Court order directs that pre-motion letters be submitted within 14 days of the close of fact discovery. (ECF No. 276). Defendants expect to file a pre-motion letter by that deadline. Contrary to Plaintiffs' assessment, a ruling on Defendants' motion for summary judgment, after the close of fact discovery, could well serve to conserve judicial resources.

Defendants are willing to consider Plaintiffs' proposal about setting a deadline for a motion for class certification and have requested that a deadline also be set for the completion of all expert discovery.

Plaintiff Joy Brown Deposition Exhibits

Pursuant to the deposition notice served upon Plaintiff Joy Brown ("Plaintiff Brown"), Plaintiff Brown produced containers of Arizona products that she had purchased after filing suit. These containers, which were full and unopened, were marked for identification. At Plaintiff Brown's request, at the conclusion of her deposition, those containers were returned to her under the agreement that the containers would be preserved. In response to the recent request that the containers be sent to Defendants for inspection and photographs, Plaintiffs advised that they all had been discarded and sent photographs of these exhibits. Plaintiffs have agreed to have Plaintiff Brown provide an affidavit as to who destroyed and/or discarded these containers and how, why, where and when this occurred.

Thank you for Your Honor's attention to this matter.

Respectfully submitted,

| | |
|---|---|
| **REESE LLP** | **STEVENS & LEE** |
| */s/ Carlos F. Ramirez* | */s/ Robert P. Donovan* |
| CARLOS F. RAMIREZ | ROBERT P. DONOVAN |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |