# REESE LLP

December 7, 2023

**VIA ECF**
Honorable Ona T. Wang, U.S.M.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20D
New York, New York 10007

      Re:   *Ashour, et al. v. Arizona Beverages USA LLC, et al.*
             Case No.: 1:19-cv-07081-AT-OTW

Dear Judge Wang:

Plaintiffs request a pre-motion conference pursuant to Local Civil Rule 37.2 to discuss the need to bring a motion to compel Defendants to produce information and/or testimony sought pursuant to Plaintiffs' Second Amended Notice of Deposition of Defendants Pursuant to Federal Rule of Civil Procedure 30(b)(6), dated October 30, 2023 (attached hereto as Exhibit 1 (the "Notice")). Specifically, Plaintiffs seek to compel Defendants' answers to questions they were instructed to not answer at a 30(b)(6) deposition held on November 2, 2023, concerning Topic 29 of the Notice (seeking information concerning ESI).

## The Parties' Meet and Confer Regarding This Issue Was Not Fruitful

After Defendants' witness was instructed not to answer Plaintiffs' questions, as discussed below, the Parties agreed to call the Court to get a ruling on the issue. The Court was unavailable at that time. A few hours later, the Court issued a ruling that the parties should meet and confer during the lunch break to resolve the dispute. Per the Court's Order, the Parties met and conferred, however, they remained at an impasse. The Parties agreed that Plaintiffs would not continue to pursue the line of questioning Defendants objected to and, to the extent that Plaintiffs wanted to seek that information in the future, Plaintiffs would need to seek a Court Order requiring Defendants to answer said questions.[1] For the reasons given below, a motion to compel would be proper under these circumstances.

## Topic 29 (ESI)

It should be noted at the outset that since Defendants' service of their objections and responses to the original 30(b)(6) Notice **over two years ago**, the Parties have had to engage in countless meet and confers on the content of the Notice's Topics, not to mention the countless hours spent litigating the same before this Court. Indeed, even over the course of the last several months, the Parties have had to continue to meet and confer concerning many of the Notice's Topics, including the Topics raised herein.

After numerous meet and confers, Plaintiffs agreed to limit Topic 29 to "the location, storage, maintenance, and/or handling of electronically stored information ('ESI') and any 'backup tape and voicemail

---

[1] Attached hereto as Exhibit 2 are excerpts of the deposition transcript relating to the Parties' discussions concerning this issue.

1

systems.'"

At the 30(b)(6) deposition, Plaintiffs attempted to ask Defendants' Topic 29 witness about the location, storage, and maintenance of emails produced by Defendants in this litigation. The line of questioning was necessary because it had come to Plaintiffs' attention that Defendants had not produced certain relevant emails exchanged between them and one of their suppliers, Allen Flavors, Inc. ("AFI"). Specifically, an email thread produced by Defendants (attached hereto as Exhibit 3) is missing emails that appear in an email thread produced by AFI (attached hereto as Exhibit 4). Thus, on notice of the glaring discrepancy between Defendants' email production compared to AFI's, Plaintiffs sought to ask questions within the parameters of the agreed upon Topic in order to determine how Defendants could have failed to produce emails clearly responsive to Plaintiffs' discovery requests. Notably, the documents Defendants failed to produce were unfavorable to Defendants. Had Plaintiffs been allowed to pursue this line of questions, Plaintiffs would have also asked questions in order to determine whether any other responsive documents had not been produced. However, Defendants' counsel repeatedly instructed the Topic 29 witness to not answer any questions seeking information concerning the missing emails issue because they allegedly went beyond the parameters of the and they purportedly sought "discovery on discovery." *See e.g.*, Ex. 2 at 51:7-61:13, 87:17-92:6, 110:4-116:22.

Defense counsel's instructions were improper. Plaintiffs' line of questioning was clearly within the scope of Topic 29, as agreed upon by the Parties. For example, the information Plaintiffs sought concerned the locations where Defendants store their ESI, including emails. Questions concerning where ESI is located, as well as its storage and maintenance by Defendants, were clearly within the parameters of the agreed upon Topic. Importantly, if Plaintiffs had been allowed to ask these questions, they would have likely elicited testimony about how Defendants had, ***in fact***, failed to search certain individual users' mailbox archives, which is exactly where Defendants later found the missing emails,[2] which substantiates the need to ensure no *additional* discovery has been withheld. Moreover, Plaintiffs' questions would have obviated more needless litigation between the Parties on yet another discovery matter and the draining of additional judicial resources.

But even if the Court were to agree with Defendants' interpretation that Plaintiffs' questions were not within the scope of Topic 29, Plaintiffs have established good cause as to why they should be allowed to inquire into Defendants' failure to produce relevant ESI. In fact, a party seeking this type of information may obtain it if it can show that additional responsive materials exist and were withheld. *See Orillaneda v. French Culinary Inst.*, No. 07-3206, 2011 WL 4375365, at *5-9 (S.D.N.Y. Sept. 19, 2011) (noting that discovery on discovery may be ordered if the compelling party can identify specific deficiencies in the opposing party's production); *Jensen v. BMW of N. Am., LLC*, 328 F.R.D. 557, 566 (S.D. Cal. 2019) (same).

The email threads at Exhibits 3 and 4 clearly establish that Defendants failed to turn over responsive, highly relevant evidence that Plaintiffs would have never known about had they not subpoenaed a third party. Importantly, this confirms Plaintiffs' suspicion since early last year that Defendants have not been producing all of the relevant emails responsive to Plaintiffs' requests. This should come as no surprise to the Court because Plaintiffs have raised this issue on at least ten occasions both in writing and during court conferences. As addressed in a multitude of Joint Status Reports filed in this case, Plaintiffs noted that:

> Plaintiffs' counsel has reviewed these productions in their entirety and continues to be puzzled by how so few particularly relevant emails have been produced, especially given (1) the significant number of custodians' whose emails are being searched (sixteen different people) and (2) the relatively broad search terms being deployed (e.g., the phrase "No Preservatives" and the terms "preserv*" AND "ingredient*"). To further illuminate that Plaintiffs are not receiving the type of robust email productions common in class actions against major corporations and to put some metrics on the issue, Plaintiffs have searched the ESI productions to date and report, based

---

[2] Letter from Stevens & Lee to Plaintiffs' counsel concerning production of missing emails, dated November 21, 2023 (attached hereto as Exhibit 5).

on searching metadata who emails are from, the following minimal quantity of emails from key personnel: Don Vultaggio (Chairman): Zero emails from him.;[3] Spencer Vultaggio (Chief Marketing Officer): 5 emails from him; Wesley Vultaggio (Chief Creative Officer): 2 emails from him; Dean Angel (Director of Program Assurance): 15 emails from him; and Mike Kutner (Vice President of Procurement and Copack Operations): 8 emails from him. There have been a larger number of produced emails to the custodians but, even then, these are often predominantly just mass mailings with little (if any) relevance to the case. Simply put, Defendants have largely not produced the types of standard back-and-forth email correspondence that is common in businesses (especially businesses of the stature of Defendants). ***Also, with respect to some emails, the thread is not produced in its entirety and in the order in which the conversation takes place.*** Moreover, the authors' responses are interspersed across hundreds of other documents (likely in violation of F.R.C.P. Rule 26(b)(5)(A)) making it extremely difficult for the document reviewer to comprehend the substance of the email conversation.

Joint Status Report, dated April 28, 2023 at p. 2-3, ECF No. 257 (emphasis added); *see also* Joint Stat. Rprt. 2, ECF No. 190; Joint Stat. Rprt. 1, ECF No. 192; Joint Stat. Rprt. 2, ECF No. 195; Joint Stat. Rprt. 2, ECF No. 208, Ltr. Mot. 2, ECF No. 213, Joint Stat. Rprt. 1, ECF No. 227, Joint Stat. Rprt. 2, ECF No. 241, Joint Stat. Rprt. 2, 4, ECF No. 253; Joint Stat. Rprt. 1, ECF No. 273.

In sum, Defendants' 30(b)(6) witness for Topic 29 was improperly instructed to not answer questions meant to probe into the location, storage, and maintenance of ESI as contemplated by the agreed upon Topic. Had Plaintiffs been allowed to do so, Plaintiffs would have identified the fact that Defendants had failed to search certain users' email archives. Those questions would have also helped avoid more needless litigation on discovery matters and the further waste of judicial resources. In addition, Plaintiffs have clearly established that Defendants failed to produce responsive, highly relevant documents, thereby necessitating the need for Plaintiffs to determine whether any other responsive documents have not been produced. Accordingly, Plaintiffs should be allowed to reopen the 30(b)(6) deposition on Topic 29 and Defendants should be ordered to answer Plaintiffs' questions relating to their efforts to identify and collect responsive ESI for production in this matter.

Respectfully submitted,

**REESE LLP**

By: /s/ Carlos F. Ramirez
Carlos F. Ramirez
*cramirez@reesellp.com*
Michael R. Reese
*mreese@reesellp.com*
**REESE LLP**
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

---

[3] While it has been represented to Plaintiffs' counsel on numerous occasions that Mr. Vultaggio does not "use" email, Plaintiffs came across at least one email addressed to him but the email address that it was sent to belonged to another Arizona employee, Jayne Ciccone. Thus, while Mr. Vultaggio may not log into an email program and "use" it to read/send emails, he is nevertheless communicating via email. Those emails should be produced forthwith.

Melissa S. Weiner
*mweiner@pwfirm.com*
Ryan T. Gott (Admitted *pro hac vice*)
*rgott@pwfirm.com*
**PEARSON WARSHAW, LLP**
328 Barry Avenue South, Suite 200
Wayzata, Minnesota 55391
Telephone: (612) 389-0600
Facsimile: (612) 389-0610

*Attorneys for Plaintiffs and the Proposed Class*