# Stevens & Lee

669 River Drive, Suite 201
Elmwood Park, NJ  07407
(201) 857-6760 Fax (201) 857-6761
www.stevenslee.com

Direct Dial: (201) 857-6762
Email:  john.visconi@stevenslee.com
Direct Fax: (610) 371-8501

December 12, 2023

**VIA E-FILING**
Honorable Ona T. Wang, U.S.M.J.
Southern District of New York
500 Pearl Street, Courtroom 20D
New York, New York 10007

Re: Ahmed Ashour, et al. v. Arizona Beverages USA LLC, et al.
Index No. 1:19-cv-07081 (AT)(OTW)

Dear Judge Wang:

This firm represents Defendants; please accept this letter opposing Plaintiffs' request for a pre-motion conference. Plaintiffs cannot establish an adequate factual basis to obtain "discovery on discovery" or "meta-discovery." Defendants have explained how the emails cited were not previously provided, rendering the issue moot; all other claims are rank speculation.

Factual Background

In 2021, the parties agreed upon custodians and search terms to search for Defendants' ESI. (ECF 163). Defendants informed Plaintiffs that the email search was performed using "a Microsoft exchange function known as a 'journal.'" After production, Defendants agreed to search for additional emails using broader search terms, an expanded time period, and additional custodians. (ECF 227, p. 3). Defendants also applied the search terms to known sources of ESI, including two company drives, the individual hard drives of the custodians, and Defendants' cloud-based file storage library, and produced responsive documents. (See ECF 262 T. 3:25-5:2). Defendants continue to search for ESI pursuant to their ongoing obligation and are currently reviewing additional ESI identified as potentially responsive during depositions.

In the October 6, 2023, Joint Status Report, Plaintiffs referenced a few emails received via third-party subpoena. (ECF 273, p. 1). Defendants investigated and discovered that one of two overlapping email archives was inadvertently not searched. Defendants conducted a search, produced responsive documents, including the "missing" emails, and explained to Plaintiffs that these documents were not intentionally withheld; instead, they were not collected due to the inadvertent failure to search an archived database. (ECF 283-5).

Legal Argument

To obtain meta-discovery, a "party must provide an 'adequate factual basis' to justify the discovery, and the Court must closely scrutinize the request in light of the danger of extending the already costly and time-consuming discovery process *ad infinitum*." *Kaye v. N.Y. City Health & Hosp. Comm'n*, No. 18-cv-12138 (JPO)(JLC), 2020 WL 283702, at *1 (S.D.N.Y. Jan. 21, 2020)

(quoting *Winfield v. City of N.Y.*, No. 15-cv-5326 (LTS) (KHP), 2018 WL 840085, at *3 (S.D.N.Y. Feb. 12, 2018)). Speculation is insufficient to establish an adequate factual basis. *Orillaneda v. French Culinary Inst.*, No. 07-3206, 2011 WL 4375365, at *6 (S.D.N.Y. Sept. 19, 2011); *246 Sears Road Realty Corp. v. Exxon Mobil Corp.*, 09-cv-889, 2011 WL 13254283, at *2 (E.D.N.Y. April 1, 2011) (claims of "an absence of 'documents one would have expected to have been produced' are entirely speculative and devoid of concrete evidence."); *The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production*, 19 Sedona Conf. J. 1, 123 cmt. 6.b.(2018) ("neither a requesting party nor the court should prescribe or detail the steps that a responding party must take to meet its discovery obligations, and there should be no discovery on discovery, absent an agreement between the parties, or specific, tangible, evidence-based indicia (versus general allegations of deficiencies or mere 'speculation') of a material failure by the responding party to meet its obligations.").

"[O]nly if a party can articulate a good faith basis to do so by identifying some deficiency in the production … that an inquiry into the producing party's methodology would be appropriate." *Kaye*, 2020 WL 283702, at *2 (citing *Grant v. Witherspoon*, No. 19-cv-2460 (PGG) (BCM), 2019 WL 7067088, at *1 (S.D.N.Y. Dec. 23, 2019)). The required factual basis must substantiate Plaintiffs' belief that the <u>current</u> production is deficient. *Freedman v Weatherford Intern. Ltd.*, 12 CIV. 2121 LAK JCF, 2014 WL 3767034, at *3 (S.D.N.Y. July 25, 2014) ("*Freedman I*"), adhered to on reconsideration, 12 CIV. 2121 LAK JCF, 2014 WL 4547039 (S.D.N.Y. Sept. 12, 2014) ("*Freedman II*") (emphasis added).

In *Freedman I*, plaintiffs sought to test the reasonableness and adequacy of Weatherford's document production. *Freedman I*, 2014 WL 3767034, at *3. After denial, Plaintiffs moved for reconsideration based upon 18 e-mails from custodians at Weatherford that were produced by a third party, KPMG, which plaintiffs contended demonstrated that Weatherford's production was "significantly deficient." *Freedman II*, 2014 WL 4547039, at *2. In denying reconsideration, the Court reiterated that "the Federal Rules of Civil Procedure do not require perfection." *Id.* at *3 (quoting *Moore v. Publicis Groupe*, 287 F.R.D. 182, 191 (S.D.N.Y. 2012)). Due to the vastness of the number of documents reviewed and produced, the Court found it "unsurprising that some relevant documents may have fallen through the cracks." *Id.* See also *Johnson v. L'Oreal USA*, Case No. 18-cv-09786 (LGS), 2020 WL 5530022 (S.D.N.Y. Sept. 15, 2020) ("Plaintiff is not entitled to every single document that could possibly have existed. Discovery must be reasonable, not perfect."); *Agerbrink v. Model Service LLC*, 14 Civ. 7841 (JPO)(JCF), 2018 WL 933095 (S.D.N.Y. March 8, 2017) ("the fact that a party has located a single relevant document that the adversary failed to produce hardly demonstrates that the search was flawed. The standard for evaluating discovery is reasonableness, not perfection.").

Plaintiffs' request for meta-discovery is based on two email strings produced by a third party. (ECF 283, p. 2). Defendants have reviewed over 33,000 documents, including 7,500 emails, and produced over 10,000 documents constituting over 66,000 pages of ESI, including 2,355 separate emails to Plaintiffs. Like in *Freedman II*, the "missing" strings, which consist of fewer than ten emails (ECF 283-4; 283-5), are an insufficient factual basis for meta-discovery. The issue is also moot. After Plaintiffs identified that there were potentially missing emails, Defendants

# Stevens & Lee

Honorable Ona T. Wang, U.S.M.J.
Page 3

identified the reason for the omission, performed another search, and produced responsive emails from the individual custodians' mailbox archives, including the missing email string. (ECF 283-5). Thus, Plaintiffs cannot make a credible claim of a deficiency in Defendants' production.

The other alleged deficiencies cited by Plaintiffs are speculative and misleading. Plaintiffs raised the issue of Don Vultaggio's emails after discovering an email addressed to Mr. Vultaggio but sent to Jayne Ciccone. In response, Defendants added Ms. Ciccone as a custodian, searched her emails using the expanded search terms, and produced responsive documents. (ECF 257, p. 3, n. 1). Plaintiffs then asked Mr. Vultaggio about his email use in deposition, and he testified he does not have an email address, does not send emails, and receives emails through Jayne Ciccone. And Plaintiffs' calculations of emails sent by Defendants' custodians are outdated. Defendants have produced over 300 emails sent by the other custodians referenced in the pre-motion letter.

As for the 30(b)(6) deposition, Topic 29 was limited to testimony regarding data-storage, i.e., the locations where ESI is stored, and Defendants' maintenance and handling of that ESI, generally, not discovery-process issues, i.e., the process Defendants undertook to search, collect, review, or produce ESI, which raise privilege issues. See *In re Exxon Corp.*, 208 S.W.3d 70, 75-76 (Tex. Ct. App. 2006); *Bombardier Recreational Products, Inc. v. Arctic Cat, Inc.*, No. 12-cv-2706 (MJD/LIB), 2014 WL 10714011, at *14-15 (D. Minn. Dec. 5, 2014); *In re Lipitor*, MDL No. 2:14-mn-02502-RMG, 2014 WL 12621613 at *1 (D.S.C. Nov. 13, 2014).

During the deposition of Defendants' 30(b)(6) witness designated to respond to Topic 29, Defendants objected to a litany of questions that were outside the scope of Topic 29 but permitted the witness to testify. (See e.g., ECF 283-2, T. 51:7-20; 86:12-15). Counsel directed the witness not to answer questions regarding the process by which Defendants searched for and produced documents because those questions encroach upon attorney work-product (see e.g., ECF 283-2, T. 59:22-60:19), which were permissible objections. For example, Plaintiffs asked what the witness did with the results of the searches that were performed, and the witness testified that he provided them to internal counsel, at which point he was directed not to answer. (ECF 283-2, T. 52:3-23).

Accordingly, because Plaintiffs cannot proffer the required factual basis to establish that Defendants' production is deficient, Defendants respectfully request that the Court deny Plaintiffs' request for a pre-motion conference to file a motion seeking meta-discovery.

Thank you for Your Honor's attention to this matter.

Respectfully submitted,

STEVENS & LEE

John N. Visconi

Honorable Ona T. Wang, U.S.M.J.
Page 4

**STEVENS & LEE, P.C.**
485 Madison Ave, 20th Floor
New York, New York 10022
john.visconi@stevenslee.com

cc:   All Counsel of Record (via ECF)