THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AHMED ASHOUR, JOY BROWN and CRYSTAL TOWNES, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>     v.<br><br>ARIZONA BEVERAGES USA LLC, HORNELL BREWING CO., INC., BEVERAGE MARKETING USA, INC., ARIZONA BEVERAGES HOLDINGS LLC, and ARIZONA BEVERAGES HOLDINGS 2 LLC,<br><br>     Defendants. | Civil Action No.<br>1:19-CV-07081-AT-OTW |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO FILE DOCUMENTS UNDER SEAL**

              STEVENS & LEE
              669 River Drive, Suite 201
              Elmwood Park, New Jersey 07407
              Telephone: (201) 857-6778
              Facsimile: (201) 857-6761
              *Robert.Donovan@StevensLee.com*
              *Attorneys for Defendants, Arizona Beverages*
              *USA LLC, Hornell Brewing Co., Inc., Beverage*
              *Marketing USA, Inc., Arizona Beverages Holdings*
              *LLC, and Arizona Beverages Holdings 2 LLC*

Robert P. Donovan, Esq.,
Of Counsel

John N. Visconi, Esq.,
On the Brief

**PRELIMINARY STATEMENT**

Defendants, Arizona Beverages USA LLC (individually, "ABU"), Hornell Brewing Co., Inc. (individually, "Hornell"), Beverage Marketing USA, Inc. (individually, "BMU"), Arizona Beverages Holdings LLC (individually ("ABH"), and Arizona Beverages Holdings 2 LLC (individually, "ABH2") (collectively, "Defendants"), submit this memorandum of law in support of Defendants' motion to file Defendants' pre-motion letter for summary judgment and Plaintiffs' Response to the Rule 56.1 Statement of Material Facts under seal ("Rule 56.1 Statement").

**STATEMENT OF FACTS**

Contemporaneous with this Motion, Defendants are filing a pre-motion letter seeking leave to file a motion for summary judgment as required by Court Order. (ECF 203). Along with the pre-motion letter, Defendants are filing the Rule 56.1 Statement pursuant to Rule III.C of Your Honor's Individual Practices. The Rule 56.1 Statement contains references to and quotations from various documents that have been marked "Confidential" by the parties in discovery, including Plaintiffs' four (4) retainer agreements with the Reese, LLP, law firm, deposition transcripts of Defendants' 30(b)(6) witness(es), and discovery responses and documents containing confidential business information.

**LEGAL ARGUMENT**

**I.     JUST GROUNDS EXIST TO GRANT DEFENDANTS' MOTION TO SEAL**

There is a presumption of public access to judicial documents, and it is only after balancing competing interests that a court may take the step of limiting such access. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). This presumption is "based on the need for federal courts ... to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). Thus, "motions to seal documents must be 'carefully and skeptically review[ed] ... to ensure that there

1

really is an extraordinary circumstance or compelling need' to seal the documents from public inspection." *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 165 (S.D.N.Y. 2018) (quoting *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994)). The burden of justifying sealing rests with the moving party, *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997), although a *pro se* party's filings will be construed liberally, *Doe v. Berg*, No. 15-CV-9787 (RJS), 2016 WL 11597923, at *1-2 (S.D.N.Y. Feb. 10, 2016).

Pursuant to Second Circuit precedent, the Court evaluates a motion to seal using a "three-step inquiry." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). The Court first determines whether the documents are judicial documents that are "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 115, 119 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). Second, the Court determines the weight of the presumption of access to the judicial documents at issue, as well as the public's First Amendment right to access the documents. *Id.* at 119–20. Third, the Court assesses whether there are countervailing concerns that weigh against full public access to the documents. *Id.* at 120. Such countervailing concerns may include the public's safety, law enforcement interests, preservation of attorney-client privilege, or privacy interests of third parties. *See Bernsten*, 307 F. Supp. 3d at 168 (collecting cases); *E.E.O.C. v. Kelley Drye & Warren LLP*, No. 10-CV-655 (LTS)(MHD), 2012 WL 691545, at *2 (S.D.N.Y. Mar. 2, 2012) (same).

A. **Retainer Agreements**

As set forth in the accompanying pre-motion letter, the retainer agreements bear upon the resolution of claims in this matter and are, relevant to the adjudication of the present motion.

Further, the interests of protecting those agreements from public disclosure outweigh the presumption of judicial access. Plaintiffs designated each of the four (4) applicable retainer agreements in this matter confidential. At least one of those documents were subject to Defendants' prior motion to seal which was granted by the Court. (ECF 166).

Under paragraph five of the protective order, confidential information cannot be shown to any person except the requested party and counsel, employees of such counsel, consultants and social experts, the court, any mediator, any deponent, vendors retained by the parties or the parties themselves. (ECF 78, ¶ 5). Under the terms of the protective order, not allowing public access to the retainer agreements is authorized.

Third, it is difficult to conceive how and why unlimited public access to a document, entered into between private parties, would be necessary. There are no countervailing concerns related to public safety or law enforcement interests that would necessitate public access to the document.

### B.  Documents Detailing Defendants' Confidential Discovery Information.

Like the retainer agreements, the confidential documents cited by both Plaintiffs and Defendants in the Rule 56.1 Statement as being relevant to Defendants' proposed motion for summary judgment.

Further, the interests of protecting those documents from public disclosure outweigh the presumption of judicial access. The court may, for good cause shown issue an order to protect any party including "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). A document may be sealed if the "confidential commercial information" it contains includes "information implicating the movant's business operations." *In re Borders Group, Inc.*,

462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011) (citing *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994)) (interpreting language identical to Fed. R. Civ. P. 26(c)(1)(G) found in 11 U.S.C. § 107(b)).

The various written discovery responses, documents produced in discovery, and deposition transcript of Defendants' 30(b)(6) witness referenced in the Rule 56.1 Statement were marked "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the stipulated Confidentiality Order entered by the parties. The portions of those documents cited by Plaintiffs in the Rule 56.1 Statement contain references to Defendant ABU's retail sales data, including gross sales revenues for retail products sold, internal corporate operations of ABU, and the corporate structures of Defendants, each of which is privately owned and closely held.

Finally, there are no countervailing concerns related to public safety or law enforcement interests that would necessitate public access to the documents sought to be protected.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court grant Defendants' motion to file unredacted versions of the pre-motion letter (with exhibits) and Rule 56.1 Statement under seal.

Dated: January 5, 2024

Respectfully submitted,

*/s/ Robert P. Donovan*
Robert P. Donovan

STEVENS & LEE
669 River Drive, Suite 201
Elmwood Park, New Jersey 07407
Telephone: (201) 857-6760
Facsimile: (201) 857-6761
Robert.Donovan@StevensLee.com

*Attorneys for Defendants, Arizona Beverages USA LLC, Hornell Brewing Co., Inc., Beverage Marketing USA, Inc., Arizona Beverages Holdings LLC, and Arizona Beverages Holdings 2 LLC*