UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
AHMED ASHOUR, JOY BROWN and
CRYSTAL TOWNES, individually and on behalf
of all others similarly situated,

                              Plaintiffs,

              -against-

ARIZONA BEVERAGES USA LLC, HORNELL
BREWING CO., INC., BEVERAGE
MARKETING USA, INC., ARIZONA
BEVERAGES HOLDINGS LLC, and ARIZONA
BEVERAGES HOLDINGS 2 LLC,

                              Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  02/01/2024
```

19 Civ. 7081 (AT)

**ORDER**

ANALISA TORRES, District Judge:

The Court is in receipt of Defendants' pre-motion letter for summary judgment and partial judgment on the pleadings, *see* ECF Nos. 290, 292-1, and Plaintiffs' letter response, *see* ECF Nos. 298, 299. Accordingly:

1. Defendants' request to file a motion for summary judgment and partial judgment on the pleadings is GRANTED;
2. By **March 1, 2024**, Defendants shall file their motion for summary judgment and partial judgment on the pleadings, together with their Rule 56.1 statement and supporting papers;
3. By **March 29, 2024**, Plaintiffs shall file their opposition papers;
4. By **April 12, 2024**, Defendants shall file their reply, if any.

Defendants move to redact portions of their pre-motion letter and their Rule 56.1 statement, and Plaintiffs move to redact portions of their letter response. *See* ECF Nos. 286, 287, 297. Both parties seek to redact information related to (1) the retainer agreements between Plaintiffs and their counsel, and (2) Defendants' corporate information, including sales data, corporate operations, and corporate structures—information designated as confidential pursuant to the terms of the Stipulated Protective Order at ECF No. 78. Sealing "can be justified by the need to protect trade secrets or other competitively sensitive business information." *Stinson v. City of New York*, No. 18 Civ. 27, 2018 WL 11585446, at *3 (S.D.N.Y. Dec. 27, 2018). Each of the Defendants is "privately owned and closely held," ECF No. 289 at 4, which "weigh[s] more heavily against access." *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). And, at this stage, where Defendants are only requesting leave to move for summary judgment—and not moving for summary judgment itself (a potentially dispositive motion)—"the presumption of public access that attaches to these documents is lower." *Richards v. Kallish*, No. 22 Civ. 9095, 2023 WL 7126311, at *2 (S.D.N.Y. Oct. 30, 2023); *cf. Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982) ("[D]ocuments used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons."). The Court has reviewed the redactions and found them to be narrowly

2

tailored to protect the interests of Plaintiffs, their counsel, and Defendants.  Therefore, the parties'
requests are GRANTED.

The Clerk of Court is directed to terminate the motions at ECF Nos. 286, 287, and 297.

SO ORDERED.

Dated: February 1, 2024
        New York, New York

_____
ANALISA TORRES
United States District Judge