THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AHMED ASHOUR, JOY BROWN and CRYSTAL TOWNES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ARIZONA BEVERAGES USA LLC, HORNELL BREWING CO., INC., BEVERAGE MARKETING USA, INC., ARIZONA BEVERAGES HOLDINGS LLC, and ARIZONA BEVERAGES HOLDINGS 2 LLC,<br><br>Defendants. | Civil Action No. 1:19-cv-07081-AT-OTW<br><br><br><br>(ORAL ARGUMENT REQUESTED) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

STEVENS & LEE
669 River Drive, Suite 201
Elmwood Park, New Jersey 07407
Telephone:  (201) 857-6778
Facsimile:  (201) 857-6761
*Robert.Donovan@StevensLee.com*
*Attorneys for Defendants, Arizona Beverages*
*USA LLC, Hornell Brewing Co., Inc., Beverage*
*Marketing USA, Inc., Arizona Beverages Holdings*
*LLC, and Arizona Beverages Holdings 2 LLC*

Robert P. Donovan, Esq.,
Of Counsel and on the Brief

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................. iii
PRELIMINARY STATEMENT ........................................................................................................... 1
PROCEDURAL HISTORY .................................................................................................................. 1
    I.    Procedural History and Germane Allegations in SAC ................................................. 1
LEGAL ARGUMENT ........................................................................................................................... 3
    I.    The Standards Under Rule 12(c) ..................................................................................... 3
    II.    Under *Sonner v. Premier Nutrition Corp.*, Defendants are Entitled to Judgment on the Pleadings Dismissing Mr. Ashour's and Ms. Brown's Claims for Restitution and Unjust Enrichment ............................................................................................................. 3
CONCLUSION ....................................................................................................................................... 6

03/01/2024 SL1 2040952v1 115260.00002

## TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Anwar v. Fairfield Greenwich Limited*,
   831 F. Supp. 2d 787 (S.D.N.Y. 2011) ........................................................................................5

*In re American Medical Collection Agency, Inc. Customer Data Security Breach Litigation*,
   2023 WL 8540911 (D.N.J. May 5, 2023) ...................................................................................4

*Brady v. Anker Innovations Limited, et al., No. 18-cv-11396 (NSR)*,
   2020 WL 158760 (S.D.N.Y. Jan. 13, 2020) ................................................................................5

*First Hill Partners, LLC v. BlueCrest Mgmt. Ltd.*,
   52 F. Supp. 3d 625 (S.D.N.Y. 2014) ..........................................................................................5

*Garrison v. Whole Foods Market Group, Inc.*,
   2014 WL 2451290 (N.D. Cal. June 2, 2014) .............................................................................5

*Hanscom v. Reynolds Consumer Prod. LLC*,
   2022 WL 591466 (N.D. Cal. Jan. 21, 2022) ..............................................................................4

*Heredia v. Sunrise Senior Living LLC*,
   2021 WL 819159 (C.D. Cal. Feb. 10, 2021) .............................................................................4

*Nacarino v. Chobani, LLC*,
   2021 WL 3487117 (N.D. Cal. Aug. 9, 2021) .............................................................................4

*NEM Re Receivables v. Fortress Re, Inc.*,
   173 F. Supp. 3d 1 (S.D.N.Y. 2016) ............................................................................................5

*Rieger v. Volkswagon Group of America, Inc.*,
   2023 WL 3271116 (D.N.J. May 4, 2023) ..................................................................................4

*Roffman v. Rebbl, Inc.*,
   653 F. Supp. 3d 723 (N.D. Cal. 2023) .......................................................................................4

*SCE Grp. Inc. v. City of New York, No. 18 CIV. 8909 (AT)*,
   2020 WL 1033592 (S.D.N.Y. Mar. 3, 2020) ..............................................................................3

*Sharma v. Volkswagen AG*,
   524 F. Supp. 3d 891 (N.D. Cal. 2021) .......................................................................................5

*Sonner v. Premier Nutrition Corp.*,
   971 F.3d 834 (9th Cir. 2020) ............................................................................................. 1, 3-4

*Zaback v. Kellogg Sales Company*,
    2020 WL 6381987 (S.D. Cal. Oct. 29, 2020) .................................................................... 3-4

**State Cases**

*In re Allstate Ins. Co.*,
    81 N.Y. 2d 219 (1993) ............................................................................................................. 4

*Korea Supply Co. v. Lockheed Martin Corp.*,
    29 Cal. 4th 1134 (Cal. 2003) ................................................................................................... 3

**State Statutes**

Cal. Com. Code § 2313 ................................................................................................................. 2

California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.* ............................ 2-5

California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* ............................ 2

Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.* ................................................ 2-5

New York General Business Law § 349 ....................................................................................... 2

New York General Business Law § 350 ....................................................................................... 2

**Rules**

Fed. R. Civ. P. 12(c) .................................................................................................................. 1, 3

03/01/2024 SL1 2040952v1 115260.00002

**PRELIMINARY STATEMENT**

Defendants, Arizona Beverages USA LLC (individually, "ABUSA"), Hornell Brewing Co., Inc. (individually, "Hornell"), Beverage Marketing USA, Inc. (individually, "BMU"), Arizona Beverages Holdings LLC (individually ("ABH"), and Arizona Beverages Holdings 2 LLC (individually, "ABH2") (collectively, "Defendants"), submit this memorandum of law in support of their motion, under Fed. R. Civ. P. 12(c), for entry of partial judgment on the pleadings, with respect to the claims for equitable relief filed by plaintiffs, Ahmed Ashour ("Plaintiff Ashour," at times, "Mr. Ashour"), and Joy Brown ("Plaintiff Brown," at times, "Ms. Brown").

Defendants are entitled to partial judgment on the pleadings because Mr. Ashour and Ms. Brown, both of whom sue for monetary damages, have failed to plead any facts as to whether an inadequate remedy at law exists in connection with their claims for equitable relief. According to the holding in *Sonner v. Premier Nutrition Corp.,* 971 F.3d 834, 841 (9th Cir. 2020), those facts must be pled in order to state a claim for equitable relief in the form of restitution.

**PROCEDURAL HISTORY**

**I.      Procedural History and Germane Allegations in SAC**

Plaintiff Ashour filed a complaint in the United States District Court for the Central District of California on May 14, 2019. (ECF No. 1). By the parties' stipulation (ECF No. 23), this action was transferred to this Court by Order entered on July 25, 2019. (ECF No. 25). Plaintiff Ashour filed a first amended complaint ("FAC") on September 24, 2019 (ECF No. 42). On September 18, 2020, this Court denied, in part, and granted, in part, Defendants' motion to dismiss the FAC, dismissing claims for injunctive relief. (ECF No. 92).

On March 19, 2021, the second amended complaint was filed to include Ms. Brown and Crystal Townes as Plaintiffs. (ECF No. 118, "SAC"). Plaintiffs claim that they were deceived by the "no preservative" labels on the Arizona brand products they purchased because those products

1

allegedly contained a preservative, citric acid (collectively, "Products"). (SAC, ¶¶ 1, 2, 8, 43, 45, 47). The SAC stated eight causes of action: violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.* (SAC, ¶¶ 65-76) ("UCL"); violation of the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.* (SAC, ¶¶ 77-89); violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq.* (SAC, ¶¶ 90-97); breach of express warranty under Cal. Com. Code § 2313 (SAC, ¶¶ 98-105); violation of the New York General Business Law § 349 (SAC, ¶¶ 106-111); violation of the New York General Business Law § 350 (SAC, ¶¶ 112-117); breach of express warranty under New York common law (SAC, ¶¶ 118-124); and unjust enrichment (SAC, ¶¶ 125-129).

By order entered March 31, 2022, this Court granted, in part, and denied, in part, Defendants' motion to dismiss the SAC, dismissing plaintiff Crystal Townes' claims for breach of warranty and all Plaintiffs' claims for injunctive relief under Rule 23(b)(2). (ECF No. 187). An order and decision, with respect to that order, was entered on October 24, 2022 (ECF No. 202).

Defendants filed an answer to the SAC on April 14, 2022. (ECF No. 188). Fact discovery expired on December 22, 2023. (ECF No. 276). Discovery was closed by order entered January 31, 2024. (ECF No. 303). On February 1, 2024, this Court granted Defendants' pre-motion letter seeking permission to file a motion for summary judgment and for partial judgment on the pleadings. (ECF No. 304).

In the SAC, Ms. Brown and Mr. Ashour sue for monetary damages under the CLRA and for breach of warranty. (SAC, ¶¶ 88 and 105). They also assert claims for restitution under the UCL, FAL, CLRA and for unjust enrichment. (*Id.*, ¶¶ 76, 88, 97, and 129).

**LEGAL ARGUMENT**

I.  **The Standards Under Rule 12(c)**

The pleadings are closed. Discovery is closed as well. (ECF No. 303). Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings in such instances. In order to survive such a motion, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *SCE Grp. Inc. v. City of New York*, No. 18 CIV. 8909 (AT), 2020 WL 1033592, at *2 (S.D.N.Y. Mar. 3, 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (additional citations omitted).

II. **Under *Sonner v. Premier Nutrition Corp.*, Defendants are Entitled to Judgment on the Pleadings Dismissing Mr. Ashour's and Ms. Brown's Claims for Restitution and Unjust Enrichment.**

The UCL provides only equitable or injunctive relief for consumers harmed by a business's fraudulent, unlawful or unfair business practices. *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (Cal. 2003). Claims under the FAL and for unjust enrichment likewise sound in equity. *See Zaback v. Kellogg Sales Company*, 2020 WL 6381987, at *4 (S.D. Cal. Oct. 29, 2020).

In *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 841 (9th Cir. 2020), the Ninth Circuit held that "a federal court must apply traditional equitable principles before awarding restitution under the UCL and CLRA" and ruled that a plaintiff cannot seek equitable relief, in the form of restitution, unless plaintiff pleads and proves that an inadequate remedy at law exists. In doing so, the court affirmed the dismissal of a complaint by the trial court ruling that a plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA." *Id.* at 844.

Subsequent decisions have relied upon *Sonner* to dismiss equitable claims seeking restitution when unaccompanied by plausible allegations that the plaintiffs lack an adequate

3

remedy at law. *See, e.g., Roffman v. Rebbl, Inc.,* 653 F. Supp. 3d 723, 731 (N.D. Cal. 2023) (dismissing plaintiff's claims for equitable relief where plaintiff failed to establish damages sought are inadequate or incomplete); *Hanscom v. Reynolds Consumer Prod. LLC*, 2022 WL 591466, at *3 (N.D. Cal. Jan. 21, 2022) (dismissing plaintiff's claims for equitable relief where plaintiff failed to plead facts establishing legal remedies are inadequate or incomplete); *Nacarino v. Chobani, LLC*, 2021 WL 3487117, at *13 (N.D. Cal. Aug. 9, 2021) (dismissing claims for restitution and disgorgement where plaintiff failed to allege any specific facts showing that damages are inadequate); *Zaback*, 2020 WL 6381987, at *4 (granting motion to dismiss claims for restitution under the UCL, CLRA, FAL and unjust enrichment due to failure to plead an inadequate legal remedy); *see also Heredia v. Sunrise Senior Living LLC,* 2021 WL 819159, at *4-5 (C.D. Cal. Feb. 10, 2021) (granting motion, for judgment on the pleadings, with respect to claim for restitution under the UCL due to plaintiffs' failure to allege and/or to demonstrate the lack of an adequate remedy at law).

Federal courts, outside of the Ninth Circuit, sitting in diversity, have applied *Sonner* to dismiss claims for equitable relief under the UCL and CLRA on the same grounds. *See, e.g., In re American Medical Collection Agency, Inc. Customer Data Security Breach Litigation*, 2023 WL 8540911, at *10 (D.N.J. May 5, 2023); *Rieger v. Volkswagon Group of America, Inc.,* 2023 WL 3271116, at *7-8 (D.N.J. May 4, 2023).

As to Ms. Brown's and Mr. Ashour's individual claims for restitution in the unjust enrichment count, a threshold determination is to be made about what law applies to those common law causes of action. In doing so, courts first consider whether there is any conflict between the laws of New York and California with respect to that cause of action. *In re Allstate Ins. Co.,* 81 N.Y. 2d 219, 223 (1993). Courts in this circuit, after comparing the elements of unjust enrichment

4

claims under New York and California, have concluded that no conflict exists. *See Brady v. Anker Innovations Limited, et al.*, No. 18-cv-11396 (NSR), 2020 WL 158760, at *11 (S.D.N.Y. Jan. 13, 2020) (finding no conflict exists and applying New York law to the claim); *see also First Hill Partners, LLC v. BlueCrest Mgmt. Ltd.,* 52 F. Supp. 3d 625, 634, n. 4 (S.D.N.Y. 2014). "'It is blackletter law that the theory of unjust enrichment is equitable in nature and is, therefore, not available where there is an adequate legal remedy.'" *Anwar v. Fairfield Greenwich Limited*, 831 F. Supp. 2d 787, 796 (S.D.N.Y. 2011) (citing and quoting *In Re Managed Care Litig.*, 185 F. Supp.2d 1310, 1337 (S.D. Fla. 2002).

In their UCL, CLRA, FAL and unjust enrichment counts, Mr. Ashour and Ms. Brown assert claims for restitution. (SAC, ¶¶ 76, 88, 97, 129). They also sue for monetary damages in their breach of warranty claim and in their CLRA causes of action. (*Id.*, ¶¶ 88, 105). Where the alleged injury is a loss of money, money damages are an adequate remedy. *See Sharma v. Volkswagen AG*, 524 F. Supp. 3d 891, 907–08 (N.D. Cal. 2021); *Garrison v. Whole Foods Market Group, Inc.,* 2014 WL 2451290, at *6 (N.D. Cal. June 2, 2014) (holding that a claim for unjust enrichment, that duplicates a plaintiff's claim under other statutes or the common law, may be dismissed); *see also NEM Re Receivables v. Fortress Re, Inc.,* 173 F. Supp. 3d 1, 7-8 (S.D.N.Y. 2016) (Court granted summary judgment against claim for an accounting due to the failure to show an inadequate remedy at law exists).

Critically, Mr. Ashour and Ms. Brown have not claimed that monetary damages are inadequate and that they are entitled to equitable relief instead. No facts are pled stating that their remedies at law are inadequate. Because there are no facts asserted that, if accepted as true, would state a claim for equitable relief, Mr. Ashour and Ms. Brown have not stated a claim for restitution under the UCL, FAL, CLRA and for unjust enrichment.

5

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court grant Defendants' motion for partial judgment on the pleadings, with respect to the claims for equitable relief in the form of restitution and unjust enrichment asserted by Plaintiffs, Mr. Ashour and Ms. Brown.

Dated:  March 1, 2024                                          Respectfully submitted,

/s/ Robert P. Donovan
Robert P. Donovan

STEVENS & LEE
669 River Drive, Suite 201
Elmwood Park, New Jersey 07407
Telephone:  (201) 857-6760
Facsimile:  (201) 857-6761
*Robert.Donovan@StevensLee.com*
*Attorneys for Defendants, Arizona Beverages USA LLC, Hornell Brewing Co., Inc., Beverage Marketing USA, Inc., Arizona Beverages Holdings LLC, and Arizona Beverages Holdings 2 LLC*

6