UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AHMED ASHOUR, JOY BROWN, and CRYSTAL TOWNES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ARIZONA BEVERAGES USA LLC, HORNELL BREWING CO., INC., BEVERAGE MARKETING USA, INC., ARIZONA BEVERAGES HOLDINGS LLC, and ARIZONA BEVERAGES HOLDINGS 2 LLC,<br><br>Defendants. | CASE NO. 1:19-cv-07081-(AT) (OTW)<br><br>**CLASS ACTION** |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................................1

II. PLAINTIFFS ASHOUR AND BROWN'S ALTERNATIVE CLAIMS, INDIVIDUALLY AND ON BEHALF OF THE NATIONWIDE AND CALIFORNIA CLASSES, FOR EQUITABLE RELIEF IN THE FORM OF RESTITUTION AND UNJUST ENRICHMENT ............................................................2

III. PROCEDURAL HISTORY ...................................................................................................2

IV. LEGAL STANDARD ............................................................................................................3

V. ARGUMENT .........................................................................................................................3

    A. This Court Has Already Ruled that Plaintiffs Ashour and Brown's Claims for Restitution, Individually and on Behalf of the Nationwide and California Classes, are Properly Pled in the Alternative ............................................................3

    B. The Ninth Circuit's Holding in *Sonner v. Premier Nutrition Corp.* is Inapplicable to This Case and Does Not Preclude Pleading Equitable Relief in the Alternative to Remedies at Law ...................................................................5

VI. CONCLUSION ......................................................................................................................8

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                                                                                Page(s)

*Aberin v. Am. Honda Motor Co., Inc.*,
　No. 16-cv-04384-JST, 2018 WL 1473085 (N.D. Cal. Mar. 26, 2018) ...................................5

*Adkins v. Comcast Corp.*,
　No. 16-cv-05969-VC, 2017 WL 3491973 (N.D. Cal. Aug. 1, 2017) .......................................5

*In re: Am. Med. Collection Agency, Inc. Customer Data Sec. Breach Litig.*,
　No. CV 19-MD-2904, 2023 WL 8540911 (D.N.J. May 5, 2023) ............................................6

*Astroworks v. Astroexhibit, Inc.*,
　257 F. Supp. 2d 609 (S.D.N.Y. 2003) ..................................................................................6, 7

*Bloor v. Carro, Spanbock, Londin, Rodman & Fass*,
　754 F.2d 57 (2d Cir. 1985) .......................................................................................................3

*Blue Citi, LLC v. 5Barz Int'l Inc.*,
　338 F. Supp. 3d 326 (S.D.N.Y. 2018) ......................................................................................3

*Caro v. Procter & Gamble Co.*,
　18 Cal. App. 4th 644 (1993) .....................................................................................................7

*Cepelak v. HP Inc.*,
　Civ. No. 20-cv-02450-VC, 2021 WL 5298022 (N.D. Cal. Nov. 15, 2021) ..........................6, 7

*Collyer v. Catalina Snacks Inc.*,
　No. 23-cv-00296-AMO, --- F. Supp. 3d ---, 2024 WL 202976 (N.D. Cal. Jan.
　18, 2024) ...................................................................................................................................5

*Cortez v. Purolator Air Filtration Prods. Co.*,
　23 Cal.4th 163 (2000) ...............................................................................................................7

*DeSantis v. U.S.*,
　783 F. Supp. 165 (S.D.N.Y. 1992) ...........................................................................................3

*Fladeboe v. Am. Isuzu Motors Inc.*,
　150 Cal. App. 4th 42 (2007), *as modified* (Apr. 24, 2007) .......................................................7

*George C. Frey Ready–Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp.*,
　554 F.2d 551 (2d Cir. 1977) .....................................................................................................3

*Gilman v. Marsh & McLennan Co.*,
　868 F. Supp. 2d 118 (S.D.N.Y. 2012) ...................................................................................6, 7

*Gutierrez v. Wells Fargo Bank, NA*,
　589 F. App'x 824 (9th Cir. 2014) .............................................................................................7

*Harris v. McDonald's Corp.*,
   No. 20-cv-06533-RS, 2021 WL 2172833 (N.D. Cal. Mar. 24, 2021) ........................................5

*Luong v. Subaru of Am., Inc.*,
   No. 17-cv-03160-YGR, 2018 WL 2047646 (N.D. Cal. May 2, 2018) .....................................5

*Madani v. Volkswagen Grp. of Am., Inc.*,
   No. 17-cv-07287-HSG, 2019 WL 3753433 (N.D. Cal. Aug. 8, 2019) .....................................5

*Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand*,
   322 F.3d 147 (2d Cir. 2003) .............................................................................................3, 4, 5

*Perreca v. Gluck*,
   262 F. Supp. 2d 269 (S.D.N.Y. 2003) ....................................................................................3

*Rains v. Jaguar Land Rover N. Am., LLC*,
   No. 22CV4370 (EP) (JSA), 2023 WL 6234411 (D.N.J. Sept. 26, 2023) ................................6

*Rieger v. Volkswagen Grp. of Am., Inc.*,
   No. 21CV10546 (NLH)(EAP), 2023 WL 3271116 (D.N.J. May 4, 2023) .............................6

*Sellers v. M.C. Floor Crafters, Inc.*,
   842 F.2d 639 (2d Cir. 1988) ....................................................................................................3

*Snarr v. Cento Fine Foods Inc.*,
   No. 19-cv-02627-HSG, 2019 WL 7050149 (N.D. Cal. Dec. 23, 2019) ..................................5

*Sonner v. Premier Nutrition Corp.*,
   971 F.3d 834 (9th Cir. 2020) ........................................................................................1, 5, 6, 7

**Statutes**

California Consumer Legal Remedies Act,
   Cal. Civ. Code §§ 1750, *et seq* ......................................................................................2, 5, 6, 7

California False Advertising Law,
   Cal Bus. & Prof. Code §§ 17500, *et seq*. ..........................................................................2, 5, 6

California Unfair Competition Law,
   Cal. Bus. & Prof. Code §§ 17200, *et seq*. ......................................................................2, 5, 6, 7

I.     **INTRODUCTION**

Defendants Arizona Beverages USA LLC; Hornell Brewing Co., Inc; Beverage Marketing USA, Inc.; Arizona Beverages Holdings LLC; and Arizona Beverages Holdings 2 LLC's (collectively, "Arizona" or "Defendants") Motion for Partial Judgment on the Pleadings, ECF No. 318 ("Motion"), is procedurally flawed and relies upon inapposite case law that has limited application to California federal courts and should be denied. This Court has already ruled that under California law, Plaintiffs Ahmed Ashour and Joy Brown adequately pled unjust enrichment in the alternative, (Order on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 202 at 9-10), and that the Court will not strike class allegations for unjust enrichment before a class certification motion is filed. (Order on Defendants' Motion to Dismiss the Complaint, ECF No. 92 at p. 12) (collectively, the "Orders"). Nevertheless, Defendants' Motion seeks to improperly revisit the Court's prior rulings.

Furthermore, Defendants' reliance upon *Sonner v. Premier Nutrition Corp.*, is misplaced and does not warrant the grant of partial judgment on the pleadings. 971 F.3d 834 (9th Cir. 2020). *Sonner* has routinely been limited in application to California federal courts, has never been applied in this Court, and nothing in *Sonner* precludes Plaintiffs Ashour and Brown from pleading, individually and on the behalf of the Nationwide and California Classes, equitable relief in the alternative to remedies at law. Here, unlike *Sonner*, expert opinions have not been produced, expert discovery has not yet taken place, and Plaintiffs have not yet moved for class certification. Until such expert opinions are produced, expert discovery is completed, and a motion for class certification is filed, the scope of the Classes and the methodologies for how their damages are to be calculated remain undefined. Therefore, whether Plaintiffs Ashour and Brown, individually and on behalf of the Nationwide and California Classes, have an adequate remedy at law remains

unknown and partial judgment on the pleadings with respect to their alternative claims for equitable relief in the form of restitution and unjust enrichment is premature. As a result, Defendants' Motion must be denied.

## II. PLAINTIFFS ASHOUR AND BROWN'S ALTERNATIVE CLAIMS, INDIVIDUALLY AND ON BEHALF OF THE NATIONWIDE AND CALIFORNIA CLASSES, FOR EQUITABLE RELIEF IN THE FORM OF RESTITUTION AND UNJUST ENRICHMENT

Plaintiffs Ashour and Brown, individually and on behalf of the California Class, allege claims against Defendants for violations of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq*. (Second Amended Class Action Complaint, ECF No. 118 ("SAC") ¶¶ 65-76); the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq*. (*id*. ¶¶ 77-89); the California False Advertising Law ("FAL"), Cal Bus. & Prof. Code §§ 17500, *et seq*. (*id*. ¶¶ 90-97); Breach of Express Warranty (*id*. ¶¶ 98-105); and further allege, individually and on behalf of the Nationwide and California Classes, claims of unjust enrichment (*id*. ¶¶ 125-29). Under the UCL, CLRA, and FAL, Plaintiffs Ashour and Brown, individually and on behalf of the California Class, seek actual damages and, in the alternative, restitution. *Id*. ¶¶ 74-76; 88, 97. Under their claims for unjust enrichment, Plaintiffs Ashour and Brown, individually and on behalf of the Nationwide and California Classes, also seek restitution. *Id*. ¶ 123.

## III. PROCEDURAL HISTORY

While fact discovery is closed, the Court has not yet set deadlines for production of expert opinions or expert discovery. Such expert opinions and discovery will establish the damages methodologies claimed by Plaintiffs individually and on behalf of the Classes. Similarly, Plaintiffs have not yet moved for class certification. Until such a motion is made, the scope of the Classes and the manner in which their damages can be calculated under the law or, alternatively, under their claims for equitable relief in the form of restitution and unjust enrichment, remain unknown.

## IV.     LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(c), judgment on the pleadings is only appropriate "where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988). In ruling on such a motion, the court must accept as true all of the nonmovants' well-pleaded factual allegations, *Bloor v. Carro, Spanbock, Londin, Rodman & Fass*, 754 F.2d 57, 61 (2d Cir. 1985), and draw all reasonable inferences therefrom in their favor. *DeSantis v. U.S.*, 783 F. Supp. 165, 168 (S.D.N.Y. 1992). Finally, the court may not grant a defendant's Rule 12(c) motion "unless it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim[s] which would entitle [them] to relief." *George C. Frey Ready–Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp.*, 554 F.2d 551, 553 (2d Cir. 1977).

## V.     ARGUMENT

### A.     This Court Has Already Ruled that Plaintiffs Ashour and Brown's Claims for Restitution, Individually and on Behalf of the Nationwide and California Classes, are Properly Pled in the Alternative

Defendants' Motion seeks to revisit this Court's prior Orders rejecting Defendants' motions to dismiss Plaintiffs Ashour and Brown's alternative claims for restitution and must be denied. *See* ECF No. 92 and 202; *see also Blue Citi, LLC v. 5Barz Int'l Inc.*, 338 F. Supp. 3d 326, 333-34 (S.D.N.Y. 2018). "[T]he 'law of the case' doctrine is a rule of practice followed by New York courts that dictates that a decision on an issue of law made at one stage of a case becomes binding precedent to be followed in subsequent states of the same litigation." *Perreca v. Gluck*, 262 F. Supp. 2d 269, 272 (S.D.N.Y. 2003); *see also Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand*, 322 F.3d 147, 167 (2d Cir. 2003). "As most commonly defined, the doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Perreca*, 262 F. Supp.

2d at 272 (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). Under this doctrine, a court's prior decisions "may not usually be changed unless there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Coopers & Lybrand*, 322 F.3d at 167. Defendants have provided no such basis here.

In Defendants' motion to dismiss the first amended complaint, Defendants moved for dismissal of Plaintiffs' Nationwide Class claims for unjust enrichment. *See* ECF No. 54-1. The Court rejected Defendants' argument holding "[c]ourts in this circuit hesitate to 'strike class allegations before a class certification motion is filed.'" *See* ECF No. 92 at p. 12 (citing *Reynolds v. Lifewatch, Inc.*, 136 F. Supp. 3d 503, 515 (S.D.N.Y. 2015)). Similarly, in Defendants' motion to dismiss the second amended complaint, Defendants moved for dismissal of the California Plaintiffs' claims for unjust enrichment. *See* ECF No. 132-9. This Court **once again** rejected Defendants' motion, holding that "[t]he California Supreme Court held that there is a standalone claim for restitution, which sounds in the same vein as other states' unjust enrichment causes of action[,]" ECF No. 202 at 9 (citing *City of Long Beach v. Total Gas & Power N. Am., Inc.*, 465 F. Supp. 3d 416, 450 n.192 (S.D.N.Y. 2020)), and that "courts have found that unjust enrichment can be pleaded in the alternative under California law." *Id*. (citing *In Re Samsung Galaxy Smartphone Mktg. & Sales Pracs. Litig.*, No. 16 Civ. 6391, 2020 WL 7664461, at *12 (N.D. Cal. Dec. 24, 2020)).

As such, this Court has explicitly ruled that: (1) under California law, Plaintiffs are allowed to plead unjust enrichment and restitution in the alternative and (2) it will not strike class allegations before a class certification motion is filed. *See* ECF Nos. 92, 202. Nevertheless, Defendants attempt to take a third bite at the apple by seeking to dismiss Plaintiffs Ashour and Brown's alternative claims, made individually and on behalf of the Nationwide and California

Classes, for restitution and unjust enrichment. However, Defendants make this Motion without identifying any "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Coopers & Lybrand*, 322 F.3d at 167. Indeed, since the Court's previous rejection of such arguments, there has been no relevant change in the case to alter the Court's previous rulings; expert discovery has not yet commenced, and Plaintiffs have not filed a motion for class certification. As a result, and consistent with the Court's Orders denying Defendants' Motions to Dismiss, Defendants' present Motion must be denied.

> **B.    The Ninth Circuit's Holding in *Sonner v. Premier Nutrition Corp.* is Inapplicable to This Case and Does Not Preclude Pleading Equitable Relief in the Alternative to Remedies at Law**

Following the Ninth Circuit's decision in *Sonner*, California federal courts have routinely rejected the very argument posed by Defendants in their present Motion—that plaintiffs are not allowed to plead alternative claims for damages and restitution under the UCL, CLRA, and FAL. *See, e.g.*, *Collyer v. Catalina Snacks Inc.*, No. 23-cv-00296-AMO, --- F. Supp. 3d ---, 2024 WL 202976, at *7 (N.D. Cal. Jan. 18, 2024); *Harris v. McDonald's Corp.*, No. 20-cv-06533-RS, 2021 WL 2172833, at *3 (N.D. Cal. Mar. 24, 2021); *Snarr v. Cento Fine Foods Inc.*, No. 19-cv-02627-HSG, 2019 WL 7050149, at *5 n.32 (N.D. Cal. Dec. 23, 2019); *Madani v. Volkswagen Group of America, Inc.*, No. 17-cv-07287-HSG, 2019 WL 3753433, at *9 (N.D. Cal. Aug. 8, 2019); *Luong v. Subaru of America, Inc.*, No. 17-cv-03160-YGR, 2018 WL 2047646, at *7 (N.D. Cal. May 2, 2018); *Aberin v. Am. Honda Motor Co., Inc.*, No. 16-cv-04384-JST, 2018 WL 1473085, at *9 (N.D. Cal. Mar. 26, 2018); *Adkins v. Comcast Corp.*, No. 16-cv-05969-VC, 2017 WL 3491973, at *3 (N.D. Cal. Aug. 1, 2017). While *Sonner* does address the relationship between the UCL, FAL, and CLRA and claims of equitable restitution, the decision relies upon an analysis of the relationship between federal and state equitable principles which clearly is not the case here. 971 F.3d at 839-40. Furthermore, *Sonner* has almost exclusively been limited to California federal

courts and stands in conflict with pleading in the alternative pursuant to Fed. R. Civ. P. 8(d)(2) and establish precedent of this Court. *Cepelak v. HP Inc.*, Civ. No. 20-cv-02450-VC, 2021 WL 5298022, at *2 (N.D. Cal. Nov. 15, 2021) ("nothing in *Sonner* precludes plaintiffs from [pleading equitable relief] in the alternative to remedies at law."); *Astroworks v. Astroexhibit, Inc.*, 257 F. Supp. 2d 609, 616 (S.D.N.Y. 2003) ("It is black letter law that a complaint may plead in the alternative.") (citing Fed. R. Civ. P. 8(d)(2)).[1] Such a right to plead in the alternative is separate and distinct as to whether a plaintiff may be able to recover on both alternative theories. *Gilman v. Marsh & McLennan Co.*, 868 F. Supp. 2d 118, 136–37 (S.D.N.Y. 2012).

Indeed, proper analysis and application of *Sonner* requires the acknowledgement of the context and timing in which the decision is positioned. *supra*. In *Sonner*, the Ninth Circuit considered whether the district court properly dismissed a plaintiff's equitable claim for restitution following the voluntary dismissal of her sole legal claim **on the eve of trial**. 971 F.3d at 837. As such, the question of the relationship between the UCL, FAL, and CLRA and claims of equitable restitution, as well as what must be established before securing equitable restitution for past harm under the California consumer protection statutes, took place not only after the close of fact discovery, but also after expert discovery and certification of the class. *Id*. at 844.

Here, Plaintiffs Ashour and Brown have properly sought equitable relief under California law and "nothing in *Sonner* precludes plaintiffs from [pleading equitable relief] in the alternative

---

[1] In support of their Motion, Defendants cite to two New Jersey U.S. District Court cases: *Rieger v. Volkswagen Grp. of Am., Inc.*, No. 21CV10546 (NLH)(EAP), 2023 WL 3271116 (D.N.J. May 4, 2023) and *In re: American Medical Collection Agency, Inc. Customer Data Security Breach Litig.*, No. CV 19-MD-2904, 2023 WL 8540911 (D.N.J. May 5, 2023). Motion at 4. Defendants' reliance on these cases, however, is misplaced. First, these cases have neither binding nor persuasive authority in this case. Second, other courts in the District of New Jersey have rejected Defendants' position. *See Rains v. Jaguar Land Rover N. Am., LLC,* No. 22CV4370 (EP) (JSA), 2023 WL 6234411, at *8 (D.N.J. Sept. 26, 2023) (noting that "*Sonner* does not categorically bar [plaintiffs'] ability to plead legal and equitable relief under the" California UCL).

to remedies at law." *Cepelak*, 2021 WL 5298022, at *2; *Astroworks*, 257 F. Supp. 2d at 616; *Gilman*, 868 F. Supp. 2d at 136-37; SAC ¶¶ 125-29. Plaintiffs Ashour and Brown, individually and on behalf of the Nationwide and California Classes, seek restitution if monetary damages are not available. Indeed, restitution under the UCL can be awarded in situations where the entitlement to damages may prove difficult. *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal.4th 163, 177 (2000) (Restitution under the UCL can be awarded "even absent individualized proof that the claimant lacked knowledge of the overcharge when the transaction occurred."); *Gutierrez v. Wells Fargo Bank, NA*, 589 F. App'x 824, 827 (9th Cir. 2014) (same); *Caro v. Procter & Gamble Co.*, 18 Cal. App. 4th 644, 661 (1993) ("In a suit arising under Business and Professions Code section 17200 *et seq.*, the court 'is empowered to grant equitable relief, including restitution in favor of absent persons, without certifying a class action.'"). But even if damages were available, such relief would not be adequate to address the injury suffered by Plaintiffs Ashour, Brown, the Nationwide Class, or the California Class. Unlike with respect to damages, the Court's discretion in fashioning equitable relief is very broad. *Cortez*, 23 Cal. 4th at 180. Thus, restitution would allow recovery even when normal consideration associated with damages would not. *See, e.g.*, *Fladeboe v. Am. Isuzu Motors Inc.*, 150 Cal. App. 4th 42, 68 (2007), *as modified* (Apr. 24, 2007) (noting that restitution is available even in situations where damages may not be available).

      Here, expert discovery has yet to commence, during which Plaintiffs will directly address how Plaintiffs' and the Classes' damages are calculated. Furthermore, Plaintiffs have not yet brought a motion for class certification. As such, this case in not **on the eve of trial** in which Plaintiffs "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA." *Sonner*, 971 F.3d at 844. For those reasons, Defendants' reliance upon *Sonner* is misplaced, directly conflicts with this Court's acceptance of

Plaintiffs' alternative pleading, and does not warrant the grant of Partial Judgment on the Pleadings as to Plaintiffs Ashour and Brown's alternative claims for restitution and unjust enrichment.

## VI. CONCLUSION

For the reasons set forth herein, Defendants' Motion should be denied in its entirety.

DATED: April 12, 2024

/s/ *Melissa S. Weiner*
MELISSA S. WEINER
   mweiner@pwfirm.com
RYAN T. GOTT
   rgott@pwfirm.com
**PEARSON WARSHAW, LLP**
328 Barry Avenue S., Suite 200
Wayzata, MN 55391
Telephone: (612) 389-0600
Facsimile: (612) 389-0610

Carlos F. Ramirez
*cramirez@reesellp.com*
Michael R. Reese
*mreese@reesellp.com*
**REESE LLP**
100 West 93rd Street
16th Floor New York, New York 10025
Telephone: (212) 643-0500
***Facsimile: (212) 253-4272***

*Attorneys for Plaintiffs*