**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AHMED ASHOUR, JOY BROWN, and CRYSTAL TOWNES, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>vs.<br><br>ARIZONA BEVERAGES USA LLC, HORNELL BREWING CO., INC., BEVERAGE MARKETING USA, INC., ARIZONA BEVERAGES HOLDINGS LLC, and ARIZONA BEVERAGES HOLDINGS 2 LLC,<br><br>       Defendants. | CASE NO. 1:19-cv-07081-(AT) (OTW)<br><br>**CLASS ACTION** |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION TO FILE DOCUMENTS UNDER SEAL**

## TABLE OF CONTENTS

**Page**

I. PRELIMINARY STATEMENT ..................................................................................................1

II. STATEMENT OF FACTS .........................................................................................................1

III. ARGUMENT ..............................................................................................................................2

    A. There is a Strong Presumption of Public Access to Information Considered by Courts in Connection with Dispositive Motions.................................................2

    B. Defendants Failed to Provide This Court with Specific Facts Demonstrating Potential Injury if Defendants' 30(B)(6) Deposition Testimony of Don Vultaggio and Plaintiffs' Exhibit 10 Become Part of the Public Record and Failed to Provide a Narrowly-Tailored Solution for Balancing Public Access Against That Risk ...................................................................................................4

IV. CONCLUSION...........................................................................................................................9

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                                              Page(s)

*Altana Credit Opportunities Fund SPC v. Bolivarian Republic of Venezuela*,
   No. 20 CIV. 8402 (AT), 2023 WL 7924626 (S.D.N.Y. Nov. 16, 2023) ...................................3

*Callsome Solutions Inc. v. Google, Inc.*,
   No. 652386/2014, 2018 WL 5267147 (N.Y. Sup. Ct. Oct. 23, 2018) ......................................8

*Church Ins. Co. v. Ace Prop. & Cas. Ins. Co.*,
   No. 10 CIV 698 RJS, 2010 WL 3958791 (S.D.N.Y. Sept. 23, 2010) ......................................7

*De Kafati v. Kafati Kafati*,
   No. 22-CV-9906 (VSB), 2022 WL 17552457 (S.D.N.Y. Dec. 9, 2022)...................................7

*E.E.O.C. v. Kelley Drye & Warren LLP*,
   No. 10 Civ. 655, 2012 WL 691545 (S.D.N.Y. Mar. 2, 2012) ..................................................7

*Fendi Adele S.R.L. v. Burlington Coat Factory Warehouse Corp.*,
   No. 06-CIV- 0085 (S.D.N.Y. Dec. 5, 2006) ............................................................................7

*Gerffert Co. v. Dean*,
   No. 09 CV 266 MKB, 2012 WL 2054243 (E.D.N.Y. June 6, 2012).......................................8

*Hartford Courant Co. v. Pellegrino*,
   380 F.3d 83 (2d Cir. 2004).......................................................................................................3

*Johnson v. J. Walter Thompson U.S.A., LLC*,
   No. 16CIV1805JPOJCF, 2017 WL 2266971 (S.D.N.Y. May 2, 2017)...................................7

*Joy v. North*,
   692 F.2d 880 (2d Cir. 1982).....................................................................................................3

*Lugosch v. Pyramid Co. of Onondaga*,
   435 F.3d 110 (2d Cir. 2006).....................................................................................................2

*Nixon v. Warner Comm'ns*,
   435 U.S. 589 (1978).................................................................................................................2

*Rogers v. Henry*,
   No. 16-cv-5271, 2017 WL 5495805 (E.D.N.Y. Sept. 12, 2017) .............................................7

*Thor Equities, LLC v. Factory Mut. Ins. Co.*,
   No. 20 CIV. 3380 (AT), 2023 WL 6382684 (S.D.N.Y. Sept. 29, 2023)..........................2, 3, 4

*United States v. Mitchell*,
   551 F.2d 1252 (D.C. Cir. 1976)...............................................................................................2

**I.     PRELIMINARY STATEMENT**

Plaintiffs Ahmed Ashour, Joy Brown, and Crystal Townes (collectively, "Plaintiffs") submit this Memorandum of Law in Opposition to Defendants' Motion to File Documents Under Seal. ECF No. 310 ("Defs. Mem.").

**II.    STATEMENT OF FACTS**

Defendants move to file under seal three categories of documents: (i) Retainer Agreements entered between Plaintiffs Brown and Townes and Plaintiffs' counsel (*see* Declaration of Robert P. Donovan, Esq., ECF No. 315 ("Donovan Decl."), Exs. 4, 5); (ii) Transcripts of the deposition testimony of Plaintiffs Ashour, Brown, and Townes (*id*., Exs. 1, 2, 3); and (iii) Information that Defendants have unilaterally claimed to be "highly confidential trade secrets" and/or other "confidential" business information that they claim can be used by their competitors to unfairly compete with them. *See* Defendants' Memorandum in Support of Motion to Seal Documents in Support of Motion for Summary Judgment. ECF No. 311 ("Defs. Mem.") at 4-6; Donovan Decl., Exs. 20, 21; Declaration of Don Vultaggio, ECF No. 316 (Vultaggio Decl."); Invoices Ex. A, ECF No. 316-1.

Plaintiffs agree that the Retainer Agreements should be kept confidential since they are protected by certain recognized legal privileges and, especially, since they are being used by Defendants in a completely different manner than what Defendants represented to the Magistrate Judge that they would be used for—to confirm whether Plaintiffs and counsel had the financial means to finance this litigation.[1] Similarly, Plaintiffs do not oppose Defendants' Motion to Seal Plaintiffs' deposition transcripts or the Arizona Beverages USA LLC ("ABUSA") invoices.

---

[1] *See* Hearing Transcript re Aug. 26, 2020 Teleconference, ECF No. 90 at 5:18-23 (arguing retainer agreements were relevant because they "would bear upon whether and what assets the plaintiff and counsel have with regard to providing or paying for expenses relative to the lawsuit.").

Plaintiffs do not agree that the entirety of the deposition transcript of Defendants' 30(b)(6) witness Don Vultaggio—including Plaintiffs' Exhibit 10—that Defendants now seek to file under seal, qualify for withholding such information from a public filing made in connection with Defendants' dispositive motions. Not only have Defendants failed to establish how this information qualifies as "highly confidential trade secrets," they have also failed to demonstrate a particular or specific showing as to how any of this information could cause them the type of injury or harm that would rebut the presumption of public access. For the reasons stated below, Defendants' Motion to Seal the deposition transcript of their 30(b)(6) witness Don Vultaggio and Plaintiffs' Exhibit 10 should be denied.

III.   **ARGUMENT**

   A.   **There is a Strong Presumption of Public Access to Information Considered by Courts in Connection with Dispositive Motions**

The public right of access to court records is long-established and beyond dispute; rooted in common law and this nation's history. The Supreme Court and federal courts across the country have recognized the right of access to judicial records as "a precious common law right, one that predates the Constitution itself." *United States v. Mitchell*, 551 F.2d 1252, 1260 (D.C. Cir. 1976). "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Comm'ns*, 435 U.S. 589, 597 (1978). Indeed, "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).

As noted by this Court, the presumption of public access is at its highest when the material is relevant to a court's decision on dispositive motions like the ones presently before it. *Thor Equities, LLC v. Factory Mut. Ins. Co.*, No. 20 CIV. 3380 (AT), 2023 WL 6382684, at *1-2

(S.D.N.Y. Sept. 29, 2023); *see also Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 93 (2d Cir. 2004) (recognizing right of access to "documents filed in connection with pretrial motions"). This presumption of access "is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *Thor Equities*, LLC, 2023 WL 6382684, at *1-2 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

In balancing the presumption of public access against a party's desire to maintain certain information confidential, this Court has held that the privacy interests of those resisting disclosure, as well as recognized legal privileges (*e.g.*, attorney-client communication, attorney work product, medical information), can be compelling reasons in support of overcoming the presumption. *Altana Credit Opportunities Fund SPC v. Bolivarian Republic of Venezuela*, No. 20 CIV. 8402 (AT), 2023 WL 7924626, at *1 (S.D.N.Y. Nov. 16, 2023) (recognizing confidentiality of attorney-client communications and attorney work product); *Thor Equities, LLC*, 2023 WL 6382684, at *1-2 (granting confidential treatment of "personal, confidential, [and] sensitive medical information").

This Court has also extended confidential treatment to documents relating to businesses but has cautioned that "'conclusory statements that documents contain confidential business information' are insufficient to justify sealing." *Thor Equities LLC*, 2023 WL 6382684, at *1 (quoting *United States v. Wells Fargo Bank, N.A.*, No. 12 Civ. 7527, 2015 WL 3999074, at *4 (S.D.N.Y. June 30, 2015)); *see also Joy v. North*, 692 F.2d 880, 894 (2d Cir. 1982) (noting that a "naked conclusory statement" that disclosure will harm company "falls woefully short of the kind of showing which raises even an arguable issue as to whether it may be kept under seal."). In such situations, "the moving party must make a 'particular and specific demonstration of fact[] showing

that disclosure would result in an injury sufficiently serious to warrant protection.'" *Thor Equities, LLC,* 2023 WL 6382684, at *1 (quoting *Wells Fargo Bank, N.A.*, 2015 WL 3999074, at *4). Indeed, sealing "may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Thor Equities, LLC*, 2023 WL 6382684, at *1 (quoting *Lugosch*, 435 F.3d at 124).

      **B.**     **Defendants Failed to Provide This Court with Specific Facts Demonstrating Potential Injury if Defendants' 30(B)(6) Deposition Testimony of Don Vultaggio and Plaintiffs' Exhibit 10 Become Part of the Public Record and Failed to Provide a Narrowly-Tailored Solution for Balancing Public Access Against That Risk**

Defendants state that "[t]he court may, for good cause shown issue an order to protect any party including 'requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way.'" Defs. Mem. at 4 (quoting Fed. R. Civ. P. 26(c)(1)(G)). Defendants further state that documents may be sealed if the "confidential commercial information" they contain includes "information implicating the movant's business operations." *Id.* Finally, in support of the present request to seal, Defendants cite this Court's prior decision granting them the right to file under seal certain information in their pre-motion letter seeking leave to bring the present dispositive motions. Defs. Mem. at 4-5 (quoting Order, ECF No. 304). As explained below, Defendants have failed to establish the across-the-board confidential treatment they now seek for the deposition transcript of their 30(b)(6) witness Don Vultaggio and Plaintiffs' Exhibit 10. Thus, because Defendants failed to: (1) provide this Court with specific facts demonstrating that they could be injured if that information were to become part of the public record, and (2) provide a narrowly-tailored solution for balancing public access against that risk, their Motion to Seal the deposition transcript of their 30(b)(6) witness Don Vultaggio and Plaintiffs' Exhibit 10 must be denied.

Defendants first argue that the entire deposition transcript of one of their 30(b)(6) witnesses, Don Vultaggio, must be sealed because it contains "highly confidential trade secret information about, inter alia, sales, ingredients, labels, customers and competitors." Defs. Mem. at 5. Such testimony hardly amounts to "highly confidential trade secrets." The identities of Defendants' competitors are not secret either and can be easily discerned by anyone standing in a grocery store's beverage aisle. The identities of Defendants' customers are less secret, since they are retailers that sell Arizona Products. Obviously, the labels that appear on the Products and on many of the exhibits that Defendants are filing—without seeking to seal—are not "highly confidential trade secrets" either. While Defendants could have argued that the above data is subject to some type of protection, they have utterly failed to demonstrate in their moving papers the particular and specific demonstration of injury that would result should any of this information become public. Simply put, Defendants' Motion to Seal the deposition transcript of their 30(b)(6) witness Don Vultaggio and Plaintiffs' Exhibit 10 fails.

Defendants also argue that "Plaintiffs' Exhibit 10" to the 30(b)(6) deposition, which consists of one sheet of paper that lists the names, titles, and roles of several of Defendants' ABUSA employees, cannot be disclosed because these people were involved in the selling, marketing, and labeling of the Products. Defs. Mem. at 5. This list, Defendants state, could be used by competitors to gain an unfair advantage over them. *Id*. To be clear, the document bears a heading that states: "Key Persons at ABUSA Involved in the Sale, Marketing and Labeling of the Products." *See* ECF No. 316-1. Below that heading is a table that lists the names and titles/roles of six persons: Don Vultaggio, Spencer Vultaggio, Wesley Vultaggio, Thomas DeLuca, Salvatore DePrima, and Julie Brenner. *Id*. Even under the most liberal interpretation of what constitutes unfair competition, this document falls woefully short. First, the names and titles of the

Vultaggio's—three of Defendants' C-Suite executives—are no secret. Not only are these individuals prominently displayed on Defendants' website, but a quick Google search brings up numerous stories about each of them, including that they work for Defendants, as well as their titles and roles within the companies. Second, the other three individuals listed on Plaintiffs' Exhibit 10 all appear on the networking database LinkedIn, which provides their association to ABUSA, as well the titles they have held there. Indeed, not only is Defendants' argument that this list of publicly available information could somehow be used to unfairly compete with Defendants completely unfounded, anyone who has ever gotten a call from a head-hunter knows that it also lacks any common or business sense. Thus, Defendants' request regarding Plaintiffs' Exhibit 10 should be rejected.

In further support of their Motion to Seal, Defendants cite to this Court's prior Order granting their request to file under seal certain information contained in their Pre-Motion Letter seeking leave to bring the present motions. Defs. Mem. at 4-5 (citing ECF No. 290). Defendants' reliance on that Order is misplaced. First, in its Order, this Court made crystal clear that the request was granted in the context of Defendants' Request for Leave to File a Motion for Summary Judgment and Partial Judgment on the Pleadings (versus an actual dispositive motion) where "the presumption of public access that attaches to [the] documents is lower." ECF No. 290 at 1. Second, the Court granted the relief because "the redactions were narrowly tailored" to protect the Parties' interests. *Id*. at 1-2. Thus—as noted by the Court in the Order—because the presumption of public access to documents is greater at this stage and because Defendants have failed to provide a narrowly-tailored request to protect a legitimate interest in non-disclosure, which must be substantiated by facts not speculation, Defendants' requested relief to seal the deposition transcript of their 30(b)(6) witness Don Vultaggio and Plaintiffs' Exhibit 10 must be denied.

Finally, Defendants argue that the Motion to Seal is proper because "the Rule 30(b)(6) deposition transcript of Mr. Vultaggio contains testimony marked 'Highly Confidential, Attorneys' Eyes Only' under the protective order." Defs. Mem. at 5.

First, it is well-settled that designating information as "Highly Confidential, Attorneys' Eyes Only" pursuant to a protective order does not deem it so. In fact, "broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test [for sealing judicial documents]." *E.E.O.C. v. Kelley Drye & Warren LLP*, No. 10 Civ. 655, 2012 WL 691545, at *3 (S.D.N.Y. Mar. 2, 2012). Importantly, "[t]he mere existence of a confidentiality agreement ... does not demonstrate that sealing is necessary." *Church Ins. Co. v. Ace Prop. & Cas. Ins. Co.*, No. 10 CIV 698 RJS, 2010 WL 3958791, at *3 (S.D.N.Y. Sept. 23, 2010); *see also De Kafati v. Kafati Kafati*, No. 22-CV-9906 (VSB), 2022 WL 17552457, at *1 (S.D.N.Y. Dec. 9, 2022) ("The presumption of public access to judicial documents is not overcome simply because the documents are covered by a confidentiality agreement."). In the end, "[t]he party seeking to place the judicial documents under seal bears the burden of overcoming the presumption of public access." *Rogers v. Henry*, No. 16-cv-5271, 2017 WL 5495805, at *5 (E.D.N.Y. Sept. 12, 2017) (collecting cases).

Especially here, where Defendants have exploited the "Highly Confidential, Attorneys' Eyes Only" designation by labeling virtually every single document they have produced in this matter further weakens their position. Indeed, courts have warned that the "Attorneys' Eyes Only" designation must be used sparingly. *See Johnson v. J. Walter Thompson U.S.A., LLC*, No. 16CIV1805JPOJCF, 2017 WL 2266971, at *1 (S.D.N.Y. May 2, 2017) (warning that the "Attorneys' Eyes Only" "designation to be used sparingly, and I have therefore placed the burden on the designating party to justify such treatment from the outset . . . ."); *Fendi Adele S.R.L. v. Burlington Coat Factory Warehouse Corp.*, No. 06-CIV- 0085 (S.D.N.Y. Dec. 5, 2006) (ECF No.

112 at p. 6) (same); *Callsome Solutions Inc. v. Google, Inc.*, No. 652386/2014, 2018 WL 5267147, at *4 (N.Y. Sup. Ct. Oct. 23, 2018) (same).

The opinion in *Callsome Solutions Inc.* is instructive on this point. In dealing with the excessive designation of documents as "Attorneys' Eyes Only" by the defendant, the court stated the following:

> ["Attorneys' Eyes Only"] designations are not negotiable. Discovery is either "extremely sensitive" technical data or commercially sensitive or strategic plans, or research and development or not. Either documents are truly secret and their disclosure will be harmful to the owner of the document or not. If not, then the discovery may be protected by a designation of confidential and the discovery remains unavailable to the public, but usable by the parties for the purposes of this litigation only. A party cannot over designate documents then hold the improperly designated documents hostage until the adversary surrenders. Such conduct will not be countenanced by this court.

2018 WL 5267147, at *6. There, the court ordered that Google re-designate its documents and sanctioned it for abusing the "Attorneys' Eyes Only" designation. *Id.* at *7; *see also Gerffert Co. v. Dean*, No. 09 CV 266 MKB, 2012 WL 2054243, at *5 (E.D.N.Y. June 6, 2012) (noting that "Attorneys' Eyes Only" designation is proper if the "materials contain ***extremely sensitive*** trade secrets or commercial information . . . that if disclosed to the opposing side could result in ***serious competitive or other harm, that cannot be avoided by less restrictive means***.") (emphasis added).

In sum, all of Defendants' conclusory arguments in support of their blanket request to seal their 30(b)(6) witness' deposition transcript and Plaintiffs' Exhibit 10 under the guise that they are all "highly confidential trade secrets" fail to carry the day. As the well-established law on this issue requires, Defendants must provide this Court with a particular and specific demonstration of facts as to how disclosure of the information they seek to file under seal would result in an injury sufficiently serious to rebut the presumption of public disclosure. Defendants have failed to meet

this burden and the Motion to Seal the deposition transcript of their 30(b)(6) witness Don Vultaggio and Plaintiffs' Exhibit 10 must therefore be denied.

IV.     **CONCLUSION**

For the reasons set forth herein, Defendants' Motion to Seal with respect to their request to file under the seal the deposition transcript of their 30(b)(6) witness Don Vultaggio and Plaintiffs' Exhibit 10 should be denied.

DATED: April 12, 2024              */s/ Melissa S. Weiner*
                                   MELISSA S. WEINER
                                     mweiner@pwfirm.com
                                   RYAN T. GOTT
                                     rgott@pwfirm.com
                                   **PEARSON WARSHAW, LLP**
                                   328 Barry Avenue S., Suite 200
                                   Wayzata, MN 55391
                                   Telephone: (612) 389-0600
                                   Facsimile: (612) 389-0610

                                   Carlos F. Ramirez
                                   cramirez@reesellp.com
                                   Michael R. Reese
                                   mreese@reesellp.com
                                   **REESE LLP**
                                   100 West 93rd Street
                                   16th Floor New York, New York 10025
                                   Telephone: (212) 643-0500
                                   ***Facsimile: (212) 253-4272***

                                   *Attorneys for Plaintiffs*