THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AHMED ASHOUR, JOY BROWN and CRYSTAL TOWNES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ARIZONA BEVERAGES USA LLC, HORNELL BREWING CO., INC., BEVERAGE MARKETING USA, INC., ARIZONA BEVERAGES HOLDINGS LLC, and ARIZONA BEVERAGES HOLDINGS 2 LLC,<br><br>Defendants. | Civil Action No.<br>1:19-CV-07081-AT-OTW |

**DEFENDANTS' MEMORANDUM OF LAW:
(1) IN REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO SEAL; AND (2) IN RESPONSE BY WAY OF FURTHER SUPPORT TO KEEP SEALED DOCUMENTS SOUGHT TO BE CONDITIONALLY SEALED BY PLAINTIFFS**

STEVENS & LEE
669 River Drive, Suite 201
Elmwood Park, New Jersey 07407
Telephone: (201) 857-6778
Facsimile: (201) 857-6761
*Robert.Donovan@StevensLee.com*
*Attorneys for Defendants, Arizona Beverages
USA LLC, Hornell Brewing Co., Inc., Beverage
Marketing USA, Inc., Arizona Beverages Holdings
LLC, and Arizona Beverages Holdings 2 LLC*

Robert P. Donovan, Esq.,
Of Counsel

Nicholas P. Eliades
Of Counsel and on the Brief

05/20/2024 SL1 2111559v1 115260.00002

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................1

MOTIONS TO SEAL TO BE DECIDED ...................................................................................1

LEGAL ARGUMENT ..................................................................................................................3

    I.    DEFENDANTS' MOTION TO SEAL IS WARRANTED............................................3

        A.    Exhibit 20 - the Deposition Transcript of 30(b)(6) Witness Don Vultaggio ...............3

        B.    Exhibit 21 – Plaintiffs' Exhibit 10 to the Vultaggio Deposition ................................4

    II.    DOCUMENTS FILED BY PLAINTIFFS CONTAINING DEFENDANTS' CONFIDENTIAL INFORMATION SHOULD REMAIN UNDER SEAL. ..................4

        A.    Disputed Emails ........................................................................................................4

        B.    Discovery Responses ................................................................................................6

    III.    PLAINTIFFS' MOTION TO ALLOW THE FILING OF UNREDACTED VERSIONS OF THEIR MEMORANDUM OF LAW, OPPOSING SUMMARY JUDGMENT, AND THEIR 56.1 STATEMENT OUGHT TO BE DENIED. ...............7

CONCLUSION..............................................................................................................................7

05/20/2024 SL1 2111559v1 115260.00002

iii

# TABLE OF AUTHORITIES

Page

**Cases**

Fossil Grp., Inc. v. Angel Seller LLC,
    No. 20CV2441HGTAM, 2022 WL 3347219 (E.D.N.Y. Aug. 12, 2022)........................6

Grayson v. Gen. Elec. Co.,
    No. 3:13CV1799 (WWE), 2017 WL 923907 (D. Conn. Mar. 7, 2017) ..........................6

Uni-Sys., LLC v. United States Tennis Ass'n, Inc.,
    No. 17CV147KAMCLP, 2019 WL 3753780 (E.D.N.Y. Aug. 8, 2019).......................4, 6

## PRELIMINARY STATEMENT

Defendants, Arizona Beverages USA LLC (individually, "ABUSA"), Hornell Brewing Co., Inc. (individually, "Hornell"), Beverage Marketing USA, Inc. (individually, "BMU"), Arizona Beverages Holdings LLC (individually ("ABH"), and Arizona Beverages Holdings 2 LLC (individually, "ABH2") (collectively, "Defendants"), submit this memorandum of law in reply to Plaintiff's opposition to Defendants' motion to file documents under seal, (ECF Nos. 310 to 313, and 327) and by way of a response to keep sealed documents that Plaintiffs sought to seal conditionally, (ECF Nos. 324, 325, 331). Specifically, Defendants seek to keep the following filed documents under seal: Exhibits 20, 21, 27-31, 33, 39, 40, 43-47, 49 and 50.[1]

## PENDING MOTIONS TO SEAL

There are two motions before the Court with respect to the motions to seal, one being Defendants' motion to seal Exhibits 20 and 21 (hereinafter referred to as "Defendants' Seal Motion"). The second motion is Plaintiffs' motion that seeks to: a) file documents under seal; b) file documents under seal only on a conditional basis; and c) to allow pleadings that Plaintiffs filed under seal to be unsealed (collectively, "Plaintiffs' Motion to Seal"). (ECF No. 324).

Defendants' Motion to Seal relates to Exhibits 20 and 21, (ECF Nos. 315-20; 315-21), both filed in support of Defendants' motion for summary judgment. (ECF No. 310). Exhibit 20 is a deposition transcript of Defendants' Fed. R. Civ. P. 30(b)(6) witness, Don Vultaggio, and Exhibit 21 is a document entitled "Key Persons at ABUSA Involved in the Sale, Marketing and Labeling

---

[1] Plaintiffs did not include Exhibit 27 among the documents that Plaintiffs seek to seal only conditionally. (See ECF No. 325, at p. 1 (citing Exhibits 28-33, 39, 40, 43-47, 49, and 50)). In an abundance of caution, however, Defendants are seeking to have Exhibit 27 remain under seal as filed by Plaintiffs. (See ECF No. 333-4).

1

of the Products" that was marked at the Vultaggio deposition. (ECF Nos. 315-20; 315-21). Plaintiffs oppose Defendants' motion to seal Exhibits 20 and 21. (ECF No. 327).

Plaintiffs' Motion to Seal includes Exhibits 27-31, 33, 39, 40, 43-47, 49 and 50.  (ECF Nos. 333-4 to -8; 333-10; 333-16; 333-17; 333-18 to -22; 333-23; 333-24).  In Plaintiffs' Motion to Seal, Plaintiffs argue that Exhibits 27-31, 33, 39, 40, 43-47, 49 and 50 should be sealed conditionally "to the extent Defendants meet their burden to substantiate the necessity of sealing." (ECF No. 325).  Exhibits 27-31, 49 and 50 are documents produced during discovery ("Disputed Emails").  Exhibits 33, 39, 40, 43-47 are Defendants' written discovery responses ("Discovery Responses").

Plaintiffs also seek permission to file Plaintiffs' unredacted Memorandum of Law in Opposition to Motion for Summary Judgment, (ECF No. 330), and Plaintiffs' Response to Defendants' Rule 56.1 Statement of Material Facts, (ECF No. 328).  (See ECF No. 327 at pp. 1, 11 (listing same but not discussing within body of brief)).

The within memorandum of law addresses only those documents raised in Plaintiffs' opposition to Defendants' Seal Motion as well as those raised in Plaintiffs' Seal Motion.   With this submission, Defendants are submitting the following declarations: (1) Declaration of Don Vultaggio, dated May 16, 2024 ("Vultaggio May 16 Dec."), (2) Declaration of Mervyn D'Souza ("D'Souza Dec."); (3) Declaration of Frank Del Corso ("Del Corso Dec."); (4) Declaration of Tiffany Moseley ("Moseley Dec."); and (5) Declaration of Robert Donovan, dated May 20, 2024 ("Donovan Redactions Dec.").

**LEGAL ARGUMENT**

I.  **DEFENDANTS' MOTION TO SEAL IS WARRANTED.**

The documents that Defendants seek to seal can be described as follows: Exhibit 20; Exhibit 21; the Disputed Emails; and the Discovery Responses.

A.  **Exhibit 20 - the Deposition Transcript of 30(b)(6) Witness Don Vultaggio**

With regard to Exhibit 20, the deposition transcript of Defendants' 30(b)(6) witness Don Vultaggio, Plaintiffs argue that Defendants do not identify a specific harm that would result from the unsealing of the deposition transcript. (Pls.' Opp. Br. at p. 4 (ECF No. 327)). In support of Defendants' Seal Motion, however, Defendants filed the Declaration of Don Vultaggio, Chairman of ABUSA, where he states that the transcript contains proprietary information that would provide competitors an unfair advantage. (ECF No. 312, ¶ 5). In addition, Mr. Vultaggio has submitted a second declaration with this reply/response which further adds that "ABUSA is a private company" and that "[t]he information about the identity of ABUSA'S ingredient suppliers, co-packers, what and how decisions are made about formulas, product ingredients, manufacturing details, sales and marketing is highly sensitive and proprietary to ABUSA." (Vultaggio May 16 Dec. ¶ 4).

Defendants acknowledge that the entire deposition transcript does not require sealing and Defendants have submitted proposed redactions thereto. (Donovan Redactions Dec. Ex. A). Nevertheless, a significant amount of the transcript (191 pages out of 236, about 80%) ought to remain sealed because the testimony contains proprietary and confidential information.

The transcript contains highly confidential product cost information, manufacturing processes, labeling decisions and history, supplier information, customers and competitors. (Compare ECF No. 315-20, at T49:5-12 (costs), with Donovan Redactions Dec. Ex. A at T49:5-

3

12 (costs); id. at T73:22 to 76:22 (manufacturing process); id. at T85:21 to 86:3 and 86:12-15 (labeling decisions); id. at T123:13 to 124:4 (ABUSA's perceived competitors); and id. at T36:17 to 37:16 (citric acid supplier)). All such information is highly sensitive and proprietary to ABUSA, and if disclosed, would provide competitors an unfair advantage. (Vultaggio May 16 Dec. ¶ 4). In sum, Defendants' motion to seal Exhibit 20, based on proposed redactions, is tailored to encompass the highly sensitive proprietary information that is not publicly available and which would harm Defendants' operations were such information to become public.

    **B.**    **Exhibit 21 – Plaintiffs' Exhibit 10 to the Vultaggio Deposition**

Exhibit 21 was marked as Plaintiffs' Exhibit 10 at the deposition of Don Vultaggio. (ECF No. 315-21). The document identifies persons at ABUSA involved in the sale, marketing and labeling of the Products and was produced in response to a deposition topic that sought a witness to testify about the "business operations" of ABUSA, including identifying individuals so involved and how involved. (ECF No. 315-22). As such, the document and the testimony about the exhibit contains proprietary information about how a private company operates. (See Vultaggio May 16 Dec. ¶ 4). Consequently, Defendants seek to seal Exhibit 21 in its entirety.

**II.**    **DOCUMENTS FILED BY PLAINTIFFS CONTAINING DEFENDANTS' CONFIDENTIAL INFORMATION SHOULD REMAIN UNDER SEAL.**

    **A.**    **Disputed Emails**

Defendants request that the Disputed Emails be sealed in their entirety because they contain proprietary and sensitive business information related to ingredients, formulas, and/or labeling decisions. (Vultaggio May 16 Dec. ¶ 4; D'Souza Dec. ¶¶ 4-5; Del Corso Dec. ¶¶ 4-5; Moseley Dec. ¶¶ 4-5). This type of information warrants sealing. See Uni-Sys., LLC v. United States Tennis Ass'n, Inc., No. 17CV147KAMCLP, 2019 WL 3753780, at *5 (E.D.N.Y. Aug. 8, 2019)

4

(sealing "documents relat[ing] to design, manufacturing and supplying processes, and pricing, all of which fall within the scope of trade secrets").

Exhibits 27 contains information about how ingredients are processed. (ECF Nos. 333-4). Exhibit 30 contain discussions about formulas. (ECF No. 333-7). Declarations have been submitted that support maintaining the confidentiality of Exhibits 27 and 30, respectively, stating that public dissemination of such information would cause an unfair advantage to competitors. (D'Souza Dec. ¶¶ 3-4; Del Corso Dec. ¶¶ 3-4).

Likewise, with regard to Exhibit 31 (ECF No. 333-8), a declaration has been submitted stating that the information contained therein is confidential and should remain under seal. (Moseley Dec. ¶¶ 3-4). Exhibit 31 involves discussions labeling decisions. This type of information ought to remain sealed.

ABUSA also submits a declaration confirming that the information contained in these Disputed Emails at Exhibits 27, 30 and 31 is proprietary and confidential. (Vultaggio May 16 Dec. ¶¶ 3-4).

Exhibits 28, 29, 49, and 50 were all produced by ABUSA during discovery with a "Highly Confidential – Attorneys' Eyes Only" designation. (ECF Nos. 333-5, 333-6, 333-7, 333-23, 333-24). Exhibits 28, 29, 49, and 50 contain communications regarding ingredient information, particularly as applied to labeling and the decisions made in relation to both. These documents contain highly confidential and proprietary information, the disclosure of which would result in competitors being given access to the inner workings of ABUSA's operation, detrimentally affecting ABUSA's competitiveness. (See Vultaggio May 16 Dec. ¶¶ 3-4). Therefore, because the Disputed Emails contain highly sensitive proprietary information, they should remain sealed in their entirety.

**B.     Discovery Responses**

Defendants acknowledge that the entirety of the Discovery Responses need not be sealed. However, a significant amount of confidential information is contained in these responses and, respectfully, ought to remain sealed.

Attached to the accompanying declaration of counsel are proposed redactions to the Discovery Responses.  (Donovan Redactions Dec. Exs. B through I).  Specifically, Defendants seek to redact the confidential identities of Defendants' suppliers and their personnel.  (Compare ECF 333-10, with Donovan Redactions Dec. Ex. B at p. 6; compare  ECF No. 333-16, with  Ex. C at p. 16; compare ECF No. 333-17, with  Ex. D at pp. 5, 6 and 8).  The identity and information of a manufacturer's suppliers is information that warrants sealing.  See Fossil Grp., Inc. v. Angel Seller LLC, No. 20CV2441HGTAM, 2022 WL 3347219, at *3 (E.D.N.Y. Aug. 12, 2022) (permitting redaction of identities of suppliers to watch manufacturer); Grayson v. Gen. Elec. Co., No. 3:13CV1799 (WWE), 2017 WL 923907, at *3 (D. Conn. Mar. 7, 2017) (permitting redaction of identities of suppliers of microwave parts, product manufacturers, as well as "consumer identifying information").

Defendants also propose redactions for manufacturing processes and formulas for the products, including the names of processing aids used during manufacturing.  See Uni-Sys., 2019 WL 3753780, at *5 (manufacturing processes warrant sealing). For example, Plaintiffs' Requests for Admission inquired as to particular alleged contents and formulations of products, which is all sensitive information to which competitors should not gain access.  (Compare ECF No. 333-20 with Donovan Redactions Dec. Ex. G; compare ECF No. 333-18, with Ex. E at pp. 5-12 (regarding "water activity")).  The Defendants therefore ask that the Court accept the proposed redactions and keep under seal the unredacted Discovery Responses, because, as stated in the Vultaggio May 16

Declaration, the information sought to be sealed is proprietary and confidential, and its disclosure would give competitors an unfair advantage. (Vultaggio May 16 Dec. ¶ 4).

Defendants respectfully request that the Court allow the redactions as proposed in the Discovery Responses so that the unredacted Discovery Responses remain filed under seal.

**III.    PLAINTIFFS' MOTION TO ALLOW THE FILING OF UNREDACTED VERSIONS OF THEIR MEMORANDUM OF LAW, OPPOSING SUMMARY JUDGMENT, AND THEIR 56.1 STATEMENT OUGHT TO BE DENIED.**

In a wholly conclusory manner, Plaintiffs seek to unseal their unredacted memorandum of law, which they filed under seal (ECF No. 330), as well as their Rule 56.1 Statement, (ECF No. 328), in unredacted form, offering no explanation for this extraordinary relief. (Pls.' Seal Motion Br. at pp. 1, 11 (ECF No. 327)). Plaintiffs do not identify, in their Seal Motion, what information they seek to have unsealed and why. This deficiency warrants denial of this aspect of their motion. Additionally, these pleadings contain highly proprietary and confidential information of ABUSA including information that ABUSA is now asking the Court to keep sealed.

Consequently, an order that unseals these pleadings would render Defendants' request to seal this same information (whether contained in emails or in any other discovery) a nullity and cause an injustice.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant Defendants' motion to file Exhibits 20 and 21 (ECF Nos. 315-20; 315-21) under seal, and keep Exhibits 27-31, 33, 39, 40, 43-47, 49, and 50 of ECF Nos. 333-4 to -8; 333-10; 333-16; 333-17; 333-18 to -22; 333-23; 333-24 under seal.

Dated:  May 20, 2024

Respectfully submitted,

*/s/ Nicholas P. Eliades*
Nicholas P. Eliades

STEVENS & LEE
669 River Drive, Suite 201
Elmwood Park, New Jersey 07407
Telephone: (201) 857-6760
Facsimile: (201) 857-6761
Nicholas.Eliades@StevensLee.com

*Attorneys for Defendants, Arizona Beverages USA LLC, Hornell Brewing Co., Inc., Beverage Marketing USA, Inc., Arizona Beverages Holdings LLC, and Arizona Beverages Holdings 2 LLC*