```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
AHMED ASHOUR, JOY BROWN and
CRYSTAL TOWNES, individually and on behalf
of all others similarly situated,

                Plaintiffs,

-against-

ARIZONA BEVERAGES USA LLC,
HORNELL BREWING CO., INC.,
BEVERAGE MARKETING USA, INC.,
ARIZONA BEVERAGES HOLDINGS LLC, and
ARIZONA BEVERAGES HOLDINGS 2 LLC,

                Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _5/1/2025_
```

19 Civ. 7081 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    By motions dated March 1, April 12, May 13, and June 4, 2024, the parties sought to seal certain exhibits filed in connection with Defendants' motion for summary judgment. ECF Nos. 310, 324, 341, 348. On March 28, 2025, the Court granted these motions to seal in part and denied them in part. Order at 27, ECF No. 352. As relevant here, the Court denied without prejudice the parties' request to seal certain retainer agreements between Plaintiffs and their counsel, Plaintiffs' deposition testimony, an Arizona Beverages USA LLC ("ABUSA") personnel chart, and certain internal ABUSA emails, and to redact portions of the deposition testimony of Don Vultaggio, Defendants' discovery responses, Defendants' Rule 56.1 statement, and the parties' summary judgment briefing. *Id.* at 23–26. The Court directed the parties to propose narrowly tailored redactions and granted them leave to file a renewed sealing motion. *Id.* at 27.

    On April 25, 2025, the parties filed their renewed motion to seal, Mot., ECF No. 356, along with exhibits containing the requested narrowly tailored redactions, ECF Nos. 356-1 to -7. Because the parties' redactions comply with the Court's March 28 order, their renewed motion to seal is GRANTED.[1]

    Although the parties have indicated their non-opposition to the Court's unsealing of Plaintiffs' responses and objections to Defendants' initial interrogatories at ECF Nos. 333-1 and

---

[1] The Court grants Defendants' motion to file Vultaggio's deposition transcript with references to Defendants' pricing methodology redacted. *See* Mot. at 2. Although the Court agrees with Plaintiffs that this information is not particularly sensitive, *see id.* at 3, courts typically allow pricing information to remain under seal, especially when it is not relevant to the parties' dispute, *see Kewazinga Corp. v. Microsoft Corp.*, No. 18 Civ. 4500, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021). The Court also grants Defendants' motion to file their objections and responses to Plaintiffs' requests for admission with information about the specific ingredients contained in their beverages redacted. Defendants do not dispute that their products contain citric acid, the only alleged preservative relevant to this lawsuit, and the protection of this "proprietary technical and trade secret information" outweighs the public's right of access. *Samsung Elecs. Co., Ltd. v. Microchip Tech. Inc.*, 748 F. Supp. 3d 257, 261 (S.D.N.Y. 2024).

-3, *see* Mot. at 1, the Court observes that these exhibits contain Plaintiffs' home addresses, ECF No. 333-1 at 14; ECF No. 333-3 at 12, which the Court previously explained were properly subject to redaction, Order at 24. Accordingly, the Court will not unseal these exhibits. By **May 9, 2025**, Plaintiffs shall file public versions of these exhibits with their home addresses redacted.

    The Clerk of Court is respectfully directed to unseal:

1. ECF No. 314 and the attached exhibit;
2. ECF Nos. 315, 315-6 to -19, and -21 to -22;
3. ECF No. 316;
4. ECF No. 317;
5. ECF No. 320 and the attached exhibit;
6. ECF No. 321 and the attached exhibit;
7. ECF No. 330;
8. ECF Nos. 333, 333-4 to -11, -16 to -19, and -21 to -24;
9. ECF No. 343; and
10. ECF No. 350 and the attached exhibit.

    SO ORDERED.

Dated: May 1, 2025
       New York, New York

_____
ANALISA TORRES
United States District Judge