# Stevens & Lee

669 River Drive, Suite 201
Elmwood Park, NJ 07407
(201) 857-6760
www.stevenslee.com

Direct Dial: (201) 857-6778
Email: robert.donovan@stevenslee.com
Direct Fax: (610) 371-7938

August 27, 2025

**VIA ECF**
Honorable Ona T. Wang
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re: Ahmed Ashour et al. v. Arizona Beverages USA LLC, et al.
> Index No. 19-cv-07081 (AT)(OTW)

Dear Judge Wang:

This firm represents Defendants in the above matter. Kindly consider the within opposition to Plaintiffs' letter motion seeking to reopen discovery (ECF No. 365).

Reopening fact discovery would require the Court to modify the Case Management Order, entered on October 17, 2023 (ECF No. 276, "October 2023 CMO"), which ordered that all fact discovery closed on December 22, 2023. As observed in *Hnot v. Willis Grp. Holdings Ltd.*, No. 01 Civ. 6558 (GEL), 2006 WL 2381869, at *3 (S.D.N.Y. Aug. 17, 2006):

> Federal Rule of Civil Procedure 16(b) provides that scheduling orders "shall not be modified except upon a showing of good cause and by leave of the district judge." The requirement of good cause reflects the crucial role such orders play in allowing a District Court to effectively control and manage its docket. *See LaFlamme v. Carpenters Local # 370 Pension Plan,* 220 F.R.D. 181, 186 (N.D.N.Y. 2003); *see also Marcum v. Zimmer,* 163 F.R.D. 250, 253 (S.D.W.Va. 1995) ("[A] scheduling order is the critical path chosen by the trial judge and the parties to fulfill the mandate of [Federal Rule of Civil Procedure] 1 in 'secur[ing] the just, speedy, and inexpensive determination of every action,' " citing Fed.R.Civ.P. 1 (third alteration in original)). In order to establish good cause, the moving party must demonstrate diligence in its effort to comply with the court-ordered deadlines. *See Parker v. Columbia Pics. Indus.,* 204 F.3d 326, 340 (2d Cir. 2000); *Lincoln v. Potter,* 418 F.Supp.2d 443, 454 (S.D.N.Y. 2006); *see also Goewey v. United States,* 886 F.Supp. 1268, 1283 (D.S.C. 1995) ("A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.").

Allentown • Bergen County • Bala Cynwyd • Fort Lauderdale • Harrisburg • Lancaster • New York
Philadelphia • Princeton • Reading • Rochester • Scranton • Valley Forge • Wilkes-Barre • Wilmington
A PA Professional Corporation, Salvatore A. Giampiccolo, NJ Managing Attorney

08/27/2025 SL1 3742662v3 000000.00008

**Stevens & Lee**

Hon. Judge Ona T. Wang
August 27, 2025
Page 2

Plaintiffs rely upon the test in *Pharmacy, Inc. v. Am. Pharm. Partners, Inc.*, No. CV 05-776 (DRH) (AKT), 2008 WL 4415263 (S.D.N.Y. Sept. 24, 2008). However, as stated in *Saray Dokum ve Madeni Aksam Sanayi Turizm A.S. v. MTS Logistics Inc.*, 335 F.R.D. 50, 52 (S.D.N.Y. 2020), "[i]n some situations, courts do not apply these factors and we do not believe their application to be mandatory." In *Saray*, the court denied modification of the scheduling order to reopen discovery ruling that "while trial is not imminent, all the requests are opposed and [defendant] would be prejudiced if discovery was reopened, as it would increase 'litigation costs, and further delay resolution of this litigation.'" *Id.* (citing and quoting *Bakalar v. Vavra*, 851 F. Supp. 2d 489, 494 (S.D.N.Y. 2011).

The same circumstances in *Saray* exist here. Defendants oppose all Plaintiffs' requests and, if fact discovery is reopened, Defendants will suffer extreme prejudice. Unlike the decision in *Pharmacy*, where the court was addressing discrete and particularized discovery requests, identified by movant, Plaintiffs vaguely reference seeking more documents for "information that impact[s] class-wide damages and class products", without identifying the requests. During fact discovery, in responding to discovery requests, Defendants have uploaded over 72 GB of data, and produced about 33 GB of ESI, based upon specified end dates for ESI searches and production. Re-opening discovery now, to require responses through trial, would require Defendants to incur more enormous litigation costs and further delay disposition of this action.

Plaintiffs have not shown good cause exists to modify the October 2023 CMO and to reopen fact discovery. The "good cause inquiry" under Rule 16(b) is dependent upon the diligence of the party seeking to modify the scheduling order. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). Plaintiffs fail to satisfy the test for reopening discovery under *Pharmacy* precisely because they failed to act diligently by not taking even minimally adequate steps to protect their alleged right to the discovery they now seek (i.e. described as requiring "Defendants to produce documents" responsive to an unspecified "limited number of discovery requests" "through trial"). (ECF No. 365). *See Hnot*, 2006 WL 2381869, at *4 (where court addressed that plaintiffs failed to take steps to even minimally protect their alleged right to the discovery at issue).

Plaintiffs' lack of diligence is demonstrated by the fact that the October 2023 CMO was entered after a joint request was filed to extend the fact discovery deadline (ECF No. 274). Plaintiffs had an opportunity, at the time of the submission of the joint stipulation that led to October 2023 CMO, to notify the Court of the then foreseeable need for additional fact discovery through trial. Instead, Plaintiffs jointly submitted to the Court for consideration, a stipulation and a proposed scheduling order that made no such reference. (ECF No. 274). Additionally, at the status conference conducted on January 31, 2024, the parties were directed to address remaining discovery issues. Plaintiffs had the opportunity to notify the Court of their anticipated need for further discovery through trial and to request a corresponding amendment to the October 2023 CMO. Plaintiffs only raised the request to re-depose a witness on ESI matters. (ECF Nos. 303 and 305).

Stevens & Lee

Hon. Judge Ona T. Wang
August 27, 2025
Page 3

Had Plaintiffs raised the issue of seeking discovery through trial, at the January 31, 2024 conference, any dispute would have been resolved well over one- and one-half years ago. Significantly, at the time of that January 31 status conference, pre-motion letters regarding the grounds sought for summary judgment had already been filed. (ECF No. 290). If Plaintiffs believed more fact discovery through trial was necessary, they were duty-bound to raise that issue then, not more than a year and a half later. Their failure to seek the necessary exceptions and/or modifications to the October 2023 CMO, despite opportunities to do so, and the passage of time, demonstrates that Plaintiffs have not been diligent. *See Hnot*, 2006 WL 2381869, at *4.

Additionally, Plaintiffs fail to show why the deadlines under the October 2023 CMO or the scheduling order on class certification briefing (ECF No. 364) could not reasonably be met, despite any supposed diligence. *See Saray*, 335 F.R.D. at 52. Plaintiffs claim that discovery needs to be reopened for their calculation of "damages", but they have advised the Court that they will not run or field a conjoint analysis (i.e. to determine the amount of alleged damages), until after an adjudication of their class certification motion and, presumably, will only do so if successful on that motion. (ECF No. 364).

Plaintiffs' reliance upon *Iowa Pub. Employees' Ret. System v. Merrill Lynch, Pierce, Fenner & Smith*, 2025 WL 1276505 (S.D.N.Y. May 2, 2025) is misplaced. The court there emphasized the importance of the fact that class certification had been granted, thereby necessitating reopening discovery limited to damages **and the fact the matter concerned an ongoing alleged antitrust conspiracy.** *Iowa,* 2025 WL 1276505 at *4 (noting that in this antitrust case where Plaintiffs may seek damages that flow from the alleged conspiracy in operation during the Class Period, the Court finds that any prejudice to Defendants resulting from the effort to produce the additional data does not outweigh the need for this additional discovery). None of those circumstances exist here; class certification has not been granted and there is no antitrust conspiracy, or any ongoing conspiracy whatsoever, alleged in the complaint.

Reserving all rights, and without prejudice to Defendants' opposition, if the Court reopened discovery, it would be prejudicial and unfair only to allow a unilateral right in favor of one party. In conjunction with any reopening, Defendants would be entitled to obtain additional discovery from the remaining Plaintiffs concerning, *inter alia*, their alleged adequacy and typicality, for events post December 22, 2023. (*See Iowa*, 2025 WL 1276505 at *7, where court allowed Defendants to pursue limited discovery to support their defenses related to post-2017 damages).

For the foregoing reasons, Defendants respectfully request that Plaintiffs' motion to reopen discovery be denied. Thank you for Your Honor's attention to this matter.

# Stevens & Lee

Hon. Judge Ona T. Wang
August 27, 2025
Page 4

 

Respectfully Submitted,

STEVENS & LEE

Robert P. Donovan