November 13, 2025

**VIA ECF**
Honorable Ona T. Wang, U.S.M.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20D
New York, New York 10007

> Re:   *Ashour, et al. v. Arizona Beverages USA LLC, et al.*
>       Case No. 1:19-cv-07081-AT-OTW

Dear Judge Wang:

Pursuant to the Court's order (ECF No. 368), the Parties provide the following joint proposed agenda in anticipation of the November 20, 2025, status conference:

**Plaintiffs' Agenda:**

1. Plaintiffs' motion to reopen discovery on a limited basis. Plaintiffs seek to reopen discovery on a limited basis to simply require Defendants to produce documents responsive to a limited number of already-served/responded-to discovery requests, to update the documents/information since the close of discovery and through trial. Plaintiffs filed their Local Rule 37.2 Letter Motion for a Pre-Motion Discovery Conference outlining the basis for their Request on August 22, 2025. *See* ECF Nos. 365 (Plaintiffs' Letter Motion), 366. Defendants submitted their Letter in Response on August 27, 2025. *See* ECF No. 366.

2. Plaintiffs would like to discuss whether the Court intends to hold a hearing on Plaintiffs' Motion for Class Certification.

Pursuant to the Court's Individual Rule IVe, Defendants respectfully submit the following statement in response to Plaintiffs' Agenda:

1. During discovery, the parties agreed upon end dates for, *inter alia*, Defendants' ESI searches and document production. Requiring Defendants to produce discovery through to trial would be extremely prejudicial causing them to incur more enormous litigation costs and delay disposition of this action. Further, discovery produced through trial may well be irrelevant or unnecessary because, in adjudicating the motion for class certification, the Court is authorized to determine a clear end date to the class period. *See Hart v. Rick's NY Cabaret International, Inc.,* 09 Civ. 3043 (PAE), 2013 WL 11272536, *5 (S.D.N.Y. Nov. 11, 2013) (ruling an open-end date untenable and setting the close of fact discovery as the end date). Alternatively, the Court could deny class certification making the sought-after costly discovery irrelevant and/or disproportionate to the needs of the action.

11/13/2025 SL1 3847370v1 115260.00002

2. Defendants do not object to a hearing on the motion for class certification but believe that setting a date now would be premature given that the motion has yet to be filed and full briefing will not be completed for months.

**Defendants' Agenda:**

1. Defendants respectfully request that the Court consider entry of a scheduling order setting deadlines for Plaintiffs to furnish expert disclosures, and for Defendants to provide expert disclosures in rebuttal, on the pivotal issue of whether the citric acid in the subject products is a preservative as alleged. Under the briefing schedule entered by the Court (ECF No. 364), Defendants reserved the right to oppose and to object to the mode, manner and form of any expert reports Plaintiffs submit and to propose, separately, a schedule to complete all expert discovery concurrently with that briefing schedule.

Plaintiffs respectfully submit the following statement in response to Defendants' Agenda:

1. On August 18, 2025, the Parties jointly proposed a schedule for class certification and class certification experts. In their Joint Letter (ECF No. 363), they proposed the following, which the Court adopted (ECF No.364):

"If the Court grants Plaintiffs' motion for class certification in any respect, within two weeks following an Order on Class Certification, the Parties will meet and confer to address whether they can propose a deadline for any **remaining post-class certification expert discovery on the merits**. Plaintiffs' proposal at that time will include fielding and running the conjoint analysis, and trial."

Defendants now seek to renegotiate the schedule they already jointly proposed to the Court. Plaintiffs maintain that it would be a waste of resources to conduct additional merits discovery before the Court rules on Plaintiffs' motion for class certification, which formed the foundation underlying the Parties' joint proposal at ECF No. 363 (i.e., that no additional expert discovery would be taken before the Court rules on Plaintiffs' procedural motion for class certification). Plaintiffs request the Court simply maintain the schedule already entered.

Thank you for Your Honor's attention to this matter.

Respectfully submitted,

**REESE LLP**                                              **STEVENS & LEE**

/s/ *Carlos F. Ramirez*                                    /s/ *Robert P. Donovan*
CARLOS F. RAMIREZ                                          ROBERT P. DONOVAN
*Attorneys for Plaintiffs*                                 *Attorneys for Defendants*

2