**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AHMED ASHOUR, JOY BROWN, and CRYSTAL TOWNES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ARIZONA BEVERAGES USA LLC, HORNELL BREWING CO., INC., BEVERAGE MARKETING USA, INC., ARIZONA BEVERAGES HOLDINGS LLC, and ARIZONA BEVERAGES HOLDINGS 2 LLC,<br><br>Defendants. | CASE NO. 1:19-cv-07081-(AT) (OTW)<br><br>**DECLARATION OF MELISSA S. WEINER IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION & MOTION TO FILE DOCUMENTS UNDER SEAL** |

I, Melissa S. Weiner, of full age, hereby declare:

1.     I am an attorney-at-law licensed to practice in the States of Minnesota and New York. I am a Partner at the firm Pearson Warshaw, LLP ("PW"), one of the law firms representing Plaintiffs Ahmed Ashour and Crystal Townes[1] and the proposed Classes in this action.[2] PW has jointly led this litigation with Reese LLP.

2.     I have factual knowledge regarding the procedural history in this matter and make this Declaration in Support of Plaintiffs' Motion for Class Certification ("Motion") and Plaintiffs' Motion to File Documents Under Seal. I am one of the attorneys principally responsible for handling of this matter for PW. I am personally familiar with the facts set forth in this Declaration.

---

[1] Following the Court's Order on Defendants' Motion for Summary Judgment and Partial Judgment on the Pleadings, all of Plaintiff Joy Brown's claims are dismissed. *See* ECF No. 352

[2] All capitalized terms used herein are defined in accordance with the Glossary of Terms contained in Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Class Certification filed concurrently herewith.

If called as a witness, I could and would competently testify to the matters stated herein.

## I.      RULE 23(a)(4) ADEQUACY OF COUNSEL

3.      PW has the experience, resources and ability to adequately represent Plaintiffs and Class Members in this class action lawsuit.

4.      Attached as **Exhibit 1** is the PW firm résumé that contains a complete profile of PW's attorneys and summary of the numerous litigations in which they obtained successful results, including obtaining approximately $3 billion in settlements and verdicts in a wide range of cases.

5.      Since my admission to the bar in 2007, I have earned leadership appointments in a variety of MDL's and class actions throughout the country. Specifically, I chair the Plaintiffs' Executive Committee ("PEC") in *In Re Santa Fe Natural Tobacco Company Marketing & Sales Practices and Products Liability Litigation*, No. 1:16-md-02695-JB (D.N.M.). In that role, I am responsible for leading and directing pretrial matters, including the delegation of common benefit work responsibilities to the members of the PEC. I co-led all strategy related to class certification, which resulted in a landmark class certification decision. Additionally, in a contested motion, I was appointed as co-lead interim class counsel in *In re Fairlife Milk Products Marketing and Sales Practices Litigation*, MDL No. 2909, No. 19-cv-3924 (N.D. Ill.), a nationwide false advertising class action that resulted in a $21 million settlement. I was appointed co-lead class counsel following a successful motion for class certification in *Benson v. Newell Brands, Inc.*, No. 19 C 6836, 2021 WL 5321510 (N.D. Ill. Nov. 16, 2021) (interlocutory appeal to the Seventh Circuit denied, No. 21- 8034 (7th Cir. Dec. 6, 2021)). Particularly relevant for this action, I have been named class counsel—and achieved significant results for consumers in deceptive labeling cases— in the following actions: *Frohberg v. Cumberland Packing Corp.*, No. 1:14-cv-00748-KAM (E.D.N.Y.) (misleading "natural" sweetener); *Martin et al. v. Cargill, Inc.*, No. 1:14-cv-00218-

2

LEK (D. Haw.) (misleading "natural" sweetener); *Gay v. Tom's of Maine, Inc.*, No. 0:14-cv-60604-KMM (S.D. Fla.) (misleading "natural" cosmetics); *Baharestan v. Venus Labs., Inc. d/b/a Earth Friendly Prods., Inc.*, No. 315-cv-03578-EDL (N.D. Cal.) (misleading "natural" snack foods); *Barron v. Snyder's-Lance, Inc.*, No. 0:13-cv-62496-JAL (S.D. Fla.) (misleading "natural" snack foods).

6.      PW served as co-lead counsel in *In re Credit Default Swaps Antitrust Litigation*, MDL No. 2476 (S.D.N.Y.), an antitrust class action alleging an anticompetitive conspiracy by the largest international banks and financial institutions in the world to fix the price of credit default swaps. That case resulted in $1.86 billion in settlements, making it one of the largest civil lawsuit recoveries in history. PW also served as co-lead counsel on behalf of the Direct Purchaser Plaintiffs in *In re TFT-LCD (Flat Panel) Antitrust Litigation*, MDL No. 1827 (N.D. Cal.). In that case, PW lawyers helped secure a settlement of over $400 million for the class and obtained an $87 million verdict, before trebling, following a five-week trial against the only remaining defendant in the case, Toshiba Corporation and its related entities. In addition to those listed above, PW served as lead or co-lead counsel in some of the most advanced and cutting-edge class actions in the country, including: *In re Lithium Ion Batteries Antitrust Litigation*, MDL No. 2420 (N.D. Cal.); *In re Carrier IQ Consumer Privacy Litigation*, MDL No. 2330 (N.D. Cal.).

7.      The background and experience of the attorneys at PW, our efforts to investigate and develop the allegations in this case, and our clients' stake in this litigation give my firm and me a solid foundation by which we can continue to prosecute this case efficiently and expeditiously.

8.      Along with Reese LLP, PW has spent many hours diligently and passionately pursuing the instant matter on behalf of Plaintiffs and the proposed Class. The Court is well-aware

3

of the procedural history of the instant action, but in summary, PW along with Reese LLP represented Plaintiffs and the proposed Class through dispositive motion practice, extensive discovery involving voluminous document production, depositions and significant expert work.

9.    PW has no known conflicts which would prevent it from adequately representing the proposed Class.

10.    As set forth in Plaintiffs' Motion, there is extensive evidence in the record to support granting class certification in this case. This evidence, including documents produced in the litigation, depositions taken to date and expert reports, represents only a small portion of the evidence supporting Plaintiffs' claims in this case.

## II.    PROSPECTIVE TRIAL PLAN

11.    If this matter goes to trial, Plaintiffs can implement a class trial plan that will allow them to submit common proof on each of the common issues in this case, which apply uniformly across the California and New York consumer protection statutes and California express warranty law.

12.    Attached as **Exhibit 2** is the Common Elements Chart highlighting the common questions shared between Plaintiffs' claims under the California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1770, *et seq.*; California express warranty law, Cal. Com. Code § 2313; and the New York Consumer Protection From Deceptive Acts and Practices, N.Y. Gen. Bus. Law §§ 349, 350. As demonstrated in the Common Elements Chart, there is significant and meaningful overlap between California and New York law such that trial of the claims on a class-wide basis would be manageable. Each claim requires proof of similar common elements, and any slight variation in the claims can be addressed in jury instructions and verdict form.

13.    Through common proof, Plaintiffs will show Defendants' uniform labeling of the

Products violated the laws of California and New York. Specifically, Plaintiffs will show that Defendants violated the California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1770, *et seq.*; California express warranty law, Cal. Com. Code § 2313; and the New York Consumer Protection From Deceptive Acts and Practices, N.Y. Gen. Bus. Law §§ 349, 350, by misleading the reasonable consumer when they labeled the Products "No Preservatives" despite the Products containing citric acid, which acted as a preservative.

14.    Each of the common elements, coupled with the "reasonable consumer" standard employed in both states will enable the Court and jury to address liability under California and New York law. Defendants, by their own admission, uniformly and consistently utilized the "No Preservatives" representation on the Products in New York and California during the Class Periods. The uniform use of the "No Preservatives" representation is how all Class Members were: (1) exposed to Defendants' "No Preservatives" representation, which was a material part of the basis of the bargain (Common Elements 1 & 2); and (2) exposed to the marketing and advertising that caused their harm (Common Element 3). Plaintiffs will present expert testimony regarding the presence and effect of the citric acid used in the Products and Defendants' reasonable knowledge of the same (Common Element 3). Lastly, Plaintiffs will present a price premium damages model to assess damages on a class-wide basis at trial (Common Element 4). *See* **Ex. 2**.

15.    The above is a general overview of Plaintiffs' trial plan, which will be supplemented and amended as necessary. Nevertheless, the information that is available so far establishes how this case can be manageably tried on a class-wide basis.

## III.    **CONFIDENTIALITY DESIGNATIONS OF CLASS CERTIFICATION EXHIBITS**

16.    On October 28, 2025 pursuant to Paragraph 4 of the Stipulation and Protective Order, Plaintiffs' counsel emailed Defendants' counsel with regard to the "Highly Confidential –

Attorneys' Eyes Only" designation as to **Exhibits 8, 9-25, 27** and **34** pursuant to Federal Rule of Civil Procedure 5.2 and Judge Analisa Torres' Individual Practices in Civil Cases, Rule IV(A).

17. On November 13, 2025, counsel for the Parties reached agreement as to the redactions and/or sealed status of **Exhibits 8, 9-25, 27** and **34** as addressed in Plaintiffs' Motion to Seal filed concurrently herewith.

18. On November 16, 2025, counsel emailed Defendants' counsel with regard to the "Highly Confidential – Attorneys' Eyes Only" designation as to **Exhibits 10.10, 10.11, 10.12-10.16, 15.2, 15.3, 15.5, 15.7** and **15.16-15.18** pursuant to Federal Rule of Civil Procedure 5.2 and Judge Analisa Torres' Individual Practices in Civil Cases, Rule IV(A), stating that **Exhibits 10.10, 10.11, 10.12-10.16, 15.2, 15.3, 15.5, 15.7** and **15.16-15.18** will be redacted in accordance with the parties' November 13, 2025 agreement and as addressed in Plaintiffs' Motion to Seal filed concurrently herewith.

19. On October 23, 2025, pursuant to Paragraph 4 of the Stipulation and Protective Order, Plaintiffs' counsel emailed non-party Knouse Foods's counsel regarding the "Highly Confidential – Attorneys' Eyes Only" designation as to **Exhibit 9**, pursuant to Federal Rule of Civil Procedure 5.2 and Judge Analisa Torres' Individual Practices in Civil Cases, Rule IV(A).

20. On November 10, 2025, Knouse Foods's counsel notified Plaintiffs' counsel that it does not have any objections to removing the "Highly Confidential – Attorneys' Eyes Only" designation to **Exhibit 9** and its filing on the public docket in conjunction with Plaintiffs' Motion.

21. On October 23, 2025, pursuant to Paragraph 4 of the Stipulation and Protective Order, Plaintiffs' counsel emailed non-party Allen Flavors counsel regarding the "Highly Confidential – Attorneys' Eyes Only" designation as to **Exhibits 26** and **30**, pursuant to Federal Rule of Civil Procedure 5.2 and Judge Analisa Torres' Individual Practices in Civil Cases, Rule

6

IV(A).

22.     On October 30, 2025, Allen Flavors' counsel notified Plaintiffs' counsel that it does not have any objections to removing the "Highly Confidential – Attorneys' Eyes Only" designation to **Exhibit 26** and its filing on the public docket in conjunction with Plaintiffs' Motion.

23.     On November 17, Plaintiffs' counsel and Allen Flavors' counsel reached agreement as to the redactions of **Exhibit 30** as addressed in Plaintiffs' Motion to Seal filed concurrently herewith.

24.     On October 23, 2025, pursuant to Paragraph 4 of the Stipulation and Protective Order, Plaintiffs' counsel emailed non-party Niagara Bottling's counsel regarding the "Highly Confidential – Attorneys' Eyes Only" designation as to **Exhibit 28**, pursuant to Federal Rule of Civil Procedure 5.2 and Judge Analisa Torres' Individual Practices in Civil Cases, Rule IV(A).

25.     On November 3, 2025, Niagara Bottling's counsel notified Plaintiffs' counsel that it does not have any objections to removing the "Highly Confidential – Attorneys' Eyes Only" designation to **Exhibit 28** and its filing on the public docket in conjunction with Plaintiffs' Motion, with limited redactions of personally identifiable information.

26.     On November 11, 2025 pursuant to Paragraph 4 of the Stipulation and Protective Order, Plaintiffs' counsel emailed non-party Niagara Bottling's counsel regarding the "Highly Confidential – Attorneys' Eyes Only" designation as to **Exhibit 9.16**, pursuant to Federal Rule of Civil Procedure 5.2 and Judge Analisa Torres' Individual Practices in Civil Cases, Rule IV(A).

27.     On November 14, 2025, Niagara Bottling's counsel notified Plaintiffs' counsel that it does not have any objections to removing the "Highly Confidential – Attorneys' Eyes Only" designation to **Exhibit 9.16** and its filing on the public docket in conjunction with Plaintiffs' Motion, with limited redactions as addressed in Plaintiffs' Motion to Seal filed concurrently

herewith.

28.     As such, there are no outstanding disputes as to the confidentiality designations in the documents filed as Exhibits to the Weiner Declaration. Any agreements to the confidentiality of any Exhibit or the information contained therein, as addressed in this Declaration, is limited to the purposes of Plaintiffs' Motion for Class Certification and Plaintiffs reserve the right to challenge confidentiality designations of any Exhibit herein at a later date.

## IV.    <u>CLASS CERTIFICATION EXHIBITS</u>

29.     Attached as **Exhibit 3** is Plaintiffs' Class Product List.

30.     Attached as **Exhibit 4** is a true and correct copy of the Expert Declaration of Marc Meyers, Ph.D., redacted.

31.     Attached as **Exhibit 5** is a true and correct copy of the Expert Report of J. Joseph Cronin, Jr., Ph.D., redacted.

32.     Attached as **Exhibit 6** is a true and correct copy of the Expert Report of Jean-Pierre Dubé, Ph.D., redacted.

33.     Attached as **Exhibit 7** are true and correct copies of *Prescod v. Celsius Holdings, Inc.*, No. 19STCV09321-KF, 2021 WL 5234499 (Cal. Sup. Aug. 2, 2021) (Order Granting Class Certification); and *Prescod v. Celsius Holdings, Inc.*, No. 19STCV09321-KF, 2021 WL 5234497 (Cal. Sup. Sept. 9, 2021) (Order Denying Motion for Summary Judgment).

34.     Attached as **Exhibit 8** is a true and correct copy of the Deposition Transcript of Defendants' 30(b)(6) Corporate Representative, Don Vultaggio, dated November 10, 2023, redacted.

35.     Attached as **Exhibit 9 (.1) – (.51)** are true and correct copies of documents produced in this litigation by Defendants and Niagara Bottling encompassing the label catalogue

of Product Arnold Palmer Half Iced Tea & Half Lemonade (Lite and Zero) during the Class Period:

9.1.    DESI061571 – Label for AP Zero – SKU 13008-73048, redacted

9.2.    DESI061711 - Label for AP Zero – SKU 13008-73048, redacted

9.3.    DESI061712 - Label for AP Zero – SKU 13008-73048, redacted

9.4.    DESI062247 - Label for AP Zero – SKU 13008-73048, redacted

9.5.    DESI062483 - Label for AP Zero – SKU 13008-73048, redacted

9.6.    DESI061655 – Label for AP Lite – SKU 13008-72591, redacted

9.7.    DESI061656 – Label for AP Lite – SKU 13008-72591, redacted

9.8.    DESI062218 – Label for AP Lite – SKU 13008-72591, redacted

9.9.    DESI062222 – Label for AP Lite – SKU 13008-72591, redacted

9.10.    DESI062421 – Label for AP Lite – SKU 13008-72591, redacted

9.11.    DESI062423-24 – Label for AP Lite – SKU 13008-72591, redacted

9.12.    DESI062442 – Label for AP Lite – SKU 13008-72591, redacted

9.13.    DESI062461; 63 – Label for AP Lite – SKU 13008-72591, redacted

9.14.    DESI062482 – Label for AP Lite – SKU 13008-72591, redacted

9.15.    DESI062531 – Label for AP Lite – SKU 13008-72591, redacted

9.16.    NIAGARA000377 – Label for AP Lite – SKU 13008-72831, redacted

9.17.    DESI061394 – Label for AP Lite – SKU 13008-71930, redacted

9.18.    DESI061413 – Label for AP Lite – SKU 13008-71930, redacted

9.19.    DESI062451 – Label for AP Lite – SKU 13008-71930, redacted

9.20.    DESI061657 – Label for AP Lite – SKU 13008-71930, redacted

9.21.    DESI062223 – Label for AP Lite – SKU 13008-71930, redacted

9.22.    DESI062337– Label for AP Lite – SKU 13008-71930, redacted

9.23.    DESI062459 – Label for AP Lite – SKU 13008-75646, redacted

9.24.    DESI029380 – Sale Sheet for AP Zero – SKU 13008-72857

9.25.  DESI052962 – Sale Sheet  for AP Zero – SKU 13008-72857

9.26.  DESI061205 – Label for AP Zero – SKU 13008-72857, redacted

9.27.  DESI061769 – Label for AP Zero – SKU 13008-72857, redacted

9.28.  DESI061770 – Label for AP Zero – SKU 13008-72857, redacted

9.29.  DESI061771 – Label for AP Zero – SKU 13008-72857, redacted

9.30.  DESI062270 – Label for AP Zero – SKU 13008-72857, redacted

9.31.  DESI062412 – Label for AP Zero – SKU 13008-72857, redacted

9.32.  DESI061274 – Label for AP Lite – SKU 13008-72700, redacted

9.33.  DESI061473 – Label for AP Lite – SKU 13008-72700, redacted

9.34.  DESI061850 – Label for AP Lite – SKU 13008-72700, redacted

9.35.  DESI061853 – Label for AP Lite – SKU 13008-72700, redacted

9.36.  DESI062242 – Label for AP Lite – SKU 13008-72700, redacted

9.37.  DESI062286 – Label for AP Lite – SKU 13008-72700, redacted

9.38.  DESI062360 – Label for AP Lite – SKU 13008-72700, redacted

9.39.  DESI062374 – Label for AP Lite – SKU 13008-72700, redacted

9.40.  DESI062497 – Label for AP Lite – SKU 13008-72700, redacted

9.41.  DESI062518 – Label for AP Lite – SKU 13008-72700, redacted

9.42.  DESI061882 – Label for AP Lite – SKU 13008-73089, redacted

9.43.  DESI061212 – Label for AP Lite – SKU 13008-73089, redacted

9.44.  DESI061213 – Label for AP Lite – SKU 13008-73089, redacted

9.45.  DESI061418 – Label for AP Lite – SKU 13008-73089, redacted

9.46.  DESI061714 – Label for AP Lite – SKU 13008-73089, redacted

9.47.  DESI061731 – Label for AP Lite – SKU 13008-73089, redacted

9.48.  DESI062364 – Label for AP Lite – SKU 13008-73089, redacted

9.49.  DESI062366 – Label for AP Lite – SKU 13008-73089, redacted

9.50.   DESI062368 – Label for AP Lite – SKU 13008-73089, redacted

9.51.   DESI062485 – Label for AP Lite – SKU 13008-73089, redacted

36.    Attached as **Exhibit 10 (.1) – (.16)** are true and correct copies of documents produced in this litigation by Defendants encompassing the label catalogue of Product Fruit Punch Fruit Juice Cocktail during the Class Period:

10.1.   DESI061971 – Label for Fruit Punch – SKU 13008-75130, redacted

10.2.   DESI061970 – Label for Fruit Punch – SKU 13008-72575, redacted

10.3.   DESI062092 – Label for Fruit Punch – SKU 13008-72575, redacted

10.4.   DESI062457 – Label for Fruit Punch – SKU 13008-75647, redacted

10.5.   DESI062347 – Label for Fruit Punch – SKU 13008-75647, redacted

10.6.   DESI062396 – Label for Fruit Punch – SKU 13008-75647, redacted

10.7.   DESI062258 – Label for Fruit Punch – SKU 13008-75647, redacted

10.8.   DESI061569 – Label for Fruit Punch – SKU 13008-71876, redacted

10.9.   DESI040466 – Sale Sheet for Fruit Punch – SKU 13008-73014

10.10.  DESI061271 – Label for Fruit Punch – SKU 13008-73014, redacted

10.11.  DESI061552 – Label for Fruit Punch – SKU 13008-73014, redacted

10.12.  DESI035919 – Sale Sheet for Fruit Punch – SKU 13008-74940

10.13.  DESI061564 – Label for Fruit Punch – SKU 13008-74940, redacted

10.14.  DESI061581 – Label for Fruit Punch – SKU 13008-74940, redacted

10.15.  DESI062212 – Label for Fruit Punch – SKU 13008-74940, redacted

10.16.  DESI062378 – Label for Fruit Punch – SKU 13008-74940, redacted

37.    Attached as **Exhibit 11** is the true and correct copy of a document produced in this litigation by Defendants encompassing the label catalogue of Product Golden Bear Strawberry Lemonade (Lite) during the Class Period: DESI062096 – SKU 13008-74228, redacted

38.    Attached as **Exhibit 12 (.1) – (.6)** are true and correct copies of documents produced in this litigation by Defendants encompassing the label catalogue of Product Grapeade Fruit Juice Cocktail during the Class Period:

12.1    DESI061597 – Label for Grapeade – SKU 13008-71929, redacted

12.2    DESI061622 – Label for Grapeade – SKU 13008-71929, redacted

12.3    DESI062194 – Label for Grapeade – SKU 13008-71929, redacted

12.4    DESI062326 – Label for Grapeade – SKU 13008-71929, redacted

12.5    DESI062399 – Label for Grapeade – SKU 13008-71929, redacted

12.6    DESI062449 – Label for Grapeade – SKU 13008-71929, redacted

39.    Attached as **Exhibit 13 (.1) – (.13)** are true and correct copies of documents produced in this litigation by Defendants encompassing the label catalogue of Product Green Tea during the Class Period:

13.1.    DESI062389 – Label for Green Tea – SKU 13008-72571, redacted

13.2.    DESI062488 – Label for Green Tea – SKU 13008-75115, redacted

13.3.    DESI062328 – Label for Green Tea – SKU 13008-71526, redacted

13.4.    DESI061871 – Label for Green Tea – SKU 13008-75642, redacted

13.5.    DESI062416 – Label for Green Tea – SKU 13008-75642, redacted

13.6.    DESI062456 – Label for Green Tea – SKU 13008-75642, redacted

13.7.    DESI035977 – Sale Sheet for Green Tea – SKU 13008-72177

13.8.    DESI036336 – Sale Sheet for Green Tea – SKU 13008-72177

13.9.    DESI061857 – Label for Green Tea – SKU 13008-72177, redacted

13.10.  DESI062499 – Label for Green Tea – SKU 13008-72177, redacted

13.11.  DESI062517 – Label for Green Tea – SKU 13008-72177, redacted

13.12.  DESI061847 – Label for Green Tea – SKU 13008-74934, redacted

13.13.  DESI062379 – Label for Green Tea – SKU 13008-74934, redacted

40.    Attached as **Exhibit 14 (.1) – (.3)** are true and correct copies of documents produced in this litigation by Defendants encompassing the label catalogue of Product Kiwi Strawberry Fruit Juice Cocktail during the Class Period:

14.1.  DESI061238 – Label for Kiwi Strawberry – SKU 13008-73543, redacted

14.2.  DESI061619 – Label for Kiwi Strawberry – SKU 13008-73543, redacted

14.3.  DESI062325 – Label for Kiwi Strawberry – SKU 13008-73543, redacted

41.    Attached as **Exhibit 15 (.1) – (.22)** are true and correct copies of documents produced in this litigation by Defendants encompassing the label catalogue of Product Iced Tea with Lemon Flavor during the Class Period:

15.1.  DESI035537 – Sale Sheet for Iced Tea Lemon – SKU 13008-73578

15.2.  DESI061697 – Label for Iced Tea Lemon – SKU 13008-73578, redacted

15.3.  DESI062236 – Label for Iced Tea Lemon – SKU 13008-73578, redacted

15.4.  DESI047616 – Sale Sheet for Iced Tea Lemon – SKU 13008-75136

15.5.  DESI061968 – Label for Iced Tea Lemon – SKU 13008-75136, redacted

15.6.  DESI047630 – Sale Sheet for Iced Tea Lemon – SKU 13008-72569

15.7.  DESI061719 – Label for Iced Tea Lemon – SKU 13008-72569, redacted

15.8.  DESI 061359 – Label for Iced Tea Lemon – SKU 13008-73515, redacted

15.9.  DESI 061610 – Label for Iced Tea Lemon – SKU 13008-73515, redacted

15.10. DESI 061701 – Label for Iced Tea Lemon – SKU 13008-73515, redacted

15.11. DESI 062317 – Label for Iced Tea Lemon – SKU 13008-73515, redacted

15.12. DESI 062408 – Label for Iced Tea Lemon – SKU 13008-73515, redacted

15.13. DESI 062513 – Label for Iced Tea Lemon – SKU 13008-73515, redacted

15.14. DESI 062515 – Label for Iced Tea Lemon – SKU 13008-73515, redacted

15.15. DESI061007 – Sale Sheet for Iced Tea Lemon – SKU 13008-75649

15.16. DESI062256 – Label for Iced Tea Lemon – SKU 13008-75649, redacted

15.17. DESI062455 – Label for Iced Tea Lemon – SKU 13008-75649, redacted

15.18. DESI062418 – Label for Iced Tea Lemon – SKU 13008-75649, redacted

15.19. DESI061555 – Label for Iced Tea Lemon – SKU 13008-72175, redacted

15.20. DESI062273 – Label for Iced Tea Lemon – SKU 13008-72175, redacted

15.21. DESI061852 – Label for Iced Tea Lemon – SKU 13008-72175, redacted

15.22. DESI061848 – Label for Iced Tea Lemon – SKU 13008-74936, redacted

42.     Attached as **Exhibit 16 (.1) – (.20)** are true and correct copies of documents produced in this litigation by Defendants encompassing the label catalogue of Product Mucho Mango Fruit Juice Cocktail during the Class Period:

16.1.   DESI061584 – Label for Mucho Mango – SKU 13008-72579, redacted

16.2.   DESI061592 – Label for Mucho Mango – SKU 13008-72579, redacted

16.3.   DESI061973 – Label for Mucho Mango – SKU 13008-72579, redacted

16.4.   DESI062090 – Label for Mucho Mango – SKU 13008-72579, redacted

16.5.   DESI062262 – Label for Mucho Mango – SKU 13008-72579, redacted

16.6.   DESI062390 – Label for Mucho Mango – SKU 13008-72579, redacted

16.7.   DESI062491 – Label for Mucho Mango – SKU 13008-72579, redacted

16.8.   DESI061972 – Label for Mucho Mango – SKU 13008-75133, redacted

16.9.   DESI062091 – Label for Mucho Mango – SKU 13008-75133, redacted

16.10. DESI062202 – Label for Mucho Mango – SKU 13008-75648, redacted

14

16.11. DESI062260 – Label for Mucho Mango – SKU 13008-75648, redacted

16.12. DESI062299 – Label for Mucho Mango – SKU 13008-75648, redacted

16.13. DESI061588 – Label for Mucho Mango – SKU 13008-73541, redacted

16.14. DESI062203 – Label for Mucho Mango – SKU 13008-73541, redacted

16.15. DESI061600 – Label for Mucho Mango – SKU 13008-74247, redacted

16.16. DESI061607 – Label for Mucho Mango – SKU 13008-74247, redacted

16.17. DESI061734 – Label for Mucho Mango – SKU 13008-74247, redacted

16.18. DESI062500 – Label for Mucho Mango – SKU 13008-74247, redacted

16.19. DESI062520 – Label for Mucho Mango – SKU 13008-74247, redacted

16.20. DESI062381 – Label for Mucho Mango – SKU 13008-74942, redacted

43.    Attached as **Exhibit 17 (.1) – (.4)** are true and correct copies of documents produced in this litigation by Defendants encompassing the label catalogue of Product Iced Tea with Raspberry Flavor during the Class Period:

17.1. DESI062329 – Label for Iced Tea with Raspberry – SKU 13008-73547, redacted

17.2. DESI062306 – Label for Iced Tea with Raspberry – SKU 13008-73547, redacted

17.3. DESI061702 – Label for Iced Tea with Raspberry – SKU 13008-73547, redacted

17.4. DESI062417 – Label for Iced Tea with Raspberry – SKU 13008-75650, redacted

44.    Attached as **Exhibit 18 (.1) – (.14)** are true and correct copies of documents produced in this litigation by Defendants encompassing the label catalogue of Product RX Energy

15

Herbal Tonic during the Class Period:

18.1.   DESI061542 – Label for Rx Energy – SKU 13008-75124, redacted

18.2.   DESI061964 – Label for Rx Energy – SKU 13008-75124, redacted

18.3.   DESI062493 – Label for Rx Energy – SKU 13008-75124, redacted

18.4.   DESI062492 – Label for Rx Energy – SKU 13008-73331, redacted

18.5.   DESI061713 – Label for Rx Energy – SKU 13008-73331, redacted

18.6.   DESI061195 – Label for Rx Energy – SKU 13008-71845, redacted

18.7.   DESI061710 – Label for Rx Energy – SKU 13008-71845, redacted

18.8.   DESI062315 – Label for Rx Energy – SKU 13008-71845, redacted

18.9.   DESI061873 – Label for Rx Energy – SKU 13008-75644, redacted

18.10.  DESI062252 – Label for Rx Energy – SKU 13008-75644, redacted

18.11.  DESI061549 – Label for Rx Energy – SKU 13008-74955, redacted

18.12.  DESI061856 – Label for Rx Energy – SKU 13008-74955, redacted

18.13.  DESI062279 – Label for Rx Energy – SKU 13008-74955, redacted

18.14.  DESI062359 – Label for Rx Energy – SKU 13008-74955, redacted

45.    Attached as **Exhibit 19 (.1) – (.12)** are true and correct copies of documents produced in this litigation by Defendants encompassing the label catalogue of Product Sweet Tea during the Class Period:

19.1.   DESI057358 – Sale Sheet for Sweet Tea – SKU 13008-75121

19.2.   DESI061541 – Label for Sweet Tea – SKU 13008-75121, redacted

19.3.   DESI053025 – Sale Sheet for Sweet Tea – SKU 13008-72573

19.4.   DESI061392 – Label for Sweet Tea – SKU 13008-72573, redacted

19.5.   DESI061285 – Label for Sweet Tea – SKU 13008-71771, redacted

16

19.6.   DESI062314 – Label for Sweet Tea – SKU 13008-71771, redacted

19.7.   DESI061872 – Label for Sweet Tea – SKU 13008-75643, redacted

19.8.   DESI061645 – Label for Sweet Tea – SKU 13008-72643, redacted

19.9.   DESI062502 – Label for Sweet Tea – SKU 13008-72643, redacted

19.10. DESI062314 – Label for Sweet Tea – SKU 13008-72221, redacted

19.11. DESI061562 – Label for Sweet Tea – SKU 13008-75159, redacted

19.12. DESI062078 – Label for Sweet Tea – SKU 13008-75159, redacted

46.   Attached as **Exhibit 20 (.1) – (.17)** are true and correct copies of documents produced in this litigation by Defendants encompassing the label catalogue of Product Watermelon Fruit Juice Cocktail during the Class Period:

20.1.   DESI061582 – Label for Watermelon – SKU 13008-72577, redacted

20.2.   DESI061975 – Label for Watermelon – SKU 13008-72577, redacted

20.3.   DESI062094 – Label for Watermelon – SKU 13008-72577, redacted

20.4.   DESI062265 – Label for Watermelon – SKU 13008-72577, redacted

20.5.   DESI062494 – Label for Watermelon – SKU 13008-72577, redacted

20.6.   DESI062391 – Label for Watermelon – SKU 13008-72577, redacted

20.7.   DESI061595 – Label for Watermelon – SKU 13008-72577, redacted

20.8.   DESI061540 – Label for Watermelon – SKU 13008-75127, redacted

20.9.   DESI061357 – Label for Watermelon – SKU 13008-75127, redacted

20.10. DESI062095 – Label for Watermelon – SKU 13008-75127, redacted

20.11. DESI062495 – Label for Watermelon – SKU 13008-75127, redacted

20.12. DESI062458 – Label for Watermelon – SKU 13008-75645, redacted

20.13. DESI062211 – Label for Watermelon – SKU 13008-75645, redacted

20.14. DESI062259 – Label for Watermelon – SKU 13008-75645, redacted

20.15. DESI062193 – Label for Watermelon – SKU 13008-72020, redacted

20.16. DESI061729 – Label for Watermelon – SKU 13008-74537, redacted

20.17. DESI062383 – Label for Watermelon – SKU 13008-74938, redacted

47.     Attached as **Exhibit 21 (.1) – (.3)** are true and correct copies of documents produced in this litigation by Defendants encompassing the label catalogue of Product Iced Tea with Peach Flavor (Zero) during the Class Period:

21.1. DESI061256 – Label for Iced Tea with Peach Zero – SKU 13008-71954, redacted

21.2. DESI061664 – Label for Iced Tea with Peach Zero – SKU 13008-71954, redacted

21.3. DESI061744 – Label for Iced Tea with Peach Zero – SKU 13008-71954, redacted

48.     Attached as **Exhibit 22** are true and correct copies of documents produced by Defendants in this litigation, bates labeled DESI012908-10, redacted.

49.     Attached as **Exhibit 23** are true and correct copies of documents produced by Defendants in this litigation, bates labeled DESI15607-20, designated as "Highly Confidential – Attorneys' Eyes Only," filed under seal.

50.     Attached as **Exhibit 24** are true and correct copies of documents produced by Defendants in this litigation, bates labeled DESI16621-85, redacted.

51.     Attached as **Exhibit 25** are true and correct copies of documents produced by Defendants in this litigation, bates labeled DESI17046-55.

52.     Attached as **Exhibit 26** are true and correct copies of documents produced by Allen

Flavors in this litigation, bates labeled AFI0000597-98, 704-05.

53.     Attached as **Exhibit 27** are true and correct copies of documents produced by Defendants in this litigation, bates labeled DESI063305-10.

54.     Attached as **Exhibit 28** are true and correct copies of documents produced by Niagara Bottling in this litigation, bates labeled NIAGARA000261-64, 543-47, redacted.

55.     Attached as **Exhibit 29** is a true and correct copy of a document produced by Knouse Foods in this litigation, bates labeled KNOUSE001722.

56.     Attached as **Exhibit 30** is a true and correct copy of the deposition transcript of Allen Flavors' representative Frank Del Corso, dated August 10, 2023, redacted.

57.     Attached as **Exhibit 31** are true and correct copies of documents produced by Defendants in this litigation, designated as Exhibit 2 to Defendants' 30(b)(6) Corporate Representative Testimony of Dean Angel, dated November 9, 2023, designated as "Highly Confidential – Attorneys' Eyes Only," filed under seal.

58.     Attached as **Exhibit 32** are true and correct documents produced by Knouse Foods in this litigation, bates labeled KNOUSE006733, 7032, designated as "Highly Confidential – Attorneys' Eyes Only," filed under seal.

59.     Attached as **Exhibit 33** are true and correct copies of documents produced by Allen Flavors in this litigation, bates labeled AFI0000038, 99, 113, 703, designated as "Highly Confidential – Attorneys' Eyes Only," filed under seal.

60.     Attached as **Exhibit 34** is a true and correct copy of the deposition transcript of Defendants' 30(b)(6) Corporate Representative Dean Angel, dated November 9, 2023, redacted.

61.     Attached as **Exhibit 35** is a true and correct copy of the deposition transcript of Plaintiff Ahmed Ashour, dated January 26, 2021, redacted.

62.     Attached as **Exhibit 36** is a true and correct copy of the deposition transcript of Plaintiff Crystal Townes, dated April 8, 2022, redacted.

63.     Attached as **Exhibit 37** is a true and correct copy of the deposition transcript of Defendants' 30(b)(6) Corporate Representative Todd Christiansen, dated November 17, 2023, designated as "Highly Confidential – Attorneys' Eyes Only," filed under seal.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 17, 2025, in Wayzata, Minnesota.

By:   */s/ Melissa S. Weiner*
       MELISSA S. WEINER