UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

Ahmed Ashour,

Plaintiff,

v. 19 Civ. 7081 (AT)OTW

ARIZONA BEVERAGES USA LLC,
*et al.*,

Conference

Defendants.

------------------------------x

New York, N.Y.
November 20, 2025
10:30 a.m.

Before:

HON. ONA T. WANG,

U.S. Magistrate Judge

APPEARANCES

REESE LLP
Attorney for Plaintiff
BY: CARLOS F. RAMIREZ

STEVENS & LEE
Attorneys for Defendants
BY: ROBERT P. DONOVAN
JOHN VISCONI, II

(Case called)

MR. RAMIREZ: Good morning, your Honor.

Carlos Ramirez, Reese LLP, for plaintiffs.

MR. DONOVAN: Good morning, your Honor.

Robert Donovan on behalf of the defendants.

MR. VISCONI: John Visconi also on behalf of defendants.

THE COURT: And good morning.

All right. We're here for a status and discovery conference, and we do have a court reporter here. Just feel free to stay seated if you're speaking, and just speak into the microphone so everybody can hear.

All right. This specific motion that was referred to me is a motion to reopen discovery, and I'm a little bit curious why discovery needs to be reopened in light of what I thought was the close of fact discovery some time ago and the pending class cert briefing.

So, Mr. Ramirez, I think it's your motion, so why don't you talk to me a little bit about what this motion is about.

MR. RAMIREZ: Yes, your Honor.

Your Honor, there are a couple of reasons why plaintiffs should be allowed reopen discovery. The first one is that, as far as the conduct here, it's been ongoing, and to the extent that the conduct has been ongoing, class members

continue to suffer damages. And here, the last production, as far as the data we're looking for, which is sales data, labels, was produced in May of 2023, yet fact discovery closed in December 2023. So even if we decided to not go beyond the December period, there's a gap between the last time they produced discovery on the issue of damages and the end date.

But there is case law out there that says, to the extent the alleged conduct is ongoing and the class members continue to suffer damages, that plaintiffs should be allowed to obtain discovery as to those issues.

THE COURT: But I guess my question is, why discovery now.

MR. RAMIREZ: Well, your Honor, right now we're into the expert phase of discovery in connection with our class cert motion, and our expert for damages purposes cannot give an adequate opinion and/or is subject now to attack by defendants if he has less than all of the data available as far as damages go, and that is, in fact, the case right now.

THE COURT: But at most, that might be a seven-month period between May and December of 2023.

MR. RAMIREZ: That's true, your Honor. But again, we would argue and there's case law in this circuit that says, to the extent that, to this day, defendants are continuing to engage in deceptive conduct, which they are, that class members that are being harmed today should not have to suffer a loss

because defendants did not produce this information.

By the way, your Honor, they do have a duty to supplement, and the information that we seek is extremely easy for them to obtain. It's definitely proportional based on their resources. In fact, we have testimony from an AriZona employee that states that they have access to these portals where they're able to obtain sales data, and it's as easy as just hitting a button.

THE COURT: Okay. Let me hear from defendants.

MR. DONOVAN: Your Honor, they filed a class certification motion for damages through 2023. It's complete speculation as to whether or not whatever additional discovery they're going to be seeking or seek to reopen discovery would be relevant. And based on their own submission that they're seeking damages for a class through the end, I think it goes to January 1, 2023 --

THE COURT: Wait. January 1, 2023 or 2024?

MR. DONOVAN: 2023, your Honor. That's what their class motion seeks. That's the class period that they're seeking. And they filed a class motion. And all of the cases they've replied upon -- I'm referring to page ten of their motion brief, it's -- the class for California is January 1, 2017, to January 1, 2023, and the class for New York is January 1, 2019, through January 1, 2023.

Whether or not that motion is granted -- if the motion

is not granted, then clearly whatever discovery they're going to be seeking before your Honor to reopen discovery would not be relevant at all. And the cases that they've cited -- the Iowa case, for example, your Honor -- that's after the class was certified.

So, to keep matters brief, your Honor, that's essentially our position. We agreed upon end dates. I don't want to belabor your Honor. You understand, obviously, how many times we've been here. End dates ESI searches on end dates for interrogatory answers, so now to reopen discovery --

And the landscape has changed in this case, your Honor, because of the summary judgment decision. And frankly, the time has gone by us. It would be a Herculean effort. And in the meantime, we have three months to oppose this class certification motion after they've served three expert reports.

So at best, this motion, at best, putting aside the lack of merit, is premature and speculative.

Thank you, your Honor.

THE COURT: Okay. So --

MR. RAMIREZ: Your Honor, may I just address a point that Mr. Donovan made?

THE COURT: Sure.

MR. RAMIREZ: Your Honor, the reason why we were limited in our ability to seek certification over a larger period of time is for the reason we're here today, and that's

because we did not have the data. And our expert, Dr. Dubay, could not, in fact, submit an expert disclosure report saying that he could calculate damages outside of a class that was bigger or greater than what we were able to do. So we did not purposely choose that number because we didn't want to seek certification of a class that would stop at that date. No, we had no choice because we did not have the data necessary for us and for our experts to not commit malpractice. Because otherwise, he would have to speculate. In other words, we only have data --

THE COURT: Okay. I want to go back, because you have sales data labels and other information produced through May 2023?

MR. RAMIREZ: Yes.

THE COURT: Right. So you have the time period covered through to May 2023.

MR. RAMIREZ: Yes.

THE COURT: Mostly. And fact discovery closed in December 2023?

MR. RAMIREZ: That's correct, your Honor.

THE COURT: Okay. And the class cert motion has already been filed and it seeks to certify a class of buyers up through January 1, 2023.

MR. RAMIREZ: Right. That was on purpose. And we have a footnote in there saying that we have the right to seek

a greater class period than that, because, again, we were limited as far as the information pertaining to sales goes.

THE COURT: Why can't you seek this discovery after the outcome of the class cert motion? Because if class cert is granted through January 1, 2023, then presumably you will get additional discovery possibly, and if class cert is not granted then maybe we don't have an issue; right?

MR. RAMIREZ: Your Honor, that's correct. And when we filed this letter, it was way before we filed seeking to reopen discovery. It was before we filed our class cert motion because we're here today then, you know, we were -- but in other words, we wanted this information before we filed the class cert motion.

But I agree with you, your Honor. At this point, yes. If the Court wants to hold off and wait until class certification, you know, without being prejudiced, and to the extent that our class damages expert has the information necessary to get past this first round of class certification briefing, then that would be acceptable.

THE COURT: Okay. So is there anything else you want to add on defense side?

MR. DONOVAN: No, your Honor. We understand.

THE COURT: Okay. I am going to deny the motion to reopen discovery without prejudice to reviewing or revising or reviving that motion or renewing that motion after the class

cert decision has been rendered; however, I'm going to give you a little guidance on that because I don't want to just -- I don't think anybody wants to just see the same motion, right, and that you're extending the time.

We had a conference in January of 2024 that was supposed to be wrapping up discovery, and I don't recall that issue being raised. That conference was to cover and consider what was still remaining in fact discovery, and there was not a request made to extend or get additional discovery, and certainly you had awareness and knowledge that the discovery that had been produced covered up to May 2023. So if that had been the time, that should have been the time that if you wanted to get some sort of ongoing discovery, that we could have fought it out then.

And if it's damages discovery, which is somewhat what this sounds like, I think it's premature because you are now in class cert motion practice, so it would be premature to order more damages discovery if we don't know the scope of the class, we're not sure about the timing or the end time of the class.

The Iowa case that was cited is in opposite because it was after class cert had been decided and it involved an ongoing conspiracy, which I'm not sure is pled here. And there's no indication that the sales data, if you opt to get it later or you do succeed on a motion to reopen some discovery or you get damages discovery later, there's no indication that

it's going to disappear. So it's not necessary now. You should be focusing on your schedule and the class cert briefing. Okay? So, that's my ruling.

Now, I had a little bit of a question because the status conference agenda doesn't overlap exactly with the scope of Judge Torres's recent re-referral, but I see that there will likely be discovery issues coming up in the future, so I am going to ask now if there are any other discovery issues that you wish to raise or believe that you have raised in your agenda.

MR. DONOVAN: Your Honor, we raised the issue of the expert on citric acid in their motion for class certification. Plaintiffs served an expert report on that issue, so that appears to be moot.

THE COURT: Okay. So that's moot.

Anything else then?

MR. RAMIREZ: Nothing for plaintiffs, your Honor.

MR. DONOVAN: No, your Honor.

THE COURT: All right.

MR. DONOVAN: Thank you for your time.

THE COURT: Well, thank you for your time.

We're adjourned.

Thank you for being here. It's good to see you again.

(Adjourned)