# Stevens & Lee

669 River Drive, Suite 201
Elmwood Park, NJ 07407
(201) 857-6760
www.stevenslee.com

Direct Dial: (201) 857-6778
Email: robert.donovan@stevenslee.com
Direct Fax: (610) 371-7938

March 23, 2026

**VIA ECF**
Honorable Analisa Torres, U.S.D.J.
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

> **Re:    Ahmed Ashour, et al. v. Arizona Beverages USA LLC, et al.**
> **Index No. 1:19-cv-07081 (AT)(OTW)**
> **Stevens & Lee's Motion to Withdraw and to Have Briefing Deadlines on**
> **Plaintiffs' Class Certification Motion Held in Abeyance**

Dear Judge Torres:

This firm, Stevens & Lee ("Firm" or "S&L"), represents the Defendants in the above-referenced case. The Firm respectfully files this letter motion to (1) withdraw as Defendants' counsel ("Motion to Withdraw"), and (2) request an extension of the current deadline for Defendants' opposition to Plaintiff's motion for class certification.

S&L provides below a general description of the reasons why withdrawal is appropriate because American Bar Association ethics guidance cautions against disclosure of confidential information in motions to withdraw from a representation. *See generally* ABA Formal Opinion 519. However, in the event the Court requires more information as to grounds asserted for withdrawal, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72, the Firm respectfully requests that the Court refer the Motion to Withdraw to the Magistrate Judge assigned to this action and permit supplemental briefing with disclosure limited to the Magistrate (*i.e.*, for in camera review only). *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 125 (2d Cir. 2006) (concluding that "attorney-client privilege might well be. . .a compelling reason" to maintain documents under seal); *see, e.g., Vick ex rel. Vinco Ventures, Inc. v. Hudson Bay Master Fund Ltd.*, No. 24-cv-446, 2024 WL 967773, at *1 (S.D.N.Y. Mar. 4, 2024) ("[D]ocuments filed in connection with a motion to withdraw are typically filed *in camera* or under seal."); s*ee also Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 165 (E.D.N.Y. 2006); *Weinberger v. Provident Life & Cas. Ins. Co.*, No. 97-CV-9262, 1998 WL 898309, at *1 (S.D.N.Y. Dec. 23, 1998) ("it is appropriate for a Court considering a counsel's motion to withdraw to consider in camera submissions in order to prevent a party from being prejudiced by the application of counsel to withdraw.").

This letter is also being submitted pursuant to Your Honor's Individual Rule IC. requesting that the Court consider holding the current briefing deadlines on the pending motion for class

# Stevens & Lee

Honorable Analisa Torres, U.S.D.J.
March 23, 2026
Page 2

certification in abeyance pending a ruling on the Motion to Withdraw. The current deadline for Defendants' brief in opposition to Plaintiffs' Motion for Class Certification is April 13, 2026.

## **Applicable Standards for Motions to Withdraw**

Local Civil Rule 1.4 of the United States District Courts for the Southern and Eastern Districts of New York establishes the procedural requirements for attorney withdrawal. *Scala v. Little Feet Childcare Ctr. LLC*, 23-cv-9279 (KMK) (VR), 2024 WL 3342604, at *2 (S.D.N.Y. July 9, 2024). Under Local Civil Rule 1.4, "an attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court." *Id.* The rule requires that withdrawal motions make "a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, and whether or not the attorney is asserting a retaining or charging lien." *Id.* All motions to withdraw must be served upon the client and, unless excused by the Court, upon all other parties. *Id.*

An attorney can terminate the attorney-client relationship upon good cause and reasonable notice. *See Willis v. Holder*, 43 A.D.3d 1441, 1441 (4th Dep't 2007); *Mason v. MTA New York City Transit*, 38 A.D.3d 258, 258 (1st Dep't 2007). The decision to grant or deny a motion to withdraw is within the district court's discretion. *See Delgado v. Donald J. Trump for President*, 19-cv-11764 (AT)(KHP), 2023 WL 5425504, at *2 (S.D.N.Y. Aug. 23, 2023). In making the determination, the Court should consider: (i) the reasons for withdrawal, and (ii) the impact of the withdrawal on the timing of the proceeding. *See id.* (citing *Karimian v. Time Equities, Inc.*, No. 10 Civ. 3773(AKH)(JCF), 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011) (citing S. & E.D.N.Y.R. 1.4). In assessing the impact of a change in representation on the timing of the case, the key question is whether the case is or is not "on the verge of trial readiness," which the Ashour case is not. *City Merchandise Inc. v. Tian Tian Trading Inc.*, No. 1:19-cv-09649-MKV, 2021 WL 119075 at * 4 (S.D.N.Y. Jan. 13, 2021).

The New York Rules of Professional Conduct ("R.P.C.") govern the conduct of attorneys in federal courts sitting in New York. *See Schwartz v. AMF Bowling Center, Inc.*, 746 F. Supp. 3d 1, at *7 (E.D.N.Y. 2024); *Steele v. Bell*, No. 11 Civ. 9343, 2012 WL 6641491, at *2 n.1 (S.D.N.Y. Dec. 19, 2012); *see also Interpool, Inc. v. JJS Transp. & Distr. Co., Inc.*, 22-cv-01103, 2022 WL 17335670, at *5 n.4 (E.D.N.Y. Nov. 30, 2022). R.C.P. 1.16(b) identifies circumstances in which an attorney's withdrawal from a representation is *mandatory*, including: "(1) the lawyer knows or reasonably should know that the representation will result in a violation of these Rules or of law; ... [or] (3) the lawyer is discharged...."

R.P.C. 1.16(c) identifies circumstances in which an attorney's withdrawal from a representation is *permissive*, including: "(4) the client insists upon taking action with which the lawyer has a fundamental disagreement; (5) the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees; ... (7) the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively; ... [or] (10) the client knowingly and freely assents to termination of the employment...." N.Y. Comp. Codes R. & Regs. Tit. 22, §1200, Rule 1.16(c).

# Stevens & Lee

Honorable Analisa Torres, U.S.D.J.
March 23, 2026
Page 3

### S&L Has Just Grounds to Withdraw as Defendants' Counsel

S&L's description of the reasons for withdrawing is constrained by the standards recently imposed by the American Bar Association's Formal Opinion 519, titled "Disclosure of Information Relating to the Representation in a Motion to Withdraw From a Representation." Consistent with ABA Formal Opinion 519, S&L seeks permission for either mandatory or permissive withdrawal for the following reasons:

- S&L has a conflict of interest due to disagreements with the Defendants that could result in a violation of the Rules of Professional Conduct if S&L were to continue representing the Defendants.

- S&L and the Defendants have irreconcilable differences with respect to certain strategic issues relating to the defense of this case.

- Professional considerations require termination of the representation.

- Based on the above, there has been a breakdown in the attorney-client relationship such that S&L can no longer effectively represent the Defendants. [See accompanying declaration of Robert P. Donovan, "Donovan Dec.", ¶¶ 3 and 4].

Pursuant to Local Civil Rule 1.4(b), S&L confirms that it is not asserting a charging lien. (Donovan Dec., ¶5). Consistent with Comment 3 to R.P.C 1.16, due to confidentiality considerations, S&L believes it has provided sufficient justification to withdraw ("The lawyer's statement that professional considerations require termination of the representation ordinarily should be accepted as sufficient."); *see also* ABA Formal Opinion 519, p. 5.[1] However, if the Court finds and orders that more factual detail is required to consider the basis for the Motion to Withdraw, S&L shall immediately comply but respectfully requests that, in such event, the Court order that such details be submitted on an *ex parte* basis only, for the Magistrate Judge's Eyes only.

### S&L Request that the Class Certification Deadlines be Held in Abeyance

There is no question that withdrawal will impact the timing of the proceeding but S&L respectfully requests that the Court consider such impact based upon the entire current procedural status of the case. On November 17, 2025, Plaintiffs filed a motion for class certification and that motion is pending ("Class Motion"). The deadline for Defendants' opposition is April 13, 2026. (ECF No. 391). The opposition deadline was previously extended by the Court to April 3 and to the current deadline, April 13, 2026 (ECF Nos. 389 and 391).

In the Class Motion, Plaintiffs relied upon three expert reports issued by Drs. Dube, Cronin and Meyers. After the motion was filed, S&L has diligently undertaken discovery propounding

---

[1] Defendants have not consented to disclosure of confidential or privileged information in connection with the Motion to Withdraw (as contemplated by ABA Formal Opinion 519).

# Stevens & Lee

Honorable Analisa Torres, U.S.D.J.
March 23, 2026
Page 4

multiple sets of document demands on the three experts, receiving and reviewing in excess of 7,000 pages of documents produced, and engaging in multiple meet and confers with opposing counsel after disputes arose concerning the expert reports and document production. (Donovan Dec., ¶6). S&L deposed Plaintiffs' experts on February 13, February 19 and on March 4, 2026. (*Id.*, ¶8). Additional supplemental discovery requests were propounded by Defendants. (*Id.*, ¶7).

The Firm is respectfully requesting that the Court hold the briefing deadlines on the Class Motion (ECF No. 391, "Deadlines") in abeyance pending disposition of the within Motion to Withdraw. Given the scheduled opposition deadline date to the Class Motion, the request to hold the briefing deadlines in abeyance, pending a decision on the withdrawal motion, is necessary to avoid any harm to Defendants, in order to allow Defendants time to retain new counsel, and to minimize any impact on Defendants if the withdrawal motion is granted. See *Scala*, 2024 WL 3342604, at *3) (court granted 30-day stay to give defendants the opportunity to find new counsel). Plaintiffs would not suffer any prejudice. After the Class Motion was filed, the parties have been vigorously attending to completing the expert discovery phase concerning the class certification motion. Under the current Deadlines, the Class Motion will not be fully briefed until August 24, 2026. (ECF No. 391). No trial date has been set. A further brief delay would not impose any undue burden on Plaintiffs.

The undersigned has met and conferred with Plaintiffs' counsel requesting their consent to the request to hold the Deadlines in abeyance. Plaintiffs object to that request asserting that they "need more information" about "when will new counsel seek substitution."

For the foregoing reasons, S&L respectfully submits that just grounds exist to grant the Motion to Withdraw and to order the Deadlines held in abeyance pending decision on that motion and Defendants' retention of replacement counsel.

As required by Local Rule 1.4(b) a copy of this letter motion has been served on Defendants' internal assistant general counsel. Thank you for Your Honor's attention to this matter.

Respectfully submitted,

STEVENS & LEE

Robert P. Donovan

RPD:sck

cc:    All Counsel of Record (Via ECF)