# REESE LLP

March 31, 2026

Hon. Ona T. Wang
United States Magistrate Judge
U.S. District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re:    *Ashour, et al. v. Arizona Beverages USA LLC, et al.*
>        *Case No.: 1:19-cv-07081-AT-OTW*

Dear Judge Wang:

Pursuant to Your Honor's Individual Practices § II.a, Plaintiff Ahmed Ashour and Plaintiff Crystal Townes respectfully submit this letter in response to Defendants' counsel's motion to withdraw (ECF 393).

Plaintiffs do not oppose withdrawal in principle. However, given the length of time that the parties have been litigating the case and Defendants' conduct during discovery, Plaintiffs respectfully request that any withdrawal be conditioned to prevent prejudice to Plaintiffs and additional delays by Defendants.

As the Court is aware, this case does not proceed against a clean discovery record. Plaintiffs have already identified that Defendants failed to produce documents plainly responsive and highly relevant to the central allegation in this matter from a third party, notwithstanding that such materials were Defendants' own documents. *See* Letter Motion for Local Rule 37.2 Conference addressed to Magistrate Judge Ona T. Wang from Carlos F. Ramirez dated December 7, 2023 (ECF 283)(complaining "that Defendants failed to turn over responsive, highly relevant evidence that Plaintiffs would have never known about had they not subpoenaed a third party."). That failure raises substantial concerns regarding the adequacy of Defendants' collection, search and production efforts. Moreover, Plaintiffs had raised, on at least ten occasions both in writing and during court conferences, that Defendants' productions appeared to be deficient. *See* Joint Status Report, dated April 28, 2023 at p. 2-3 (ECF No. 257); Joint Stat. Rprt. 2, ECF No. 190; Joint Stat. Rprt. 1, ECF No. 192; Joint Stat. Rprt. 2, ECF No. 195; Joint Stat. Rprt. 2, ECF No. 208, Ltr. Mot. 2, ECF No. 213, Joint Stat. Rprt. 1, ECF No. 227, Joint Stat. Rprt. 2, ECF No. 241, Joint Stat. Rprt. 2, 4, ECF No. 253; Joint Stat. Rprt. 1, ECF No. 273.

Against this record, Defendants' counsel seeks to withdraw based on generalized assertions of "irreconcilable differences," unspecified "professional considerations" and disagreements with "Defendants that ***could result in a violation of the Rules of Professional Conduct if S&L were to***

***continue representing the Defendants.***" *See* Declaration of Robert P. Donovan In Support of Motion by Stevens & Lee to Withdraw as Counsel (ECF 393)(emphasis added). While Plaintiffs do not dispute that such circumstances may justify withdrawal, as discussed below, courts in this District consider whether withdrawal would result in delay or prejudice and may impose conditions to mitigate such risks. To the extent that Defendants have engaged in conduct during discovery that has prejudiced Plaintiffs, the need is heightened for an inquiry into the whether that is the reason for withdrawal, especially in light of counsel's concern that its continuance could cause it to violate ethical rules.

In this Circuit, a court can scrutinize a withdrawing attorney's conduct, as well as its failure to conduct adequate discovery searches or supervise its client's document productions. *See J.C. v. Zimmerman*, 150 F.4th 136, 148 (2d Cir. 2025)(noting that "counsel made 'no effort to review [plaintiff's] accounts for responsive emails or texts, and as such continued to be in violation of the [district c]ourt's May 24 Order.'"); *Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 443-44 (S.D.N.Y. 2014)(accepting counsel's argument that irreconcilable differences had arisen, among other reasons, because "plaintiff [had] been uncooperative in providing him with the necessary information to comply with plaintiff's discovery obligations . . . .").

In the event that this Court grants S&L's motion, it should still retain jurisdiction over counsel should it come to light that they are responsible for discovery noncompliance. *See Hakim v. Leonhardt*, 126 F. App'x 25, 26 (2d Cir. 2005)(noting that an attorney may be held responsible for discovery noncompliance even after being relieved as counsel).  Moreover, should it come to light that Defendants' failure to produce documents within their possession, custody, or control may warrant relief under Federal Rule of Civil Procedure 37, New York Rules of Professional Conduct prevent an attorney from refusing to provide confidential information solely because the attorney and/or client claim that such information is protected by the attorney-client privilege or the attorney work product doctrine. N.Y. Rules of Pro. Conduct r. 1.6(b)(3) (N.Y. State Bar Ass'n 2025).

Finally, current counsel possesses unique, non-replicable knowledge concerning Defendants' prior discovery efforts, including the custodians searched, data sources reviewed, and the circumstances surrounding Defendants' failure to produce documents later obtained from a third party. Allowing withdrawal without conditions would prejudice Plaintiffs because they would not have obtained complete discovery. It would also delay a matter that has been pending for close to seven years. To the extent the asserted breakdown in the attorney-client relationship arises from disputes relating to Defendants' non-compliance with their discovery obligations, withdrawal without appropriate safeguards would risk compounding the prejudice to Plaintiffs by allowing Defendants to avoid curing prejudicial deficiencies.

Accordingly, Plaintiffs respectfully request that the Court condition any withdrawal on the following:

1. **Certification of Discovery Compliance:** Defendants should be required to provide a sworn certification confirming that all responsive documents within their possession, custody, or control have been produced.

2. **Supplemental Search and Disclosure of Methodology:** Defendants should complete a supplemental search and disclose the custodians, data sources, and search methodologies used to date.

3. **Transition Cooperation by Outgoing Counsel:** Outgoing counsel should remain available for a reasonable period to assist successor counsel and the Court in addressing issues relating to prior discovery efforts. This is heightened by the fact that counsel, Robert Donovan, has continuously been Defendants' sole counsel since the commencement of this matter in May 2019.

4. **Preservation Obligations:** Defendants should reaffirm that they have abided by their obligation to preserve all relevant information, including ESI, throughout discovery. *See Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 218 (S.D.N.Y. 2003)(noting that a "party must retain all relevant documents (but not multiple identical copies) in existence at the time the duty to preserve attaches, and any relevant documents created thereafter.").

5. **No Disruption to Case Schedule:** Existing deadlines should remain in effect absent further order of the Court.

These modest conditions are necessary to ensure that withdrawal does not result in delay or prejudice to Plaintiffs and to maintain the integrity and efficiency of the discovery process. Plaintiffs are prepared to meet and confer promptly regarding an appropriate protocol for supplemental searches should the Court order it. Plaintiffs respectfully reserve all rights to seek appropriate relief, including sanctions, based on Defendants' prior discovery failures.

Respectfully submitted,

**REESE LLP**

By: /s/ Carlos F. Ramirez
Carlos F. Ramirez
*cramirez@reesellp.com*
Michael R. Reese
*mreese@reesellp.com*
**REESE LLP**
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

3

Melissa S. Weiner (admitted *pro hac vice*)
*mweiner@pwfirm.com*
Ryan T. Gott (admitted *pro hac vice*)
*rgott@pwfirm.com*
**PEARSON WARSHAW, LLP**
328 Barry Avenue S., Suite 200
Wayzata, Minnesota 55391
Tel: 612-389-0600
Fax: 612-389-0610

*Attorneys for Plaintiffs and the Proposed Class*

4