# Stevens & Lee

669 River Drive, Suite 201
Elmwood Park, NJ 07407
(201) 857-6760
www.stevenslee.com

Direct Dial: (201) 857-6778
Email: robert.donovan@stevenslee.com
Direct Fax: (610) 371-7938

April 1, 2026

**VIA ECF**
Honorable Ona T. Wang, U.S.M.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20D
New York, New York 10007

> **Re:    Ahmed Ashour, et al. v. Arizona Beverages USA LLC, et al.**
> **Index No. 1:19-cv-07081 (AT)(OTW)**
> **Response to Plaintiffs' Opposition to Stevens & Lee Motion to Withdraw**

Dear Judge Wang:

This firm, Stevens & Lee ("S&L"), represents the Defendants in the above-captioned case. As the Court is aware, S&L filed a motion to withdraw as counsel ("Motion to Withdraw") on March 23, 2026 (ECF No. 393) to which Plaintiff responded ("Plaintiffs' Response") on March 31, 2026 (ECF No. 394). S&L respectfully submits this Reply in response to Plaintiffs' Response which, in essence, is a factually unsubstantiated opposition to the Motion to Withdraw based on inaccurate speculation.

Specifically, the Motion to Withdraw identified four primary reasons why S&L should be permitted to withdraw as Defendants' counsel: (1) S&L has a conflict of interest due to disagreements with the Defendants; (2) S&L and the Defendants have irreconcilable differences with respect to certain strategic issues relating to the defense of this case; (3) termination of representation is required based on professional considerations; and (4) there has been a breakdown in the attorney-client relationship such that S&L can no longer effectively represent the Defendants.

As required by ABA Formal Opinion 519, which cautions against disclosure of confidential information in motions to withdraw from a representation, the Motion to Withdraw alludes to these general reasons for terminating the relationship but does not reveal further information based on the overarching duty of confidentiality arising under the Rules of Professional Conduct. As the Motion to Withdraw makes clear, however, S&L is willing to provide the Court with additional information, if ordered, on an in camera and *ex parte* basis.

---

PENNSYLVANIA  |  NEW JERSEY  |  DELAWARE  |  NEW YORK  |  RHODE ISLAND  |  FLORIDA

A PA Professional Corporation, Salvatore A. Giampiccolo, NJ Managing Attorney

# Stevens & Lee

Honorable Ona T. Wang, U.S.M.J.
April 1, 2026
Page 2

Against that backdrop, Plaintiffs' Response offers an inaccurate narrative to either oppose the Motion to Withdraw or to use counsel's ethical dilemma to prejudice the Defendants by requesting a series of unjustified discovery-related concessions without either an accurate factual basis or legal support. Moreover, by making unfounded and speculative assertions about the reasons for the Motion to Withdraw, Plaintiffs ask the Court to jump to the same false conclusions and peremptorily impose pre-conditions on S&L and Defendants due to the requested withdrawal. Again, as stated in the Motion to Withdraw, if directed, S&L will present *in camera*, on an *ex parte* basis only, the specific facts justifying the motion and is confident that, after those reasons are explained, the Court will be satisfied that not only are there grounds for withdrawal but that Plaintiffs' opposition is meritless and their factual speculation is simply wrong.

For example, Plaintiffs attempt to use the Motion to Withdraw as an opportunity to seek to reopen discovery and to relitigate previously-raised and resolved discovery disputes, all while speculating that those past, resolved discovery disputes somehow prompted the Motion to Withdraw. Yet, even without a detailed description of the reasons for withdrawal (which ABA Formal Opinion 519 prohibits), the facts "of record" confirm the fallacy of Plaintiffs' argument.

The discovery matter to which Plaintiffs refer was previously addressed by the Court and concerned Defendants' isolated and inadvertent failure to search an ESI source for archived emails. That good faith mistake resulted in the initial failure to produce two missing email strings that Plaintiffs cited as grounds to reopen the deposition of Defendants' witness concerning ESI. (ECF No. 283, p. 2). After Defendants discovered their mistake, that search of archived emails was undertaken and Defendants produced responsive documents to Plaintiffs. (ECF No. 284; ECF No. 305, T. 2:19-5:3).

During the Court's January 31, 2024 conference, which addressed Plaintiffs' motion to reopen the deposition of Defendants' witness on ESI, Defendants explained how that oversight in production resulted from a good faith mistake and, once discovered, was investigated and the documents at issue were produced. (ECF No. 305, T. 2:19-5:3). After a full briefing and entertaining extensive oral argument on this issue, the Court found that there was no prejudice to Plaintiffs principally due to the fact that they had prior possession of these emails from another source and had questioned witnesses in deposition about those same documents. (*Id.*, T. 16:16-17:12). The Court denied Plaintiffs' motion for a further deposition stating "you are not getting the additional discovery into discovery, and you are not getting another 30(b)(6) deposition." (*Id.*, T. 17:13-14; ECF No. 303). In short, the red herring issue Plaintiffs raise now was fully litigated and decided more than two years ago. That resolved issue certainly does not justify the various "conditions" Plaintiffs now seek (without citation to any rule or supporting case law authorizing such requested conditions).

Typically, a court "'is entitled to impose conditions on withdrawal which may include mitigating the prejudice to the client from withdrawal.'" *18 Blackbears, LLC v. Dynkin*, No. 2:22-

# Stevens & Lee

Honorable Ona T. Wang, U.S.M.J.
April 1, 2026
Page 3

cv-7828, 2024 WL 896920, *2 (E.D.N.Y. Mar. 1, 2024). *See also Rindner v. Cannon Mills, Inc.,* 486 N.Y.S.2d 858, 859 (Sup. Ct. Rockland Cnty. 1985) (stating a motion to withdraw will be denied "where the client's rights will be prejudiced by the concomitant delay or where the trial calendar will be adversely affected"). Notably, the court's ability to impose such conditions expressly applies to protecting the rights of the withdrawing attorney's client, and not any rights held by the adversary. "Generally, a party has no right to object to the withdrawal of their opponent's counsel because their rights would not be affected by the withdrawal." *Charles Weiner Corp. v. D. Jack Davis Corp.*, 448 N.Y.S.2d 998, 266 (Civ. Ct. N.Y. Cnty. 1982). *See also Wong v. Wong*, 213 A.D.2d 399, 400 (App. Div. 1995) ("The defendants' contention that they will suffer prejudice by the [plaintiff's] attorney's withdrawal is without merit because their legal rights will not be affected."). Hence, Plaintiffs, the adversary here, have no factual or legal grounds to seek the relief that they propose in their opposition.

Further, the decisions cited in Plaintiffs' March 31 letter are inapposite and do not support the relief requested. In *J.C. v. Zimmerman*, 150 F.4th 136 (2d Cir. 2015), the court had sanctioned counsel for discovery violations and there were failures to comply with discovery orders. (*Id.* at 142 and 144). In *Hakim v. Leonhardt*, 126 F. App'x 25 (2d Cir. 2014), the withdrawal was sought while a Rule 37 motion was pending. (*Id.* at 26). No such circumstances exist here. As to *Farmer v. Hyde Your Eyes Optical,* 60 F. Supp. 3d 441 (S.D.N.Y. 2014), S&L is confined by ethical rules and the attorney-client privilege to address why that case does not apply but, if the Court so directs, S&L will provide specific facts on the grounds for withdrawal (in camera and *ex parte*) to demonstrate how and why the circumstances addressed in *Farmer* are inapplicable.

In short, no grounds exist for Plaintiffs' opposition to the Motion to Withdraw.

Finally, if the withdrawal motion is granted, it is respectfully submitted that, in fairness, a brief abeyance of current briefing schedules on class certification, as previously requested, would be proper to allow new counsel to be retained. (ECF No. 393). Plaintiffs have not shown that they would suffer any prejudice if a brief delay was imposed. Defendants' deadline to file opposition to the motion for class certification is April 13, 2026, but full briefing on that motion will not be completed until August 24, 2026. (ECF No.391). There is no trial date scheduled. Good cause thereby exists to modify the briefing schedule given the Motion to Withdraw.

Thank you for Your Honor's kind attention to this matter.

Respectfully submitted,

STEVENS & LEE

Robert P. Donovan

4/1/2026 SL1 4057465v1 115260.00002